IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC<br>d/b/a WEATHER KING PORTABLE<br>BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:22-cv-01230-STA-jay<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference is being held on March 2, 2023. The parties have met and conferred in compliance with Fed. R. Civ. P. 26(f). The following dates are established as the deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: March 20, 2023.

**MOTIONS TO JOIN PARTIES**: May 5, 2023.

**MOTIONS TO AMEND PLEADINGS**: May 5, 2023.

**MOTIONS TO DISMISS**: June 5, 2023.

**ALTERNATIVE DISPUTE RESOLUTION:**

   **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** November 1, 2023.

   **(b)  SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)3**:

   **Mediator's Name:** Michael Russell.

   **Stipulation Filing Date:**  July 3, 2023.

**COMPLETING ALL DISCOVERY**: December 1, 2023.

   (a) **WRITTEN DISCOVERY**: November 1, 2023.
   (b) **DEPOSITIONS**: December 1, 2023.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a) **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION**: October 2, 2023.

    (b) **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION**: November 1, 2023.

    (c) **EXPERT WITNESS DEPOSITIONS**: December 1, 2023.

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: December 18, 2023,

**SUPPLEMENTATION UNDER RULE 26(e)(2)**: December 1, 2023.

**FILING DISPOSITIVE MOTIONS**: January 12, 2024.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

    Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

    Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

    This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 10 days.

    The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR

was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file a reply to its own motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

s/S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date: 3/3/2023


APPROVED FOR ENTRY:


/s/  David L. Johnson
David L. Johnson,  BPR #18732
John H. Dollarhide, BPR #40041
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax:  (615) 651-6701
david.johnson@butlersnow.com

john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*


/s/ *Thomas G. Pasternak*

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. (312) 634-5700
thomas.pasternak@akerman.com

*Attorneys for Defendants*