# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, <br><br> Plaintiff, <br><br> v. <br><br> JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 1:22-cv-01230 ) ) ) ) ) ) ) ) ) ) |

**AMERICAN BARN CO., LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, American Barn Co., LLC by and through its attorneys, states the following responses.

### INTERROGATORIES

1. Identify each person or entity who played a role in planning ABCO's creation or formation and, for each such person/entity: (a) set forth the role each person/entity played; and (b) set forth the dates in which the person/entity helped plan the creation/formation.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to ay issue in the case. To collect all of this

68552736;1

investment/contribution; (b) set forth the dates of each investment/contribution; and (c) identify all documents related to the investment/contribution.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

5. Identify each person who has served as an employee of ABCO or an ABCO affiliate and who was previously employed by Weather King and, with respect to each such person: (a) set forth the person's employer and position/title; and (b) set forth the dates in which the person has held the position/title.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

6. Identify each person who was employed by Weather King and who, while still employed by Weather King, was approached about the possibility of forming an employment relationship or other relationship with ABCO or an ABCO affiliate and, with respect to each such person: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

7. Identify each person or entity who has served as an independent contractor of ABCO or an ABCO affiliate and who previously served as a Weather King contractor (including but not limited to drivers and builders) and, with respect to each such person/entity: (a) identify the person/entity's relationship and role with ABCO or ABCO affiliate; and (b) set forth the dates in which the person/entity held the role.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

8. Identify each person or entity who served as a Weather King independent contractor (including but not limited to drivers and builders) and who, while still a Weather King contractor, was approached about the possibility of forming a relationship with ABCO or an ABCO affiliate and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person/entity about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

- 4 -

9. Identify each person or entity who has served as an ABCO dealer and who previously served as a Weather King dealer and, with respect to each such person/entity, set forth the dates in which the person/entity has served as an ABCO dealer.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

10. Identify each person or entity who served as a Weather King dealer and who, while still a Weather King dealer, was approached about the possibility of serving as an ABCO dealer and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of serving as an ABCO dealer; (b) identify all individuals who communicated with that person/entity about the possibility of serving as an ABCO dealer; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

11. Identify each rental business (including rent-to-own and consignment) that has held a relationship with ABCO and that previously held (or presently holds) a relationship with Weather King and, with respect to each such entity, set forth the dates in which the entity has had a relationship with ABCO.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect this information imposes an unnecessary burden on ABCO. Subject to and without waiving those objections, ABCO states as follows: The following rental businesses exist:

BPS Rentals

Jade Rentals

ABCO does not recall the dates.

12. Identify each rental business (including rent-to-own and consignment) that held a relationship with Weather King and who, while still doing business with Weather King, was approached about the possibility of forming a relationship with ABCO and, with respect to each such entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO; (b) identify all individuals who communicated with that entity about the possibility of forming a relationship with ABCO; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

13. Identify each entity that is affiliated with ABCO whether as a parent company, subsidiary, or through common ownership and, with respect to each such entity, identify all of its owners, shareholders, members, and/or partners.

**RESPONSE:**

17. Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

None.

## VERIFICATION

I, Jesse Maupin, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief, and that I am qualified and authorized to make this statement on behalf of American Barn Co., LLC.

AMERICAN BARN CO., LLC
BY: _____
TITLE: Member
DATE: 3-21-23

- 8 -

68552736;1