# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-01230 |

**BARRY D. HARRELL'S RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF
DOCUMENTS, AND REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Barry D. Harrell, by and through his attorneys, states the following responses.

**INTERROGATORIES**

1. Identify each business enterprise that has been engaged in the Portable Buildings Industry with which you played any role in planning its creation or formation and, with respect to each such enterprise, identify: (a) your specific role(s) relating to the creation/formation; (b) the dates in which you were involved in the planning; and (c) all other individuals and entities who were involved in planning the creation/formation.

**RESPONSE:**

68557945;1

Harrell objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden on Harrell. Subject to and without waiving these objections, Harrell states as follows: American Barn Co., LLC, January 2022, co-owner; ABCO Rentals, co-owner, May 2022

2. Other than Weather King, identify each business enterprise in the Portable Buildings Industry in which you have held an ownership interest and/or performed services (whether as an employee, an independent contractor, or in any other capacity) since January 1, 2021, and, with respect to each such enterprise, identify: (a) your specific relationship with the entity, including but not limited to all titles and positions you have held; (b) the nature and extent of any ownership interest in the enterprise; (c) the dates of your relationship; and (d) your role and duties for the entity.

**RESPONSE:**

See Response to Interrogatory No. 1.

3. Identify each communication you have had with any person or entity (other than confidential communications solely with your legal counsel, your spouse, or your accountant) between January 1, 2021, and through the day of the termination of your employment with Weather King (including but not limited to communications with lenders or potential lenders, investors or potential investors, business partners or potential business partners, Weather King employees, Weather King contractors, Weather King dealers, Weather King builders, Weather King drivers, other Weather King business partners, rental companies, and Weather King customers) relating to the creation/formation or potential creation/formation of, funding or potential funding of, and/or operation or potential operation of any business enterprise in the Portable Buildings Industry (other

communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Harrell objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to ay issue in the case. To collect all of this information would impose an unnecessary burden on Harrell.

6. Identify each person and/or entity with whom you have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity.

**RESPONSE:**

Harrell objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

7. Identify all then-current Weather King dealers to whom you suggested should demand a higher commission from Weather King, and with respect to each such dealer: (a) specify the date of the communication; (b) specify all parties to the communication; (c) specify the mode of the communication (*i.e.*, telephonic or text); (d) set forth the substance of the communication; and (e) identify all documents relating to the communication.

**RESPONSE:**

Harrell objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

8. Identify all property of Weather King (including but not limited to electronically stored information) that has been in your possession at any time after the date of the termination

in which you made use of the property for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

11. Identify all email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Harrell objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

12. Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

None.

13. For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative proceeding, including divorce proceedings, to which you have been a party, state: (a) the court or agency in which said proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated; (b) the nature of the proceeding, including a description of the claims and defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by settlement, by court order).

**RESPONSE:**

Harrell objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

**VERIFICATION**

I, Barry D. Harrell, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Barry D. Harrell

DATE: 3/20/23

-7-

**RESPONSE:**

None.

6. All correspondence and other documents exchanged with any former Weather King employees between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

7. All correspondence and other documents exchanged with any then-current Weather King employees after January 1, 2022.

**RESPONSE:**

None.

8. All correspondence and other documents exchanged with any then-current Weather King dealers (including but not limited to employees and agents of those dealers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

9. All correspondence and other documents exchanged with any then-current Weather King builders (including but not limited to employees and agents of those builders) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

10. All correspondence and other documents exchanged with any then-current Weather King customers (including but not limited to employees and agents of those customers) between January 1, 2022, and July 1, 2022.

- 9 -

68557945;1

**RESPONSE:**

None.

11. All correspondence and other documents exchanged with any then-current Weather King drivers (including but not limited to employees and agents of those drivers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

12. All correspondence and other documents exchanged with any Portable Buildings Industry rental companies and/or rental companies being formed (including but not limited to employees and agents of those entities) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

13. All correspondence and other documents exchanged with BPS, LLC, BPS Rentals, LLC, Keith Priestley, Jerry Sawyer or Troy Buttrey between July 1, 2021, and July 1, 2022.

**RESPONSE:**

None.

14. All non-privileged correspondence and other documents related to:

(a) any of the Defendants' departure from Weather King;

(b) any of the Defendants' communications with any Weather King employees about the possibility of leaving Weather King or joining ABCO;

(c) any of the Defendants' communications with any Weather King builders, dealers, drivers, rental companies, or contractors, about the possibility of doing business with ABCO or ceasing doing business with Weather King;

(d) any claims or potential claims made by Weather King against any of the Defendants;

(e) any of the Defendants' possession of or use of any Weather King property; or

(f) derogatory remarks made by any of the Defendants relating to Weather King;

**RESPONSE:**

None.

15. All communications and other documents relating to instances in which you suggested to Weather King dealers that they demand a higher commission from Weather King.

**RESPONSE:**

None.

16. All communication and other documents relating to instances in which you sent Weather King's Florida dealers images of Florida sales lots with ABCO logos or other trade dress.

**RESPONSE:**

None.

17. All correspondence and other documents exchanged with any person or entity related to the leasing or potential leasing of any property located in Arizona or New Mexico.

**RESPONSE:**

None.

18. All emails and attachments sent from your Weather King company email address to any personal email address since January 1, 2021.

**RESPONSE:**

None.

**RESPONSE:**

None.

24. All communications and other documents related to your use of any Weather King templates or form documents for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

25. All correspondence and other documents referencing or relating to Weather King's business operations.

**RESPONSE:**

None.

26. All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Buildings Industry, other than Weather King, from January 1, 2021, through the date of response.

**RESPONSE:**

Harrell objects to this document request as unduly broad, overly burdensome, and not proportional to the needs of the case.

27. All agreements between you and any of the other Defendants.

**RESPONSE:**

None.

28. All agreements between you and any dealers, builders, lenders, investors, or rental companies in the Portable Buildings Industry.

**RESPONSE:**

None.

29. All photographs, video, and/or audio recordings of Weather King property and/or current or former Weather King employees or officers.

**RESPONSE:**

None.

30. All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:**

Harrell objects to this document request as unduly broad, overly burdensome, and not proportional to the needs of the case.

31. All correspondence and/or other documents which relate to or refer in any way to your decision to become affiliated with a business enterprise in the Portable Buildings Industry other than Weather King or to depart from Weather King.

**RESPONSE:**

None.

32. All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

Harrell objects to this document request as unduly broad, overly burdensome, and not proportional to the needs of the case.