# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC<br>d/b/a WEATHER KING PORTABLE<br>BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D.<br>HARRELL, ADRIAN S. HARROD,<br>LOGAN C. FEAGIN, STEPHANIE L.<br>GILLESPIE, RYAN E. BROWN, DANIEL<br>J. HERSHBERGER, BRIAN L. LASSEN,<br>ALEYNA LASSEN, and AMERICAN<br>BARN CO., LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:22-cv-01230<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DANIEL J. HERSHBERGER'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Daniel J. Hershberger, by and through his attorneys, states the following responses.

### INTERROGATORIES

1. Identify each business enterprise that has been engaged in the Portable Buildings Industry with which you played any role in planning its creation or formation and, with respect to each such enterprise, identify: (a) your specific role(s) relating to the creation/formation; (b) the dates in which you were involved in the planning; and (c) all other individuals and entities who were involved in planning the creation/formation.

<u>RESPONSE:</u>

68557658;1

than Weather King) and, with respect to each such communication, identify: (a) the substance of the communication; (b) all parties to the communication; (c) the date of the communication; and (d) the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

None.

4.  Identify each communication you had between January 1, 2021, and through the day of the termination of your employment with Weather King with any person then-employed by Weather King relating to that person's potential departure from Weather King and/or your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Hershberger objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden on Hershberger. Subject to and without waiving those objections, Hershberger states as follows: I met and spoke with builders and drivers from the Peoria plant on two separate occasions to notify them of my departure. In those communications I discussed my future opportunities.

5.  Identify each communication you had between January 1, 2021, and the day of the termination of your employment from Weather King with any person or entity who, at the time of the communication, was a Weather King dealer, driver, customer, lender, landlord, rental company, or other business partner relating to your potential departure from Weather King and,

- 3 -

with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Hershberger objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden on Hershberger. Subject to and without waiving these objections, Hershberger states as follows: I met and spoke with builders and drivers from the Peoria plant on two separate occasions to notify them of my departure. In those communications I discussed my future opportunities.

6. Identify each person and/or entity with whom you have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity.

**RESPONSE:**

None.

7. Identify all property of Weather King (including but not limited to electronically stored information) that has been in your possession at any time after the date of the termination of your employment with Weather King and, with respect to the property, (a) identify where or how it has been stored; and (b) set forth in detail the circumstances in which you have made use of, copied, or shared the property with anyone else (including but not limited to the identity of the person or entity and the date(s) in which the property was shared).

**RESPONSE:**

10. Identify all email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Hershberger objects to this interrogatory as not being proportional to the needs of the case.

11. Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

None.

12. For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative proceeding, including divorce proceedings, to which you have been a party, state: (a) the court or agency in which said proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated; (b) the nature of the proceeding, including a description of the claims and defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by settlement, by court order).

**RESPONSE:**

None.

68557658;1

## VERIFICATION

I, Daniel J. Hershberger, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Daniel J. Hershberger

DATE: 3/20/23

-7-

68557658:1

**RESPONSE:**

None.

6. All correspondence and other documents exchanged with any former Weather King employees between January 1, 2022, and July 1, 2022.

**RESPONSE:**

Hershberger objects to this request as being not proportional to the needs of the case.

7. All correspondence and other documents exchanged with any then-current Weather King employees after January 1, 2022.

**RESPONSE:**

Hershberger objects to this request as being not proportional to the needs of the case.

8. All correspondence and other documents exchanged with any then-current Weather King dealers (including but not limited to employees and agents of those dealers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

9. All correspondence and other documents exchanged with any then-current Weather King builders (including but not limited to employees and agents of those builders) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

10. All correspondence and other documents exchanged with any then-current Weather King customers (including but not limited to employees and agents of those customers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

11. All correspondence and other documents exchanged with any then-current Weather King drivers (including but not limited to employees and agents of those drivers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

12. All correspondence and other documents exchanged with any Portable Buildings Industry rental companies and/or rental companies being formed (including but not limited to employees and agents of those entities) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

13. All correspondence and other documents exchanged with BPS, LLC, BPS Rentals, LLC, Keith Priestley, Jerry Sawyer or Troy Buttrey between July 1, 2021, and July 1, 2022.

**RESPONSE:**

None.

14. All non-privileged correspondence and other documents related to:

(a) any of the Defendants' departure from Weather King;

(b) any of the Defendants' communications with any Weather King employees about the possibility of leaving Weather King or joining ABCO;

(c) any of the Defendants' communications with any Weather King builders, dealers, drivers, rental companies, or contractors, about the possibility of doing business with ABCO or ceasing doing business with Weather King;

(d) any claims or potential claims made by Weather King against any of the Defendants;

(e) any of the Defendants' possession of or use of any Weather King property; or

(f) derogatory remarks made by any of the Defendants relating to Weather King;

**RESPONSE:**

Hershberger objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case. To collect all these documents would impose an unnecessary burden on Hershberger.

15. All correspondence and other documents exchanged with any person or entity related to the leasing or potential leasing of any property located in Arizona or New Mexico.

**RESPONSE:**

None.

16. All emails and attachments sent from your Weather King company email address to any personal email address since January 1, 2021.

**RESPONSE:**

None.

17. All correspondence and other documents referencing or relating to any Weather King drawings, blueprints, or other engineering plans, including but not limited to plans prepared by Kevin Nolan, P.E.

**RESPONSE:**

None.

18. All documents relating to any sales of units using any Weather King drawings, blueprints, or other plans, including but not limited to plans prepared by Kevin Nolan, P.E.

**RESPONSE:**

23. All correspondence and other documents referencing or relating to Weather King's business operations.

**RESPONSE:**

None.

24. All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Buildings Industry, other than Weather King, from January 1, 2021, through the date of response.

**RESPONSE:**

Hershberger objects to this request as not being proportional to the needs of the case.

25. All agreements between you and any of the other Defendants.

**RESPONSE:**

None.

26. All agreements between you and any dealers, builders, lenders, investors, or rental companies in the Portable Buildings Industry.

**RESPONSE:**

None.

27. All photographs, video, and/or audio recordings of Weather King property and/or current or former Weather King employees or officers.

**RESPONSE:**

None.

28. All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your

68557658;1

activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:**

None.

29. All correspondence and/or other documents which relate to or refer in any way to your decision to become affiliated with a business enterprise in the Portable Buildings Industry other than Weather King or to depart from Weather King.

**RESPONSE:**

None.

30. All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

Hershberger objects to this request as not being proportional to the needs of the case.

31. All correspondence and other documents exchanged between you and anyone else related to Weather King's toll-free telephone number or Caller ID.

**RESPONSE:**

None.

32. All documents supporting your "[m]istake of fact" affirmative defense.

**RESPONSE**:

None.

33. All documents supporting or relating to any other defenses you intend to assert against Plaintiff's claims.

**RESPONSE**: