# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-01230 |

### AMERICAN BARN CO., LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, American Barn Co., LLC by and through its attorneys, states the following responses.

### INTERROGATORIES

1. Identify each person or entity who played a role in planning ABCO's creation or formation and, for each such person/entity: (a) set forth the role each person/entity played; and (b) set forth the dates in which the person/entity helped plan the creation/formation.

<u>RESPONSE:</u>

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to ay issue in the case. To collect all of this

68552736;1

information would impose an unnecessary burden on ABCO. Subject to and without waiving those objections, ABCO states as follows: The following individuals were involved in ABCO's creation – Barry Harrell, Wade Etherington, and Jesse Maupin, who are the owners. ABCO does not recall the specific dates.

2. Identify each person or entity who has served as an owner or member of ABCO and, for each such person/entity: (a) set forth the position/title each person has held; (b) set forth the ownership interest each person has held; and (c) set forth the dates in which the person held such title and ownership interest.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to ay issue in the case. To collect all of this information would impose an unnecessary burden on ABCO. Subject to and without waiving those objections, ABCO states as follows: The individuals listed in the response to Interrogatory No. 1 are equal owners of ABCO.

3. Identify each person or entity who has lent money to ABCO and, for each such person/entity: (a) set forth the nature, purpose, and amount of the loan; (b) set forth the dates of each loan; and (c) identify all documents related to the loan.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

4. Identify each person or entity who has otherwise invested in or provided financial support to ABCO (other than identified in response to the preceding interrogatories) and, with respect to each such person/entity: (a) set forth the nature, purpose, and amount of the

investment/contribution; (b) set forth the dates of each investment/contribution; and (c) identify all documents related to the investment/contribution.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

5. Identify each person who has served as an employee of ABCO or an ABCO affiliate and who was previously employed by Weather King and, with respect to each such person: (a) set forth the person's employer and position/title; and (b) set forth the dates in which the person has held the position/title.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

6. Identify each person who was employed by Weather King and who, while still employed by Weather King, was approached about the possibility of forming an employment relationship or other relationship with ABCO or an ABCO affiliate and, with respect to each such person: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

7. Identify each person or entity who has served as an independent contractor of ABCO or an ABCO affiliate and who previously served as a Weather King contractor (including but not limited to drivers and builders) and, with respect to each such person/entity: (a) identify the person/entity's relationship and role with ABCO or ABCO affiliate; and (b) set forth the dates in which the person/entity held the role.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

8. Identify each person or entity who served as a Weather King independent contractor (including but not limited to drivers and builders) and who, while still a Weather King contractor, was approached about the possibility of forming a relationship with ABCO or an ABCO affiliate and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person/entity about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

9. Identify each person or entity who has served as an ABCO dealer and who previously served as a Weather King dealer and, with respect to each such person/entity, set forth the dates in which the person/entity has served as an ABCO dealer.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

10. Identify each person or entity who served as a Weather King dealer and who, while still a Weather King dealer, was approached about the possibility of serving as an ABCO dealer and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of serving as an ABCO dealer; (b) identify all individuals who communicated with that person/entity about the possibility of serving as an ABCO dealer; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

11. Identify each rental business (including rent-to-own and consignment) that has held a relationship with ABCO and that previously held (or presently holds) a relationship with Weather King and, with respect to each such entity, set forth the dates in which the entity has had a relationship with ABCO.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect this information imposes an unnecessary burden on ABCO. Subject to and without waiving those objections, ABCO states as follows: The following rental businesses exist:

BPS Rentals

Jade Rentals

ABCO does not recall the dates.

12. Identify each rental business (including rent-to-own and consignment) that held a relationship with Weather King and who, while still doing business with Weather King, was approached about the possibility of forming a relationship with ABCO and, with respect to each such entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO; (b) identify all individuals who communicated with that entity about the possibility of forming a relationship with ABCO; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case.

13. Identify each entity that is affiliated with ABCO whether as a parent company, subsidiary, or through common ownership and, with respect to each such entity, identify all of its owners, shareholders, members, and/or partners.

**RESPONSE:**

- 6 -

None.

14. Identify all property of Weather King (including but not limited to electronically stored information) that has been in ABCO's possession at any time and, with respect to the property: (a) identify the circumstances in which it came into your possession; (b) identify all persons who accessed or made use of the property; (c) set forth in detail the circumstances in which ABCO made use of, copied, or shared the property with anyone else (including but not limited to the identity of the person or entity and the date(s) in which the property was shared).

**RESPONSE:**

None.

15. Identify each person or entity with whom ABCO has communicated after January 1, 2022, about the possibility of preparing blueprints, drawings, or other engineering plans pertaining to the Portable Buildings Industry.

**RESPONSE:**

Kevin Nolan, Phoenix Engineering, Robertson Engineering, Frost Engineering, Richard Steward, EZE Group.

16. Identify all communications that you have had with any dealers, builders, customers, government officials, architects, engineers, or anyone else relating to Weather King's engineering plans prepared by Kevin Nolan, P.E. and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

None.

17. Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

None.

**VERIFICATION**

I, __Jesse Maupin__, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief, and that I am qualified and authorized to make this statement on behalf of American Barn Co., LLC.

AMERICAN BARN CO., LLC
BY: _/s/ Jesse Maupin_
TITLE: _Member_
DATE: _3-21-23_

- 8 -

**RESPONSE:**

Responsive documents will be produced.

7. All correspondence and other documents exchanged with any investors or potential investors.

**RESPONSE:**

None.

8. All correspondence and other documents exchanged with Virgil W. Etherton between January 1, 2021, and July 1, 2022.

**RESPONSE:**

None.

9. All correspondence and other documents exchanged with any former Weather King employees between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

10. All correspondence and other documents exchanged with any then-current Weather King employees after January 1, 2022.

**RESPONSE:**

None.

11. All correspondence and other documents exchanged with any then-current Weather King dealers (including but not limited to employees and agents of those dealers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

12. All correspondence and other documents exchanged with any then-current Weather King builders (including but not limited to employees and agents of those builders) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

13. All correspondence and other documents exchanged with any then-current Weather King customers (including but not limited to employees and agents of those customers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

14. All correspondence and other documents exchanged with any then-current Weather King drivers (including but not limited to employees and agents of those drivers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

15. All correspondence and other documents exchanged with any Portable Buildings Industry rental companies and/or rental companies being formed (including but not limited to employees and agents of those entities) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

16. All correspondence and other documents exchanged with BPS, LLC, BPS Rentals, LLC, Keith Priestley, Jerry Sawyer or Troy Buttrey between July 1, 2021, and July 1, 2022.

**RESPONSE:**

68552736;1

None.

17. All non-privileged correspondence and other documents related to:

(a) any of the Defendants' departure from Weather King;

(b) any of the Defendants' communications with any Weather King employees about the possibility of leaving Weather King or joining ABCO;

(c) any of the Defendants' communications with any Weather King builders, dealers, drivers, rental companies, or contractors, about the possibility of doing business with ABCO or ceasing doing business with Weather King;

(d) any claims or potential claims made by Weather King against any of the Defendants;

(e) any of the Defendants' possession of or use of any Weather King property; or

(f) derogatory remarks made by any of the Defendants relating to Weather King;

**RESPONSE:**

None.

18. All correspondence and other documents exchanged with any person or entity related to the leasing or potential leasing of any property located in Arizona or New Mexico.

**RESPONSE:**

None.

19. All minutes of ABCO board of managers or similar governance group meetings.

**RESPONSE:**

None.

20. All correspondence and other documents referencing or relating to any Weather King drawings, blueprints, or other engineering plans, including but not limited to plans prepared by Kevin Nolan, P.E.

30. All documents relating to the number of portable buildings sold by ABCO and its revenue and profits from the sale of buildings and other activities in the Portable Buildings Industry.

**RESPONSE:**

ABCO objects to this request as unduly broad, overly burdensome, and not proportional to the needs of the case.

31. All agreements between you and any of the other Defendants.

**RESPONSE:**

None.

32. All agreements between you and any dealers, builders, lenders, investors, or rental companies in the Portable Buildings Industry.

**RESPONSE:**

None.

33. All photographs, video, and/or audio recordings of Weather King property and/or current or former Weather King employees or officers.

**RESPONSE:**

None.

34. All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:** ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, but states as follows:

- 15 -

35. All phone records from January 1, 2022, through July 1, 2022, related to any device used by any ABCO officer or employee during that time period.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case

36. All documents supporting or relating to any defenses you intend to assert against Plaintiff's claims.

**RESPONSE:**

None.

37. All documents referenced in your responses to Plaintiff's interrogatories and/or upon which you relied in responding to Plaintiff's interrogatories.

**RESPONSE**:

None.

38. All non-privileged communications between you and any of the other Defendants pertaining to this lawsuit.

**RESPONSE**:

None.