# EXHIBIT 17

# BUTLER | SNOW

April 19, 2023

**VIA EMAIL**

Thomas G. Pasternak
Akerman
71 South Wacker Drive
47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com

Re: Weather King v. Maupin, et al.

Dear Tom:

Thank you for your April 14 letter. Although it appears that we have narrowed the issues in dispute, a number of issues remain. Therefore, through this letter and the scheduling of a phone conference, we would like to make one last effort to narrow the issues in dispute before seeking the Court's intervention.

At the outset, we note that grounds for objection that were not made in the original responses are waived and cannot be revived by your April 14 letter. Fed. R. Civ. P. 33(b)(4); *see also TNA Australia Pty Ltd. v. PPM Techs., LLC*, No. 3:17-CV-642-M, 2018 WL 2010277, at *5 (N.D. Tex. Apr. 30, 2018) ("PPM's 'Supplemental Objections' to Plaintiffs' First Set of Interrogatories did not cure this waiver."). Therefore, Plaintiff takes issue with all of the new and untimely objections set forth in your letter. In addition to those items, each of the matters that remain in dispute are addressed below.

### Interrogatories to Defendant Jesse Maupin

**Interrogatory No. 1**. Thank you for the supplementation. Can Mr. Maupin please clarify whether others were involved in planning the formation of ABCO Rentals?

**Interrogatory Nos. 3-5.** Your letter claims that the information responsive to these interrogatories "is contained in ABCO's responses to the identical interrogatories." Not only are the interrogatories served to ABCO not in fact identical, Mr. Maupin is required to provide a separate and complete response, regardless. Further, ABCO has not fully responded to the interrogatories propounded to ABCO.

**Interrogatory No. 13.** This is an item that it would probably be easier to discuss on the telephone.

*The Pinnacle at Symphony Place*
*150 3rd Avenue South, Suite 1600*
*Nashville, TN 37201*

DAVID L. JOHNSON
615.651.6731
david.johnson@butlersnow.com

T 615.651.6700
F 615.651.6701
www.butlersnow.com

BUTLER SNOW LLP

April 19, 2023
Page 2

Interrogatory No. 14. We will plan to discuss this item on the phone.

Interrogatory No. 15. We will plan to discuss this item on the phone.

### RFPs to Maupin

Request Nos. 13 & 15. An explanation needs to be provided as to how to reconcile Mr. Maupin's claim that he has no documents responsive to these requests with the fact that BPS, LLC/Troy Buttrey and James Kowalzyk have produced correspondence with Mr. Maupin.

Request No. 27. Mr. Maupin's only timely-stated objection, proportionality, lacks merit. Mr. Maupin's compensation is relevant in multiple ways. It is relevant to calculating Weather King's damages. For example, under T.C.A. § 47-25-1704(a), unjust enrichment is a category of compensable damages. Additionally, if Mr. Maupin's compensation involves, in any way, ABCO's sales or profits, then Mr. Maupin's compensation is additionally relevant to calculating other elements of Weather King's damages. His earnings are also relevant to Weather King's claim for punitive damages. We can discuss this further on the telephone if necessary.

Request No. 33. Mr. Maupin's only timely-stated objection, proportionality, lacks merit. Mr. Maupin's phone records are discoverable under the Court's liberal discovery rules. Although the records will not reveal the substance of the conversations, details concerning the persons/entities with whom Mr. Maupin was communicating (and especially Plaintiff's employees, dealers, and other business relationships), the number of the calls, and the timing of the calls could undoubtedly lead to the discovery of highly probative information, including the identify of other witnesses. Plaintiff's need for this information is enhanced due to Mr. Maupin's inexplicable claim that he does not possess information responsive to many of Plaintiff's document requests and refusal to respond to Interrogatory Nos. 3-5.

Request No. 38. Mr. Maupin's objections to this request are untimely and lack merit. Plaintiff is entitled to responsive documents.

### Interrogatories to ABCO

Interrogatory Nos. 3-4. The information requested in these interrogatories is potentially relevant. For instance, Plaintiff may obtain evidence from third parties identified in response to these interrogatories that Defendants were using Plaintiff's trade secrets and other confidential information to secure funding for Defendants' competing business enterprise or that they were otherwise breaching their fiduciary duty of loyalty. Although ABCO claims that the interrogatories are not proportional, it articulates no meaningful burden imposed by responding.

Interrogatory No. 6-8, 10 & 12. Although ABCO identifies certain individuals in response to these interrogatories, it ignores the other information requested in the interrogatories. Plaintiff should not be forced to ask multiple times for this highly-relevant information that is fundamental to Plaintiff's claims and should have been provided weeks ago.

April 19, 2023
Page 3

**Interrogatory No. 9.** Thank you for supplementing this interrogatory. Please note that the dates of ABCO's relationship with each of the entities was not provided. Please let us know if ABCO intends to provide that information as requested.

**Interrogatory No. 11.** ABCO's vague statement that it formed its relationships with Jade in BPS "in 2022" is deficient. Plaintiff demands that ABCO supplement its response to provide more specific information—particularly in relation to June 1, 2022.

**Interrogatory No. 15.** As set forth on page 3 of Plaintiff's interrogatories, the term "identify" is a defined term to include providing contact information, which is customary. Please provide contact information for the persons identifies as requested.

### RFPs to ABCO

**Request No. 30.** Unless ABCO reconsiders its stance, Plaintiff intends to move to compel ABCO to provide information responsive to this request. As an accommodation in response to your inquiry, Plaintiff clarifies that "activities" refers to ABCO's revenue-generating business activities other than sales of buildings.

**Request No. 35.** These records are discoverable for the same reasons that Mr. Maupin's records are discoverable.

### Interrogatories to Defendant Barry Harrell

**Interrogatory Nos. 3-7.** Mr. Harrell is obligated to independently respond to these interrogatories. Further, ABCO's responses are significantly deficient. Supplemental responses should be provided immediately.

**Interrogatory No. 11.** We can discuss this item on the phone.

**Interrogatory No. 12.** Please refer to the discussion above relating to Interrogatory No. 14 propounded to Mr. Maupin.

**Interrogatory No. 13.** Mr. Harrell's timely-stated objections to Interrogatory No. 13 lack merit for the same reasons that Mr. Maupin's objections to Interrogatory No. 15 lacks merit.

### RFPs to Harrell

**Request No. 26.** Mr. Harrell's objection to RFP No. 26 lacks merit for the same reasons that Mr. Maupin's objection to RFP No. 27 lacks merit.

**Request No. 30.** Plaintiff is entitled to the information requested in RFP No. 30 because it may shed light on Mr. Harrell's activities in breach of his duty of loyalty, which is directly at issue in this lawsuit.

April 19, 2023
Page 4

**Request No. 32.** Mr. Harrell's objection to RFP No. 32 lacks merit for the same reasons that Mr. Maupin's objection to RFP No. 33 lacks merit.

### Interrogatories to Defendant Adrian Harrod

**Interrogatory Nos. 3-5, 11.** Mr. Harrod's responses to these interrogatories are deficient, and Plaintiff intends to move to compel complete responses.

**Interrogatory No. 10.** We can discuss this item on the phone.

**Interrogatory No. 12.** Please refer to the discussion above relating to Interrogatory No. 14 propounded to Mr. Maupin. Mr. Harrod also needs to explain what happened to the devices that contained responsive information given Plaintiff's litigation hold letter.

### RFPs to Harrod

Please note that, although pages 6-7 of our March 24 letter took issue with Mr. Harrod's responses to certain requests for production, your April 14 letter does not address those items.

### Interrogatories to Feagin, Gillespie, Brown, Hershberger, B. Lassen, & A. Lassen

1. As it relates to Interrogatory No. 1 propounded to the Lassen Defendants, my earlier letter asked for the identification of "other persons or entities involved in forming Arizona Barn Co. LLC." Their supplemental responses reference "ABCO." Is this referring to American Barn or Arizona Barn?

2. Assuming Ms. Gillespie does not intend to supplement her response to Interrogatory No. 3 with more specific information, Plaintiff will be moving to compel.

3. Assuming Defendants Gillespie, Hershberger, and Feagin do not intend to supplement their responses to Interrogatory No. 4 with more specific information, Plaintiff will be moving to compel.

4. Assuming Mr. Hershberger does not intend to supplement his responses to Interrogatory No. 5 with more specific information, Plaintiff will be moving to compel.

5. We can discuss these Defendants' objections to Interrogatory No. 10 during our call.

6. Interrogatory No. 11. Please refer to the discussion above relating to Interrogatory No. 14 propounded to Mr. Maupin.

7. Assuming Defendants Feagin and Brown do not intend to supplement their responses to Interrogatory No. 12, Plaintiff will be moving to compel.

April 19, 2023
Page 5

### RFPs to Harrod, Feagin, Gillespie, Brown, Hershberger, B. Lassen, & A. Lassen

**Request No. 6 (Hershberger).** The information sought in RFP Nos. 6 is relevant not only to Plaintiff's trade secrets claims, but also highly relevant to its breach of fiduciary duty claims. Plaintiff will agree to narrow the reference to "any former Weather King employees" to those individuals who were employed by Weather King at some point in 2022. Please let us know if Mr. Hershberger continues to refuse to provide documents responsive to this request.

**Request No. 7 (Hershberger).** Again, your letter wrongly assumes that this request is only probative to Plaintiff's trade secret claims, when this request is also highly relevant to Plaintiff's other claims, including its breach of fiduciary duty claims. Assuming Mr. Hershberger does not intend to provide documents responsive to this fundamental request, Plaintiff will be forced to seek the Court's intervention.

**Request No. 14 (Hershberger).** Mr. Hershberger's "duplicative" objection to Request No. 14 was waived. Moreover, we are asking for documents *in Mr. Hershberger's* possession, custody, or control related to the other Defendants. Mr. Hershberger may have documents about, for example, Mr. Maupin's departure from Weather King that Mr. Maupin does not have. In the event that documents responsive to this request have been produced by ABCO (or another Defendant), it is unnecessary for Mr. Hershberger to produce the *identical* documents. On the other hand, to the extent that he possesses responsive documents that have not been produced by another Defendant, he is obligated to produce them.

**Request No. 24 (Feagin).** Please see our conferral regarding Mr. Maupin's proportionality objection (and waiver of others) regarding RFP No. 27 to him.

**Request No. 27 (Feagin).** Please note that your April 14 letter does not respond to our letter taking issues with Mr. Feagin's objection to RFP No. 27.

**Request No. 28 (Lassen Defendants and Harrod).** If these Defendants do not intend to produce documents responsive to this requests, Plaintiff intends to move to compel.

**Request No. 29 (Defendants Harrod, Gillespie, B. Lassen).** Please note that, in response to our April 14 letter, these three Defendants did not confirm the accuracy of their initial response, as requested.

**Request No. 30.** Again, Defendants' claim that they lack basic responsive documents heightens Plaintiff's entitlement to their phone records. As an illustration, Mr. Harrod still claims that he somehow does not know the identity of the parties to the text message attached as Exhibit 1 to the Complaint. Production of the phone records will reveal this. It appears that your clients' lack of cooperation will force us to seek the Court's intervention, but please let us know immediately if they intend to change their position.

April 19, 2023
Page 6

      Given the length of the delay in receiving basic information responsive to our discovery requests, we would like to schedule a phone call by Tuesday, April 25. Therefore, please let us know your availability. In addition:

- Your letter indicates that certain responsive documents will be produced. Please let us know when we can anticipate receiving those documents.

- Please let us know whether any other documents are being produced consistent with the assurances set forth in Defendants' initial discovery responses.

- The email produced as REBROWN000347 indicates that the following attachment accompanied the email: "DRIVERS LOT LIST 12-2-21.xlsx." That accompanying spreadsheet was not produced, and therefore, we request the production of the spreadsheet in native format.

Thank you for your consideration of these items, and we look forward to hearing from you.

                Very truly yours,

                Butler Snow LLP

                David L. Johnson

DLJ:sc

cc:   Danny Van Horn
       John Dollarhide

68679094.v2