EXHIBIT 18

# akerman

Thomas G. Pasternak

Akerman LLP
71 South Wacker Drive
47th Floor
Chicago, IL 60606

T: 312 634 5700
F: 312 424 1900

April 14, 2023

**VIA EMAIL**

David L. Johnson
Butler Snow LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201

Re:     *Weather King v. Maupin, et al.*

Dear David:

I am writing in response to your letter of March 24, 2023. Because of the number of issues involved and in light of the fact that there are ten Defendants, some of whom have been on vacation, and that you sent a seven - page detailed letter, it has taken us some time to process these responses. We have done a detailed investigation and follow up.

I can confirm that in all cases where the Defendants have stated that they do not have responsive documents or devices those responses are accurate and are based on a reasonable search of available sources. Moreover, there are no other persons or places from which they have the legal right to obtain documents or devices. As to your continued references to the June 13, 2022 "document hold" letter, no documents or devices have been destroyed or deleted – they simply never existed in the first place.

We will supplement our responses to include this information and our additional objections. Given the vast number of Defendants and discovery requests, those further objections are timely within Fed.R.Civ.P. 34.

As a general matter, Defendants maintain their objections that many of Plaintiff's discovery requests are overly broad, unduly burdensome and neither relevant or proportional to the merits of the issues of this case, particularly in regards to Plaintiff's request for certain data. Several of Plaintiff's discovery requests are not permissible. *See Mamakos v. United Airlines, Inc.*, CV 14-7294 (JFB (AKT), 2018 WL 4861392, *4-5 (E.D.N.Y. Sept. 28, 2018) ("As an initial matter, courts have held that requests using the overbroad language any and all, as seen here, when posing a document request or interrogatory are not permissible."). Additionally, while Rule 34 of the Federal Rules of Evidence allows Plaintiff to request certain documents in Defendants' possession,

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 2

custody or control, the request still must be within the scope of Fed.R.Civ.P. Rule 26(b)—meaning it must be relevant and proportional to the needs of the case.

We provide the following information without waiving any objections in an effort to compromise and avoid discovery disputes.

## MAUPIN

### Interrogatory No. 1

Mr. Maupin was directly involved in the formation of American Barn Co., LLC, including setting up the company, along with Mr. Harrell and Mr. Etherington. The approximate timing is February, 2022. Triple J Rentals was formed in 2016, and ABCO Rentals was formed in 2022.

### Interrogatory No. 2

Mr. Maupin's title at ABCO has been Vice President and Operations Manager since the formation of ABCO. His ownership interest is 33 percent.

### Interrogatory No. 3-5

This information is contained in ABCO's responses to the identical interrogatories.

### Interrogatory No. 6

Mr. Maupin did not speak to anyone about funding other than Mr. Buttrey.

### Interrogatory No. 11

Contact information was not requested in this Interrogatory.

### Interrogatory No. 13

Maupin stands by his objections, but we are of course willing to discuss this further. This information further is an invasion of his privacy and not proportional to the needs of this case.

### Interrogatory No. 14

This will confirm that no device is within his possession that has ever contained Weather King information and that no devices have been destroyed. The only such devices were retained by Weather King upon Mr. Maupin's termination.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 3

**Interrogatory No. 15**

With regards to Interrogatory No. 15, you argue that the Interrogatory is "standard," seeks relevant information, and imposes no meaningful burden to produce the information. Maupin disagrees, and in addition to his previous objections, he objects to this Interrogatory on the following grounds:

As an initial matter, while this Interrogatory may be commonly used, discovery requests must still be seeking information relevant to the case. Fed. R. Civ. P. 26(b); *In re Bard IVC Filters Products Liability Litigation*, 317 F.R.D. 562, 563 (D. Arizona 2016) ("to be discoverable…information must be relevant to any party's claim or defense"). That is not the case with Interrogatory 15.

In its Complaint, Plaintiff alleges that Maupin misappropriated trade secrets from Weather King while still employed by Plaintiff to form a competing business enterprise. Information concerning other lawsuits, bankruptcy, criminal, and/or administrative (divorce) proceedings is not relevant to Plaintiff's claims against Maupin, and your letter does not provide any basis of how such information is relevant to the claims at issue. *Pascal v. American Family Mut. Ins. Co.*, No. C14-1640RSM, 2015 WL 4431008, at *3 (W.D. Wash. July 20, 2015) (court granting defendant's order of protection with respect to identification of lawsuits because the interrogatory is overbroad and not relevant). Furthermore, this Interrogatory is overly broad as the information sought is not reasonably limited in time or scope. *Cone v. Hankook Tire Company, Ltd.*, 2015 WL 13653082, at *5 (W.D. Tenn. July 31, 2015) (court agreeing with Defendants objection that request seeking to compel a list of every lawsuit filed against Defendants is overly broad because it is not reasonably limited in time or scope).

**Document Request Nos. 4-20 & 32**

This will confirm that no responsive documents exist and that none have been destroyed.

**Document Request No. 27**

Please explain why Mr. Maupin's compensation is relevant to Weather King's damages under "applicable law." We are of course willing to consider this further. In addition to his previous objections, this Interrogatory is overly broad and speculative. You argue that evidence of any "distributions, salary, wages, bonuses, commission, or other compensation paid or accrued to [Maupin]" is relevant to calculate Plaintiff's damages and may be probative of Plaintiff's breach of fiduciary duty claim. The Request as written is overly broad as it seeks evidence without any particularity as to what type of documents are being sought or what entities within the "Portable Buildings Industry" are being referenced. Furthermore, Maupin is not connected with any entity in the Portable Buildings Industry outside of American Barn Company Co., LLC, ABCO Rentals, Triple J Rentals, and Arizona Barn Co., LLC.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 4

## Document Request No. 33

In addition to his previous objections, Maupin objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to this case.

This Request is overly broad and unduly burdensome as it seeks "all phone records" related to "any device" that Maupin used over a 7- month period. A discovery request is considered overly broad or unduly burdensome on its face if it: (1) uses an omnibus term…and (2) applies to a general category or group of documents or a broad range of information." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011). This Request does not specify what type of phone records are being sought (call logs, text messages, etc.) or from what devices (mobile devices, work telephone, home telephone etc.). To the extent Plaintiff is seeking *all* phone records, including call logs and text messages, from *all* of Maupin's device, such a request is overly broad and unduly burdensome on its face, *Id.,* as well as not being proportional to the needs of this case.

Additionally, this Request is disproportionate to the needs of this case and it does not seek information relevant to the parties claims and/or defenses. Because of the overly broad language, all of Maupin's phone usage, including the phone records relating to his personal activities are included in this Request, none of which is relevant in this case. Furthermore, Maupin has already disclosed in his discovery responses which individuals he spoke to. To the extent Plaintiff seeks information to demonstrate the full extent of Maupin's alleged wrongdoing, this Request does not accomplish that task. Telephone records limited to call logs would not be probative to show *why* Maupin made certain calls, which is the information sought. *SGII, Inc. v. Suon*, No. 8:21-cv-01168-DOC (JDEx), 2021 WL 6752324, at *10 (C.D. Cal. Dec. 29, 2021). Moreover, case law has established that a demand for all phone records for more than 6 months is grossly overbroad, unduly burdensome, and disproportionate to the needs of the case. *Id.*

## Document Request No. 38

Maupin objects to this request as being overly broad and unduly burdensome for the reasons previously discussed in that it seeks "all" documents and is not temporarily limited.

## ABCO

## Interrogatory No. 1

The approximate dates for all of the individuals' involvement in the formation of ABCO is February, 2022.

## Interrogatory Nos. 3 & 4

Please explain why the details of money loaned to ABCO is proportional or relevant to the needs of this case, and we will continue to consider our response.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 5

**Interrogatory No. 5**

Subject to and without waiving Defendants' objections, ABCO identifies the following individuals in response to Interrogatory 5:

- Mitch Sykes, Corporate Buyer, June 2022 to present
- Adrian Harrod, Arizona Regional Sales Representative, June 2022 to present
- Logan Feagin, New Mexico Regional Sales Representative, June 2022 to present
- Stephanie Gillespie, Office Manager, June 2022 to present
- Amber Hill, Date Entry, June 2022 - present

**Interrogatory No. 6**

Subject to and without waiving Defendants' objections, ABCO identifies the following individuals in response to Interrogatory 6:

- Mitch Sykes
- Adrian Harrod
- Logan Feagin
- Stephanie Gillespie
- Amber Hill

ABCO further states that Sykes, Harrod, Feagin, and Hill were all terminated by Weather King before they came to work at ABCO.

**Interrogatory No. 7**

In addition to Defendants' previous objections, ABCO further objects to this Interrogatory on the grounds it is irrelevant to the issues in this case. The Interrogatory seeks the names of individuals who worked as independent contractors of ABCO and who previously worked as a Weather King contractor. However, such information is not relevant to Plaintiff's claim as it does establish the circumstances under which the individuals began working at ABCO or Defendants' wrongdoing of soliciting Weather King employees or clients.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 6

Subject to and without waiving the foregoing objections, ABCO identifies the following individuals in response to Interrogatory 7:

- Ponderosa Portables, Kerry Ratzlaff
- Peoria Plant, Daniel Hershberger
- Willcox Plant, Brian Lassen and Aleyna Lassen
- Stephanie Gillespie
- Amber Hill
- Manuel Rascon, Driver
- Orlando Anchondo, Driver
- Ever Anchondo, Driver
- Bryan Hyer, Driver
- Desert Rose Transport, Larry Jaranillo and Cynthia Gonzales

## Interrogatory No. 8

Subject to and without waiving its objections, ABCO identifies the following individuals in response to Interrogatory 8:

- Ponderosa Portables, Kerry-Annette Ratzlaff
- Peoria Plant, Daniel Hershberger
- Willcox Plant, Brian and Aleyna Lassen
- Stephanie Gillespie
- Amber Hill
- Manuel Rascon, Driver
- Orlando Anchondo, Driver
- Ever Anchondo, Driver
- Bryan Hyer, Driver
- Desert Rose Transport, Larry Jaranillo and Cynthia  Gonzales
- Kryon Koehn
- Louis Romero
- Rueben Smith
- Wes Ensz
- Rener Chauira
- John Ferguson
- Allen Pierce

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 7

**Interrogatory No. 9**

In addition to its previous objections, ABCO incorporates its objections to Interrogatory 7 in response to this Interrogatory. Subject to and without waiving its previous objections, ABCO identifies the following individuals in response to Interrogatory 9:  See Exhibit A.

**Interrogatory No. 10**

Subject to and without waiving its previous objections, ABCO identifies the following individuals in response to Interrogatory 10:

- Tom Stewart
- Jolie Attwood
- Chris Attwood
- Brandon Perkins
- Scott Rice
- Steven Hoskins
- Ed Hunt
- George Lopez
- Jeff Hernandez
- Vonnie Darling
- Shanna Potts
- Melissa Fauron

**Interrogatory No. 11**

ABCO has not had a relationship with any other rental companies.   It formed its relationships with Jade and BPS in 2022.

**Interrogatory No. 12**

Jade and BPS.

**Interrogatory No. 15**

No contact information was requested.

**Document Requests Nos. 7 -18**

ABCO, after conducting a reasonable and diligent search, has no documents responsive to this request.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 8

**Document Request No. 30**

In addition to its previous objections, ABCO further objects to this Request as vague as it seeks "all documents" relating to profits from the sale of buildings and "*other activities.*" Furthermore, the Request does not limit the Request to a specific time period. Based on the language of the Request, it is unclear what Plaintiff is referring to when it states "other activities" and what time period this Request covers. We are happy to discuss this request further.

**Document Request No. 35**

In addition to its previous objections, ABCO objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of case, and seeks information irrelevant to the issues of this case for the same reasons stated in Maupin's objection to Document Request No. 33.

ABCO further states that it currently employs six individuals, many of whom use more than one device. Moreover, some of those devices are not within the possession, custody or control of ABCO as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, Plaintiff has no basis to assume that other employees' records would be relevant to the claims at issue in this case. Plaintiff has not alleged that any other employees, outside of the listed Defendants', have allegedly engaged in wrongdoing. As such, their phone records are not likely to contain relevant information. Lastly, this Request is duplicative as it relates to the Defendants in this case.

## HARRELL

**Interrogatory No. 2**

Mr. Harrell's title is Secretary and he is also responsible for material orders and marketing. He joined ABCO on June 1, 2022.

**Interrogatory Nos. 3-7**

See ABCO responses, which provide this information.

**Interrogatory No. 11**

In addition to his previous objections, Harrell further objects to the Interrogatory on the grounds that it is overly broad, cumulative, and not relevant to the issues in this case. The Interrogatory is overly broad as it is essentially a fishing expedition as it seeks information concerning any potential mode of communication Harrell may have used in the past year without any limitation to specific applications or platforms. For example, Plaintiff broadly asked about 'all messaging services' Harrell used at "any time" in the past year which inherently includes accounts used strictly for personal purposes. Also, terms such as "messaging services" and "other

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 9

cloud-based account" are vague and broad terms and can refer to any number of platforms, many of which may not contain information relevant to this case. Furthermore, the Request is not limited in terms of scope of subject matter. As written, this Request includes information for accounts that have no information relating to the claims at issue or individuals involved in this matter or relevant entities.

Courts have cautioned that "discovery requests are not limitless, and parties must be prohibited from taking fishing expedition in the hopes of developing meritorious claims," which is exactly what this Interrogatory seeks to do. *ACT, Inc. v. Worldwide Interactive Network, Inc.*, No. 3:18-cv-186-TRM-HGB, 2019 WL 1309227, at * 6 (E.D. Tenn. May 17, 2019). Furthermore, Plaintiff has not stated or demonstrated how the information sought relates to the Plaintiff's claims and defenses, specifically Plaintiff's that Harrel allegedly misappropriated Weather Kings' trade secrets.

## Interrogatory No. 12

Mr. Harrell confirms his response. All such devices were retained by Weather King.

## Interrogatory No. 13

In addition to his previous objections, Harrell objects to this Interrogatory on the grounds it is overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objections to Interrogatory No. 15.

## Document Request Nos. 3-16, 31

This will confirm that no responsive documents exist or have been destroyed.

## Document Request No. 26

See Maupin's Response to Document Request No. 27, which is incorporated by reference.

## Document Request No. 27

This will confirm that none exist.

## Document Request No. 30

Please explain the relevancy of this Request and why this request is proportional to the needs of the case.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 10

## Document Request No. 32

In addition to his previous objections, Harrell objects to this Interrogatory as overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objection to Interrogatory No. 33.

### HARROD

### Interrogatory No. 2

Mr. Harrod started his employment at ABCO on June 1, 2022.

### Interrogatory Nos. 3-5

Mr. Harrod has answered these interrogatories to the best of his knowledge and recollection.

### Interrogatory No. 10

In addition to his previous objections, Harrod further objects to this interrogatory on the grounds that it is overly broad, cumulative, and not relevant to the issues in this case for the same reasons stated in Mr. Harrell's objection to Interrogatory No. 11.

### Interrogatory No. 11

Mr. Harrod cannot determine who the text message was sent to.

### Interrogatory No. 12

Harrod states that, after a reasonably diligent search, he does not have any devices such as laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, in his possession that contains or contained any information that refers to, relates to, or was created by Weather King.

### FEAGIN

### Interrogatory No. 1

Mr. Feagin started his employment with ABCO on June 1, 2022.

### Interrogatory No. 4

Mr. Feagin has answered Interrogatory No. 4 to the best of his recollection.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 11

**Interrogatory No. 10**

    Feagin stands by his objections, but we are of course willing to discuss this further. This information further is an invasion of his privacy not proportional to the needs of this case.

**Interrogatory No. 11**

    This confirms Mr. Feagin's previous response to Interrogatory No. 1.

**Interrogatory No. 12**

    In addition to his previous objections, Mr. Feagin objects to this Interrogatory on the grounds it is overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objections to Interrogatory No. 15.

**Document Request Nos. 6-14**

    This will confirm Mr. Feagin's previous response.

**Document Request No. 24**

    In addition to his previous objections, Mr. Feagin objects to this Interrogatory on the grounds that it is overly broad and speculative for the same reasons as Maupin in response to Request No. 27 above. Feagin further objects to this Request as it does not allege that Feagin is connected with any entity in the Portable Buildings Industry, outside of ABCO.

**Document Request No. 29**

    Subject to and without waiving his previous objections, Mr. Feagin states that, to the extent they exist, Mr. Feagin will produce documents responsive to this Request.

**Document Request No. 30**

    In addition to his previous objections, Mr. Feagin objects to this Document Request as overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objection to Interrogatory No. 33.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 12

## GILLESPIE

### Interrogatory No. 3

Ms. Gillespie has answered Interrogatory No. 3 to the best of her recollection and investigation.

### Interrogatory No.4

Ms. Gillespie has answered Interrogatory No. 4 to the best of here recollection and investigation.

### Interrogatory No. 10

Ms. Gillespie stands by her objections, but we are of course willing to discuss this further. This information further is an invasion of her privacy not proportional to the needs of this case.

### Document Request Nos. 6-14

This will confirm that Ms. Gillespie has no documents responsive to Document Requests Nos. 6-14.

### Document Request No. 24

In addition to her previous objections, Ms. Gillespie objects to this Request for the same reasons as Maupin in this Document Response Request No. 27 above.

### Document Request No. 27

This will confirm that Ms. Gillespie has no responsive documents.

### Document Request No. 30

In addition to her previous objections, Ms. Gillespie objects to this document request as overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objection to Document Request No. 33.

## BROWN

### Interrogatory No. 10

Mr. Brown stands by his objections, but we are of course willing to discuss this further. This information further is an invasion of his privacy not proportional to the needs of this case.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 13


## Interrogatory No. 11

Confirmed.

## Interrogatory No. 12

In addition to his previous objections, Mr. Brown objects to this Interrogatory on the grounds it is overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objections to Interrogatory No. 15.

## Document Request No. 24

This will confirm that none exist.

## Document Request No. 29

This will confirm that none exist.

## Document Request No. 30

In addition to his previous objections, Mr. Brown objects to this interrogatory as overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objection to Interrogatory No. 33.

## **HERSHBERGER**

## Interrogatory No. 4

Mr. Hershberger has answered Interrogatory No. 4 to the best of his recollection.

## Interrogatory No. 5

Mr. Hershberger has answered Interrogatory No. 5 to the best of his recollection.

## Interrogatory No. 10

Mr. Hershberger stands by his objections, but we are of course willing to discuss this further. This information further is an invasion of his privacy not proportional to the needs of this case.

## Interrogatory No. 11

This will confirm the accuracy of Mr. Hershberger's previous response.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 14

**Document Request No. 6**

In addition to his previous objections, Hershberger objects to this Request on that grounds that it is overly broad, vague and ambiguous, and seeks irrelevant information. The Request is overly broad and irrelevant as it seeks "all correspondence and other documents" with "any former Weather King employees" but it is not limited in terms of subject matter, and seeks information that does irrelevant to Plaintiff's claim that Hershberger, along with the other named Defendants, misappropriated Weather Kings trade secrets. For these same reasons, the Request is also irrelevant.

Moreover, the Request is also overly broad and vague with its reference to "exchanges with any former Weather King employees." It is unclear which individuals in the phrase "any former Weather King employees" encompasses, as it could potentially include employees who have not been affiliated with Weather King for years—and thus neither relevant to issues nor proportional to the needs of this case.

**Document Request No. 7**

In addition to his previous objections, Mr. Hershberger objects to this Request on that grounds that it is overly broad and seeks irrelevant information. The Request is overly broad and irrelevant as it seeks "all correspondence and other documents" with "any former Weather King employees" but it is not limited in terms of subject matter. Additionally, the Request seeks information that does not relate to Plaintiff's claim that Hershberger, along with the other named Defendants, misappropriated Weather Kings trade secrets. For these same reasons, the Request is also irrelevant.

**Document Request No. 14**

In addition to his previous objections, Mr. Hershberger objects to this request on the grounds that it is duplicative, and it is overly broad as it seeks several unrelated categories of documents in one single request. This Request seeks information from Hershberger relating to the Defendants in this case while this same Request was propounded on all the Defendants. As such, this Request is unnecessarily duplicative as each Defendant can simply provide the requested information as it relates to themselves without the unnecessary burden of attempting to locate information regarding the other Defendants. Furthermore, this Request is overly broad as it contains document requests relating to several unrelated categories of information. There is no common theme between the categories, and it appears Plaintiff has simply combined 6 separate document requests into one.

**Document Request No. 29**

This will confirm Mr. Hershberger's previous response.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 15

## Document Request No. 30

In addition to his previous objections, Mr. Hershberger objects to this document request as overly broad, not proportional to the needs of the case, no relevant to any issue in the case for the same reasons stated in Maupin's objections to Interrogatory No. 33.

## B. LASSEN

### Interrogatory No. 1

Others involved in the formation of ABCO were Jesse Maupin, Barry Harrell, and Wade Etherton. Mr. Lassen's relationship with ABCO began on June 1, 2022 and his responsibility is building sheds for ABCO.

### Interrogatory No. 10

Mr. Lassen stands by his objections, but we of course are willing to discuss this response. This interrogatory further is an invasion of his privacy.

### Interrogatory No. 11

It is confirmed that no Defendants except Ms. Lassen have devices responsive to Interrogatory No. 11 and that no devices have been destroyed since the June 13 letter.

### Document Request No. 6-14

Mr. Lassen's previous responses are confirmed.

### Document Request No. 24

Mr. Lassen's previous response is confirmed.

### Document Request No. 28

Mr. Lassen's previous response is confirmed.

### Document Request No. 30

In addition to his previous objections, Mr. Lassen objects to this request as overly broad, not proportional to the needs of the case, nor relevant to any issue in the case for the same reasons stated in Maupin's objection to Interrogatory No. 33.

69733804;2

David L. Johnson
Butler Snow LLP
April 14, 2023
Pg. 16

## A. LASSEN

### Interrogatory No. 1

Others involved in the formation of ABCO were Jesse Maupin, Barry Harrell, and Wade Etherton.  Ms. Lassen's relationship with ABCO began on June 1, 2022 and her responsibility is building homes for ABCO.

### Interrogatory No. 10

See Ms. Lassen's response to Interrogatory No. 10.

### Document Request Nos. 6-14

This will confirm Ms. Lassen's previous response.

### Document Request No. 24

This will confirm Ms. Lassen's previous response.

### Document Request No. 28

Ms. Lassen stands by her previous objections.

### Document Request No. 29

No documents exist.

### Document Request No. 30

This will confirm Ms. Lassen's previous response.

Very truly yours,

Thomas G. Pasternak

cc:  Jani Mikel

69733804;2