IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>           **Plaintiff,**<br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>           **Defendants.** | Civil Action No. 1:22-cv-01230-STA-jay<br><br>Chief Judge S. Thomas Anderson |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL FORENSIC EXAMINATION**

Plaintiff's Motion should be denied for a multitude of reasons. First and foremost, Defendants have not defaulted on discovery. They have provided all the documents that they possess, although Plaintiff refuses to believe it. Second, significant privacy and confidentiality issues are raised by the requested discovery of Defendants' cell phones and email accounts, which Plaintiff ignores. Third, a mere suspicion of documents not having been produced, which is all Plaintiff has, does not warrant an invasive, expensive forensic search. Fourth, the requested protocol is not appropriate. Finally, if a search is ordered, it should be ordered at Plaintiff's expense or the decision as to who covers the cost should be decided at a later date.

**I.      Defendants Have Not Defaulted On Their Discovery Obligations**

Plaintiff, despite Defendants' discovery responses and multiple confirmations by counsel, refuses to accept the simple fact that most of the documents requested simply do not exist in

70786765;1

Defendants' hands.  That third parties possess a smattering of documents that may be responsive to Plaintiff's requests is not proof that Defendants possess and have withheld responsive documents.  Plaintiff has no proof of such withholding, and Defendants have not defaulted on their discovery obligations.  In the absence of a strong showing that a responding party has somehow defaulted on discovery obligations, which Plaintiff has not made, a court should not resort to extreme, expensive, or extraordinary means to guarantee compliance.  *Dispenhurst v. City of Battle Creek.,* 2006 WL 1851243 at *3-4 (W.D. Mich June 30, 2006) (denying motion to compel forensic examination, noting the court was "loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information").

Imaging of devices is an expensive process, and adds to the burden of litigation for both parties, as an examination of hard drives by an expert triggers the retention of an expert by the responding party.  *Id*. at *3. It also can result in the production of massive amounts of irrelevant information.  *Id*.  "Forensic image backups of computers is only the first step of an expensive, complex, and difficult process of data analysis that can divert litigation into side issues and satellite disputes involving the interpretation of potentially ambiguous forensic evidence."  *The Sedona Principles,* 19 SEDONA CONF. J. at 34, 37 (2014).  The Court should consider "whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests." *Wyndmoor Community Council, Inc., v. QBE Insurance Corp*., 280 F.R.D. 681, 687 (S.D. Fla. 2012) (quoting *Bennett v. Martin*, 86 Ohio App. 3d 412, 425 (10th District 2009).  Here, there has been no withholding of anything or default on discovery so Plaintiff's request should be denied.  *See also The Scotts Company LLC v. Liberty Mutual*

*Insurance Co.*, 2007 WL 1723509 at * 2 (S.D. Ohio June 12, 2007); *Memry Corp. v. Kentucky Oil Technology*, N.V., 2007 WL 832937 at *4 (N.D.Ca. March 19, 2007) (party stated that it made a reasonable search for responsive documents and representatives testified at depositions that they searched for responsive documents.); *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, 2013 WL 5212013 at * 2 (S.D.Cal. Sept. 13 2013).

**II.    Plaintiff Ignores The Significant Privacy Issues That are Present**

This Court should be mindful of the intrusiveness of ordering forensic imaging, and weigh the privacy concerns against its utility. *Wyndor*,. 280 F.R.D. at 687 . Here, the requested discovery of Defendants' cell phones accounts and email accounts, which is a back door attempt at a separate motion to compel, does not take into account privacy concerns, and has nothing to do with the forensic hard drive search.  Courts have made clear that because allowing direct access to a responding party's electronic system raises issues of privacy and confidentiality, courts must guard against undue intrusiveness.  *Bennett*, 186 Ohio App. 3d at 425 (citations omitted). Given the legitimate privacy and other interests at issue, absent "specific, concrete evidence of concealment or destruction of evidence," courts are generally cautious about granting a request for a forensic examination of an adversary's computer. *Sophia*, 2013 WL 5212013 at *2 (citations omitted); *see also Tingle v. Hebert*, 2018 WL 1726667 at *6 (M.D.La. April 10, 2018); *see also List Industries, Inc. v. Umina*, 2019 WL 1933970 at *4 (S.D.Ohio May 1, 2019), citing *The Sedona Principles* at 34, 37.

**III.    Mere Suspicion Does Not Warrant A Forensic Inspection**

Courts are loathe to sanction an intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that an opponent may be withholding discoverable information. *The Scotts Company,* 2007 WL 1723509 at *2 (citations omitted). Speculation that discoverable information is being withheld is entirely insufficient, unless the moving party can

- 3 -

70786765;1

demonstrate that the documents they seek to compel do in fact exist and are being unlawfully withheld. *Id*. (citing *Simon Prop. Group L.P. v. Simon Inc*., 194 F.R.D. 639, 641 (S.D. Ind. 2000). "Mere skepticism" or the "mere desire to check that the opposition has been forthright in discovery responses" are insufficient reasons to compel an intrusive forensic examination. *Nola Spice Designs, LLC v. Haydel Enterprises, Inc*., 2013 WL 3974535 at *2-3 (E.D.La. Aug. 2, 2018). (finding the defendant did not willfully default on its discovery obligations and defendant repeatedly stated through interrogatory responses and counsel's statements that it has produced all responsive material in its possession). *See also Sophia,* 2018 WL 521 2013 at *2 (denying motion to compel and noting "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures"); *John Crane Grp. Corp. v. Energy Devices of Texas, I,* 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015).

### IV.     The Requested Protocol Is Improper

Plaintiff's requested protocol far exceeds what may be required here, should the Court decide to order a forensic examination. Plaintiff tries to backdoor its other motion to compel by seeking the identity of Defendants' email accounts and cell phone numbers and to access Defendants' login information to same. *See* Br. at page 8 and 9 points 3 and 4. None of this is warranted here and, as discussed above, ignores privacy concerns. If the Court were to order forensic examination, it should be limited to a forensic examination of Defendants' hard drives. Further, Defendants should not be ordered to provide the declarations that are sought, but only to provide the devices.

### V.     Any Forensic Examination Should be Ordered At Plaintiff's Expense

If a forensic examination is ordered by the Court, it should be at Plaintiff's expense. In both cases cited by Plaintiff, the defendants had failed to preserve documents, while here, Defendants have not (at least yet) been found to have done so. Any finding on allocating the cost

of the forensic discovery should wait until that issue has been vetted.  *See Nacco Materials Handling Group, Inc. v. Lilly Co.,* 278 F.R.D. 395, 404 (W.D.Tenn. 2011); *EEOC v. New Breed Logistics,* 2012 WL 4361449 at *8 (W.D.Tenn. Sept. 25, 2012).

## VI. Conclusion

For all these reasons, Plaintiff's Motion should be denied in all respects.

Dated: June 5, 2023

Respectfully submitted,

**AKERMAN LLP**

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak (*admitted pro hac vice*)
Illinois ARDC No. 6207512
71 South Wacker Dr., 47th Floor
Chicago, IL 60606
Telephone: 312 870 8019
Fax: 312 424 1900
thomas.pasternak@akerman.com

*Attorneys for Defendants*
*JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FORENSIC EXAMINATION** with the Court using the ECF system, which will provide notice and a copy to counsel of record:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

>> /s/ *Thomas G. Pasternak*
>> Thomas G. Pasternak