**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-01230 |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**
**SUPPLEMENTATION OF DISCOVERY RESPONSES**

Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie K. Gillespie, Ryan E. Brown, Daniel J. Hershberger, Brian L. Lassen, Aleyna Lassen, and American Barn Co., LLC (collectively, "Defendants") submit this response to Plaintiff's Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Plaintiff" or "Weather King") Motion to Compel. Plaintiff seeks to compel numerous discovery requests, many of which are facially overly broad, seek irrelevant information, and are not proportional to the needs of the case. For the reasons set forth below, the Court should deny Plaintiff's Motion to Compel ("Motion") in entirety, or in the alternative, order that Defendants' proposed compromise language to Plaintiff's discovery requests be accepted and that Defendants respond to those requests as narrowed.

## I.      BACKGROUND

### A.      FACTUAL BACKGROUND

The Individual Defendants are all former employees of Weather King, a company which manufactures portable buildings in various states within the U.S.  In June 2022, Jesse Maupin and Barry Harrell left the employment of Weather King to start their own company, American Barn Co, LLC ("ABCO").  Several other Weather King employees, including the other named Defendants, subsequently were let go by Weather King and joined ABCO.

### B.      PROCEDURAL BACKGROUND

Weather King filed a First Amended Complaint ("FAC") on January 10, 2023, that included the following counts:

1.      Misappropriation of Trade Secrets Under 18 U.S.C. §1836 (Against Defendants Maupin and American Barn).

2.      Misappropriation of Trade Secrets Under Tenn. Code §47-25-1704 (Against Defendants Maupin and American Barn);

3.      Breach of Duty of Loyalty (Against the Individual Defendants);

4.      Interference with Business Relationships (Against All Defendants);

5.      Defamation (Against Defendants Maupin, Brian Lassen and American Barn);

6.      Conversion (Against All Defendants);

7.      Unjust Enrichment (Against All Defendants);

8.      Civil Conspiracy (Against All Defendants); and

9.      Aiding and Abetting (Against All Defendants).

On January 25, 2023, Plaintiff propounded hundreds of requests on Defendants.  In total, Plaintiff served approximately 1178 discovery requests on the Defendants.  This includes: 130

Interrogatories, 322 subcategories to those Interrogatories, 358 Requests for Production, and 368 Requests for Admission. Defendants responded to Plaintiff's discovery request on March 20. A few days later, on March 24, Defendants also produced the following document productions on Plaintiff: Vol. AMERICANBARN001; Vol. BDHARRELL001; Vol. DJHERSHBERGER001; Vol. JAMAUPIN 001. That same day, Plaintiff sent a letter to Defendants claiming that certain responses were deficient. Following receipt of that letter, Defendants provided substantive objections to several of Plaintiff's requests due to their overly broad language and because they sought irrelevant information.

At Defendant counsel's recommendation, the parties met and conferred on the parties ongoing discovery issues on May 1, 2023. During the meeting, Defendant's counsel provided newly learned information, which was responsive to Plaintiff's requests, proposed language to narrow the scope of Plaintiff's improper discovery requests, and confirmed what information and documents Defendants have in their possession and control in a good faith attempt to resolve these discovery issues. Defendants' counsel also explained to Plaintiff's counsel that Defendants could only produce and respond to Plaintiff's request to the extent the information was available to Defendants. Following the parties' conference, Defendants supplemented their discovery requests and continued to provide information and documentation responsive to Plaintiff's discovery requests.

## II.   LEGAL STANDARD

In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is *"proportional to the needs of the case."* Fed. R. Civ. P. 26(b)(1) (emphasis added). When a party moves for an order compelling production pursuant to Federal Rule of Civil Procedure 34, it must

demonstrate that the requests are relevant to the claims or defenses in the pending action. *U.S. v. Carell,* No. 3:09-0445, 2011 WL 2078023, at *1 (M.D. Tenn., May 26, 2011). Requested information is not relevant to subject matter involved in the pending action if the inquiry is based on the party's mere suspicion or speculation. *Dentsply International Inc. v. US Endodontics, LLC,* No. 2:14-cv-196, 2016 WL 6088482, at 2 (E.D. Tenn. May 23, 2016). If relevance is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules. *Carell,* 2011 WL 2078023, at *1.

Discovery is permitted to "flesh out a pattern of facts already known to a party relating to an issue necessarily in the case." *Dentsply,* 2016 WL 6088482, at 2. However, it does have ultimate and necessary bounds. *Ross v. Pfizer, Inc.* No. 07-2336-JPM-dkv, 2008 WL 11411532, at *3 (W.D. Tenn., July 22, 2008). Parties must be prohibited from taking "fishing expeditions in hopes of developing meritorious claims." *Banerjee v. University of Tennessee,* No. 3:17-CV-526-HSM-HBG 2019 WL 1062378 (E.D. Tenn., Mar. 6, 2019). If a request seeks irrelevant information, is overbroad, or is otherwise improper, the Court is not obligated to impose limiting constructions on the request but may simply deny the request to compel further responses. *Excel Fortress Limited v. Wilhelm,* No. CV-17-04297-PHX-DWL, 2018 WL 6067255 (D. Ariz., Nov. 20, 2018).

## III.  ARGUMENT

During discovery, Plaintiff served Defendants with approximately 1,100 discovery requests. Defendants have acted in good faith and to the fullest extent possible in responding. However, the nature and language of Plaintiff's voluminous discovery requests have made it unnecessarily difficult for Defendants to respond to Plaintiff's satisfaction. First, several of Plaintiff's discovery requests are irrelevant to the claims and defenses at issue in this case. Second,

in addition to being irrelevant, the requests are routinely and blatantly overly broad and unproportionate to the needs of this case.  Lastly, in light of Plaintiff's improper requests, Defendants just do not possess some of the requested information—resulting in Plaintiff quickly (and incorrectly) assuming that Defendants have some nefarious motive behind their responses. That is not the case.

In an effort to show Defendants' continued willingness to comply with its obligations, and although the Court is under no obligation to correct Plaintiff's requests, Defendants where appropriate have proposed alternative language which will both provide the information requested that is relevant to the claims and defenses which are at issue in this case.

### A.      Identification of Phone Numbers, Email Accounts, and Other Information

Plaintiff's request for the individual Defendants to "[i]dentify all email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you have used at any time since January 1, 2022, through the present."  Defendants object to this request as it seeks irrelevant information, is overly broad, and not proportional to the needs of this case.

Federal Rule of Civil Procedure 34 states in part that a request for production "must describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).  Courts have sustained objections to broad discovery that requests information without temporal limits that are confined by the specific litigation or that requests such things as identification of all communications or person with whom communications occurred related to a general topic.  *Hamblin v. Wilson County,* No. 3:21-0816, 2022 WL 18635844, at *2 (M.D. Tenn., Nov. 30, 2022)

On its face, the request is improper under Rule 26 as it contains broad language without subject matter limits.  Plaintiffs use of "any and all" and "you have used *at any time* since January 1, 2022" preclude Defendants from properly responding to the request.  As currently worded, this request would require the Defendants to engage in mental gymnastics to determine what information may or may not be remotely responsive.  *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 693 (D. Kan. 2007) (holding request to be facially overly broad where it seeks "all correspondence of any kind").  The request is not limited to devices Defendants used for business purposes specifically relating to Weather King or ABCO.  By the nature of its language, it will encompass devices used for personal reasons and devices not owned by Defendants and therefore outside of their possession and control.  As an example, if Maupin used his friends' or family members' cell phones or home phones, would that phone information be required under this request?  Even if it was used for a purely personal reason unrelated to the case at issue? The answer is yes.  As currently written, the request would improperly require disclosure of irrelevant and personal information, which is not proportional to the needs of this case and would unnecessarily impose on Defendants' and potentially nonparties' privacy.  Plaintiff has failed to describe with any particularity, let alone reasonably, the category of items it wishes to inspect as required under Rule 34.  On this basis alone, the Court should sustain Defendants' objection to Plaintiff's request.  *Banjerjee,* 2019 WL 1062378, at *2.

Furthermore, it is clear from the overly broad language that Plaintiff is on a fishing expedition and hopes that by accessing every conceivable device and account relating to the Defendants, it may find evidence to support its claims.  However, the Federal Rules clearly prohibit such a fishing expedition.

In its Memorandum, Plaintiff claims that it has "evidence that the individuals Defendants (while employed by Weather King) were encouraging each other, and other Weather King business relationships join a competing business enterprise." Dkt. 75-1, at 4. However, Plaintiff's FAC contains no allegations that Defendants sent confidential, proprietary, and/or trade secret to their respective personal devices and/or accounts. Plaintiff relies heavily on Paragraph 48 of the FAC in which Plaintiff alleges that "Maupin emailed himself a photograph of Weather King's inventory count for each of its states," and "emailed to himself photographs of Weather King's profit & loss statement and balance." The Paragraph ends in a conclusory statement about how this evidence of Maupin's alleged misappropriation.[1] Notably, Plaintiff does not (and cannot) allege that Maupin, using a personal device (phone, tablet, camera, etc.) took these photographs and emailed them to a personal account. In fact, all of the alleged misappropriation occurred using Weather King devices. *See e.g.* ¶¶ 49-51 (referring to Maupin's use of Weather King computer); ¶58 (referring to Maupin's use of Weather King toll-free number for outbound calls); *see also* WK-000023-32 (Maupin emailing himself at his Weather King email); and *see* ¶ 56 (referring to Harrell contacting dealers without reference to a personal device). Based on the claims and allegations in the FAC, Plaintiff's argument that responsive information and documentation may be found in all of these devices and/or account is improperly based on pure conjecture. *Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697 (WK), 2002 WL 1967023, at *2 (S.D. N.Y. June 21, 2002) (Court refusing to conduct a fishing expedition where party has offered no objective support for that contentions).

---

[1] Notably, Plaintiff has still failed to provide a basis for why Maupin's behavior was improper and constituted misappropriation or establish how such information constitutes confidential/proprietary/ and trade secret information particularly in light of the fact that employers and dealers, including Maupin as the Sales Manager, had access to this inventory count.

In light of this, the Court should sustain Defendants objections.  As an alternative, Defendants request that this court limit the request as to all Defendants to only those devices and accounts to which Plaintiff has objective support were used by Defendants to conduct the alleged misappropriation and which are in Defendants control and/or possession.

      **B.**      **<u>Request For Phone Records</u>**

Plaintiff's request for "[a]ll phone records from January 1, 2022 through July 1, 2022, related to any device the you have used during that time period." is similarly overly broad and not proportional to the needs of the case.  Additionally, Weather King's reasons for this improper request do not overcome the improper nature of the request.

As stated above in *supra* Section III. A., Plaintiff's request is overly broad in scope and without limit to the subject matter at issue.  As written, any device regardless of whether it is owned by the Defendants or used for the professional purposes would improperly be encompassed under the current language of the Request, thus making this request overly broad and unproportional to the needs of this case.  *See Excel Fortress Limited*, 2018 WL 6067255, at *2 (sustaining Plaintiff's objection denying motion to compel in regards to request which seeks telephone records for every cell phone used by Defendants, "whether for personal or professional purposes….").  In *Excel Fortress*, the Court explained that "Plaintiff's insistence on demanding the production of personal cell phone records with no connection to the claims asserted in the complaint renders this request overbroad." *Id.* at *5.

Weather King argues that this overly broad request is necessary to: (1) search its own records and computer system for evidence of bad acts; (2) reveal whether Defendants were furthering their "competing business" while on the clock; and (3) ascertain who Defendants were communicating with because Defendants did not provide that information.  Notwithstanding the

fact that Plaintiff has admitted that it is seeking this information to go on a fishing expedition to "find evidence of bad acts," which is not the purpose of discovery.  These reasons provided do not assist Plaintiff in overcoming their improper overly broad request.

First, it is not clear that Defendants responding to this request as worded will actually help Plaintiff search its own records for evidence of bad acts.  If Defendants were to provide phone records from every device they have ever used during the requested time period, majority of the information will likely be irrelevant to any alleged bad acts as Defendants will also be providing personal phone records wholly unrelated to the issues at hand.  Second, Plaintiff currently has access to the office phones and mobile phones Defendants used while working at Weather King during the requested time period.  Furthermore, it was these specific devices that Plaintiff alleges in the FAC that Defendants used to conduct the suspected misappropriation.  As such, Plaintiff already has in its possession and/or control the phone records it would need to establish whether or not Defendants engaged in this alleged behavior while at work without the need for the overly broad and improper request.  Lastly, Defendants did state who they communicated with. Plaintiff is therefore currently able to confirm the named individuals by searching the phones Defendants used during the time period with the devices Plaintiff already has in its possession/control..[2]

Plaintiff's request is not only overly broad, seeks irrelevant information, and disproportionate to this case, it is also wholly unnecessary considering Plaintiff's already have the alleged devices it claims that Defendants used to allegedly misappropriate its trade secrets.  As such, the Court should deny this request.  As an alternative, Defendants request that this court limit the request as to all Defendants to only those devices and accounts to which Plaintiff has objective

---

[2] Plaintiff is not just seeking who Defendants spoke to but also the subject of that communication. However, this request will not provide the information sought.  The court in *SGII, Inc. v. Suon,* explains telephone records limited to call logs will not be probative to show why Defendants made certain calls making such a request unnecessary. *SGII, Inc. v. Suon,* No. 8:21-cv-01168-DOC, 2021 WL 6752324, at *10 (C.D. Cal. Dec. 29, 2021)

70707953;2

support were used by Defendants to conduct the alleged misappropriation and which are in Defendants control and/or possession.

## C.  <u>Identification of Devices</u>

Defendants have adequately responded to this request stating that they do not have any devices to identify. Plaintiff argues that Defendants should identify their cell phones used when conducting Weather King business.  Defendants have informed Plaintiff on numerous occasions that the cell phones and laptops Defendants used when working at Weather King were owned by Weather King and therefore returned to Weather King upon each Defendants discharge.  As such, Weather King has the identity and the possession of the cell phones referenced in its Memorandum. As such the court should sustain Defendants objection.

## D.  <u>Identification of Pertinent Communication with Weather King's Business Relationships and Identification of Pertinent Relationships</u>

### 1.  **Interrogatory No. 3 to Defendant Maupin**

Contrary to Plaintiff's argument, Maupin has adequately responded to Plaintiff's Interrogatory No. 3.

In his initial responses and supplemental responses, Mr. Maupin stated that he spoke to several individuals:  Troy Buttrey, the named Defendants in the matter, Patrick Baize, Manual Rascon, Bryan Hyer, Doug Hines, Dustin Goode.  Mr. Maupin also specified the mode of communication (verbal communications) and provided the time period to the best of his availability.  During the parties meet and confer on May 1, 2023, Defendants' counsel informed Plaintiff's counsel that Maupin spoke to Buttrey, Rascon, and Baize in person in early 2022. Specifically, Maupin spoke to Buttrey in February 2022, Rascon in April 2022, and Baize in May 2022 in person.  As Maupin has adequately responded to this interrogatory, the court should deny

Plaintiff Motion to Compel as to this Request. Maupin simply does not remember more and there is nothing further to be compelled.

### 2. Interrogatory No. 4 to Defendant Maupin

Contrary to Plaintiff's statement, Maupin did adequately respond to Plaintiff's Interrogatory No. 4. Maupin stated that he discussed the formation of the ABCO with the other named Defendants, which does in fact establish the substance of the communication and who was a part of the communication. Maupin does not recall the dates nor is he able to see what dates these conversations may have taken place because he has no possession of any records or notes which show the dates of the conversation. This information may potentially be found in the phones and/or computer Maupin used while employed at Weather King, but as stated above, Maupin no longer has control or possession of those devices. Rather, they are in Plaintiff's custody. Again, there simply is nothing further to compel.

### 3. Interrogatory No. 5 to Defendant Maupin

Plaintiff argues that Maupin response to its Interrogatory No. 5 is "woefully insufficient," however, Maupin answered the interrogatory to the best of his ability. Plaintiff is asking Maupin to remember details and dates about conversations he had years ago. It is reasonable to assume Maupin may not recall the details of the conversations or when they exactly took place. Furthermore, Maupin is not in possession of any documents which provide a record of any of these conversations. Therefore, Maupin cannot be expected answer interrogatories about conversations he does not recall in detail. As such, this request should be denied.

### 4. Interrogatories Nos. 4 & 5 to Defendant Hershberger

Mr. Hershberger has already answered these interrogatories to the best of his ability and memory and there is nothing further to compel.

### 5. Requests for Production to Hershberger

Hershberger does not have any correspondence or other documents exchanged with any former Weather King employees between January 1, 2022 and July 1, 2022 in his possession or control nor does Plaintiff have any reason to believe he does have any such correspondence in his possession or control.  To the extent such correspondence exists, the correspondence would be found on the devices (phone and laptop) owned by Weather King and returned to Weather King on the date Hershberger was discharged.  As such, this request should be denied, as there is nothing to compel.

### 6. Interrogatory No. 4 Defendant Feagin

Plaintiff requests that this Court compel Feagin, along with Harrod and Gillespie, to respond further to its discovery requests regarding the dates and substances of certain communications.  In accordance with Defendants responses above, Defendants cannot be expected to provide information they do not possess.  There is no further information to compel.  Neither Feagin nor Harrod nor Gillespie can recall the specific context and substance of conversation that happened years ago.  As these conversations occurred verbally, there is no written record to refresh their recollection.  This request should be denied.

### E.  Information Relating to Funding Sources and Potential Funding Sources

Plaintiff requests information relating to funding sources and potential funding sources; however, Plaintiff has offered no objective support as to why such information is relevant.

First, Plaintiff claims that this is relevant because Maupin purportedly accessed Weather King sensitive information without authorization and emailed it to his personal email address.  No such allegation is ever made in Plaintiff's FAC and Paragraph 48 does not allege that any sensitive information was sent to Maupin's personal email address.  Dkt. 26, ¶ 48.  It only states that he sent

information to himself, which based off the evidence provided was to his Weather King email address.  As there is no evidence or reasonable basis to even support such an inference, this request is based on pure speculation and conjecture and therefore is improper under the Rules.

Second, Plaintiff argues that it is "quite possible" that Maupin (and other Defendants) told potential funding sources that Defendants had Weather King employees lined up before their departure.  Again, however, there is no such support for this request to apply to Maupin or all defendants.  The only evidence, Plaintiff is able to provide is one text from B. Lassen from June 13, 2022.  There is no other evidence or support to show that the other defendants were engaged in such behavior.  As such, with regards to the individual Defendants, any such request regarding information relating to funding sources should be limited to B. Lassen.

Defendants have provided sufficient information relating to funding and potential funding sources that is proportional to Plaintiff's need herein.

> ### F.      Compensation Information

Plaintiff's requests for compensation information is overly broad and unduly burdensome, and not proportional.  As with many of Plaintiff's other requests, it seeks "all documents" of several types "by any entity in the Portable Buildings Industry" for an extended period of years.  Defendants are willing to produce documents, if this request is narrowed to only require Defendants' American Barn's paystubs from its inception.

> ### G.      Information Relating to Appointments, Etc.

Plaintiff seeks to compel Harrell and ABCO to provide [a]ll documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) by you that record, refer, or otherwise relate to your activities…."  This request is overly broad, seeks irrelevant information, and is not proportional to the needs of this case.

70707953;2

As an initial matter, the phrase "or otherwise relates to your activities" is undefined and has a limitless meaning.  It is unclear what the term "activities" means or is referring to.  There is also no contextual language or subject matter scope to assist Defendants in understanding what exactly Plaintiff is seeking.  Additionally, with regards to Harrell, this could encompass everything from personal activities (birthdays, dates, vacations, hobbies) to professional activities (business meetings, conferences, conference calls, etc.).  The language "including but not limited to" renders a category over broad when *the defendant cannot identify the outer limits of the areas inquiry.  Tri-State Hosp. Supply corp.,* 226 F.R.D. 118, 125 (D.D.C. 2005).  Here, Harrell also cannot discern the outer limits of this request.  Lastly, with regards to ABCO as an entity, presumably any activity done by an employee on behalf of ABCO could reasonably be considered an ABCO activity. It is already unclear the outer limits of this request for a singular employee.  To subsequently apply this broad request to the entity as whole with several employees, is clearly not proportional to the needs of this case. This request should be denied.

### H.  <u>Pertinent Recordings</u>

Upon rechecking, it has been determined that there are no responsive documents to this Request.

### I.  <u>Defendant Harrell's Interference with Florida Dealers</u>

As with many of its other requests, Defendant Harrell has responded to the best of his ability.  He does not remember the granular detail that Plaintiff insists on and there simply is nothing to compel.

### J.  <u>Engineer Contact Information</u>

With regards to the entities, ABCO adequately responded to the Interrogatory as ABCO provided names of the entities as requested and Plaintiff's definition for identify as shown above

70707953;2

does not request any further information.  Plaintiff seems to be specifically focused on Richard Stewart. As stated, Defendant will provide Stewart's contact information to Plaintiffs.

### K. <u>Spreadsheet Referenced In Email</u>

Defendants' counsel stated that "it will endeavor to locate and produce the Brown spreadsheet."  Plaintiff is currently searching for the spreadsheet and will provide if able to locate it.

### L. <u>Recipients of Text Message Sent From Defendant Harrod</u>

Lastly, Plaintiff incorrectly assumes Harrod has an improper motive for his inability to recall all of the recipients in the group text message screenshotted as Exhibit 1 to Plaintiff's complaint.  That is not the case.  Harrod is only required to produce what is in his possession, custody, or control.  He has searched and simply does not have the text messages.

## IV.    CONCLUSION

For the reasons set forth, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel in its entirety, or in the alternative, the Court should adopt Defendants' proposed language for Plaintiff's discovery requests where applicable.

Dated: June 7, 2023                                Respectfully submitted,

**AKERMAN LLP**

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak (*admitted pro hac vice*)
Illinois ARDC No. 6207512
71 South Wacker Dr., 47th Floor
Chicago, IL 60606
Telephone: 312 870 8019
Fax: 312 424 1900
thomas.pasternak@akerman.com

*Attorneys for Defendants*

*JESSE A. MAUPIN, BARRY D. HARRELL,*
*ADRIAN S. HARROD, LOGAN C. FEAGIN,*

Case 1:22-cv-01230-STA-jay   Document 83   Filed 06/07/23   Page 16 of 17   PageID 1648

*STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC*

- 16 -

70707953;2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2023, I filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTATION OF DISCOVERY RESPONSES** with the Court using the ECF system, which will provide notice and a copy to counsel of record:

David L. Johnson, #18732
John H. Dollarhide, #40041
Y. Larry Cheng, #36707
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax: (615) 651-6701
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com
larry.cheng@butlersnow.com

Daniel W. Van Horn, #18940
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

/s/ *Thomas G. Pasternak*
Thomas G. Pasternak

- 17 -

70707953;2