IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>     Defendants. | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY**

Pursuant to Local Rule 7.2(c), Plaintiff respectfully requests leave to file a reply in further support of its motion to compel supplemental discovery responses (Doc. 75), and it also requests leave to file a reply in excess of five pages. As grounds for this motion, Plaintiff submits that leave is warranted to address material misstatements made in Defendants' response (Doc. 83) and to further explain why Defendants' discovery positions lack merit.

Of particular note, Defendants claim throughout their response that the cell phones they used leading up to their departure from Plaintiff were owned by Plaintiff and that they returned their phones to Plaintiff. *See, e.g.,* Doc. 83 at 10 ("Defendants have informed Plaintiff on numerous occasions that the cell phones and laptops Defendants used when working at Weather King were owned by Weather King and therefore returned to Weather King upon each Defendants

discharge."). Justice requires that Plaintiff be afforded the full opportunity to demonstrate that these representations to the Court are demonstrably false.

Plaintiff has also recently obtained additional information demonstrating that Defendants have made false statements in these proceedings and have not complied with their discovery obligations. Plaintiff should be afforded the opportunity to draw all of this to the Court's attention.

Finally, together with the sheer number of discovery items in dispute, it is not feasible to address all of these matters in a reply limited to five pages.

The parties have conferred through counsel, and Defendants advise that they do not oppose the filing of a reply but oppose exceeding the five-page limitation set forth in Local Rule 7.2(e). A proposed order granting this motion is being emailed to Chambers.

Respectfully submitted,

BUTLER SNOW LLP

/s/ David L. Johnson
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

Attorneys for Plaintiff

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that I discussed this motion via email correspondence with Thomas Pasternak, counsel for Defendants, via email correspondence dated June 8, 2023, and June 9, 2023, and Mr. Pasternak advised that Defendants do not oppose the filing of a reply brief but oppose exceeding the page limitation.

/s/ David L. Johnson
David L. Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2023, I filed the foregoing Motion with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com
Attorneys for Defendants

/s/ David L. Johnson
David L. Johnson

80200265.v1