IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, <br><br> Plaintiff, <br><br> v. <br><br> JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:22-cv-01230 |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF FOR FURTHER RESPONSES TO THEIR FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Plaintiff" or "Weather King") served Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, Brian L. Lassen, Aleyna Lassen, and American Barn Co., LLC (collectively "Defendants" or "American Barn") with their responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents that are deficient and incomplete. Plaintiff's objections are insufficient to prevent this discovery in light of the broad discovery allowed under the Federal Rules and it should be ordered to provide the requested discovery responses. The parties have met and conferred on this dispute. The reasons that the Court should so order are discussed in this brief.

70911103;1

## FACTUAL BACKGROUND

Defendants served their First Set of Interrogatories to Plaintiff and their First Set of Requests for Production of Documents on March 28, 2023. *See* **Exhibit A** and **Exhibit B**. Plaintiff served its responses to both on April 27, 2023. *See* **Exhibit C** and **Exhibit D**. Since then, the parties have engaged in discussions via email over disputed issues, culminating in a telephone meet-and-confer conversation on June 12, 2023 and a final resolution on June 13, 2023.

The interrogatories and document requests that are at issue are as follows, along with Plaintiff's responses.

## INTERROGATORIES

Interrogatory No. 4

Was essential safety equipment denied to any of Weather King's manufacturing facilities?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 5

How frequently are pay raises offered to employees of Weather King?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 12

Did Weather King notify the employees at the Bonifay, FL plant that they were being audio and videotaped while Ben Miller was the manager?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 24

Did Scott Berryman make any negative comments to any Plant Manufacturers that are currently now with ABCO?

- 3 -

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case, and that the term "negative comments" is vague and ambiguous.

Interrogatory No. 27

Were any employees accused of calling in to the Department of Labor? Whom?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 28

Were any employees accused of calling in to the Department of Labor retaliated against for what Weather King thought to be a call in on them?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case. Further, this interrogatory is vague and confusing.

Interrogatory No. 29

Were any employees threatened with the possibility of termination if they didn't receive the vaccine? Provide time, date, and details of this talk and which employees were involved.

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 30

Did Weather King (Consolidated Industries) receive monies related to a PPP loan from the government?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 31

Did Weather King (Consolidated Industries) withhold pay from one or more employees who had to take off work for being out with Covid?

70911103;1

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 32

Were all employees treated the same with regards to pay during Covid absences, or were some employees paid while they were off and some were not?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 33

Did any of Weather King employees (Mike Jackson or Jay Coker) make any derogatory statements via text or email to any current Weather King dealers about Barry Harrell?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 34

Did any of Weather King employees (Mike Jackson or Jay Coker) make any derogatory statements via text or email to any current Weather King dealers about Jesse Maupin?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 35

Did Tim Boyd make any negative comments to any dealers or drivers in the Arizona market about ABCO?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

Interrogatory No. 36

Did Tim Boyd tell any now ABCO dealers or plant facilities that ABCO would not be around very long because they didn't have the financial stability to sustain growth?

**RESPONSE:** Weather King objects to this interrogatory as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

## DOCUMENT REQUESTS

9.     All documents that establish how frequently pay raises are offered to employees of Weather King.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

12.     All documents relating to any negative comments made by Weather King employees to any Plant Manufacturers that are now with ABCO.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

13.     All documents relating to any PPP monies received by Weather King from the government.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

14.     All documents relating to any derogatory comments made by Weather King employees about Barry Harrell.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

15.     All documents relating to any derogatory comments made to dealers by Weather King employees about Jesse Maupin.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

16.     All documents relating to any negative comments made by Tim Boyd to any dealers or drivers in the Arizona market about ABCO.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

17. All documents related to ABCO delivering buildings for Weather King after Defendants were terminated.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

18. All documents relating to ABCO picking up payoffs for Weather King for account balances owed after delivery.

**RESPONSE:** Weather King objects to this request as beyond the scope of discovery in that it is not relevant to any asserted claim or defense and not proportional to the needs of the case.

## ARGUMENT

The interrogatories and document requests for which Defendants seek an order compelling responses and production seek discovery allowed under the Federal Rules of Civil Procedure. As this Court well knows, the scope of discovery is traditionally construed broadly to encompass any matter that bears on, or that could reasonably lead to, other matters that could bear on, any issue that is or may be in the case. *Reits v. City of Mt. Juliet*, 680 F.Supp.2d 888, 891 (M.D. Tenn. 2010), citing *Conti v. Am. Axle & Mfg.*, 326 Fed. Appx. 902, 904 (6th Cir. 2009). Here, as explained below, all of the requested discovery bears on issues that are in or may be in the case, and thus are discoverable under this broad standard.

First, the requested discovery goes to the reasons why Defendants were fired, which is relevant for the jury to consider in dealing with the issues present in this case regarding Defendants leaving Weather King to join and/or form American Barn and which may lead to other matters that bear on issues in the case, such as whether the terminations were wrongful. Interrogatories Nos. 4, 5, 12, 27, 28, 29, 30, 31 and 32 and Document Requests Nos. 9 and 13 all relate to reasons for the firings and departures, which the jury is entitled to hear to understand the context of the litigation and which either bear on present issues or which may lead to other matters that bear on issues in the case.

Second, the requested discovery goes to negative comments made by Plaintiff or its personnel about Defendants. Plaintiff has brought a defamation count against some of the Defendants, and it is only fair and reasonable to seek discovery on what comments Plaintiff may have made about Defendants, so that they jury may consider whether in fairness both parties have engaged in similar behavior in deciding whether there is defamation by Defendants. An issue that may be present in the case is defamation by Plaintiff. Plaintiff has opened the door to this inquiry. Interrogatories Nos. 24, 33, 34 and 36 and Document Requests Nos. 14, 15 and 16 relate to this issue.

Finally, Document Requests Nos. 17 and 18 relate to the fact that American Barn is continuing to do work in support of Weather King, even after Defendants were terminated and American Barn was formed, which would show the jury that despite this litigation and the numerous accusations made by Weather King, Weather King still relies on and trusts American Barn. This is certainly a relevant issue for the jury to consider.

Finally, as can be seen above, Weather King's objections are all simply boiler plate objections and not supported by any evidence or argument as to why the discovery sought is irrelevant or not proportional to the needs of the case. These objections do not support denying the requested relief.

## **CONCLUSION**

For all these reasons Defendants' Motion should be granted.

///

///

///

70911103;1

- 8 -

| | |
|---|---|
| Date: June 14, 2023 | */s/  Thomas G. Pasternak* <br> Thomas G. Pasternak <br> AKERMAN LLP <br> 71 South Wacker Drive, 47th Floor <br> Chicago, IL 60606 <br> Tel. 312.634.5700 <br> thomas.pasternak@akerman.com <br><br> *Attorneys for Defendants* <br><br> *JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC* |

- 9 -

## CERTIFICATE OF SERVICE

I certify that on June 14, 2023 I filed a true and correct copy of the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF FOR FURTHER RESPONSES TO THEIR FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** with the Court using the ECF system, which will provide notice and a copy to counsel of record:

>David L. Johnson, #18732
>John H. Dollarhide, #40041
>Y. Larry Cheng, #36707
>BUTLER SNOW LLP
>150 3rd Avenue South, Suite 1600
>Nashville, TN 37201
>Telephone: (615) 651-6700
>Fax: (615) 651-6701
>david.johnson@butlersnow.com
>john.dollarhide@butlersnow.com
>larry.cheng@butlersnow.com
>
>Daniel W. Van Horn, #18940
>BUTLER SNOW LLP
>6075 Poplar Ave., Suite 500
>Memphis, TN 38119
>Telephone: (901) 680-7200
>Fax: (901) 680-7201
>Danny.VanHorn@butlersnow.com

>*/s/ Thomas G. Pasternak*
>Thomas G. Pasternak

70911103;1