# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** )<br>**d/b/a WEATHER KING PORTABLE** )<br>**BUILDINGS,** )<br>)<br>         **Plaintiff,** )<br>**v.** )<br>)<br>**JESSE A. MAUPIN, BARRY D.** )<br>**HARRELL, ADRIAN S. HARROD,** )<br>**LOGAN C. FEAGIN, STEPHANIE L.** )<br>**GILLESPIE, RYAN E. BROWN,** )<br>**DANIEL J. HERSHBERGER, BRIAN L.** )<br>**LASSEN, ALEYNA LASSEN, and** )<br>**AMERICAN BARN CO., LLC,** )<br>)<br>         **Defendants.** )<br>) | **Civil Action No. 1:22-cv-01230-STA-jay**<br><br>**Chief Judge S. Thomas Anderson** |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure Rule 34, Defendants, Jesse Maupin, et al., request that Plaintiff respond to the following Requests for Production of Documents and produce the requested documents and things within thirty (30) days after service.

**DEFINITIONS**

As used herein, the following terms shall have the meaning, and shall be interpreted, as defined in Rule 26 and as set forth below:

1. The term, "DOCUMENTS," as used herein, shall have the meaning provided by F.R.C.P. 34(a), including all writings, drawings, graphs, charts, photographs, phonorecords, audio and video recordings, and other data compilations from which information can be stored or obtained, whether in tangible or electronic form, or by any other means.

69410802;1

2. "YOU" and "YOUR" shall mean and refer to Plaintiff Consolidated Industries, LLC, d/b/a Weather King Portable Buildings, YOUR affiliates and related companies, their employees, agents, consultants, and others acting on YOUR behalf respecting the matters at issue in this action.

3. "REFER TO, RELATE TO, RELATING TO, EVIDENCING or EVIDENCE" shall mean and refer to "comprising, embodying, containing, reflecting, memorializing, constituting, evidencing, setting forth, mentioning, concerning, discussing, describing, analyzing, reporting on, commenting on, identifying, stating, considering, dealing with, pertaining to or referring to."

4. "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any form of communication including, but not limited to, verbal or written communications.

## INSTRUCTIONS

1. In the event that you object to any Request on the basis that it is overbroad for any reason, respond to that Request narrowed in such a way as to render it not overbroad in YOUR opinion, and state the extent to which you have narrowed the Request for purposes of YOUR response.

2. If a Request cannot be satisfied in full, it should be satisfied to the extent possible, with an explanation as to why the remainder cannot be satisfied, disclosing whatever information YOU do have that is responsive to the Request.

3. If in answering these Requests, you claim any ambiguity in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering the Request.

4. Where information in the possession or control of a party is requested or inquired of, such Request also seeks information in the possession or control of the YOUR agents, servants, employees, representatives, and attorneys, or other persons acting for or on YOUR behalf.

5. THESE REQUESTS ARE CONTINUING IN NATURE. YOU MUST SUPPLEMENT OR AMEND YOUR RESPONSES PURSUANT TO RULE 26(e) OF THE FEDERAL RULES OF CIVIL PROCEDURES

### DOCUMENT REQUESTS

1. All documents relating to the "serious harm that Defendants have caused through their unlawful actions." Complaint, Preliminary Statement.

2. All documents relating to the Weather King's alleged trade secrets. Complaint, ¶26, 61.

3. All documents relating to Defendants' "elaborate smear campaign." Complaint, ¶34.

4. All documents relating to Defendants' "admission of deliberate malice." Complaint, ¶42.

5. All documents relating to American Barn's "significant financial damages." Complaint, ¶44.

6. All documents relating to Weather King's "devastating reduction in sales." Complaint ¶46.

7. All documents related to instances in which Defendants took Weather King's template contracts. Complaint, ¶54.

8. All documents related to any false or defamatory statements made by Defendants about Weather King. Complaint, ¶84.

9. All documents that establish how frequently pay raises are offered to employees of Weather King.

10. All termination papers provided to Defendants.

11. All documents related to any purchases by ABCO of sales lots from Weather King.

12. All documents relating to any negative comments made by Weather King employees to any Plant Manufacturers that are now with ABCO.

13. All documents relating to any PPP monies received by Weather King from the government.

14. All documents relating to any derogatory comments made by Weather King employees about Barry Harrell.

15. All documents relating to any derogatory comments made to dealers by Weather King employees about Jesse Maupin.

16. All documents relating to any negative comments made by Tim Boyd to any dealers or drivers in the Arizona market about ABCO.

17. All documents related to ABCO delivering buildings for Weather King after Defendants were terminated.

18. All documents relating to ABCO picking up payoffs for Weather King for account balances owed after delivery.

Dated: March 28, 2023          Respectfully submitted,

                               **AKERMAN LLP**

                               /s/ *Thomas G. Pasternak*
                               Thomas G. Pasternak (*admitted pro hac vice*)
                               Illinois ARDC No. 6207512
                               71 South Wacker Dr., 47th Floor
                               Chicago, IL 60606
                               Telephone: 312 870 8019
                               Fax: 312 424 1900

thomas.pasternak@akerman.com

*Attorneys for Defendants*

*JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC*

- 5 -

69410802;1

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2023, **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** was served via email upon:

>David L. Johnson, #18732
>John H. Dollarhide, #40041
>Y. Larry Cheng, #36707
>BUTLER SNOW LLP
>150 3rd Avenue South, Suite 1600
>Nashville, TN 37201
>Telephone: (615) 651-6700
>Fax: (615) 651-6701
>david.johnson@butlersnow.com
>john.dollarhide@butlersnow.com
>larry.cheng@butlersnow.com
>
>Daniel W. Van Horn, #18940
>BUTLER SNOW LLP
>6075 Poplar Ave., Suite 500
>Memphis, TN 38119
>Telephone: (901) 680-7200
>Fax: (901) 680-7201
>Danny.VanHorn@butlersnow.com

>>/s/ *Thomas G. Pasternak*
>>Thomas G. Pasternak

69410802;1