IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>    Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>Chief Judge S. Thomas Anderson |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FORENSIC EXAMINATION

Defendants' response is perhaps most noteworthy for what it omits. Conspicuously missing is any explanation for Defendants' failure to produce text messages, emails, and other communications with each other and other Weather King business relationships. Defendants do not claim that the communications ***never*** existed. Instead, they claim that "most of the documents requested simply ***do not exist in Defendants' hands***." Doc. 79 at 1-2 (emphasis added).[1]

Defendants do not dispute that they once possessed responsive communications; nor could they given that Weather King has obtained examples of these communications from third-parties. Yet, they have refused to offer any explanation concerning what happened to the responsive

---

[1] This is consistent with defense counsel's representation during the May 22, 2023, hearing. Asked pointedly by Magistrate Judge York whether he was representing that the documents "never" existed or whether the documents "currently" do not exist, Defendants' counsel responded that he could only represent that the documents "currently" do not exist.

1

communications—particularly given Weather King's June 13, 2023, litigation hold demand. In fact, Defendants specifically request that the Court excuse them from explaining what they have done to preserve and produce responsive documents. *See* Doc. 79 at 4 ("Defendants should not be ordered to provide the declarations that are sought, but only to provide the devices.").[2] Instead, Defendants ask that the Court simply take their word for it that they have fulfilled their discovery obligations without being required to make any such commitment under oath.

Weather King agrees with Defendants' argument—supported by case law—that "mere suspicion does not warrant a forensic inspection." *Id.* at 3. Defendants, however, ignore that Weather King's motion is not predicated on mere suspicion or speculation. Instead, Weather King has come forward with direct evidence from third-parties that responsive communications existed and were not produced by Defendants. *See* Doc. 73-1 at 5-6. Defendants do not address that evidence in any form or fashion. This evidence makes this case easily distinguishable from the instances cited by Defendants in which courts declined to order a forensic examination.

In fact, even since Weather King filed its motion, it has obtained additional evidence from third-parties of communications with Defendants that Defendants failed to produce. First, in response to a subpoena, FirstBank has produced communications with Defendant Jesse Maupin that Mr. Maupin did not produce. *See* Ex. 1.

Second, Weather King has obtained evidence from a portable buildings dealer, Thomas Stewart, of responsive communications with Defendant Logan Feagin. Mr. Feagin has represented

---

[2] Under Weather King's proposed protocol, consistent with a requirement imposed by Magistrate Judge Vescovo in another case, Defendants would be "ordered to file with the court an affidavit or declaration setting forth in detail each step . . . taken to preserve, search for, and collect potentially relevant information, both electronic and paper, from the time" each Defendant was served with Weather King's June 13, 2022, litigation hold letter "and to the present, the name of the person taking such steps, and the date on which the steps were taken," including "what computers and files were searched and by whom," and "the search method utilized." *See* Doc. 73-1 at 7-8 (quoting *Nacco Materials Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 407 (W.D. Tenn. 2011)).

that he has no responsive text messages or emails, including with Weather King dealers.  *See* Doc. 75-5, Feagin Resp. to RFP No. 8.  In fact, when asked to identify any communications with dealers (whether verbal or written) before departing Weather King, Mr. Feagin represented under penalty of perjury: "***None***."  *Id.* at Resp. to Ig. No. 5 (emphasis added).[3]  Yet, on May 10, 2022—a few weeks before his departure from Weather King and while he still owed a duty of loyalty to Weather King—Mr. Feagin was texting with Mr. Stewart about joining Defendants' competing business enterprise.  *See* Ex. 2, Stewart Decl.  He even texted Mr. Stewart: "***Just keep between us for now until we are ready to pull the trigger***."  *Id.,* ¶ 3.ii (emphasis added).

These communications are extraordinarily probative to Weather King's claims.  Not only did Mr. Feagin fail to produce the text messages, he falsely represented that he did not communicate with Weather King dealers about Defendants' plans before his departure.

At this point, the only reasonable conclusion is that Defendants have destroyed incriminating communications.  Even if Defendants are correct that responsive communications "do not exist in Defendants' hands," Doc. 79 at 1-2, it is unrefuted that the communications previously existed in Defendants' hands.  A forensic examination is warranted to ascertain: (a) the circumstances in which Defendants attempted to destroy relevant information; and (b) whether electronic information that Defendants have endeavored to delete may be recovered.

Defendants' remaining arguments also lack merit.  Item Nos. 4, 6, 8, and 12 of Weather King's proposed protocol address Defendants' privacy concerns.  Consistent with protocols implemented in other litigation, Weather King's proposed protocol appropriately accounts for Defendants' interests while ensuring that Weather King is able to obtain relevant information.

---

[3] *See also id.* at Resp. to RFA No. 3 (denying Request for Admission that he encouraged dealers to do business with Defendants at the time he was employed by Weather King).

Finally, Defendants should bear the costs of the examination. According to Defendants, "[i]n both cases cited by Plaintiff, the defendants had failed to preserve documents, while here, Defendants have not *(at least yet)* been found to have done so." Doc. 79 at 4 (emphasis added). Defendants have had a full and fair opportunity to demonstrate that they have complied with their discovery obligations and that they took appropriate measures to ensure that relevant information was not destroyed. They have fallen far short of doing so and have chosen instead to play "hide the ball" with Weather King and the Court about the circumstances in which responsive communications have not been produced and apparently were destroyed.[4]

For the foregoing reasons and those set forth in its initial brief, Weather King's motion for a forensic examination should be granted and its proposed protocol implemented.

          Respectfully submitted,

          BUTLER SNOW LLP

          */s/ David L. Johnson*
          David L. Johnson, BPR #18732
          John H. Dollarhide, BPR #40041
          150 3rd Avenue South, Suite 1600
          Nashville, TN 37201
          (615) 651-6700
          david.johnson@butlersnow.com
          john.dollarhide@butlersnow.com

          Daniel W. Van Horn, BPR #18940
          6075 Poplar Ave., Suite 500
          Memphis, TN 38119
          (901) 680-7200
          Danny.VanHorn@butlersnow.com

          Attorneys for Plaintiff

---

[4] In fact, as set forth in Weather King's forthcoming reply supporting its motion to compel supplementation of Defendants' discovery responses, they have also chosen to mislead the Court about their cell phones.

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com
Attorneys for Defendants

                                    /s/ David L. Johnson
                                    David L. Johnson

80100028.v1