IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>      Plaintiff, ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, ) <br> DANIEL J. HERSHBERGER, BRIAN L. ) <br> LASSEN, ALEYNA LASSEN, and ) <br> AMERICAN BARN CO., LLC, ) <br> ) <br>      Defendants. ) <br> ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

**STATEMENT OF MATERIAL FACTS AS TO WHICH DEFENDANTS CONTEND THERE IS NO GENUINE ISSUE FOR TRIAL IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND <u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

  In accordance with Local Rule 56.1(a), Defendants submit this statement of material facts as to which they contend there is no genuine issue for trial.

  1.  The Weather King Tennessee headquarters has no restrictions on access; anyone can come and go as they please. Maupin Decl. ¶8; Harrell Decl., ¶8.

  2.  At Weather King, the alleged trade secret information is not kept in physically secure locations. Maupin Decl. ¶9; Harrell Decl., ¶9.

  3.  At Weather King, "Access to the alleged trade secret information is not restricted to only certain employees." Maupin Decl. ¶10; Harrell Decl., ¶10.

  4.  At Weather King, "The alleged trade secret information is not kept under lock and key." Maupin Decl. ¶11; Harrell Decl., ¶11.

70851968;3

12. At Weather King, Defendants had no confidentiality or non-disclosure obligations. Maupin Decl. ¶12; Harrell Decl., ¶12.

13. At Weather King, there are no security levels on clearance to the alleged trade secrets. Maupin Decl. ¶13; Harrell Decl., ¶13.

14. At Weather King, the alleged trade secrets are not designated as Confidential. Maupin Decl. ¶14; Harrell Decl., ¶14.

15. At Weather King, no heightened protections are present to protect the alleged trade secrets. Maupin Decl. ¶15; Harrell Decl., ¶15.

16. At Weather King, access to the alleged trade secrets is not allowed only on a need-to-know basis. Maupin Decl. ¶16; Harrell Decl., ¶16.

17. At Weather King, access to the alleged trade secrets is not prohibited on personal devices. Maupin Decl. ¶17; Harrell Decl., ¶17.

18. At Weather King, no training is given to personnel regarding data security and confidentiality obligations. Maupin Decl. ¶18; Harrell Decl., ¶18.

19. At Weather King, there are no audit or inspection rights for the alleged trade secrets. Maupin Decl. ¶19; Harrell Decl., ¶19.

20. At Weather King, there are no facility security measures. Maupin Decl. ¶20; Harrell Decl., ¶20.

21. At Weather King, there are no obligations on employees regarding post-employment obligations to return the alleged trade secrets. Maupin Decl. ¶21; Harrell Decl., ¶21.

22. At Weather King, employees are encouraged and allowed to store information on personal laptops and phones. Maupin Decl. ¶22; Harrell Decl., ¶22.

70851968;3

- 3 -

23. At Weather King, there is not a limited number of individuals having access to the alleged trade secrets. Maupin Decl. ¶23; Harrell Decl., ¶23.

24. At Weather King, the alleged trade secrets are not segregated. Maupin Decl. ¶24; Harrell Decl., ¶24.

25. At Weather King, the defendants were not informed that the alleged trade secrets were trade secrets. Maupin Decl. ¶25; Harrell Decl., ¶25.

26. At Weather King, there is no written trade secret policy addressing the identification, classification, protection, and valuation of the trade secrets. Maupin Decl. ¶26; Harrell Decl., ¶26.

27. At Weather King, there are no oversight policies and procedures to prevent the inadvertent disclosure of trade secrets by employees in written publications, seminars, speaking engagements, trade shows, technical conferences, and other public forums. Maupin Decl. ¶27; Harrell Decl., ¶27.

28. At Weather King, there are no barriers surrounding secure locations, entrance/exit limitations, alarmed or self-locking doors, security cameras, or restricted access areas. Maupin Decl. ¶28; Harrell Decl., ¶28.

29. At Weather King, there are no employee IDs, visitor IDs, or visitor escort procedures. Maupin Decl. ¶29; Harrell Decl., ¶29.

30. At Weather King, there is no access to the alleged trade secrets on a need-to-know basis only. Maupin Decl. ¶30; Harrell Decl., ¶30.

31. At Weather King, there is no separation of components of trade secrets between or among departments and/or company personnel. Maupin Decl. ¶31; Harrell Decl., ¶31.

70851968;3

-4-

32. At Weather King, there are no physical barriers to prevent viewing the alleged trade secrets and proprietary and confidential information.  Maupin Decl. ¶32; Harrell Decl., ¶32.

33. At Weather King, there are no written rules and regulations prohibiting employees, without express permission, from remaining in the Weather King headquarters after hours.

34. At Weather King, there are no rules and regulations requiring employees to stay at their original work stations.  Maupin Decl. ¶34; Harrell Decl., ¶34.

35. At Weather King, there are no rules and regulations prohibiting unauthorized acquisition or possession of company property containing or relating to the alleged trade secrets.  Maupin Decl. ¶35; Harrell Decl., ¶35.

36. At Weather King, there are no sign-out/sign-in procedures for access to and return of the alleged trade secrets.  Maupin Decl. ¶36; Harrell Decl., ¶36.

37. At Weather King, there are no reproduction of only a limited number of sensitive documents and procedures for collecting all copies after use.  Maupin Decl. ¶37; Harrell Decl., ¶37.

38. At Weather King, there are no authorized codes or passwords for access for copying machines.  Maupin Decl. ¶38; Harrell Decl., ¶38.

39. At Weather King, there are no policies and procedures for destruction of documents such as locked waste bins and on-site document destruction services.  Maupin Decl. ¶39; Harrell Decl., ¶39.

40. At Weather King, there are no references and background checks for all managers, key employees, and persons who had regular access to the alleged trade secrets.  Maupin Decl. ¶40; Harrell Decl., ¶40.

41. At Weather King, there is no Employee Handbook regarding trade secrets. Maupin Decl. ⁋41; Harrell Decl., ⁋41.

42. At Weather King, there is no Off-Boarding – Trade Secret Exit Interview that would:

(a) Identify all the trade secrets that the departing employee had access to during his or her employment and catalogue these trade secrets;

(b) Remind the employee of his or her continued confidentiality obligations;

(c) Collect all company devices and media from the departing employee;

(d) Obtain from the employee all access credentials (such as account information, user names, and passcodes); and

(e) Require the departing employee to sign a trade secret exit interview certification.

Maupin Decl. ⁋42; Harrell Decl., ⁋42.

43. At Weather King, the use of smartphone cameras is not prohibited but is encouraged. Maupin Decl. ⁋43; Harrell Decl., ⁋43.

44. At Weather King, the inventory counts were no big secret; every dealer knows their inventory on their sales lots and the lots of the other dealers. The dealers are required to compute their inventories each month and send them to the Weather King headquarters. Every person in the Weather King headquarters has and uses the inventory counts to turn in requisitions to get inventory built for their dealers. Moreover, Mr. Maupin was allowed to and was encouraged to take pictures of the lot inventories each month for the past three years and to email them to himself, as he does not have a scanner. Maupin Decl. ⁋44; Harrell Decl., ⁋44.

45. At Weather King, the dealers contact information is on Weather King's website and is not a secret. *See* Exhibit A, Weatherking.biz at "Find a Dealer,", printed on June 14, 2023. An organized list of dealers does not in any case constitute a trade secret, as it is merely an assembly of publicly available information. Maupin Decl. ⁋45; Harrell Decl., ⁋45.

-6-

46. At Weather King, vendors advertise in "Shed Builder Monthly," which is a free publication, including their pricing. Moreover, anyone can call the vendors and ask for their pricing. Everyone in the business uses this information and is easily ascertainable. Exhibit B, ⁋ 46; Exhibit C. ⁋46. Maupin Decl. ⁋46; Harrell Decl., ⁋46.

47. At Weather King, the Weather King cost estimates are available for every employee to see and use to work with dealers on the possibilities of discounts and sales, and for that reason are shared with the dealers and not maintained secret or confidential. Exhibit B, ⁋ 47; Exhibit C. ⁋47. Maupin Decl. ⁋47; Harrell Decl., ⁋47.

48. At Weather King, financial Information Including Profit & Loss Statements and Balance Sheets are not kept trade secrets. For example, Mr. Maupin found them in a folder in an unoccupied cubicle, showing that Weather King does not treat them as trade secrets. Exhibit B, ⁋ 48. Maupin Decl. ⁋48; Harrell Decl., ⁋48.

49. At Weather King, sales lot lease information and lease amounts aren't a secret at Weather King as every lot that Weather King leases is reclaimed out of the dealer's commission each month, and this was shown on the dealers settle sheet each month, and was not kept secret. Exhibit B, ⁋ 49; Exhibit C. ⁋49. Maupin Decl. ⁋49; Harrell Decl., ⁋49.

50. At Weather King, Weather King's engineering drawings are not trade secrets. They are publicly available on www.floridabuilding.org/mb/mb_default.aspx, proceed as follows – select building type of "Storage Sheds" and manufacturer of "WEATHER KING – BONIFAY," select "Plan Tracking # 40372", select "PlanID 40372 Weather King Sheds plan 1RPER210076-cf1fdb4a.pdf, " Exhibit B. They are in the hands of hundreds of individuals, including dealers and customers. The drawings are freely distributed. Maupin Decl. ⁋50; Harrell Decl., ⁋50.

Date: June 14, 2023

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendants*

*JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC*

## CERTIFICATE OF SERVICE

I certify that on June 14, 2023 I filed a true and correct copy of the foregoing **STATEMENT OF MATERIAL FACTS AS TO WHICH DEFENDANTS CONTEND THERE IS NO GENUINE ISSUE FOR TRIAL IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** with the Court using the ECF system, which will provide notice and a copy to counsel of record:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/  Thomas G. Pasternak*
> Thomas G. Pasternak

70851968;3