# EXHIBIT 3



March 24, 2023

**VIA EMAIL**

Thomas G. Pasternak
Akerman
71 South Wacker Drive
47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com

Re: Weather King v. Maupin, et al.

Dear Tom:

Thank you for providing the Defendants' discovery responses. While we discuss specific deficiencies of individual responses below, we note at the outset that we have a concern with the accuracy of the Defendants' responses that they do not have certain responsive documents, particularly given our litigation hold letter sent on June 13, 2022. Therefore, please have your clients confirm that, when they have responded that they do not have responsive documents, that such responses are based on a reasonable search of available data sources. And, of course, this includes data in the Defendants' actual possession (like emails and text messages still on their devices) as well as data they are able to obtain. *See In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ("federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand").

Now, more specific to each response, we alert you to the following deficiencies:

**Interrogatories to Defendant Jesse Maupin**

**Interrogatory No. 1.** Please provide, as requested, the role(s) Mr. Maupin played relating to the creation/formation of American Barn Co., LLC. Please also provide the *approximate* dates in which Mr. Maupin was involved in planning the creation of American Barn Co., LLC. And please also identify, as requested, other individuals and entities involved. Additionally, Mr. Maupin responded that ABCO Rentals and Triple J Rentals were formed in 2016, which does not align with public records.

**Interrogatory No. 2.** Mr. Maupin's response does not identify the title/positions he has held with ABCO (other than co-owner, which, for an LLC, is vague), the nature or extent of his ownership interest (such as his status a member or financial interest holder and his percentage of

---

The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201

DAVID L. JOHNSON
615.651.6731
david.johnson@butlersnow.com

T 615.651.6700
F 615.651.6701
www.butlersnow.com

BUTLER SNOW LLP

March 24, 2023
Page 2

financial and governance interests owned), the dates of his relationship, or his roles/duties, as requested. Please provide this information.

**Interrogatory Nos. 3-5.** Mr. Maupin's responses to Interrogatory Nos. 3-5 are severely deficient, particularly when combined with the fact that Mr. Maupin purports to have no documents in response to RFP Nos. 4-14. These interrogatories go to the heart of the dispute, *viz.*, that Mr. Maupin spent a great deal of time planning ABCO's formation and operations while still employed by Weather King and in violation of his legal duties to Weather King. Please provide full responses.

**Interrogatory No. 6.** Mr. Maupin's objection to Interrogatory No. 6 lacks merit. First, Mr. Maupin has already stated in his responses that he spoke with Troy Buttrey, so he has waived his objection. Additionally, the interrogatory seeks information that would reveal other persons from whom information can be obtained regarding when and how Mr. Maupin created and began operating ABCO. This information relates directly to Weather King's claims. Please provide a complete response.

**Interrogatory No. 11.** The contact information, as requested, for Robertson Engineering and EZE Group Engineering was not provided. Please provide this information.

**Interrogatory No. 13.** Plaintiff is entitled to the information requested in Interrogatory No. 13. This information is needed for Plaintiff to discover Mr. Maupin's highly-relevant communications with Plaintiff's employees, dealers, builders, drivers, and rental companies, as well as with potential lenders/investors. This need is enhanced by Mr. Maupin's failure to produce his communications in discovery—notwithstanding Plaintiff's litigation hold demand.

**Interrogatory No. 14.** Plaintiff was surprised that Mr. Maupin represents that no device that has ever contained Weather King information (or that information referring or relating to Weather King) is within his possession, custody, or control, especially given that third parties have already produced documents demonstrating that Mr. Maupin emailed a responsive email to Jim Kowalzyk from a personal email account that was produced in response to our subpoena. Please confirm the accuracy of Mr. Maupin's response and, if true, state what happened to the devices that contained such information in the face of Plaintiff's June 13, 2022, litigation hold demand letter.

**Interrogatory No. 15.** This is a standard interrogatory that seeks relevant information and that imposes no meaningful burden to produce.

### RFPs to Maupin

**Request Nos. 4-20 & 32.**   Plaintiff is very surprised that Mr. Maupin represents that not a single document responsive to any of RFP No. 4-20 or 32 is within his custody, possession or control, particularly given Plaintiff's June 13, 2022, litigation hold demand letter. Please

March 24, 2023
Page 3

confirm the accuracy of these responses and, if true, what happened to responsive documents that once existed.

**Request No. 27.** The information requested in RFP No. 27 is necessary to calculate a portion of Plaintiff's damages allowed under applicable law. Further, to the extent that Mr. Maupin was earning compensation while still employed by Plaintiff, the information is probative to Plaintiff's breach of fiduciary duty claim. If Mr. Maupin would like to propose producing a narrower set of documents than requested, please provide that proposal.

**Request No. 33.** The information requested in RFP No. 33 is significantly probative of Mr. Maupin's conduct while still employed by Weather King and leading up to the launch of ABCO's operations. This is particularly the case given Mr. Maupin's representation that he does not possess many of the requested documents and his failure to provide adequate interrogatory responses.

**Request No. 38.** Mr. Maupin's response to RFP No. 38 simply states: "Need to Discuss." This is neither a response nor a valid objection.

## Interrogatories to ABCO

**Interrogatory No. 1.** At the very least, ABCO should be in a position to provide approximate dates related to each of the identified individuals' involvement in forming ABCO as requested in Interrogatory No. 1.

**Interrogatory Nos. 3-4.** ABCO's objections to these interrogatories lack merit for the same reasons that Mr. Maupin's objections to Interrogatory No. 6 lack merit.

**Interrogatory Nos. 5-10, 12.** Plaintiff is entitled to the information requested in Interrogatory No. 5-10 and 12, which is highly relevant to its claims, including but not limited to its breach of fiduciary duty claim.

**Interrogatory No. 11.** Please clarify whether ABCO has had a relationship with any rental companies other than BPS or Jade. ABCO's claim that it "does not recall the dates" of its relationship with BPS or Jade does not suffice given that it presumably possesses records that would reveal that information.

**Interrogatory No. 15.** The contact information for the persons/entities identified in response to Interrogatory No. 15 was not provided.

## RFPs to ABCO

**Request Nos. 7-18.** Again, it is difficult to believe that ABCO has no documents responsive to any of these RFPs within its custody, possession or control, particularly given that ABCO is responsible for producing all documents possessed by each of its owners, officers, and

March 24, 2023
Page 4

employees and given that Plaintiff served ABCO and the other Defendants with a litigation hold letter. As stated above, we remind of the Defendants of their duty to preserve, collect, search, and produce responsive information.

**Request No. 30.** Plaintiff is entitled to the information requested in RFP No. 30, which is highly relevant to its claim for damages.

**Request No. 35.** RFP No. 35 is narrowed in temporal scope, and Plaintiff is entitled to responsive information for the same reasons that it is entitled to information responsive to RFP No. 33 propounded to Mr. Maupin.

### Interrogatories to Defendant Barry Harrell

**Interrogatory No. 2.** Please complete Mr. Harrell's response to Interrogatory No. 2 by identifying the title, position, role, and duties Mr. Harrell has performed for ABCO and the dates of his relationship, as requested.

**Interrogatory Nos. 3-7.** Mr. Harrell's objections to providing information responsive to Interrogatory Nos. 3-7 are wholly lacking in merit. Plaintiff is entitled to full and complete responses on these interrogatories that go the heart of Plaintiff's allegations against Mr. Harrell.

**Interrogatory No. 11.** Mr. Harrell's objection to Interrogatory No. 11 lacks merit for the same reasons that Mr. Maupin's objection to Interrogatory No. 13 lacks merit.

**Interrogatory No. 12.** Please confirm the accuracy of Mr. Harrell's response to Interrogatory No. 12 and, if true, what happened to the devices that contained responsive information in the face of Plaintiff's June 13, 2022, litigation hold demand letter.

**Interrogatory No. 13.** Mr. Harrell's objection to Interrogatory No. 13 lacks merit for the same reasons that Mr. Maupin's objection to Interrogatory No. 15 lacks merit.

### RFPs to Harrell

**Request Nos. 3-16, 31.** Please confirm the accuracy of Mr. Harrell's responses to RFP Nos. 3-16 and 31 and, if true, what happened to responsive documents in the face of Plaintiff's June 13, 2022, litigation hold demand letter.

**Request No. 26.** Mr. Harrell's objection to RFP No. 26 lacks merit for the same reasons that Mr. Maupin's objection to RFP No. 27 lacks merit.

**Request No. 30.** Plaintiff is entitled to the information requested in RFP No. 30, and Mr. Harrell's objection lacks merit.

**Request No. 32.** Mr. Harrell's objection to RFP No. 32 lacks merit for the same reasons that Mr. Maupin's objection to RFP No. 33 lacks merit.

March 24, 2023
Page 5

### Interrogatories to Defendant Adrian Harrod

**Interrogatory No. 2**. Please supplement Mr. Harrod's response to Interrogatory No. 2 by providing the dates of Mr. Harrod's relationship with ABCO as requested.

**Interrogatory Nos. 3-5**. Mr. Harrod's vague responses to Interrogatory Nos. 3-5 do not satisfy his discovery obligation to provide full and complete responses to the best of his knowledge and recollection, and his objections lack merit.

**Interrogatory Nos. 10 & 12**. Mr. Harrod's objection to these interrogatories lack merit for the same reasons that Mr. Maupin's objections to Interrogatory No. 13 lacks merit. Particularly given that Mr. Harrod claims not to possess documents responsive to many basic RFPs, his refusal to respond to these interrogatories is improper.

**Interrogatory No. 11**. Mr. Harrod's response to Interrogatory No. 11 is inexplicable. Mr. Harrod initiated the text message that is attached as Exhibit 1 to the Complaint, and he was sent a litigation hold letter on June 13, 2022. Therefore, he should be able to readily look at his cell phone to determine the recipients of his text messages and is obligated under the rules of discovery. His response that "I don't recall" falls short of fulfilling his discovery obligations, suggesting an intent to deprive Plaintiff of highly relevant information.

### Interrogatories to Feagin, Gillespie, Brown, Herberger, B. Lassen, & A. Lassen

1.   Plaintiff requests that Defendants Brian and Aleyna Lassen supplement their responses to Interrogatory No. 1 so as to identify any other persons or entities involved in forming Arizona Barn Co. LLC ("Arizona Barn").

2.   Mr. and Mrs. Lassen did not provide the dates in which they have performed services for Arizona Barn or their duties/roles for that entity. Defendant Logan Feagin did not identify the dates of his relationship with ABCO. Plaintiff is entitled to this information, which imposes no meaningful burden.

3.   Defendant Stephanie Gillespie's vague response that she does not "recall the dates or exact substance" of her communications with Mr. Maupin does not satisfy her responsibility to provide a full response to Interrogatory No. 3. Plaintiff is entitled to full and complete responses that are to the best of these Defendants' knowledge and recollection.

4.   The vague responses to Interrogatory No. 4 by Defendants Gillespie, Hershberger, and Feagin are deficient, and their objections lack merit. Plaintiff is entitled to full and complete responses.

5.   Mr. Hershberger's vague response to Interrogatory No. 5 does not satisfy his discovery obligations. For instance, he does not even identify the specific persons with whom he

March 24, 2023
Page 6

communicated. Further, his objection to this interrogatory lacks merit. Plaintiff is entitled to full and complete responses.

10. These Defendants' objections to Interrogatory No. 10 lack merit for the same reasons that Mr. Maupin's objection to Interrogatory No. 13 lacks merit.

11. Plaintiff was surprised that Mrs. Lassen is the only Defendant who claims to have any device responsive to Interrogatory No. 11 (and she does not identify the cell phone number and provider as requested). Again, please confirm the accuracy of these responses and, if true, what happened to the devices that contained such information in the face of Plaintiff's June 13, 2022, litigation hold demand letter.

12. Defendants Feagin and Brown's objections to Interrogatory No. 12 lack merit for the same reasons that Mr. Maupin's response to Interrogatory No. 15 lacks merit.

### RFPs to Harrod, Feagin, Gillespie, Brown, Herberger, B. Lassen, & A. Lassen

6-14. Defendants Gillespie, B. Lassen, A. Lassen, Harrod, and Feagin purport to have no documents responsive to any of RFP Nos. 6-14. Please confirm the accuracy of those responses and, if true, what happened to responsive documents in the face of Plaintiff's June 13, 2022, litigation hold demand letter. Further, Defendant Hershberger's objections to producing documents responsive to RFP Nos. 6, 7 and 14 are wholly lacking in merit given the allegations alleged in the Complaint.

24. Defendant Harrod claims to have no documents responsive to RFP No. 24 notwithstanding his representation that he has served as an ABCO salesperson. Similarly, the Lassen Defendants purport not to have any responsive documents notwithstanding their ownership of Arizona Barn, and Defendants Brown and Hershberger purport not to have any responsive documents notwithstanding their representations of affiliation with other companies in the Portable Buildings Industry (as defined). Defendants Feagin and Gillespie's objections to Request No. 24 lack merit for the same reasons that Mr. Maupin's objection to RFP No. 27 lacks merit.

27. Mr. Feagin's objection to RFP No. 27 lacks merit, and responsive documents should be produced.

28. The objections of Defendants A. Lassen, B. Lassen, and Harrod to RFP No. 28 lack merit. The requested information is discoverable and should be produced.

29. Defendant A. Lassen's objection to RFP No. 29 lacks merit. Please confirm the accuracy of the remaining Defendants' representation (other than B. Lassen) that they have no responsive documents within their possession, custody, or control, and if true, what happened to responsive documents in the face of Plaintiff's June 13, 2022, litigation hold demand letter. All responsive documents should be produced.

March 24, 2023
Page 7

30.    Defendants B. Lassen, Brown, Hershberger, Feagin, Gillespie, and Harrod's objections to RFP No. 30 lack merit for the same reasons that Mr. Maupin's objection to RFP No. 33 lacks merit. Please also confirm the accuracy of Ms. Lassen's representation that she has no responsive documents in her possession, custody, or control.

Please provide assurances that supplemental responses addressing these deficiencies, as well as documents responsive to Plaintiff's requests for production, will be served promptly. Plaintiff reserves its right to take issue with each of the Defendants' document production as well as any items not specifically addressed above after later conferral. Thank you for your consideration, and please let me know if you would like to set up a call to discuss any of these items in greater detail.

Very truly yours,

Butler Snow LLP

David L. Johnson

DLJ:sc

cc:    Danny Van Horn
       John Dollarhide