**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:22-cv-01230-STA-jay |
| JESSE A. MAUPIN, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR SANCTIONS**

Under Fed. R. Civ. P. 37(a)(5)(A), the Court has discretion to require the party "whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also* Fed. R. Civ. P. 37(a)(5)(C) (also allowing an award of sanctions if a motion to compel is granted in part). The Court must consider whether "the movant: (1) filed the motion after 'attempting in good faith to obtain the disclosure or discovery without court action'; (2) the opposing party's nondisclosure was *not* substantially justified; or (3) no other circumstances would make an award of expenses unjust." *Affordable Constr. v. Great Lakes Ins. S.E.*, No. 1:19-cv-01280-STA-JAY, 2020 WL 8254268, at *2 (W.D. Tenn. Aug. 3, 2020) (citing Fed. R. Civ. P. 37(a)(5)(A)).

It is apparent from the parties' filings that Defendants have attempted to thwart Plaintiff Weather King's discovery efforts by serving evasive discovery responses and posing unwarranted objections, and then when pressed further, attempting to mislead the Court about why they have

1

not produced responsive documents.  Although Weather King "attempt[ed] in good faith to obtain the . . . discovery without court action," *id.*,[1] Defendants' objections were not substantially justified, and in fact, they failed to act in good faith.

*First* and foremost, as set forth in detail in Weather King's reply (Doc. 90) in support of its motion to compel supplementation (Doc. 75), Defendants misrepresented to the Court that they have not produced information in discovery on the basis that all of their cell phones were supposedly owned by Weather King and that they returned the phones upon their departure.  *See* Doc. 83 at 9-12.  Such conduct, in and of itself, warrants sanctions.

*Second*, in response to Weather King's motion to compel, Defendants did not even attempt to justify their failure to produce clearly discoverable information.  In particular:

- Defendant American Barn Co. ("ABCO") inexplicably refused to respond to the central questions posed in Interrogatory Nos. 6-10 and 12, and its response to Weather King's motion to compel completely ignores Weather King's challenge to its objections.  *See* Doc. 75-1 § D, pp. 7-8; Doc. 83 § D; Doc. 75-11.

- Although ABCO purported to have produced copies of all loan agreements, Weather King obtained a document indicating that ABCO entered into several notes payable that were not produced.  *See* Doc. 75-1 § E, pp. 14-15; Doc. 75-15.  After Weather King raised this as an issue in its motion to compel (Doc. 75-1 § E), Defendants' response completely ignored it (*see* Doc. 83 § E), and Defendants still have not produced the documents with no explanation.

- Defendant Ryan Brown still has not produced a spreadsheet identified as an attachment to an email that he produced in discovery that Weather King has been requesting since

---

[1] *See, e.g.*, Doc. 75 at 5; Doc. 75-18; Doc. 90-3, 3/24/23 Letter.

April 19, 2023, and has not explained why the email was produced but not the attachment. *See* Doc. 75-1 § K; Doc. 83 § K; *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC.,* No. 14-11700, 2017 WL 11379855, at *10 (E.D. Mich. Dec. 15, 2017) (finding that it was "troubling that [defendants] still have not" produced information they did not object to producing).

- ABCO did not explain why it refused to provide basic contact information for engineers despite Weather King's follow-up requests. *See* Doc. 75-1 § J; Doc. 83 § J.

*Third,* the record demonstrates that Defendants have provided evasive and incomplete discovery responses. As set forth in Section D of Weather King's brief supporting its motion to compel, Defendants have engaged in "hide the ball" tactics with respect to identifying their communications with Weather King's business relationships and have provided interrogatory responses suggesting that they have selective amnesia. *See, e.g.*, Doc. 75-2, Maupin Resp. to Ig. No. 3 (stating that he spoke with "some dealers" without identifying them); Doc. 75-13, Maupin Supp. Resp. to Ig. No. 5 (stating that he had "conversations with various dealers and drivers"); Doc. 75-8, Hershberger Resp. to Ig. Nos. 4 & 5 (stating that he spoke with unidentified "builders and drivers"); Doc. 75-6, Harrod Resp. to Ig. Nos. 3 & 5 (referencing conversations with unidentified "Weather King dealers and employees"); Doc. 75-5, Feagin Resp. to Ig. No. 4 ("I recall speaking to someone at Weather King").

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Further, "[t]he 'majority view authorizes Rule 37(d) sanctions when a party's evasive or incomplete answers to proper interrogatories impede discovery.'" *King v. Lacefield*, No. 2:21-cv-02613-JTF-ATC, 2022 WL 3702055, at *2 (W.D. Tenn. Aug. 26, 2022) (quoting *Jackson v. Nissan Motor Corp.*, No. 88-6132, 1989 WL

128639, at *5 (6th Cir. 1989)). "Moreover, 'the burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith, or fault rests with the sanctioned party.'" *Venture Tech, Inc. v. Hartz Mountain Corp.*, No. 3:13-CV-687-PLR-HBG, 2016 WL 5462818, at *1 (E.D. Tenn. Sept. 29, 2016) (quoting *Laukus v. Rio Brands, Inc.,* 292 F.R.D. 485, 500 (N.D. Ohio 2013)).  Defendants cannot meet their burden.

In *Laukus,* the court sanctioned another litigant that similarly thwarted discovery by providing evasive discovery responses and engaging in other tactics.  Noting that the "plaintiff has been playing a calculated game of 'hide the ball' since the beginning of this litigation, and has been using a variety of ploys, including misdirection and temporary amnesia, to cover his tracks," *id.* at 504, the court expressed skepticism of the plaintiff's purported lack of recollection:

> *See Bryant v. U.S. Postal Service,* 166 Fed. Appx. 207, 211 (6th Cir. 2006) (upholding trial court's finding incredible plaintiff's memory loss as to her medical history, which was not fully disclosed during discovery). "The claim, 'I don't remember' can be a lie if the speaker does remember, and even though no one can see another's memory, the falsity is subject to proof by circumstantial evidence, admissions, and other evidence." *Valley Eng.,* 158 F.3d at 1055 (rejecting a party's memory loss as to a discovery dispute). In affirming a dismissal for a willful failure to produce discoverable evidence, a panel of the Sixth Circuit observed:
>
>> While it is true that one is not obligated to provide perfect responses to discovery requests, and that district courts must make room for some lapses in memory, plaintiffs must do as much as they can, and certainly more than they did here, to provide defendants with all relevant discoverable information.
>
> *Bryant,* 166 Fed. Appx. at 211.

*Laukus*, 292 F.R.D. at 504. As in *Laukus*, Defendants' purported lack of recollection of basic and simple information that took place a few months before Weather King's discovery requests were served in January 2023 lacks credibility on its face.

**Fourth**, certain of Defendants' discovery responses have been proven false by evidence obtained by Weather King.  For instance:

4

- Defendant Feagin's representation that he did not communicate with any Weather King dealers about Defendants' plans before the termination of his employment is contradicted by a Weather King dealer. *Compare* Doc. 75-5, Feagin Resp. to Ig. No. 5 *with* Doc. 87-2, Stewart Decl.

- Defendants Harrell and Gillespie's interrogatory responses about their communications with Weather King business relationships are refuted by former ABCO employee Mitch Sykes. *Compare* 75-16, Harrell Supp. Resp. to Ig. No. 3; Doc. 75-6, Gillespie Resp. to Ig. Nos. 3-5 *with* Doc. 75-2, Sykes Decl.

- ABCO's claim that it possesses no agreements with builders is refuted by a document obtained by Weather King. *Compare* Doc. 75-11, ABCO Resp. to RFP No. 32 *with* Doc. 75-15 (referencing notes receivable of various builders).

*Finally*, Defendants' objections to providing other basic information requested by Weather King lacks any substantial justification as set forth in Weather King's briefing supporting its motion to compel. *See* Doc. 75-1 & Doc. 90. Weather King should not have been forced to expend time and attorney's fees in pursuing its motion to compel, but Defendants' unwarranted conduct necessitated Plaintiff seeking the Court's intervention. Accordingly, Weather King respectfully requests that the Court require Defendants to reimburse Weather King its reasonable attorney's fees and other expenses in connection with filing its motion to compel supplementation of discovery responses (Doc. 75).[2]

---

[2] Weather King will be in a position to present proof of its expenses at a later date.

Respectfully submitted,

BUTLER SNOW LLP

*/s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023, I filed the foregoing with the Court using the ECF

system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com
Attorneys for Defendants

*/s/  David L. Johnson*
David L. Johnson

80342567.v2