IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, *et al.*, ) <br> ) <br> Defendants. ) | No. 1:22-cv-01230-STA-jay |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO COMPEL**

The Court should deny Defendants' motion to compel (Doc. 86) because they have fallen far short of demonstrating that the discovery items in dispute have any potential relevance whatsoever to Plaintiff's claims or to any of Defendants' defenses.

**BACKGROUND**

Plaintiff "Weather King" asserts the following claims in this case: federal and state trade secrets act violations (Counts I and II), breach of the duty of loyalty (Count III), interference with business relations (Count IV), defamation (Count V), conversion (Count VI), unjust enrichment (Count VII), civil conspiracy (Count VIII), and aiding and abetting (Count IX). Doc. 26. Defendants have not asserted any Counterclaims. The only Affirmative Defenses they assert in their Amended Answer are the following:

1. Failure to state a claim
2. Preemption
3. No damages

Doc. 31 at 33.

1

Although Weather King has served Defendants with discovery relating to its claims, many of Defendants' discovery requests appear targeted toward unasserted counterclaims or matters that have nothing to do with this litigation. For instance, Defendants have inquired about Weather King's use of safety equipment, video recordings at a facility in Florida where none of the Defendants even worked, a PPP loan, Weather King's handling of the COVID-19 pandemic, and negative comments that may have been made by Weather King owners. *See generally* Doc. 86-1 at 2-6. Weather King has objected on the basis of lack of relevance (and proportionality).

## LEGAL ARGUMENT

"The court must 'limit the frequency or extent of discovery ... if it determines that ... the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Walls v. Sterling Jewelers, Inc.*, No. 19-CV-02844-JPM-TMP, 2020 WL 7327326, at *2 (W.D. Tenn. Dec. 11, 2020) (quoting Fed. R. Civ. P. 26(b)(2)(C). "A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014) (quoting *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 862 (6th Cir. 2005)). As noted by Judge Anderson, "[o]nce a party raises an objection to discovery based on relevance, "**the burden shifts to the party seeking the information to demonstrate that the requests are relevant** to the subject matter involved in the pending action." *GCA Servs. Grp., Inc. v. ParCou, LLC*, No. 2:16-cv-02251-STA-CGC, 2016 WL 7192175, at *3 (W.D. Tenn. Dec. 12, 2016) (emphasis added; citing *Allen v. Howmedica Leibinger.* 190 F.R.D. 518, 522 (W.D. Tenn. 1999)); *see also Fusion Elite All Stars v. Varsity Brands, LLC*, No. 20-CV-2600-SHL-TMP, 2022 WL 4279731, at *2 (W.D. Tenn. Sept. 15, 2022) ("The party seeking discovery is obligated to demonstrate relevance.").

Here, as the parties seeking the discovery, Defendants bear the burden of proving relevance, and they must also show that the discovery at issue is relevant to a claim ***actually asserted*** as opposed to an unasserted claim or defense. "[I]t is axiomatic that discovery is not intended to afford a party an opportunity to seek information for an unasserted claim, or a yet-to-be filed case." *All Plastic, Inc. v. SamDan LLC*, No. 20-CV-01318-NYW, 2021 WL 2979005, at *7 (D. Colo. Feb. 15, 2021); *see also Ewert v. Holzer Clinic, Inc.*, No. 2:09-CV-131, 2010 WL 11538465, at *6 (S.D. Ohio June 17, 2010) ("Plaintiff is not entitled to discovery related to unasserted claims.").

Indeed, Fed. R. Civ. P. 26(b)(1) was amended in 2000 so as to limit discovery to that which is "relevant to any party's claim or defense[.]" According to the Advisory Committee, "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and ***signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings***." Advisory Committee Notes to 2000 Amendment to Rule 26(b)(1) (emphasis added). Thus, as recently noted in *Ivory v. U.S.*, No. 3:18-CV-00537, 2023 WL 1973198, at *4 (M.D. Tenn. Feb. 13, 2023):

> The Federal Rules of Civil Procedure do not permit a plaintiff to use the discovery process to develop claims that are not included in the complaint. *Durand v. Hanover Ins. Grp., Inc.*, 294 F. Supp. 3d 659, 688 (W.D. Ky. 2018) ("[A] party is to be held to discovery within the scope of the claims and defenses actually asserted in the pleadings, and [it] may not employ discovery as a means of investigating whether additional claims might be available."); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 9491228, at *3 (N.D. Ohio Dec. 30, 2015) ("Rule 26(b)(1) confines discovery to the claims and defenses asserted in the pleadings[.]" (cleaned up)); Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (explaining that parties are not entitled "to discovery to develop new claims or defenses that are not already identified in the pleadings").

Defendants group the disputed discovery items in three different categories, each of which is addressed below.

### A. Discovery Supposedly Relevant to Reasons Underlying Defendants' Termination

According to Defendants, Interrogatory Nos. 4-5, 12, and 27-32 are relevant to the circumstances of their departures from Weather King. Doc. 86-1 at 6. Even though they bear the burden "to demonstrate that the requests are relevant," *GCA Servs. Grp.,* 2016 WL 7192175, at *3, Defendants' sole attempt to meet their burden is the following two conclusory sentences:

> [T]he requested discovery goes to the reasons why Defendants were fired, which is relevant for the jury to consider in dealing with the issues present in this case regarding Defendants leaving Weather King to join and/or form American Barn and which may lead to other matters that bear on issues in the case, such as whether the terminations were wrongful. Interrogatories Nos. 4, 5, 12, 27, 28, 29, 30, 31 and 32 and Document Requests Nos. 9 and 13 all relate to reasons for the firings and departures, which the jury is entitled to hear to understand the context of the litigation and which either bear on present issues or which may lead to other matters that bear on issues in the case.

Doc. 86-1 at 6.

First, Defendants have not asserted a wrongful termination claim. They had the opportunity to file a counterclaim, but they did not do so. The deadline for the parties to amend their pleadings was May 5, 2023, Doc. 64, and the statute of limitations for asserting a wrongful termination claim has expired. *See* T.C.A. § 28-3-104(a)(1); *id.* § 4–21–311; *Weber v. Moses,* 938 S.W.2d 387, 389-90, 393 (Tenn. 1996). Regardless, as set forth above, Defendants "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Advisory Committee Notes to 2000 Amendment to Rule 26(b)(1).

Second, these discovery requests are not relevant to any claims or defenses that have been pled. Weather King certainly disputes Defendants' suggestion that Weather King fired all of them. The proof will show that Weather King fired Defendant Jesse Maupin after unearthing Defendants'

4

scheme and that the remaining Defendants quit soon thereafter.[1]  Nevertheless, that issue is immaterial to any of the claims and defenses in this case.

Even if Defendants were correct that Weather King fired each of them, they have not shown that "the reasons why Defendants were fired," Doc. 86-1 at 6, are germane to any claims or defenses asserted in this case. None of Defendants' Affirmative Defenses make a connection to their disputed discovery requests. *See* Doc. 31 at 33.  During the meet and confer process, Weather King invited Defendants on multiple occasions to articulate how this information was somehow relevant and to draw Weather King's attention to any case citation supporting their argument of relevance.  Even in their supporting brief, Defendants do not cite a single authority in support of their relevance argument, and the two sentences quoted above is all they could muster.  *See Farmer v. Tennessee Dep't of Safety*, No. 3:05-cv-84, 2006 WL 3391503, at *3 (E.D. Tenn. Nov. 22, 2006) ("[P]arties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.") (quoting *Hill v. Motel 6,* 205 F.R.D. 490, 493 n. 2 (S.D. Ohio 2001)).

Defendants, for instance, do not cite a single instance in which a court ruled that the extent of an employee's duty of loyalty is dependent on the way the employer treated its employees or the circumstances in which the employee was terminated.  Nor do Defendants cite language in the trade secrets statutes suggesting it is permissible for an employee to misappropriate his employer's trade secrets if the employer was a bad corporate citizen (such as by not requiring safety equipment) or if the employee was wrongfully discharged.  Nor do they cite any instance in which any court carved out an exception to the tort of intentional interference with a business relationship in instances in which the plaintiff was a mean employer or applied for a government stimulus loan.

---

[1] *See* Doc. 90-1, Coker Decl. at n. 1.

Nor do Defendants cite any case allowing a departing employee to take company property to use in her new competing business as long as she was wrongfully terminated or if the employer did not treat its employees well during the COVID pandemic.

Indeed, a close examination of the discovery items at issue raises serious questions as to whether Defendants genuinely believe the matters to be pertinent to the claims and defenses in this lawsuit, or instead, whether they are intended for "annoyance, embarrassment, [or] oppression[.]" Fed. R. Civ. P. 26(c)(1). For instance, would Defendants lead the Court to believe that their supposed discharge had anything to do with whether "Weather King notif[ied] the employees at the Bonifay, FL plant that they were being audio and videotaped," particularly given that none of the Defendants even worked at that plant? Doc. 86-2, Ig. No. 12; *see also id.*, Ig. No. 30 (asking whether Weather King "receive[d] monies related to a PPP loan from the government").

Such misuse of the discovery process should not be countenanced. Given Defendants' utter failure to articulate how any of these discovery items are relevant to the claims and defenses asserted in this case, the Court should sustain Weather King's objections. Further, even if Defendants had carried their burden of articulating how Weather King's responses to the disputed requests are probative of any element of the claims or defenses, the minimal probative value is not proportional to the needs of the case. *See Walls v. Sterling Jewelers, Inc.*, No. 19-CV-02844-JPM-TMP, 2020 WL 7327326, at *2 (W.D. Tenn. Dec. 11, 2020) ("Information that is 'negligibly relevant [or] minimally important in resolving the issues' does not satisfy the standard.") (quoting *Doe v. Ohio State Univ.,* No. 2:16-cv-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018)).

- **Discovery Relevant to Weather King's Comments About Defendants**

In Interrogatory Nos. 24, 33, 34, and 36 and Request for Production Nos. 14-16, Defendants seek discovery of "negative comments made by Plaintiff or its personnel about

Defendants." Doc. 86-1 at 7. Noting that Weather King has sued Defendants for defamation, Defendants argue "it is only fair and reasonable to seek discovery on what comments Plaintiff may have made about Defendants, so that the jury may consider whether in fairness both parties have engaged in similar behavior" and that "[a]n issue that *may* be present in the case is defamation by Plaintiff." *Id.* (emphasis added).

In their Affirmative Defenses, Defendants do not assert that they are immune from a defamation claim on the basis that Weather King allegedly made negative comments about them. Nor can they. Indeed, Defendants, who bear the burden of demonstrating relevance, cite no authority to support the notion that this is a recognized defense to a defamation claim. It is not.

Nor have Defendants asserted a defamation counterclaim. Nor can they. The deadline to amend the pleadings has passed, and the limitations period has expired. *See* T.C.A. § 28-3-103; *id.* § 28-3-104. Moreover, as set forth above, Defendants are not entitled to conduct discovery of unasserted claims.

Ironically, in response to Weather King's motion to compel, Defendants argued that "[p]arties must be prohibited from taking 'fishing expeditions in hopes of developing meritorious claims.'" Doc. 83 at 4 (quoting *Banjerjee v. Univ. of Tenn.,* No. 3:17-CV-526-HSM-HBG 2019 WL 1062378 (E.D. Tenn., Mar. 6, 2019)); *see also Cuomo v. Clearing House Ass'n, LLC*, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through [materials] for evidence of some unknown wrongdoing"). That is precisely what Defendants seek to do with these discovery requests.

- **Discovery Related to the Parties' Post-Termination Arrangement**

Finally, in Request for Production Nos. 17 and 18, Defendants seek all documents relating to Defendant American Barn Co. ("ABCO") supposedly delivering buildings and picking up

7

payoffs for Weather King after the Defendants' departure from Weather King. This request presents a moot issue as, although the information is irrelevant to the claims and defenses in this lawsuit, Weather King possesses no responsive documents (as it did not enter into any such arrangements with ABCO).

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel should be denied.

Respectfully submitted,

BUTLER SNOW LLP

*/s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

>Thomas G. Pasternak
>AKERMAN LLP
>71 South Wacker Drive, 47th Floor
>Chicago, IL 60606
>thomas.pasternak@akerman.com

>>*/s/  David L. Johnson*
>>David L. Johnson