# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC
d/b/a WEATHER KING
PORTABLE BUILDINGS

      Plaintiff,

v.                                                              No. 1:22-cv-01230-STA-jay

JESSE A. MAUPIN, et al.

      Defendants.

---

## ORDER DENYING MOTIONS FOR PROTECTIVE ORDER

---

Before the Court are two Motions. The first is Defendants' Motion for Protective Order. ECF No. 33. The second is a Motion for Protective Order filed by non-parties BPS, LLC and Troy Buttrey. ECF No. 36. These Motions were referred to the undersigned for determination. ECF No. 37. The Court held a telephonic hearing on May 22, 2023; all parties were present. ECF No. 74. Based on the parties' representations at the hearing and the following analysis, Defendants' Motion for Protective Order [ECF No. 33] is **DENIED**, and the Non-Parties' Motion for Protective Order [ECF No. 36] is **DENIED WITHOUT PREJUDICE.**

## I.   MOTIONS FOR PROTECTIVE ORDER

The named Defendants in this case move the Court to issue a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) in response to Plaintiff having served subpoenas on over thirty non-parties. ECF No. 33-1 at 2-3; ECF No. 33 at 1. Defendants included a copy of one of the subpoenas as an Exhibit. ECF No. 33-2. The production requests included items such as "[a]ll

communications," "[a]ll documents exchanged," and "[a]ll phone records or voicemails" between the non-parties and Defendants from a period as early as January 2021 to the present. ECF No. 33-2 at 2-3. Some of the more specific items sought related to financing documents, loans, and property possession. ECF No. 33-2 at ¶¶ 6, 8, 12.

Defendants make two arguments. First, they claim the "subpoenas are overbroad and place an undue burden on the third parties." ECF No. 33-1 at 6. Second, they state the "subpoenas may have a harmful impact on Defendants' customer relations." ECF No. 33-1 at 6. Non-parties—BPS, LLC and Troy Buttrey—also filed a Motion for a Protective Order. ECF No. 36. They argue that "[t]he subpoenas are extremely overbroad on their faces" and amount to an undue burden. ECF No. 36 at 1.

Plaintiff's Response to Defendant's Motion raises two primary arguments. First, that "Defendants lack standing to bring their motion" on behalf of third parties. ECF No. 61 at 1. Second, that Defendants have "fallen short of meeting their burden of proving that they are entitled to the requested relief." ECF No. 61 at 1. As to the non-parties' Motion, Plaintiff argues that they have "not met [their] burden of demonstrating proper grounds to prevent [Plaintiff] from obtaining the requested information . . . ." ECF No. 65 at 1.

Defendants filed a Reply to Plaintiff's Response. ECF No. 67. They rebut Plaintiff's argument on standing by highlighting that the Motion for Protective Order was brought pursuant to Rule 26(c)(1) and that standing is an issue generally raised pursuant to motions to quash subpoenas under Federal Rule of Civil Procedure 45. ECF No. 67 at 1. As to whether Defendants met their burden in showing an undue burden or expense, Defendants argue that they are not required to "reach out to some [thirty] parties and determine each of their costs of compliance in order to establish good cause for a protective order here." ECF No. 67 at 2.

## II.    PROTECTIVE ORDER LEGAL STANDARDS

The starting point for these Motions is the relevant discovery standard. Federal Rule of Civil Procedure 26(b) provides that the scope of discovery includes any "nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case" in light of several factors. FED. R. CIV. P. 26(b)(1).

The Federal Rules provide that "for good cause" a court may issue a protective order to limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). A party seeking a protective order must illustrate "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" one of the "enumerated harms" provided for in Rule 26(c)(1). *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (internal quotations omitted); *see also In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016). The party seeking the protective order must show a "specific prejudice or harm [that] will result." *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (internal quotations omitted). The burden of establishing good cause rests with the moving party. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

As to the issue of standing, there are different standards that govern whether a party may move on behalf of a non-party to modify the scope of a subpoena. Federal Rule of Civil Procedure 45(d)(3) provides that a court *must* quash a subpoena under certain circumstances and that a court *may* quash a subpoena under other circumstances. Fed. R. Civ. P. 45(d)(3)(A)-(B). What is true regarding any motion to quash is that the party bringing the motion must have standing to do so. This means that a party bringing a motion to quash a subpoena served on a non-party must establish that they have a claim of privilege, proprietary interest, or personal interest in order to proceed. *Bridgestone Americas, Inc. v. Int'l Bus. Mach. Corp.*, No. 3:13-cv-1196, 2016 WL 11786198, at

*5 (M.D. Tenn. May 16, 2016); *White Mule Co. v. ATC Leasing Co. LLC*, No. 07CV00057, 2008 WL 2680273, at *4, (N.D. Ohio June 25, 2008).

However, no such personal interest is required where a party seeks a protective order on behalf of a third party when the motion is brought pursuant to Rule 26(c)(1). *White Mule Co.*, No. 07CV00057, 2008 WL 2680273, at *4 (citing *U.S. v. Operation Rescue*, 112 F. Supp. 2d 696, 705 (S.D. Ohio Mar. 10, 1999)). The Rule's own language provides for such a reading as it "does not contain commas after 'party' and 'sought' . . . ." *Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008). Instead, the Rule simply provides that "[a] party or any person from whom discovery is sought may move for a protective order" from the court. FED. R. CIV. P. 26(c)(1).

Regardless of who will be protected, under Rule 26 the movant must establish that the subpoena will "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in order to justify such an order. FED. R. CIV. P. 26(c)(1).

## A. Defendants' Motion for Protective Order

First, the Court finds that Defendants have standing to move for a protective order because they are "a party" per the language of the Rule they invoke. FED. R. CIV. P. 26(c)(1). However, the Court finds that Defendants did not carry their burden in establishing with any level of specificity that the third parties that Plaintiff subpoenaed will suffer "from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Defendants argue that these subpoenas amount to an undue burden because the sought-after documentation is: (1) voluminous, (2) tangentially relevant, and (3) spans "several years." ECF No. 33-1 at 6. This, according to Defendants, shows that Plaintiff is "embarking on a fishing expedition at the expense of the nonparties." ECF No. 33-1 at 6.

The Court disagrees. First, the documents and communications sought are not so voluminous as to be an undue burden. The Court notes that Plaintiff limited the scope of requested documentation and copies of communications both in time (approximately twenty-nine months) and party (named individuals or corporate entities). Many of these documents and logs of communication are likely readily accessible digitally. Moreover, at the hearing regarding these Motions, Plaintiff's counsel assured the Court it was ready, willing, and able to discuss with third-parties a more tailored production schedule to account for any burdens the third parties may bear.[1]

Defendant's argument regarding the subpoenas and impact on Defendants' customer relations is equally unpersuasive. Courts in this Circuit have granted protective orders in light of the embarrassment a corporate entity may face where customers are the targets of subpoenas. *Thogus Prods. Co. v. Bleep, LLC*, No. 1:20cv1887, 2021 WL 827003, at *6-7 (N.D. Ohio March 4, 2021). However, in these cases the moving party clearly provided that the contested subpoenas were, in essence, a ruse. In *Thogus Prods. Co.*, the court found that the subpoenas were really meant to alert a customer base about the pending litigation. *Id*. This finding was, in part, based on the observation that much of the material sought from the customer base was available from the defendant "through the normal course of discovery." *Id*. at *6.

Here, there is no indication that Plaintiff seeks to harass or annoy Defendants' entire customer base. Nor is there any indication that Plaintiff is attempting to embarrass Defendants by simply using discovery as a means to alert various customers about the pending litigation. More

---

[1] It appears Plaintiff and non-parties, BPS, LLC and Troy Buttrey, have already embarked upon such mutually agreeable negotiations regarding the scope of these subpoenas such that they are producing the documentation Plaintiff seeks.

to the point, at the telephonic hearing, the undersigned inquired as to whether Plaintiff had first sought these documents and copies of communications from Defendants themselves. According to Defendants' counsel, they have *no record* of any of the sought-after documentation or communication. As such, it appears these non-parties are the only source from which Plaintiff may obtain this discoverable information. Simply invoking the issue of customer relations is insufficient to find good cause for issuing a protective order in this matter.

### B.  Non-parties' Motion for Protective Order

At the telephonic hearing on May 22, 2023, counsel for non-parties BPS, LLC and Troy Buttrey informed the Court they are conferring in good faith about the scope of the subpoenas and the timing of responses to the subpoenas. They advised the Court that they wish to withdraw their Motion for Protective Order. ECF No. 36. As such, the Motion is DENIED WITHOUT PREJUDICE.

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motions for Protective Order [ECF No. 33] is **DENIED**, and the Non-Parties' Motion for Protective Order [ECF No. 36] is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED this the 30th day of June, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER. *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**