# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-01230 |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie K. Gillespie, Ryan E. Brown, Daniel J. Hershberger, Brian L. Lassen, Aleyna Lassen, and American Barn Co., LLC (collectively, "Defendants") submit this response to Plaintiff's Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Plaintiff" or "Weather King") Motion for Sanctions.

As an initial matter, Plaintiff's motion is premature in that the Court has not yet ruled on its motion to compel. The motion should not be ruled on until that happens.

Plaintiff served 130 interrogatories, with 322 subcategories to those interrogatories, 358 requests for production and 368 requests for admission. This is nearly 1200 discovery requests. Defendants have worked in good faith to accommodate Plaintiff's massive discovery dump and to comply with such discovery requests, and there is a small percentage that are in dispute. Even on

the requests in dispute, Defendants have worked to narrow the requests to a reasonable scope. This is not sanctionable conduct. Rather, it is a significant effort by Defendants to accommodate overbroad discovery by Plaintiff. The fact that Plaintiff served nearly 1200 discovery request on Defendants and has identified only a small percentage of those discovery request responses as "deficient" demonstrates Defendants' good faith efforts to comply with their discovery obligations. Furthermore, contrary to Plaintiff's arguments, Defendants objections and responses to some of Plaintiff's approximately 1200 discovery requests that are facially overly broad, seek irrelevant information, and are not proportional to the needs of the case are substantially justified, are not evasive, and were made in good faith. Despite the issues with Plaintiff's discovery requests, Defendants have continually met and conferred with Plaintiff and provided alternative language to help facilitate discovery. Moreover, Defendants have responded and produced the information within their possession and knowledge. Plaintiff refuses to believe that more detailed responses and documents do not exist, despite multiple assertions to that affect by counsel.

Plaintiff attempts to seize on a factual mistake by Defendants as evidence of "bad faith" and an intent to mislead the Court. Plaintiff's position is blatantly false. As discussed below, Defendants made a mistake of fact, but in no way intended to mislead the Court, and are taking steps to correct the mistake.

For the reasons set forth below, the Court should deny Plaintiff's Motion for Sanctions ("Motion") in entirety.

## **ARGUMENT**

Where a court grants in part a motion to compel, Rule 37 provides that a court "may…apportion the reasonable expenses for the motion." *Furnco, LLC v. Laneventure, Inc.,* 2008 WL 11411120, at *2 (W.D. Tenn. Sept. 2, 2008). When deciding what sanctions are appropriate under Rule 37, the court may consider several factors such as: (1) whether the party's failure to

cooperate in discovery was willful;(2) whether there is prejudice to the other party; (3) whether the offending party had been previously warned failure to cooperate in the future could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Polinski v. Sara Lee Corp.,* No. 04-2912-M1/P, 2005 WL 2174421, at 1 (W.D. Tenn., Sept. 2, 2005). The plain language of Rule 37 "affords the court considerable discretion" to determine whether an award of attorney fees is just and whether to apportion the fees associated with the motion where the court grants the motion only in part." *Id.* (finding that Rule 37 did not support an award of attorney fees); *see also Reitz v. City of Mt. Juliet,* 2009 WL 4110254, at * 9 (M.D. Tenn., Nov. 20, 2009) ("The decision to order sanction is solely within the court's discretion and may awarded only if they are just."). Defendants submit that here, in the Court's discretion, sanctions should not be awarded for the reasons discussed herein.

A.     **The Company Phones**

In Defendants' response to the motion to compel, Section C, "Identification of Devices," Defendants stated that "the cell phones and laptops Defendants used when working at Weather King were owned by Weather King and therefore returned to Weather King upon each Defendants' discharge." DI 83 at 10. After submission of Defendants' response, Defendants' counsel learned that Defendants did not have company phones or laptops that were turned in. As soon as Defendants' counsel discovered the mistake, Defendants' counsel informed Plaintiff's counsel of the error, and is now correcting the record that none of the Defendants had company phones or laptops that were turned in to Plaintiff.

The mistake was a result of a miscommunication, which resulted in an erroneous argument in the response brief. There certainly was no intent to mislead Plaintiff or the Court. Defendants

71270958;3

apologize to the Court and to the Plaintiff for this error but submit that there was no intention to mislead in making this factual error.

Yet despite a clear mistake, Plaintiff's counsel recasts the issue as bad faith conduct with an intent to mislead the Court.  Plaintiff's position is false.  As repeatedly stated, Defendants' mistake was an error based on a miscommunication.  Defendants are working to correct the record. A mistake made in good faith is not sanctionable conduct and Plaintiff provides no authority to the contrary.

**B.**     **Defendants Adequately Responded to Weather King's Motion Compel**

Weather King argues that Defendants neglected to justify their alleged "failure to produce clearly discoverable information." This is not accurate. While Defendants' do stand on their objections that several of Weather King's discovery requests are improper, Defendants have in good faith justified their objections and continued to produce requested information as it has been obtained.  Defendants address each of Weather Kings arguments below.

First, Defendant American Barn Co. ("ABCO") did not "inexplicably refuse" to respond to Interrogatories Nos. 6-10 and 12, nor did it ignore Weather Kings' challenge to is objections. ABCO stands on its objections that these Interrogatories are unduly broad, overly burdensome, and not proportional to the needs of this case. These requests are overly broad as they do not just seek the identity of certain entities or past employees or a description of the communication, they also seek dates, times, location, and mode of communication, which go far beyond what Plaintiffs need and also are not proportional to the needs of this case. Weather King relied on the case *Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC,* however, that case does not support their position. While the Court did compel disclosure of the identity of certain past employees and/or customers, those requests were not as broad and cumbersome as the ones at issue here. *Cf.*

*Wyndham,* No. 3:12-cv-559, 2013 WL 441892, at *2-3 (M.D. Tenn. Feb. 5, 2023) (Wesley Interrogatory No. 8) and Plaintiff's First Set of Interrogatories to ABCO, p. 4-6. ABCO maintains that its objections are substantially justified considering Weather King's improper requests and that it has not ignored Weather King's challenge but rather stood on its objections, which is acting in good faith.

Second, with regards to Weather King's request for copies of all loan agreements, Weather King argument is founded on an incorrect assumption and is Weather King's turn to be misleading. Weather King asked ABCO to "Identify each person or entity who has lent money to ABCO" and "Identify each person or entity who has otherwise invested in or provided financial support to ABCO." (Pl. Interrogatory Nos. 3 & 4 to ABCO). ABCO responded that FirstBank is the only entity that has loaned it money and provided financial support. Weather King now assumes, albeit incorrectly, that ABCO's response is incorrect because the balance sheet ABCO produced to Weather King (Dkt. 75-14) lists other companies, such as Jade Rentals and BPS Rental, under Long Term Liabilities/Notes Payable. The companies listed under Long Term Liabilities/Notes Payable on that document did not provide any sort of loans, investments, or otherwise provide financial support to ABCO, and therefore, information relating to them is not responsive to Weather King's Interrogatories.  Weather King's position is without basis and ABCO sufficiently responded to Interrogatories Nos. 3 & 4, and as such, sanctions are not warranted.

Third, both Defendant Brown and ABCO have provided the requested information thus making the issues moot. During the parties meet and confer, Defendants' counsel informed Plaintiff's counsel that it would provide the requested engineer contact information, and it has done so. Additionally, in Defendants' May 5, 2023 Letter to Plaintiff's Counsel, Defendants' counsel informed Plaintiff's counsel that "we will endeavor to locate and produce the Brown

spreadsheet" as requested. Consistent with counsel's statements, Defendants produced the requested information upon locating the document. Defendants acknowledge that its responses took some time but they have in good faith complied and that these responses did not need to be compelled. It further should be noted that Plaintiff never actually requested engineer contact information, but only to *identify* the engineers, yet Defendant supplied the requested information anyway.

**C.** **Defendants Responded to Plaintiff's Discovery Requests in Good Faith and Have Not Been Evasive.**

Plaintiff argues that the record demonstrates that Defendants have provided evasive and incomplete discovery responses. The record reflects no such thing. Plaintiff discovery requests require Defendants to recall communications going all the way back to January 1, 2021, over two years ago. As such, it is not inconceivable that Defendants are not able to recall ever minute detail which Plaintiff requests. Defendants provided as much as they could recall. As an example, while Maupin was unable to recall the exact dates he had certain communications, he did identify the individuals he spoke to, noted they were verbal conversations, and provided the subject matter of the conversations. However, he was unable to provide specific details. As for the other Defendants, they have responded to the best of their abilities and there simply is nothing further to compel and nothing sanctionable about their responses. Plaintiff has been informed of this on multiple occasions but refuses to accept it. This is distinguishable for the plaintiff in *Laukus v. Rio Brands,* who was able to provide substantial details regarding a discussion which led to him making a purchase but could not recall when the purchase took place. 292 F.R.D. 485, 504 (N.D. Ohio 2013). The Court in *Laukus* explains that "The claim 'I don't remember' can be a lie if the speaker does remember, and even though no one can see another's memory, the falsity is subject to proof by circumstantial evidence, admissions, and other evidence." *Id.* The record shows that Defendants

have a limited recollection relating to who they spoke to and the details of the conversations, but they have not tried to "hide the ball." They admit that they had the conversations and provided information to the extent they could recall, and with what was within their possession. As such, sanctions pursuant to Rule 37(d) is not appropriate here.

      **D.**    <u>**Defendant's Discovery Responses Have Not Been Proven False by Weather King's Extrinsic Evidence.**</u>

Weather King argues that the declarations from Mr. Sykes and Mr. Stewart demonstrate that Defendants Feagin, Harrell, and Gillespie have provided false responses to the discovery requests. But contradictory statements from other individuals and a "he said she said" argument are not evidence that Defendants have provided false discovery responses, but only establish that others have certain information that the parties do not, and/or that reasonable memories can differ on what transpired in the past. Obtaining contradictory evidence is common during discovery. If Plaintiff wishes to inquire further about the purported contradictions, it can explore the issues during depositions. Plaintiff asks this Court to assume that the Defendants' discovery responses are false and that the declarants' statements are true and then grant sanctions. This is not justified and would certainly be unfair to Defendants, as Weather King has not established that Defendants provided false evidence to them or are holding anything back. Indeed, the Declaration of Barry Harrell attached hereto as Exhibit A puts the Declaration of Mr. Sykes in serious doubt. Finally, ABCO stands on its position that it has no agreements with builders other than verbal agreements, although Weather King inexplicably claims that notes receivable are somehow agreements.

<u>**CONCLUSION**</u>

Defendants stand on their objections to Plaintiff's discovery requests as numerous requests remain unduly broad, overly burdensome, irrelevant, and/or not proportional to the needs of this case. Throughout discovery, Defendants have responded to Plaintiff's request to the best of their

71270958;3

recollection and provided the documents within their possession. Furthermore, Defendants' have repeatedly stated their willingness to resolve the outstanding disputes if Plaintiff would consider alternative language for their request so that Defendants are able to respond. This Motion should be denied as Defendants have properly responded to Plaintiff's discovery requests, their objections are substantially justified, and they have acted in good faith throughout the process.

Date: July 7, 2023

*/s/  Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendants*

*JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC*

71270958;3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 7, 2023 I filed a true and correct copy of the foregoing **RESPONSE**

**TO PLAINTIFF'S MOTION FOR SANCTIONS** with the Court using the ECF system, which

will provide notice and a copy to counsel of record:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/  Thomas G. Pasternak*
> Thomas G. Pasternak

71270958;3