## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC
d/b/a WEATHER KING
PORTABLE BUILDINGS

      Plaintiff,

v.                                                    No. 1:22-cv-01230-STA-jay

MAUPIN, et al.

      Defendants.

---

## ORDER

Before the Court are four Motions. Plaintiff filed a Motion to Compel Forensic Examination, a Motion to Compel Discovery Supplementation, and a Motion for Sanctions. ECF Nos. 73, 75, 91. Defendants filed Responses in opposition to each. ECF Nos. 81, 83, 99. Plaintiff filed Replies to the Motion to Compel Discovery and the Motion for Sanctions. ECF Nos. 90, 104. The fourth filing is a Motion to Compel supplementation filed by Defendants. ECF No. 86. Plaintiff filed a Response in opposition. ECF No. 92. These Motions were referred to the undersigned for determination. ECF Nos. 76, 93. The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion to Compel Forensic Examination, GRANTS Plaintiff's Motion to Compel Discovery Supplementation in part, DENIES Defendant's Motion to Compel supplementation, and DENIES WITHOUT PREJUDICE Plaintiff's Motion for Sanctions.

## I. LEGAL STANDARDS

The starting point for the Motions to Compel is Federal Rule of Civil Procedure 37(a). That

Rule states, "a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a). Such a motion may be brought if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). According to the Federal Rules, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Federal Rule of Civil Procedure 26(b) provides that the scope of discovery includes any "nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The "operative test" is "whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Conti*, 326 Fed. Appx. at 904 (internal quotations omitted). The scope of discovery is limited to "the claims and defenses asserted in the pleadings, and . . . parties . . . have no entitlement to discovery to develop new claims or defenses that are not already identified . . . ." *Ewert v. Holzer Clinic, Inc*., No. 2:09-CV-131, 2010 U.S. Dist. LEXIS 149498, at* 11 (S.D. Ohio June 17, 2010) (quoting FED. R. CIV. P. 26(b)(1) advisory committee's note to 2000 amendment).

Rules 33 and 34 of the Federal Rules of Civil Procedure require more than "boilerplate objections" to discovery requests. *Jones v. Am. River Transp. Co*., 2020 U.S. Dist. LEXIS 246007 at *5 (W.D. Tenn. 2020) (internal citations omitted). In short, merely uttering "undue burden" or "overly broad" will not suffice as an actual objection as these terms are not "self-proving." *Neale v. Coloplast Corp*., 2020 U.S. Dist. LEXIS 222505 at *5 (E.D. Tenn. 2020) (internal citations omitted).

As to the issue of compelling a forensic examination of electronic devices, the Federal Rules provide "[s]pecific [l]imitations on [e]lectronically [s]tored [i]nformation." FED. R. CIV. P. 26(b)(2)(B). Those limitations state that a "party need not provide discovery of electronically

stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." FED. R. CIV. P. 26(b)(2)(B). The Sixth Circuit has provided the following considerations for compelling forensic examination, given the "significant privacy and confidentiality concerns" with access to electronic data. *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008). The first consideration is caution: if the request is "unduly vague or unsubstantiated in nature" or too "broad in nature" given the nexus between the electronic devices and the claims raised, the court should deny the forensic analysis request. *John B.,* 531 F.3d at 459-60 (internal quotations omitted). Second, "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *Id*. at 460. Finally, a court "must consider the significant interests implicated by forensic imaging before ordering such procedures." *Id*.

As to the issue of sanctions, Federal Rule of Civil Procedure 37 allows a party to recover attorney fees if a motion to compel disclosure or discovery is granted. FED. R. CIV. P. 37(a)(5)(A). However, courts "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

## II. PLAINTIFF'S MOTION TO COMPEL FORENSIC EXAMINATION

Plaintiff's first Motion requests that the Court compel the nine named individual Defendants to produce their cell phones and computers "for forensic examination and imaging." ECF No. 73 at 1. [1] According to Plaintiff, "Defendants have not produced highly-relevant

---

[1] Of note, the Court previously denied Defendants' Motion for a Protective Order. ECF No. 96 at 1. In that Motion,

3

documents requested in discovery and that a forensics examination is necessary" to obtain those documents and information. ECF No. 73 at 1. Plaintiff first served a litigation hold on Defendants, and later served interrogatories and requests for production. ECF No. 73-1 at 3-4.

However, Defendants' responses were, in a word, lacking. Plaintiff requested supplementation, which Defendants responded to with statements such as "[w]e are not required to give you an explanation of the facts as they are," or "[o]ne can't compel that which doesn't exist." ECF No. 73-1 at 4; ECF No. 73-11 at 3, 5.

After serving subpoenas on third parties, Plaintiff was able to obtain some of the documentation it originally sought from Defendants. These documents included text message conversations and emails. ECF No.73-6; ECF No. 73-7; EF No. 73-9. Plaintiff posits the only explanation for Defendants continued refusal to produce documents and respond adequately to interrogatories is that they "either: (a) have these (and other) records and have not produced them in contravention of their discovery obligations and their representations in their discovery responses; or (b) have spoliated evidence." ECF No. 73-1 at 7. Plaintiff therefore argues a forensic examination is warranted to "resolve the inconsistency in Defendants' responses and, if the responsive documents have indeed been destroyed, to determine the timing and circumstances in which they were destroyed." ECF No. 73-1 at 7. Included in Plaintiff's Motion is a fifteen-part protocol that is "designed to balance all parties' interests . . . ." ECF No. 73-1 at 7.

Defendants' Response argues five points. ECF No. 81. First, they have produced all

---

Defendants sought to prevent the production of documents, phone records, voicemails, and other communications between Defendants and third parties. ECF No. 96 at 2. As the Court noted in that Order, during a telephonic hearing, Defense counsel indicated they have "*no record* of any of the sought-after documentation or communication" which bolstered Plaintiff's argument that third-party production was necessary. ECF No. 96 at 6 (emphasis added).

documents within their possession. ECF No. 81 at 1. Second, Plaintiff's request ignores risks to Defendants' "privacy and confidentiality . . . ." ECF No. 81 at 1. Third, Plaintiff's accusations that Defendants have not met their discovery obligations are based on "mere suspicion" which is insufficient to compel forensic examination. ECF No. 81 at 1. Fourth, Defendants claim the protocol is "not appropriate." ECF No. 81 at 1. Finally, they argue costs should be allocated to Plaintiff or a party to be determined at a later date. ECF No. 81 at 1.

At the hearing regarding these Motions, the Court noted that because it will compel Defendants to supplement their responses to Plaintiff's interrogatories and requests for production, it will not order forensic examination at this time. Therefore, Plaintiff's Motion to Compel Forensic Examination is DENIED WITHOUT PREJUDICE.

### III. PLAINTIFF'S MOTION TO COMPEL DISCOVERY SUPPLEMENTATION

Shortly after filing the Motion regarding forensic examination, Plaintiff filed a Motion to Compel Discovery Supplementation. ECF No. 75. Defendants filed a Response in opposition. ECF No. 83. The Court granted Plaintiff leave to file a Reply, which it filed. ECF Nos. 85, 89, 90.

Plaintiff's Motion to Compel Discovery Supplementation highlights that despite serving requests for supplementation, Defendants' responses "remain inadequate." ECF No. 75-1 at 2. The Motion organizes the discovery issues into twelve categories: (A) identification of phone numbers, email accounts, and other information; (B) requests for phone records; (C) identification of devices; (D) identification of pertinent communications with Weather King's business relationships and identification of pertinent relationships; (E) information relating to funding sources and potential funding sources; (F) compensation information; (G) information relating to appointments, etc.; (H) pertinent recordings; (I) Defendant Harrell's interference with Florida dealers; (J) engineer contact information; (K) spreadsheet referenced in email; and (L) recipients

5

of a text message sent from Defendant Harrod. ECF No. 75-1 at 3-20.

Plaintiff, broadly, complains that Defendants have either provided vague and evasive responses, no response at all, responses that contradict other discovery, or responses that are fabrications. ECF No. 75-1 at 8, 18; ECF No. 90 at 3, 5, 10. Defendants generally challenge the discovery requests as either being unduly burdensome, irrelevant, or not proportional to the needs of the case. ECF No. 83 at 1, 4-5. Defendants also respond that some of the interrogatories Plaintiff identifies as being vague or evasive are answered to the best of the party's ability. Additionally, some of the documents, emails, or files requested simply no longer exist. ECF No. 83 at 10-12, 14-15.[2]

### A. Identification of Phone Numbers, Email Accounts, and Other Information

The Court finds that Plaintiff's request for identification of Defendants' "email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account" that Defendants used between January 1, 2022, and present is not unduly burdensome, overly broad, or disproportionate to the needs of the case. ECF No. 75-1 at 3. As such, Plaintiff's Motion to Compel supplementation as to this interrogatory is GRANTED.

### B. Requests for Phone Records

The Court finds that Plaintiff's request for Defendants' "phone records from January 1, 2022, through July 1, 2022" is not unduly burdensome, overly broad, or disproportionate to the needs of the case. ECF No. 75-1 at 5. As such, Plaintiff's Motion to Compel supplementation as

---

[2] There was also a discrepancy between the parties regarding who owned the various electronic devices used by Defendants during their employment with Plaintiff. That discrepancy has been resolved. The Court therefore understands that Defendants may no longer assert that they do not possess the devices that may contain this discoverable information because those devices were returned to Plaintiff. ECF No. 83 at 10; ECF No. 90.

to this request for production is GRANTED. Defendants may redact personal calls but must include the date of the redacted call and the recipient of the call.

### C. Identification of Devices

The Court finds that Plaintiff's request for Defendants to "identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices that contains or contained any information that refers to, relates to, or was created by Weather King" is not unduly burdensome, overly broad, or disproportionate to the needs of the case. ECF No. 75-1 at 6-7. Plaintiff's Motion to Compel supplementation as to this interrogatory is GRANTED.

### D. Identification of Pertinent Communications with Weather King's Business Relationship and Identification of Pertinent Relationships

The Court finds that Plaintiff's request that Defendant ABCO "identify all Weather King employees, independent contractors, dealers, and rental businesses who were approached about leaving Weather King and joining Defendants' competing business enterprise" is not unduly burdensome, overly broad, or disproportionate to the needs of the case. ECF No. 75-1 at 7. The same finding is true as to Plaintiff's request that Defendant ABCO "identify its employees who were formerly employed by Weather King, all ABCO independent contractors who have been affiliated with Weather King, and all ABCO dealers who were former Weather King dealers." ECF No. 75-1 at 8. The Court therefore GRANTS Plaintiff's Motion to Compel supplementation as to these interrogatories propounded on Defendant ABCO.

Several individual Defendants were served with similar interrogatories and requests for production. The Court finds that these requests fall within the bounds of permissible discovery. As

such, the Court GRANTS Plaintiff's Motion to Compel supplementation as to the following individual Defendants: Defendant Maupin (Interrogatories No. 3, 4, 5); Defendant Hershberger (Interrogatories No. 4, 5 and Requests for Production No. 6, 7, 14); Defendant Feagin (Interrogatory No. 4).

### E. Information Relating to Funding Sources and Potential Funding Sources

The Court finds that Plaintiff's request to identify "each person and/or entity with whom [Defendants] have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Building Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity" is not unduly burdensome, overly broad, or disproportionate to the needs of the case. ECF No. 75-1 at 14. The Court GRANTS Plaintiff's Motion to Compel Defendant Maupin to supplement his response to this interrogatory.

The same finding is true regarding Plaintiff's interrogatories and requests for production propounded on Defendant ABCO. ECF No. 75-1 at 14-15. Therefore, the Court GRANTS Plaintiff's Motion to Compel supplementation. Defendant ABCO is ORDERED to supplement its responses to Interrogatories No. 3, 4 and Request for Production 32.

Plaintiff's Interrogatory No. 3 propounded on Defendant Harrell is likewise well within the scope of discoverable information that is not unduly burdensome, overly broad, or disproportionate. ECF No. 75-1 at 15. As such, the Court GRANTS Plaintiff's Motion to Compel supplementation of Defendant Harrell's response to this interrogatory.

### F. Compensation Information

The Court also finds that Plaintiff's request for production regarding "documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to [Defendants] by any entity in the Portable Buildings Industry, other than Weather King

8

from January 1, 2021, through the date of response" is not unduly burdensome, overly broad, or disproportionate to the needs of the case. ECF No. 75-1 at 16. Plaintiff's Motion to Compel supplementation is GRANTED.

### G. Information Relating to Appointments, Etc.

Plaintiff further requested production of "[a]ll documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by [Defendants] that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022." ECF No. 75-1 at 17. The Court finds this request within the scope of discovery. Plaintiff's Motion to Compel supplementation from Defendant ABCO and Defendant Harrell as to this request is GRANTED.

### H. Pertinent Recordings

The parties informed the Court that this request for production from Defendant Feagin is resolved. As such, the Court will DENY this request as MOOT.

### I. Defendant Harrell's Interference with Florida Dealers

Plaintiff's request that Defendant Harrell "[i]dentify all then-current Weather King dealers to whom [Defendant] suggested should demand a higher commission from Weather King" is not unduly burdensome, overly broad, or disproportionate to the needs of the case. As such, the Court GRANTS Plaintiff's Motion to Compel supplementation. ECF No. 75-1 at 18.

### J. Engineer Contact Information

The parties informed the Court that this request for production from Defendant ABCO is now resolved. As such, the Court will DENY this request as MOOT.

### K. Spreadsheet Referenced in Email

9

The parties informed the Court that this request for production from Defendant Brown is now resolved. As such, the Court will DENY this request as moot.

### L. Recipients of Text Message Sent from Defendant Harrod

The Court finds that Plaintiff's request that Defendant Harrod "identify all persons who were recipients of the test message" sent by Defendant Harrod on June 1, 2022, is not unduly broad, overly burdensome, or disproportionate to the needs of this case. ECF No. 75-1 at 18 (internal quotations omitted). As such Plaintiff's Motion to Compel supplementation as to this interrogatory is GRANTED.

### IV. DEFENDANT'S MOTION TO COMPEL

Defendants also filed a Motion to Compel Plaintiff for Further Responses to their First Set of Interrogatories and First Set of Requests for Production of Documents. ECF No. 86. Plaintiff filed a Response in opposition. ECF No. 92. The Motion itemizes requests Defendants made related to pay raises, a PPP loan, derogatory statements, complaints made to the Department of Labor, issues of videotaping at a Florida location, safety protocols, and Plaintiff's COVID response. ECF No. 86 at 2-6. Defendants complain that Plaintiff's objections to these discovery requests are "boiler plate objections" that warrant the Court's intervention. ECF No. 86 at 7.

Plaintiff challenges Defendants' requests on the issue of relevance. ECF No. 92 at 1. Noting that Defendants have raised no counterclaims and only three affirmative defenses, Plaintiff argues that because the sought-after information appears to center around unasserted counter-claims the information is irrelevant to any claim or defense "actually asserted." ECF No. 92 at 1-3. At the hearing held on August 24, 2023, Defendants argued that the information sought through these discovery requests will aid in presenting the context as to why Defendants may have left their employment at Weather King or help illuminate justifications for their actions. The Court agrees

10

with Plaintiff's argument on this point: Defense counsel has not presented, nor is the Court aware of, any legal merit to the notion that because an employer has upset or treated employees unfairly those employees are justified in breaching their duty of loyalty or stealing trade secrets.

Defendants request the Court compel Plaintiff to supplement their responses to the following interrogatories: Interrogatories Nos. 4, 5, 12, 24, 27, 28, 29, 30, 31, 32, 33, 34, and 36. ECF No. 86 at 1. Defendants further request the Court compel Plaintiff to supplement its production as to the following requests for production: Document Requests Nos. 9, 13, 14, 15, 16, 17, and 18. ECF No. 86 at 1. The Court finds, at this point in time, these interrogatories and requests for production are either not relevant to the issues presented in this case or disproportionate to the needs of case. As such, the Court DENIES WITHOUT PREJUDICE Defendants' Motion to Compel. However, if through the course of litigation these requests become relevant or proportionate, Defense counsel may re-file a motion to compel responses to these requests if there is a good faith basis.

## V. PLAINTIFF'S MOTION FOR SANCTIONS

On June 21, 2023, Plaintiff filed a Motion for Sanctions. ECF No. 91. Plaintiff argues the following: Defendants made misrepresentations before the Court; have not "attempt[ed] to justify their failure to produce clearly discoverable information;" have "provided evasive and incomplete discovery responses;" and have raised unmeritorious objections to Plaintiff's requests. ECF No. 91 at 1-5. In particular, Plaintiff notes that some of the information it sought from Defendants (that Defendants asserted they did not have or did not remember) has been subsequently produced by third parties. ECF No. 91 at 4-5. Plaintiff argues that sanctions are warranted because of the time and expense incurred resolving these discovery disputes. ECF No. 91 at 5.

In their Response, Defendants argue that only a "small percentage" of the nearly "1200

discovery requests" are in dispute. ECF No. 99 at 1-2. According to Defendants, this represents a "good faith effort[]" on Defendants' part to comply with their discovery obligations. ECF No. 99 at 2. Defendants then go on to inform the Court that they made a "mistake of fact" regarding one of the main points of contention: *who owned the electronic devices Defendants used while employed by Plaintiff*. ECF No. 99 at 2. Defendants state that after they submitted their Response to Plaintiff's Motion to Compel, "Defendants' counsel learned that Defendants did not have company phones or laptops that were turned in." ECF No. 99 at 3. This, apparently, was based on a "miscommunication" that Defendants choose not to explain. ECF No. 99 at 3. Defendants go on to argue, as before, that they have "[a]dequately [r]esponded" to Plaintiff's requests and Motions, they "[h]ave [n]ot [b]een [e]vasive" in their disclosures, and their "[r]esponses [h]ave [n]ot [b]een [p]roven [f]alse by . . . [e]xtrinsic [e]vidence." ECF No. 99 at 4-7. Finally, Defendants assert that some of the issues raised by Plaintiff are moot because Defendants have produced the sought-after documentation. ECF No. 99 at 5.

Plaintiff sought leave of Court to file a Reply, which the Court granted. ECF Nos. 101-102. The Reply again raises the issue of spoliation related to Defendants' apparent lack of documentation and the litigation hold letter Plaintiff served. ECF No. 104 at 3. Plaintiff includes Exhibits to point out further inconsistencies related to Defendants responses to questions about loans and the documentation provided by third parties. ECF No. 104 at 3-4; ECF No.104-2. Plaintiff notes that despite now recognizing the factual error regarding electronic device ownership, Defendants *still* failed to produce responsive documents, despite acknowledging the devices are (or were) within their custody. ECF No. 104 at 3-4. Finally, Plaintiff argues that none of the ultimate discovery issues are moot, and because Plaintiff had to go to such lengths to obtain discoverable information, sanctions are warranted. ECF No. 104 at 7.

12

At this time, the Court finds sanctions are not warranted. The Court accepts Defendants' assertions that they do not remember certain events, they may not understand the definition of some terms such as "financial support," or even that they may no longer possess some documents. However, Defendants are reminded of their discovery obligations, and that they are expected to fully comply with the Court's present Order to supplement their responses to Plaintiff's requests. As such, Plaintiff's Motion for Sanctions is DENIED WITHOUT PREJUDICE. Any further obfuscation on Defendants' part may result in sanctions, which could include judgment entered in Plaintiff's favor and/or a finding that hold Defendants are in contempt. FED. R. CIV. P. 37(b)(2)(A)(vi)-(vii).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Compel supplementation in part; DENIES WITHOUT PREJUDICE Plaintiff's Motion to Compel forensic examination; DENIES WITHOUT PREJUDICE Defendants' Motion to Compel supplementation; and DENIES WITHOUT PREJUDICE Plaintiff's Motion for Sanctions.

IT IS SO ORDERED this the 29th day of August, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER. *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**