AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

| | | |
|---|---|---|
| Consolidated Industries, LLC d/b/a Weather King | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:22-cv-01230-STA-jay |
| Jesse A. Maupin, et al | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Phoenix Engineering & Consulting, Inc., c/o Registered Agent Zane C. Pucylowski, 110 Londonderry Ct., Suite 136-C, Woodstock, GA 30188

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT A

| Place: Butler Snow LLP, 150 3rd Avenue South, Suite 1600, Nashville, TN 37201, john.dollarhide@butlersnow.com | Date and Time: 01/12/2024 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/13/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ John H. Dollarhide |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Consolidated Industries, LLC d/b/a Weather King Portable Buildings , who issues or requests this subpoena, are:

John H. Dollarhide, 150 3rd Ave S, Ste 1600, Nashville, TN 37201 john.dollarhide@butlersnow.com, 615-651-6700

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:22-cv-01230-STA-jay

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows:     see attached Affidavit of Service

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Case 1:22-cv-01230-STA-jay Document 123 Filed 12/29/23 Page 45 of 66 PageID 2304

## EXHIBIT A

### Definitions

1.      "You" or "your" refers to Phoenix Engineering and Consulting, Inc., together with its parents, subsidiaries, predecessors, successors and affiliates, and its members, principals, officers, employees, agents, attorneys, and other representatives.

2.      "Document(s)," shall be read in its broadest possible sense and in accordance with the use of the term in Rules 26 and 34 of the Federal Rules of Civil Procedure.  The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information.  For purposes of illustration only, the term shall include: correspondence, e-mails, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes, and other communications sent or received; diaries, calendars, logs, notes, or memoranda of telephonic or face-to-face conversations; drafts, work papers, agendas, bulletins, notices, circulars, announcements, instructions, schedules, minutes, summaries, notes, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures, and memoranda of all kinds to and from any persons, agencies, or entities.

3.      "Communication" means any utterance or written notation, or written or verbal statement of any nature whatsoever, ***including but not limited to text messages and emails***, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons.

4.      "Defendant[s]" refers to Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, Bryan L. Lassen, Aleyna Lassen, and American Barn Co., LLC, along with their employees, attorneys and other agents/representatives.

### Requests

1.      All communications between you and any of the Defendants from April 1, 2022, through January 31, 2023.

2.      All documents provided to you by any of the Defendants from April 1, 2022, through January 31, 2023.

84881695.v1

## AFFIDAVIT OF SERVICE

| Case:<br>1:22-CV-01230-<br>STA-jay | Court:<br>United States District Court for the Western<br>District of Tennessee | County: | Job:<br>10086934 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Consolidated Industries, LLC d/b/a/ Weather King | | **Defendant / Respondent:**<br>Jesse A. Maupin, et al | |
| **Received by:**<br>Pinnacle Professional Services, LLC | | **For:**<br>Butler Snow, LLP | |
| **To be served upon:**<br>Phoenix Engineering & Consulting, Inc., c/o Registered Agent Zane C. Pucylowski | | | |

I, Hollie Trivette, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Phoenix Engineering & Consulting, Inc., c/o Registered Agent Zane C. Pucylowski, Company: 110 Londonderry Court Suite 136-C, Woodstock, GA 30188 |
| **Manner of Service:** | Registered Agent, Dec 14, 2023, 3:55 pm EST |
| **Documents:** | EXHIBIT 3, SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, EXHIBIT A (Received Dec 13, 2023 at 5:10pm EST) |

**Additional Comments:**
1) Successful Attempt: Dec 14, 2023, 3:55 pm EST at Company: 110 Londonderry Court Suite 136-C, Woodstock, GA 30188 received by Phoenix Engineering & Consulting, Inc., c/o Registered Agent Zane C. Pucylowski. Age: 50; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'9"; Hair: Gray;
Mr. Pucylowski was seated at a desk and accepted service in hand. Physical description is approximate.

Hollie Trivette                          Date 12/18/2023

Pinnacle Professional Services, LLC
312 Chesapeake Ridge
Woodstock, GA 30189
(910) 973-4043

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 12-18-23          Commission Expires Feb 8, 2027