UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>    Defendants. | Case No. 1:22-cv-01230<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## **RESPONSE IN OPPOSITON TO PLAINTIFF'S MOTION TO RESET TRIAL DATE**

  Defendants, by and through their undersigned counsel, oppose Plaintiff's motion to reset the trial date. (D.E. 132.)

  The Court originally scheduled a jury trial in this case for May 20, 2024. (D.E. 64.) The Parties then jointly moved to amend the Court's scheduling order on August 31, 2023. (D.E. 113) The Court granted an extension for several deadlines including the deadline to complete fact discovery. (D.E. 114.) The Court also reset the trial date to November 18, 2024 (D.E. 116.) On April 2, 2024, the Parties jointly moved to amend the first amended scheduling order. (D.E. 129.) The Parties requested an extension to September 30, 2024, to complete fact discovery, but the Court granted a 90-day extension, resulting in a discovery deadline of August 1 (D.E. 130.) The Court then reset the trial date to February 24, 2025. (D.E. 131.)

  Pursuant to Federal Rule of Civil Procedure 6(b), the Court has discretion to extend a deadline if good cause exists. Similarly, a scheduling order can be "modified only for good cause and

with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). "[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (cleaned up). "The granting or denial of a motion for a trial continuance is committed to the sound discretion of the trial judge . . . ." *Connor v. Helo*, 830 F.2d 193, 1987 WL 44930, at *2 (6th Cir. 1987) (table).

Plaintiff has not shown that good cause exists to extend the trial date by two or more months beyond the extensions already granted. The Court extended several deadlines by 90 days or more and reset the trial date for 98 days after the previous trial date. Thus, the trial date extension is consistent with the other extensions the Court set. Plaintiff's contention that a Weather King third-party witness and two Weather King principals are accountants and will be too busy to attend or prepare for trial is not an adequate reason that shows good cause for extending the trial date by two months or more. "[A] busy work schedule is insufficient to warrant an extension of time." *Wilson v. JPMorgan Chase, N.A.*, No. 2:17-CV-00696-RAJ, 2020 WL 6262106, at *2 (W.D. Wash. Oct. 23, 2020), *aff'd*, No. 20-36011, 2022 WL 17335811 (9th Cir. Nov. 30, 2022); *see Hill v. Geico Ins.*, No. 2:11-CV-02182, 2012 WL 4195390, at *1 (W.D. Ark. Sept. 18, 2012) ("[T]he busy schedule of Plaintiffs' expert does not constitute good cause to continue this trial. It is generally impossible to accommodate the schedule of every individual involved in a civil trial, and the parties must nonetheless be prepared to present their case at the time set by the Court.").

For these reasons, Plaintiff's motion to reset the trial date for a date after April 15, 2025, should be denied.

Dated: April 22, 2024

    Respectfully submitted,

    */s/ Benjamin S. Morrell*
    Thomas G. Pasternak (admitted pro hac vice)
    Benjamin S. Morrell (TBPR No. 35480)
    TAFT STETTINIUS & HOLLISTER LLP
    111 East Wacker Drive, Suite 2600
    Chicago, IL 60601
    Telephone: (312) 527-4000
    Facsimile: (312) 527-4011
    tpasternak@taftlaw.com
    bmorrell@taftlaw.com

    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: April 22, 2024

>	*/s/ Benjamin S. Morrell*
>	Benjamin S. Morrell
>	*Counsel for Defendants*