# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| | | |
|---|---|---|
| Consolidated Industries, LLC d/b/a Weather King | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:22-cv-01230-STA-jay |
| Jesse A. Maupin, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Jade Rentals, LLC, Custodian of Records c/o Douglas E. Hines, 317 E Poplar St., Ste A, Harrisburg, IL 62946

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached exhibits

| Place: Butler Snow LLP, 150 3rd Avenue South, Suite 1600, Nashville, TN 37201, john.dollarhide@butlersnow.com | Date and Time: 02/24/2023 12:49 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ John H. Dollarhide |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Consolidated Industries, LLC d/b/a Weather King Portable Buildings , who issues or requests this subpoena, are:
John H. Dollarhide, 150 3rd Ave. S, Ste. 1600, Nashville, TN 37201, john.dollarhide@butlersnow.com, 615-651-6700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01230-STA-jay

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

### Definitions

1. "You" or "your" refers to Jade Rentals, LLC, together with its parents, subsidiaries, predecessors, successors and affiliates, and its members, principals, officers, employees, agents, attorneys, and other representatives.

2. "Document(s)," shall be read in its broadest possible sense and in accordance with the use of the term in Rules 26 and 34 of the Federal Rules of Civil Procedure. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. For purposes of illustration only, the term shall include: correspondence, e-mails, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes, and other communications sent or received; diaries, calendars, logs, notes, or memoranda of telephonic or face-to-face conversations; drafts, work papers, agendas, bulletins, notices, circulars, announcements, instructions, schedules, minutes, summaries, notes, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures, and memoranda of all kinds to and from any persons, agencies, or entities.

3. "Communication" means any utterance or written notation, or written or verbal statement of any nature whatsoever, ***including but not limited to text messages and emails***, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons.

4. The terms "relate to," "related to," "relating to," "regarding," "relevant," and "relevance" are intended as objective, rather than subjective, terms and, when used with regard to a document or communication, the meaning of these terms includes, but is not limited to, whether such document or communication regards, records, summarizes, makes mention of, concerns, regulates, constitutes, evidences the existence of, or otherwise refers to any subject or event out of which this action arose or about which the request for production probes.

5. "Lawsuit" means this legal action in the United States District Court for the Western District of Tennessee, styled as *Consolidated Industries, LLC d/b/a Weather King Portable Buildings v. Jesse A. Maupin et al.*, No. 1:22-cv-1230 (W.D. Tenn.), a copy of the Amended Complaint of which is attached as Exhibit B.

6. "Weather King" refers to Consolidated Industries, LLC d/b/a/ Weather King Portable Buildings, its parents, subsidiaries, successors and affiliates, and its directors, officers, employees, agents, attorneys, and other representatives.

7. "Weather King Affiliates" refers to businesses under common ownership with or closely associated with Consolidated Industries, LLC d/b/a/ Weather King Portable Buildings, including without limitation PMB Rentals, LLC, PMB Services, Inc., PMB Investment Group, LLC, PMB Leasing, LLC, RTO Rentals, LLC, Sheds 365, LLC, Sheds 365 Sales, LLC, Shed Properties USA LLC, Heartland Rentals, LLC, Merison's LLC, USA Rentals, LLC, Cruzin Chrome, LLC, and Street Dynamics USA, LLC

8. "Defendant[s]" refers to Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, Bryan L. Lassen, Aleyna Lassen, and American Barn Co., LLC, along with their employees, attorneys and other agents/representatives.

9. "ABCO" refers to American Barn Co., LLC, ABCO Rentals, LLC, their parents, subsidiaries, successors and affiliates, and their directors, officers, employees, agents, attorneys, and other representatives.

## Requests

1. All communications between you and any of the Defendants from October 1, 2021, to the present.

2. All documents exchanged between you and any of the Defendants from October 1, 2021, to the present.

3. All communications and other documents exchanged between you and any third party from October 1, 2021, to the present related to:

(a) any of the Defendants or ABCO;
(b) the Lawsuit;
(c) any claims or potential claims made by Weather King against the Defendants;
(d) the Defendants' or your possession of or use of any Weather King property, including but not limited to Weather King's financial information;
(e) derogatory remarks made by any of the Defendants relating to Weather King;
(h) potential ownership interest in investment in, funding to, or lending to any of the Defendants, ABCO Rentals, LLC, or any other affiliate of American Barn Co., LLC;
(i) the formation of ABCO; or
(j) any loans, investments, or capital contributions to ABCO or any of the Defendants.

4. All documents relating to your ownership in, investment in, funding to, or lending to any of the Defendants or ABCO.

5. All documents relating to your potential ownership in, investment in, funding to, or lending to any of the Defendants or ABCO.

6. All documents relating to your possession of or use of any Weather King property (including but not limited to financial information).

7. All documents relating to any of the Defendants' use of any Weather King property (including but not limited to financial information).

8. All phone records or voicemails related to or evidencing calls (whether completed or not) between you and any Defendant from October 1, 2021, to the present.

9. All communications and other documents related to any agreements or potential agreements made by you and any of the Defendants or ABCO.

10. All documents and communications related to your decision to do business with ABCO.

11. All communications and other documents exchanged between you and any third party not associated with Weather King or any Weather King Affiliate (other than end users/customers of Weather King products) from October 1, 2021, to the present regarding Weather King or any Weather King Affiliate.

67496877.v1