# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>     Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>     Defendants. | Civil Action No. 1:22-cv-01230<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW OF WITHHELD DOCUMENTS

Plaintiff Consolidated Industries, LLC ("Weather King") moves for *in camera* review and seeks to compel production of two groups of text messages that Defendants have objected to pursuant to the attorney-client privilege. (D.E. 135.) The text messages are part of a production of documents gathered and produced in response to Plaintiff's third-party subpoena issued to JADE Rentals, LLC. JADE's principal, Douglas Hines, is a licensed attorney. JADE provided its document production to Defendants before producing it to Plaintiff to allow Defendants to review it for privilege. After reviewing the documents, Defendants' counsel asserted privilege over 9 pages of text messages (two text message conversations) out of the 361-page production. These are the communications currently at issue.

The Court should deny Plaintiff's motion for two reasons. First, Plaintiff filed it in the wrong district. Federal Rule of Civil Procedure 45, advisory committee notes, and relevant caselaw make clear that the "district where compliance is required" is the proper venue to entertain a motion "for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Here, that is the Southern District of Illinois, where Plaintiff has already filed an action to enforce this subpoena. Second, parties are not automatically entitled to request *in camera* review whenever privilege is asserted. Plaintiff fails to make the required showing—namely, that there is a good-faith basis to believe that *in camera* review will reveal that the communications sought are not privileged. For these reasons, discussed more fully below, the Court should deny Plaintiff's motion.

## BACKGROUND

Defendants disagree with several of Plaintiff's characterizations of the merits of this lawsuit and this case's history of discovery in this Court. Defendants will not, however, air those disagreements here because they do not relate to the dispute at issue.

JADE is a small business that has purchased from Defendant American Barn Co., LLC ("ABCO") several rent-to-own contracts related to portable buildings. JADE is located in Harrisburg, Illinois. (*See* **Ex. B** at 2.) Its principal, attorney Douglas E. Hines, is licensed in the State of Illinois, is on "Active" status, and maintains a law office in Harrisburg.[1] (*See id.* at 1.) Mr. Hines has personally known some of Defendants, including Jesse Maupin and Ryan Brown, for years. (*See id.* at 4.)

Plaintiff issued a third-party subpoena to JADE seeking, among other things, all

---

[1] *See* https://iardc.org/Lawyer/PrintableDetails/28a515df-aa64-eb11-b810-000d3a9f4eeb?includeFormerNames=False.

communications between JADE and any of Defendants from October 21, 2021 to the present. (D.E. 135-1 at 7.) Mr. Hines and Plaintiff exchanged several letters back and forth regarding objections to various aspects of the subpoena (of note, Mr. Hines does not use email). (*See* **Exs. A–D**.) Eventually, Plaintiff filed an action to enforce its subpoena in the United States District Court for the Southern District of Illinois and moved to compel production of the documents sought. *Consol. Indus., LLC v. Maupin*, No. 3:23-mc-00113-SPM (S.D. Ill.) (D.E. 2).

The court held a hearing on the motion to compel, at which Mr. Hines, counsel for Plaintiff, and counsel for Defendants participated. *Id.* (D.E. 12, 13). At the hearing, Mr. Hines raised the issue that some responsive communications between him and specific individual Defendants may be privileged, and defense counsel requested the opportunity to review any such documents and assert privilege objections on behalf of his clients before they be produced to Plaintiff. Defense counsel reiterated this request in a letter sent to Mr. Hines (with Plaintiff's counsel copied) afterward. (**Ex. E**.) The court ordered Plaintiff and JADE to engage in additional meet-and-confer efforts to attempt to resolve their disputes regarding the subpoena. *Id.* (D.E. 13.) Those efforts proved successful. (*See* **Exs. F–G**.)

Mr. Hines then sent the JADE document production, totaling 361 pages, to Defendants. Defendants reviewed the documents and asserted attorney-client privilege over two groups of text messages totaling 9 pages. (D.E. 135-3.) The first group, Bates Nos. 00245–46, comprises text messages from Defendant Brown to Mr. Hines requesting legal advice regarding a personal situation. (*Id.*) The second group, Bates Nos. 00279–85, comprises text messages from Defendant Maupin to Mr. Hines requesting legal advice and messages from Mr. Hines to Mr. Maupin providing legal advice, both regarding employment contracts. (*Id.*) Defendants produced a privilege log to Plaintiff

3

describing these objected-to communications. (*Id.*)

Mr. Hines then provided the JADE production to Plaintiff with these objected-to pages withheld, but with one hiccup. Mr. Hines inadvertently produced Bates No. 00245 and withheld Bates Nos. 00246–47. (*See* D.E. 135-7 at 2.) Counsel for Plaintiff and Defendants discussed this issue by phone, and Defendants communicated their decision not to attempt to claw back Bates No. 00245. Defendants also agreed that Bates No. 00247, which they did not assert privilege over, could be produced to Plaintiff.

Plaintiff also requested the last two words of the text message cut off and barely visible on Bates No. 00278. Defendants agreed that a redacted version of Bates No. 00279 (where the last two words of Bates No. 00278 were visible but subsequent messages appearing on Bates No. 00279 were redacted) could be produced to Plaintiff. (*See* **Ex. H** (excerpts of text messages) at Bates No. 00279.) Finally, to avoid waiving the privilege, defense counsel declined to provide a substantive response to Plaintiff's inquiry regarding "whether those communications relate in any way to the claims at issue in this lawsuit or any conduct affecting or relating to Weather King, including but not limited to Mr. Maupin's departure from Weather King or the creation of a new business." (D.E. 135-7 at 3, 4.)

## LEGAL STANDARD

"*In camera* review is not appropriate simply because a party objects to the assertions of privilege." *Armouth Int'l, Inc. v. Dollar Gen. Corp.*, No. 3:14-0567, 2015 WL 6696367, at *6 (M.D. Tenn. Nov. 2, 2015). Rather, in determining whether *in camera* review is warranted, "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish" that privilege is

4

inapplicable. *United States v. Zolin*, 491 U.S. 554, 572 (1989) (cleaned up).[2] To determine if *in camera* review is appropriate, the court looks at "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that" the materials are not protected by privilege. *Zolin*, 491 U.S. at 572.

## ARGUMENT

### I. Plaintiff has filed this motion in the wrong district.

Despite the labeling of Plaintiff's motion as one for *in camera* review, the practical relief Plaintiff seeks is a court order compelling production of the pages objected to by Defendants. Because Plaintiff seeks to compel production of documents pursuant to a subpoena, the Southern District of Illinois is the proper court to hear this motion. Rule 45 provides that "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The rule text and Advisory Committee's note make clear that "subpoena-related motions and applications are to be made to the court where compliance is required." *S. Point Wholesale, Inc. v. Vilardi*, No. 1:17-CV-00052-GNS, 2017 WL 9285528, at *1 (W.D. Ky. Oct. 6, 2017) (denying motion to compel compliance with subpoena served upon non-party where the motion was not filed in the proper judicial district). Rule 45(f) applies to "all motions under this rule, including an application under Rule 45(e)(2)(B) for a privilege determination." *Id.* Here, as in *Vilardi*, the moving party is seeking to compel production from

---

[2] Plaintiff correctly notes that the standard articulated in *Zolin* has been routinely applied outside of the crime-fraud context at issue in that case. (*See* D.E. 135-10 at 4.)

an out-of-state third party pursuant to a subpoena. Thus, the current motion is a "subpoena-related motion" as referenced in the Advisory Committee's notes to Rule 45(f).

Courts have specifically held that a motion for *in camera* review related to documents produced pursuant to an underlying subpoena is properly placed before the court where compliance is required. *E.g.*, *Hicks v. Milton*, No. 2:22-CV-00166, 2023 WL 7351512, at *3 (D. Utah Nov. 7, 2023); *Grippa v. Rubin*, No. 4:20CV457-MW/MAF, 2022 WL 1624808, at *1 (N.D. Fla. Feb. 22, 2022). *Hicks* is analogous to the facts here. In *Hicks*, the defendants moved for *in camera* review of documents sought to be produced by a third party and withheld due to privilege. The court noted that the parties had agreed that the place of compliance was New York and "Defendants previously brought a motion to compel against [the non-party] in a New York federal district court which resulted in production of the privilege log." *Id.* The Court determined that "to the extent Defendants seek to compel [the non-party] to produce the withheld documents for in camera review, this motion must be brought in the applicable New York district in the first instance." *Id.* Similarly, Plaintiff's motion here is a "subpoena-related motion" that must comply with Rule 45(d)(2)(B)(i) and be made in the district where compliance is required.

Rule 45(f) further demonstrates Plaintiff's procedural misstep. It provides: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Before filing this motion, Plaintiff sought Defendants' consent to file it in the Western District of Tennessee. Defendants declined, asserting that the district court for the Southern District of Illinois was better suited to adjudicate this dispute because

6

it has already considered and held hearings on Plaintiff's motion to compel compliance with the JADE subpoena.

Under Rule 45(f), Plaintiff should have filed this motion in the Southern District of Illinois and then requested that the court transfer it here. Instead, Plaintiff decided to circumvent the court vested with the authority to decide whether transfer is appropriate and instead file its motion in this Court in the first instance. Beyond that, Plaintiff makes no attempt to show any "exceptional circumstances" required to warrant the transfer of such a motion to the issuing court. Fed. R. Civ. P. 45(f). For these reasons, the Court should deny Plaintiff's motion and require Plaintiff's compliance with Rule 45.

II.     **Plaintiff fails to meet its burden to show *in camera* review is warranted here.**

In any event, Plaintiff's motion should be denied on the merits if the Court chooses to consider them. The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Zolin*, 491 U.S. 554, 562. The central purpose of this privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*. Because of the sanctity of the attorney-client relationship, "there is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." *Id.* at 571. While Plaintiff argues that courts "routinely" order *in camera* review, "examination of the evidence, even by the judge alone, in chambers might in some cases jeopardize the security which the privilege is meant to protect." *Id.* at 570 (cleaned up).

A.     **Defendants provided a complete privilege log in compliance with the federal rules.**

Rule 26(b)(5) requires a party asserting privilege to "describe the nature of the documents,

7

communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Defendants complied with this mandate. In their privilege log, Defendants specified for each document the document type, date, author, recipient, a description of the document, and the basis of the privilege. (D.E. 135-3.) This disclosure satisfies Defendants' obligations under the rules.

Specifically, Defendants stated that they were objecting to a text message communication on July 27, 2022, from Ryan Brown to Douglas Hines requesting legal advice regarding a personal situation (*Id.*) Ultimately, one page was objected to. The second set of objected-to communications is a text message exchange on December 31, 2021, between Jesse Maupin and Mr. Hines where legal advice was requested by Mr. Maupin and provided by Mr. Hines regarding employment contracts. (*Id.*) Seven pages were objected to. For clarity, the messages on each page of the production were enlarged so that only a few text messages fit onto one page. (*See, e.g.*, Ex. H.) Most, if not all, pages contained less than 50 words. In total, only 9 pages of documents were objected to on the basis of attorney-client privilege of the 361 pages of documents that JADE produced.

In support of Plaintiff's claim that Defendants have failed to "sufficiently articulat[e] that the privilege applies," Plaintiff mentions that Defendants would not discuss if the withheld documents related to this lawsuit. (D.E. 135-10 at 8.) However, Plaintiff does not point to any case law or court rule requiring Defendants to make such a disclosure. This is because no such requirement exists. Since the privilege log includes "the date of each communication," "a description of the communication," and "the author and recipients of the communication," the log complies with Rule 26(b)(5). *Armouth Int'l*, 2015 WL 6696367, at *4.

8

### B. Mr. Hines provided predominantly legal, not business, advice.

It's true that communications providing business advice typically are not privileged. *In re Search Warrant Executed at L. Offs. of Stephen Garea*, 173 F.3d 429 (6th Cir. 1999). But Plaintiff has no good-faith basis to assert that *in camera* review of the materials will establish that the objected-to documents do not contain legal advice. In fact, JADE's production indicates that the withheld documents do contain legal advice. The text message after the privileged communication between Ryan Brown and Doug Hines (Bates No. 00247) shows Mr. Brown stating that he "will pay whatever [Mr. Hines] typically charge[s]." (Ex. H, at Bates No. 00247). This is a clear reference to legal fees and shows Mr. Brown was seeking legal advice.

Even if withheld communications also contain business advice, this does not necessarily mean that the communications are not privileged. "The mere fact that business considerations are weighed in the rendering of legal advice does not vitiate the attorney-client privilege." *Armouth Int'l*, 2015 WL 6696367, at *3. There is not often a clean line differentiating business advice from legal advice because legal and business advice are frequently "inextricably intertwined." *Curtis v. Alcoa, Inc.*, No. 3:06-CV-448, 2009 WL 838232, at *2 (E.D. Tenn. Mar. 27, 2009). "This is inevitable when legal advice is rendered in the context of commercial transactions or in the operations of a business in a corporate setting." *Id.* Thus, even if Mr. Hines "had considered some aspects of business in [providing legal advice] such consideration does not necessarily remove the coverage afforded by the attorney-client privilege." *Armouth Int'l*, 2015 WL 6696367, at *3.

Defendants' privilege objection is "narrow and specific," *Armouth Int'l*, 2015 WL 6696367, at *6, limited to only 9 of the 361 pages of documents in the JADE production. And as discussed above, portions that were not objected to support Defendants' assertion that the

9

objected-to documents contain legal advice. Plaintiff has not made a reasonable showing that communications sought are not privileged.

### C. Plaintiff's speculation regarding timing, candor, and other unsupported accusations does not show that Plaintiff has met the threshold for *in camera* review.

Plaintiff attempts to attack Defendants' credibility by making accusations related to Defendants' "lack of candor." Plaintiff claims that "Defendants destroyed the text messages and other communications that Weather King demanded be preserved." (D.E. 135-10 at 12–13.) As Plaintiff admits, however, forensic examinations of Defendants' cell phones and other devices (and review and production of documents related thereto) are "ongoing." (*Id.* at 2.) Plaintiff thus does not know what documents, including text messages, are preserved on Defendants' devices and will be produced during this litigation.

While Plaintiff does not explicitly extend its "lack of candor" argument to Defendants' attorneys, defense counsel is well aware of their ethical and legal obligations in asserting privilege on behalf of their clients, withholding documents pursuant to privilege, and creating an adequate privilege log. Attorneys "have their own professional responsibilities and duties to properly invoke the privilege, with a basis in fact and law, and not always be second-guessed by the courts [or opposing counsel] when a proper and detailed privilege log has been produced." *Billy Goat IP LLC v. Billy Goat Chip Co. LLC*, No. 17-CV-9154, 2019 WL 10250940, at *4 (N.D. Ill. Feb. 1, 2019). Plaintiff has no good-faith basis to question defense counsel's adherence to these obligations. The "narrow and specific" nature of Defendants' privilege objections at issue here, if anything, indicates that defense counsel takes these duties seriously. *See Armouth Int'l*, 2015 WL 6696367, at *6.

Moreover, Plaintiff's argument that the withheld communications do not involve legal advice because the withheld communications occurred around the same time that Mr. Maupin and

10

Mr. Hines discussed non-legal matters does not meet the threshold for showing that *in camera* review is appropriate. Plaintiff claims that the timing is relevant because the withheld communications occurred three days after Mr. Maupin texted Mr. Hines inquiring into the state of Mr. Hines' cancer treatment, offering support, stating that he was landing in Phoenix and would have "ears" on him, and wishing Mr. Hines a happy new year by saying "[h]ave a good new year big and good things are coming!!" (D.E. 135-4 at Bates Nos. 00273-74, 00276.) First, these messages do not indicate that Mr. Hines and Mr. Maupin were "conniving" as Plaintiff claims. (See D.E. 135-10 at 13.) Second, the timing of the messages does not support the assertion that these communications are not privileged. Defendants have produced all other text messages during this time frame along with the first three pages of text messages from the December 31 privileged communication. Thus, Defendants are not withholding a plethora of documents to try to conceal communications made at this time that do not involve legal advice. The timing is irrelevant.

Defendants have "reasonably rebutted the speculation" by Plaintiff that Mr. Hines "was giving business advice (or predominately giving business advice) rather than legal advice." *Armouth Int'l*, 2015 WL 6696367, at *6. Having the Court engage in *in camera* review of the privileged documents based on Plaintiff's arguments "would constitute an expenditure of judicial resources that could be justified only by an implicit determination that the representations made by defense counsel are untrue." *Id.* (cleaned up). There is no basis for any such determination here.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion should be denied.

Date: June 18, 2024

/s/ Benjamin S. Morrell
Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 035480)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: June 18, 2024

                                          /s/ *Benjamin S. Morrell*
                                          Counsel for Defendants