IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, <br><br> Plaintiff, <br><br> v. <br><br> JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, <br><br> Defendants. | No. 1:22-cv-01230-STA-jay |

**ORDER GRANTING JOINT MOTION TO AMEND SECOND AMENDED SCHEDULING ORDER**

Before the Court is the parties' Joint Motion to Amend Second Amended Scheduling Order (ECF No. 142) filed July 25, 2024. The parties request a modification of the unexpired case management deadlines. For cause the parties report that they continue to work to complete non-party discovery and the forensic examination of Defendants' electronic devices and cloud storage accounts. Plaintiff also has a pending motion for *in camera* review of certain documents withheld from production. Until non-party discovery and the forensic examination are complete, the parties cannot complete written discovery or take depositions. The parties seek a three-month extension of the remaining deadlines related to discovery, expert proof, and dispositive motions. The parties state that their request should not impact the current trial date.

1

Federal Rule of Civil Procedure 6(b) grants the Court the discretion to extend a deadline where good cause exists for the extension and the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.") (emphasis added). "A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (alteration in original) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted).

For good cause shown, the Joint Motion is **GRANTED**. Accordingly, it is hereby **ORDERED** that the deadlines set forth in the Second Amended Scheduling Order are amended as follows:

**Completing Fact Discovery, Including Depositions:** November 1, 2024

**Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(A)(2):**

    **(a) Disclosure of Plaintiff's Rule 26(A)(2) Expert Information:** November 15, 2024

    **(b) Disclosure of Defendant's Rule 26(A)(2) Expert Information:** December 13, 2024

    **(c) Expert Witness Depositions:** January 3, 2025

**Motions to Exclude Experts Under F.R.E. 702/Daubert Motions:** January 17, 2025

**Supplementation under Rule 26(e)(2):** January 10, 2025

**Filing Dispositive Motions:** January 17, 2025

All other deadlines and requirements set forth in the previous Scheduling Orders shall remain the same. This matter remains set for a jury trial beginning February 24, 2025, through March 7, 2025.

The Court has some concerns about the parties' ability to complete a full round of briefing on any dispositive motions before the trial. Under Local Rule 56.1, a non-moving party has 28 days to respond to a motion for summary judgment, and the moving party then has 14 days to submit a reply brief. In recognition of the fact that the new deadline for filing dispositive motions now falls only five weeks before the trial date, the Court finds good cause to modify the default deadlines for briefing dispositive motions. Here, the non-moving parties will have 21 days from the service of a motion for summary judgment in which to respond to the motion. The moving party will then have seven days from the service of the response to file its reply.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 26, 2024