IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC )<br>d/b/a WEATHER KING PORTABLE BUILDINGS, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>JESSE A. MAUPIN, et al., )<br> )<br>    Defendants. ) | No. 1:22-cv-01230-STA-jay |

ORDER GRANTING MOTION FOR *IN CAMERA* REVIEW OF WITHHELD DOCUMENTS

    Plaintiff Consolidated Industries, LLC d/b/a Weather King Portable Buildings moves to compel Defendants to produce documents withheld in discovery for an *in camera* review. (Docket Entry ["D.E."] 135.) Defendants have filed a response in opposition, and Plaintiff, with leave of Court, has filed a reply. (D.E. 138, 141.) This matter has been referred to the undersigned for determination. (D.E. 137.) Plaintiff's motion for *in camera* review of the withheld documents is GRANTED.

I.

    This discovery dispute involves nine pages of text message screenshots: two pages of text message screenshots dated July 27, 2022, from Defendant Ryan Brown to Douglas Hines; and seven pages of text message screenshots dated December 31, 2021, between Defendant Jesse Maupin and Mr. Hines. Mr. Hines is an attorney licensed to practice law in the State of Illinois and the principal of JADE Rentals, LLC ("JADE"). Plaintiff alleges that JADE is a former business partner that, along with Mr. Hines, has helped fund and now does business with American Barn

1

Company, LLC ("ABCO"). ABCO is Defendants' business entity that competes with Plaintiff. The events involving ABCO's creation give rise to this litigation.

Plaintiff served JADE with a subpoena directing that it produce documents relating to its communications and other dealings with Defendants. After Plaintiff and Mr. Hines were unable to resolve Mr. Hines' objections to various aspects of the subpoena, Plaintiff filed an action to enforce the subpoena in the United States District Court for the Southern District of Illinois and moved to compel production of the documents sought. Plaintiff, Defendants, and Mr. Hines ultimately agreed that Mr. Hines would produce the JADE documents to Defendants' counsel to review and assert any objections before Plaintiff received the documents.

Mr. Hines produced 361 pages of documents to Defendants and nine pages were withheld from Plaintiff on the basis of an attorney-client relationship between Defendants and Mr. Hines. Defendants provided Plaintiff with a privilege log indicating that the two pages of withheld text message from Brown to Mr. Hines is a "[c]ommunication to counsel requesting legal advice regarding personal situation" and that the seven pages of withheld text messages between Mr. Hines and Maupin are "[c]ommunications to and from counsel requesting and providing legal advice regarding employment contracts."

Plaintiff questions whether the withheld documents are in fact privileged attorney-client communications and seeks *in camera* review to determine if those nine pages of documents are discoverable. Plaintiff asserts that Defendants have not established that the documents are protected as Defendants have not provided sufficient information to make a determination as to whether the attorney-client privilege applies. Plaintiff submits that there is a basis to believe that the communications between Defendants and Mr. Hines involved business and financial discussions on behalf of JADE and not legal advice. Further, Plaintiff casts doubt on Defendants'

2

and Mr. Hines' credibility. Finally, Plaintiff avers that the low volume of documents would impose a minimal burden on the Court if it conducts a review and that the potential importance of the withheld communications justifies the minimal burden.

Defendants first respond that Plaintiff's motion should be decided by the Southern District of Illinois as it was the court that presided over the subpoena enforcement action. Next, Defendants argue that Plaintiff has not met its burden to show that *in camera* review is warranted. Defendants contend that Plaintiff fails to meet its burden because the privilege log is adequate, the withheld documents are primarily legal advice, and that Plaintiff's concerns of Defendants candor is meritless.

## II.

As a threshold matter, the Court rejects Defendants' position that the Southern District of Illinois is the proper court to hear Plaintiff's motion for *in camera* review. Defendants rely upon *Hicks v. Milton*, No. 2:22-CV-00166, 2023 WL 7351512 (D. Utah Nov. 7, 2023) which is somewhat factually similar to the present case. The *Hicks* court also rejected the defendant's argument that the plaintiffs should produce the documents that the non-party submitted to them for privilege review. *Id.* The court reasoned that plaintiffs were not the party the subpoena was served upon and had no obligation to produce documents in response to the non-party's subpoena. *Id*. The court continued that if the defendant sought to compel the plaintiffs to provide documents that were in their possession that were not provided in response to a discovery request, then a motion to compel would be the proper vehicle to receive the documents and not a motion for *in camera* review. *Id.*

*Hicks* differs from the present case in that Mr. Hines has complied with the subpoena, unlike the *Hicks* non-party. Mr. Hines provided all documents responsive to the subpoena to

3

Defendants who, after conducting a review for any privileged material, produced almost all of Mr. Hines' produced documents to Plaintiff. The issue before this Court is whether there is a sufficient basis for the Court to conduct an *in camera* review to determine whether the withheld nine pages of text message screenshots are protected by the attorney-client privilege, and not whether Mr. Hines has failed to comply with the subpoena.

This case also differs from *Hicks* as Plaintiff, through written discovery requests, has unsuccessfully sought from Defendants the documents that it ultimately had to subpoena from a non-party. Defendants currently have in their possession documents from Mr. Hines that they received because of Plaintiff's subpoena that may be responsive to the previously served written discovery requests. *See* D.E. 135-5, 6. The Court agrees with Plaintiff that it is Defendants, and not Mr. Hines, who now possess the documents that may be subject to an order compelling their production pursuant to Rule 37 if those documents ultimately are determined not to be privileged. As such, this Court has jurisdiction to decide Plaintiff's motion for *in camera* review.

III.

The attorney-client privilege is not absolute, and for the attorney-client privilege to apply:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Royal Surplus Lines Ins. v. Sofamor Danek Group,* 190 F.R.D. 463, 487 (W.D.Tenn.1999) (quoting *Humphreys, Hutcheson & Moseley v. Donovan,* 568 F.Supp. 161, 175 (M.D.Tenn.1983)).

A court may conduct an *in camera* review of potentially privileged documents to determine whether a privilege applies. *See Zolin v. United States*, 491 U.S. 554, 565 (1994). "Before the

4

movant is entitled to an *in camera* inspection of documents, he must show a reasonable probability that they contain relevant evidence." *Schilling Foods, LLC v. First Data Corp.*, No. 2:18cv02320-MSN-atc, 2020 WL 13111152, at *1 (W.D. Tenn. Oct. 30, 2020) (citing *Ridenour v. Collins*, 692 F. Supp. 2d 827, 831 (S.D. Ohio 2010)). The required showing "need not be a stringent one." *Zolin*, 491 U.S. at 572. Indeed, "a lesser evidentiary showing is needed to trigger *in camera* review than is ultimately required to overcome the privilege." *Id.* "[T]he decision whether to engage *in camera* review rests in the sound discretion of the district court." *Zolin*, 491 U.S. at 572.

The Supreme Court has identified a series of non-exhaustive factors that a court should consider in determining whether *in camera* review is appropriate. Those factors include: (1) the facts and circumstances of the particular case; (2) the volume of materials the moving party has asked the court to review; (3) the relative importance of the alleged privileged information to the case; and (4) the likelihood that review will reveal the documents are not shielded by the privilege. *Zolin*, 491 U.S. at 572.

Plaintiff argues that Defendants have withheld text messages involving Defendants Brown and Maupin, and Mr. Hines, that may contain predominantly business advice or communications and not legal advice protected by the attorney-client privilege. In support of this argument, Plaintiff submits that Defendants' counsel is unaware of any engagement agreement or invoice for legal services involving Brown, Maupin, or Mr. Hines. Plaintiff also rely upon the temporal proximity of the withheld text message screenshots and produced text message screenshots in which Maupin wrote to Mr. Hines shortly before forming ABCO that he "will have ears on [him] so if [he is] short and [doesn't]answer certain things you know what's up" and "big and good things are coming!!" Defendants do not dispute that Mr. Hines provided business advice in the withheld messages but that the contents of the withheld messages contain predominantly legal advice.

5

The Court finds that Plaintiff has met its low burden of showing a reasonable probability that the withheld text messages contain relevant evidence that may not ultimately be protected by the attorney-client privilege. The lack of an engagement agreement or invoice for legal services rendered from Mr. Hines, the timing of the text messages in which it can be inferred that Maupin is referencing beginning his own business, and Defendants' concession that the withheld text message screenshots do contain, in part, business advice or discussions call into question whether the withheld messages are predominantly legal or business in nature. Further, because the withheld text message screenshots consist of only nine pages, an *in camera* review will be of a minimum burden to the Court. For these reasons, Plaintiff's motion for *in camera* review of withheld documents is GRANTED.

IV.

Defendants are ORDERED to submit the withheld nine pages of text message screenshots *ex parte* to the undersigned's ECF mailbox[1] within seven days of entry of this Order. Defendants shall also file a "Notice of Submission for *In Camera* Review" at the time the ECF mailbox *ex parte* submission is made. The Court shall conduct an *in camera* review of the documents and issue a subsequent order as to whether the withheld documents are to be produced to Plaintiff.

IT IS SO ORDERED this the 8th day of August, 2024.

s/Jon A. York<br>United States Magistrate Judge

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[1] ecf_judge_york@tnwd.uscourts.gov