# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** <br> **d/b/a WEATHER KING PORTABLE** <br> **BUILDINGS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JESSE A. MAUPIN**, *et al.*, <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-01230-STA-jay <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION TO AMEND
## SCHEDULING ORDER DEADLINES AND TO RESET TRIAL DATE

The parties jointly move the Court for an amended scheduling order extending unexpired pretrial deadlines and to reset the trial date for good cause shown below.

### Standard for Extending Deadlines

The Court has succinctly stated the standard for extending scheduling order deadlines:

> Federal Rule of Civil Procedure 6(b) grants the Court the discretion to extend a deadline where good cause exists for the extension and the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.") (emphasis added). "A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (alteration in original) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted).

ECF No. 128, p. 2. As shown below, the parties have diligently sought to complete discovery in this case but have encountered several lingering issues, including completion of the forensic examination, that have delayed their ability to complete discovery. Both sides are eager to

complete discovery and prepare this case for trial, but additional time, and an extension of unexpired deadlines is needed.

## Fact Depositions

The current deadline to complete fact discovery is November 1, 2024. The parties have not completed depositions and are not in a position to do so until certain benchmarks are completed. Most importantly, Plaintiff asserts that it is not in a position to take Defendants' depositions until the forensic examination of Defendants' devices is completed. The status of that examination is set forth below. Based on the evidence obtained from this examination thus far, Plaintiff believes the information obtained to be very valuable and that continued document discovery is of the upmost import.

Further, Plaintiff asserts that it is not in a position to depose Defendants Jesse Maupin and American Barn Co., LLC and third party Doug Hines (of JADE Rentals, LLC) until the Court has completed its *in camera* review of certain text messages between Messrs. Maupin and Hines. *See* ECF No. 144 (granting Plaintiff's motion for *in camera* review). Relatedly, Defendants intend to serve a privilege log after all documents subject to the forensic examination have been released, and therefore, it is possible that additional issues will surface before certain depositions can be taken. Plaintiff is also awaiting supplementation of discovery responses. Plaintiff asserts that it needs to depose Defendants before deposing third parties. Defendants anticipate deposing representatives and employees of Plaintiff as well as third parties.

## Forensic Examination

The collection and processing of Defendants' mobile device and cloud-based account data is ongoing. Of the ~45,000 documents that were previously identified by the computer forensic vendor agreed upon first batch of search terms, Defendants have produced approximately 18,500

2

documents totaling approximately 50,000 pages over the course of four batches. As of this filing, Defendants have approximately 15,000 documents left to review out of the previously identified ~45,000 documents.

Since the last motion, however, additional documents have become part of the universe of data to be reviewed. After reviewing the first batches of documents, Plaintiff believes that a significant number of communications between and among the Defendants and others in the industry and others existed and were not previously produced as Weather King requested in its written discovery. Consequently, the forensic vendor has searched for and produced to Defendants' counsel for review all communications between and among Defendants and a number of builders, dealers, drivers, and other relevant third parties. The forensic vendor produced to defense counsel an additional 8,800 documents that are currently in process for review and production. Defendants have reviewed and produced approximately half of these documents.

Additionally, Plaintiff was only recently notified that Defendants Brian Lassen and Aleyna Lassen failed to produce their mobile devices for data collections as directed by the Court. Defense counsel is endeavoring to work with the forensic vendor to ensure that these data are collected.

In summary, there remain at least 20,000 documents left to be reviewed. Defendants, on average, produce approximately 4,000 documents every two weeks. As such, the parties expect the completion of the first round of forensic data production to be ongoing through December. All this information leads the parties to believe that document discovery will be ongoing through at least December. Accordingly, the parties are not likely to be in a position to begin depositions until January 2025 at the earliest. Likewise, Plaintiff's designation and disclosure of its damages expert should be postponed until the document discovery is complete.

## Current and Proposed Deadlines

The parties submit that the deadlines should be extended as follows to give the parties an opportunity to complete the outstanding fact discovery tasks, then complete expert discovery, and then to prepare the case for trial:

| DEADLINE | CURRENT | PROPOSED |
|---|---|---|
| Fact Depositions | November 1, 2024 | March 19, 2025 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | November 15, 2024 | March 31, 2025 |
| Defendants' Rule 26(a)(2) Expert Disclosures | December 13, 2024 | April 30, 2025 |
| Expert Witness Depositions | January 3, 2025 | May 30, 2025 |
| FRE 702/*Daubert* Motions | January 17, 2025 | June 20, 2025 |
| Rule 26(e)(2) Supplementation | January 10, 2025 | June 6, 2025 |
| Dispositive Motions | January 17, 2025 | June 30, 2025 |

## Trial Date

The trial is currently set for February 24, 2025, through March 7, 2025. The pretrial order is due February 7, and the pretrial conference is set for February 14. [ECF No. 131.] As indicated above, the parties respectfully submit that the trial date needs to be reset to allow the parties to complete document discovery and then take depositions. Given the complexity of this case and the number of defendants involved, Plaintiff anticipates seeking leave of Court to conduct depositions of all ten Defendants and third party witnesses. The parties may also request leave to conduct a limited number of depositions (perhaps only of those Defendants who also testify as 30(b)(6) representatives) longer than seven hours.

## **Conclusion**

For the foregoing reasons, the parties respectfully request that the discovery deadlines be extended and the trial date postponed. The parties' proposed Fourth Amended Scheduling Order is being emailed to Chambers. As before, the parties welcome a telephonic conference to discuss with the Court in greater detail the progress of the forensic examination and document review and otherwise to respond to any questions the Court may have regarding the unexpired deadlines.

    Respectfully submitted,

    BUTLER SNOW LLP

    */s/ John H. Dollarhide*_____
    David L. Johnson, BPR #18732
    John H. Dollarhide, BPR #40041
    150 3rd Avenue South, Suite 1600
    Nashville, TN 37201
    (615) 651-6700
    david.johnson@butlersnow.com
    john.dollarhide@butlersnow.com

    Daniel W. Van Horn, BPR #18940
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    (901) 680-7200
    Danny.VanHorn@butlersnow.com

    *Attorneys for Plaintiff*


    /s/  Benjamin S. Morrell (w/ permission)
    Thomas G. Pasternak (admitted pro hac vice)
    Benjamin S. Morrell (TBPR No. 35480)
    TAFT STETTINIUS &HOLLISTER LLP
    111 East Wacker Drive, Suite 2600
    Chicago, IL 60601
    Telephone: (312) 527-4000
    Facsimile: (312) 527-4011
    tpasternak@taftlaw.com
    bmorrell@taftlaw.com
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 18, 2024, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

*/s/ John H. Dollarhide*_____
John H. Dollarhide

89950603.v1
90331343.v1