IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br>    ) <br>   Plaintiff, ) <br>    ) <br> v.   ) <br>    ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br>    ) <br>   Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS BRIAN L. LASSEN AND ALYNA LASSEN'S MOTION FOR RECONSIDERATION

Defendants Brian and Aleyna Lassen ask the Court to reconsider an Agreed Order, the entry of which they consented to. *See* Doc. 162, Doc. 121. That Order required the Lassens to turn over their mobile devices and cloud-based accounts for forensic examination. Doc. 121. That Order followed Plaintiff Weather King's demonstrating that all of the Defendants failed to produce text messages and other documents that they owed a duty to preserve, that were proven to exist, and that Defendants did not produce in discovery. *See, e.g.,* Doc. 73-1.

For example, in response to a request for all correspondence and other documents exchanged with any current or former Weather King employees, both of the Lassen Defendants responded "None." Doc. 75-9, B. Lassen Resp. to RFP No. 6-7; Doc. 75-10, A. Lassen Resp. to RFP No. 6-7. Weather King, however, obtained from another source a text message that Mr.

Lassen sent to Weather King employees. Doc. 73-9. Yet, Mr. Lassen did not produce that or a single other text message. Nor did Mrs. Lassen, even though she was a recipient of the text message obtained by Weather King.

Indeed, the forensic examination ordered by the Court has yielded a treasure-trove of highly-incriminating text messages and other communications the Defendants had with one another and with third parties—all communications that Defendants repeatedly represented did not exist but that the forensic examiner easily located on the devices the other Defendants provided to the forensic examiner. *See, e.g.* Doc. 79 at 1 ("They have provided all the documents that they possess, although Plaintiff refuses to believe it."); *id.* at 1-2 ("Plaintiff, despite Defendants' discovery responses and multiple confirmations by counsel, refuses to accept the simple fact that most of the documents requested simply do not exist in the Defendants' hands.").

In their eight-page motion, the Lassen Defendants do not:

- deny receiving Weather King's June 13, 2022, litigation hold letter (Doc. 1-7);

- deny that they failed to produce correspondence Weather King requested in discovery, that Weather King demanded be preserved, and that Weather King proved exists;

- offer any explanation whatsoever for their failure to produce responsive documents;

- make any attempt to explain how the Court erred by entering the parties' Agreed Order ordering the forensic examination or to explain why a forensic examination was not appropriate under the circumstances presented.

"It is worth emphasizing at the outset that 'motions for reconsideration are disfavored,' namely because 'they consume a court's scarce time for attention to a matter that has already been decided.'" *Crawford v. Garland*, No. 2:22-cv-02245-SHL-ATC, 2024 WL 82734, at *1 (W.D. Tenn. Jan. 8, 2024) (quoting *Jefferson v. Gen. Motors, LLC*, No. 2:20-cv-02576, 2023 WL 5662596, at *2 (W.D. Tenn. Aug. 31, 2023); *Blackenburg v. Miller*, No. 1:16-cv-505, 2017 WL 3730610, at *1 (S.D. Ohio Aug. 30, 2017)). Under Local Rule 7.3(b), "[a] motion for revision

must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." *See also Williams v. Shelby Cnty. Bd. of Educ.,* No. 2:17-cv-02050-TLP-JAY, 2021 WL 698861, at *2 (W.D. Tenn. Feb. 23, 2021) (noting that "[m]otions may not be used to relitigate old matters" and that such motions should be denied in the "vast majority of instances, especially where such motions restyle or rehash the initial issues") (cleaned up).

The Lassens do not point to "a material difference in fact or law" or "the occurrence of new material facts or a change of law occurring after" the Court's November 28, 2023, Order was entered. Local Rule 7.3(b). Nor do they attempt to demonstrate "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before" the Order was entered. *Id.*

Instead, the essence of the Lassens' argument is that, in retrospect, they really wish that their legal counsel—their agent—had not consented to the entry of the Agreed Order on their behalf.[1] In prior briefing, Weather King set forth in detail how a forensic examination was warranted due to the Lassens' and other Defendants' failure to produce in discovery evidence that Weather Kings proved to exist. *See* Doc. 73-1. Further, the forensic protocol set forth appropriate

---

[1] Judging from their motion, the Lassen Defendants also appear to take the wholly-untenable position that, merely because they were not subject to a noncompete agreement, they owed no duty to their employer and that, because their employer was supposedly unkind to them, they had free reign to conspire to steal its business.

3

safeguards to account for Defendants' privacy interests—including ensuring that responsive documents were first provided to Defendants' counsel. *See* Doc.121. Although the Court afforded Defendants an ample opportunity to "come clean" and produce responsive documents (Doc. 111), Defendants did not. Defendants had no choice but to enter into the Agreed Order given that entry of such an order was inevitable under the circumstances.[2]

The Lassens have no one to blame but themselves for the events that precipitated entry of the forensic examination Order. They have presented no basis for setting aside the Order. Quite simply, disgruntlement with their legal counsel is not a basis for refusing to comply with a previously-agreed-to order. For these reasons, their motion should be denied.

Respectfully submitted,

BUTLER SNOW LLP

*/s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

---

[2] Weather King was preparing a renewed motion to compel a forensic examination and, during the meet and confer process, Defendants consented to the Agreed Order.

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com
*Attorneys for Defendants*

And to the following via U.S. Mail.

Brian L. Lassden
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643

/s/ David L. Johnson
David L. Johnson

90923289.v1

5