UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>    Defendants. | Civil Action No. 1:22-cv-01230<br><br>District Judge Anderson<br><br>Magistrate Judge York |

### RESPONSE TO THE LASSEN DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Aleyna Lassen and Brian L. Lassen (the "Lassen Defendants"), previously represented by the undersigned counsel and now proceeding pro se, have moved for reconsideration of the Court's Agreed Order Granting Motion to Compel Forensic Examination (the "Agreed Order"). (D.E. 162; *see* D.E. 121.) In the same filing, the Lassen Defendants also discuss their opposition to Plaintiff's pending motion to hold them in contempt for violating the Agreed Order. (*See* D.E. 153.)

Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC (the "ABCO Defendants"), take no position as to Plaintiff's motion for a contempt order against the Lassen Defendants. The ABCO Defendants do, however, oppose the Lassen Defendants' motion for reconsideration as to the Agreed Order, and disagree with their

contention that their former counsel was "negligent in not opposing this critical motion." (D.E. 162 at 1.) The ABCO Defendants also disagree with the Lassen Defendants' characterizations of several communications they had with their former counsel. But because such communications are protected by the attorney-client privilege, the ABCO Defendants will not delve into specifics here.

The forensic protocol set forth in the Agreed Order is fairly standard and adequately protects the privacy and privileges of Defendants. (*See* D.E. 121 at 1–4.) A third-party vendor collected information from the ABCO Defendants' devices and provided subsets of that data to the undersigned counsel pursuant to search terms and other parameters negotiated and agreed to by the parties. The undersigned counsel then reviewed the data for responsiveness and privilege, and has made rolling productions to Plaintiff of non-privileged documents that are responsive to Plaintiff's document requests.

Plaintiff's response in opposition to the Lassens' motion for reconsideration discusses the events that occurred early in the discovery process that led to the entry of the Agreed Order. (D.E. 166 at 3–4.) The ABCO Defendants submit that against this backdrop, agreeing to a forensic protocol increased their ability to shape its contours and served their interests better than continuing to oppose any forensic protocol whatsoever. That the Lassens now disagree with this course of action does not make their former counsel's representation "negligent." The Lassens fail to acknowledge that the Federal Rules of Civil Procedure empower civil litigants with tools to compel other parties to produce documents and information in the discovery process. Their citations of caselaw regarding the right against self-incrimination are inapposite here.

For the reasons discussed above, the Court should deny the Lassen Defendants' motion for reconsideration.

| | |
|---|---|
| Date: November 27, 2024 | Respectfully submitted,<br><br>/s/ *Benjamin S. Morrell*<br>Thomas G. Pasternak (admitted pro hac vice)<br>Benjamin S. Morrell (TBPR No. 035480)<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2600<br>Chicago, IL 60601<br>Telephone: (312) 527-4000<br>Facsimile: (312) 527-4011<br>tpasternak@taftlaw.com<br>bmorrell@taftlaw.com<br><br>*Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: November 27, 2024

/s/ *Benjamin S. Morrell*