IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br>  ) <br>     Plaintiff, ) <br> v. ) <br>  ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br>  ) <br>     Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PAGE LIMITATION EXTENSION**

Before the Court is Plaintiff's Motion for Page Limitation Extension (ECF No. 182) filed February 24, 2025. Plaintiff seeks permission to file a memorandum in support of a forthcoming motion for sanctions that would exceed the 20-page limit under Local Rule 7.2 and run as long as 45 pages. For cause Plaintiff states that it is preparing a request for sanctions against Defendants, up to and including a default judgment. Plaintiff argues that a number of grounds support the request, largely on the basis of Defendants' responses to discovery requests and other positions taken by Defendants during discovery. Plaintiff believes that the excess pages are needed to brief the Court fully on all of the reasons justifying sanctions, particularly since the motion for sanctions will implicate several Defendants. Defendants have responded in opposition that Plaintiff's

1

Motion is short on particulars and fails to show why the Court should deviate from the briefing requirements under the Local Rules.

Local Rule 7.2 governs motion practice, and paragraph (e) sets a 20-page limit on any memorandum in support of or in opposition to a motion. Like all of the Local Rules, the Court may deviate from the strictures of Local Rule 7.2(e) "when appropriate for the needs of the case and the administration of justice." Local R. 1.1(e). The Court finds good cause to grant Plaintiff's request but only in part. The Court credits Plaintiff's representation that Plaintiff need additional pages to present their request in full, cite all of the materials Plaintiff wants to present to the Court, and develop its arguments against multiple Defendants. However, Plaintiff's request to file a memorandum which is more than twice the page limit the Local Rule otherwise allows is somewhat extraordinary. And the Court tends to agree with Defendant that the request is short on particulars to show why such an extraordinary extension is justified.

Under the circumstances, Plaintiff is permitted to file a memorandum of no more than 30 pages in support of its motion for sanctions. Plaintiff is also free to submit any exhibits or other documents it believes the Court should consider as part of its determination of the issues. The Court will grant Defendants the same enlargement of the page limitation for their brief in opposition as well as give Plaintiff leave to submit a reply brief of no more than 10 pages. *See* Local R. 7.2(c) (giving a moving party the opportunity to file a reply brief only with leave of court and limiting the reply brief to 5 pages). Plaintiff's reply will be due within 14 days of the service of Defendants' response brief. Plaintiff's Motion is **GRANTED in part**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 25, 2025