# EXHIBIT 23

*Certified Shorthand Reporters*

*Scheff & Associates*

*Tel. (312) 214-1994*
*Fax (312) 214-1995*



**Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.**

**January 14, 2025**

**Deposition of Jesse A. Maupin**

**1:22 -cv-01230**

*221 N. LaSalle St., Suite 1950 Chicago, IL 60601*
*scheffcsr@sbcglobal.net    www.scheffreporting.com*

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 3 of 81
PageID 3038
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                        Deposition of Jesse A. Maupin

Page 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC,           )
d/b/a WEATHER KING PORTABLE             )
BUILDINGS,                              )
                 Plaintiff,             )     **ORIGINAL**
                                        )
        vs.                             )     No. 1:22-cv-01230
                                        )
JESSE A. MAUPIN, BARRY D.               )
HARRELL, ADRIAN S. HARROD,              )
LOGAN C. FEAGIN, STEPHANIE L.           )
GILLESPIE, RYAN E. BROWN,               )
DANIEL J. HERSHBERGER, BRIAN L.         )
LASSEN, ALEYNA LASSEN, and              )     VOLUME 1
AMERICAN BARN CO, LLC,                  )
                                        )
                 Defendants.            )

The Videotaped Deposition of

JESSE A. MAUPIN, Individually and as representative of

American Barn Co., LLC, called as a witness by the

Defendant, pursuant to the Rules of Civil Procedure for

the United States District Courts pertaining to the

taking of depositions, taken before Deborah A. Rannells,

CSR, Illinois License No. 084-003408, at 111 East Wacker

Drive, Suite 2600, Chicago, Illinois, on Tuesday,

January 14, 2025, commencing at the hour of 9:07 a.m.


Reported for: SCHEFF & ASSOCIATES, INC.
Reported by: Deborah A. Rannells
             Certified Shorthand Reporter

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                        Deposition of Jesse A. Maupin

Page 2

```
 1      A P P E A R A N C E S:

 2
                BUTLER SNOW, LLP
 3              150 3rd Avenue South, Suite 1600
                Nashville, Tennessee 37201
 4              (615) 651-6700, by:

 5                      MR. DAVID L. JOHNSON
                        david.johnson@butlersnow.com
 6
                        MR. JOHN H. DOLLARHIDE
 7                      john.dollarhide@butlersnow.com

 8                         appeared on behalf of the Plaintiff;

 9
                TAFT STETTINIUS & HOLLISTER, LLP
10              111 East Wacker Drive, Suite 2600
                Chicago, Illinois 60601
11              (312) 527-4000, by:

12                      MR. THOMAS G. PASTERNAK
                        tpasternak@taftlaw.com
13
                        MS. ELIZABETH WELLHAUSEN
14                      ewellhausen@taftlaw.com

15                         appeared on behalf of the Defendants.

16
        ALSO PRESENT:
17
                        Mr. Milo Yelesiyevich (Savich), Videographer
18                      Liticorp

19                      Ms. Jill Coker

20

21
                            *    *    *    *    *
22

23

24
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 5 of 81
PageID 3040
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                     Deposition of Jesse A. Maupin

Page 3

1                               I N D E X

2

     WITNESS:    JESSE A. MAUPIN
3

4
     EXAMINATION BY:                                              PAGE
5
     Mr. Johnson                                                    7
6

7

8     DEPOSITION EXHIBITS                                      MARKED

9     No. 1                                                        8
      No. 2                                                        9
10    No. 3                                                       25
      No. 4                                                       25
11    Nos. 5 through 11                                           26
      Nos. 12 through 17                                          28
12    No. 18                                                      68
      No. 19                                                      70
13    No. 20                                                      70
      No. 21                                                      72
14    No. 22                                                      74
      No. 23                                                      77
15    No. 24                                                      79
      No. 25                                                      80
16    No. 26                                                      81
      No. 27                                                      83
17    No. 28                                                      88
      No. 29                                                      89
18    No. 30                                                      89
      No. 31                                                      91
19    No. 32                                                      92
      No. 33                                                      94
20    No. 34                                                      95
      No. 35                                                      98
21    No. 36                                                      99
      No. 37                                                     104
22    No. 38                                                     108
      No. 39                                                     108
23    No. 40                                                     109
      No. 41                                                     110
24    No. 42                                                     111

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 6 of 81
PageID 3041
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230    Deposition of Jesse A. Maupin

Page 4

```
 1    No. 43                              112
      No. 44                              113
 2    No. 45                              117
      No. 46                              119
 3    No. 47                              120
      No. 48                              120
 4    No. 49                              121
      No. 50                              122
 5    No. 51                              124
      No. 52                              126
 6    No. 53                              129
      No. 54                              130
 7    No. 55                              136
      No. 56                              139
 8    No. 57                              140
      No. 58                              149
 9    No. 59                              152
      No. 60                              154
10    No. 61                              155
      No. 62                              156
11    No. 63                              159
      No. 64                              160
12    No. 65                              169
      No. 66                              169
13    No. 67                              171
      No. 68                              172
14    No. 69                              176
      No. 70                              177
15    No. 71                              180
      No. 72                              184
16    No. 73                              185
      Nos. 74 and 75                      186
17    No. 76                              189
      No. 77                              191
18    No. 78                              193
      No. 79                              197
19    No. 80                              198
      No. 81                              199
20    No. 82                              200
      No. 83                              201
21    No. 84                              203
      No. 85                              205
22    No. 86                              208
      No. 87                              211
23    No. 88                              212
      No. 89                              213
24
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 7 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3042   1:22 -cv-01230

Deposition of Jesse A. Maupin

Page 5

1    No. 90                                                          215
     No. 91                                                          218
2    No. 92                                                          220
     No. 93                                                          221
3    No. 94                                                          222
     No. 95                                                          226
4    No. 96                                                          227
     No. 97                                                          227
5    No. 98                                                          228
     No. 99                                                          229
6    No. 100                                                         230
     No. 101                                                         232
7    No. 102                                                         233
     No. 103                                                         234
8    No. 104                                                         235
     No. 105                                                         236
9    No. 106                                                         237
     No. 107                                                         240
10   No. 108                                                         241
     No. 109                                                         242
11   No. 110                                                         243
     No. 111                                                         245
12   No. 112                                                         247
     No. 113                                                         248
13   No. 114                                                         249
     No. 115                                                         250
14   No. 116                                                         252
     No. 117                                                         259
15   No. 118                                                         261
     No. 119                                                         265
16   No. 120                                                         267
     No. 121                                                         267
17   No. 122                                                         270

18

19

20

21

22

23

24

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 8 of 81
PageID 3043
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                                    Deposition of Jesse A. Maupin

Page 6

1           THE VIDEOGRAPHER:  Good morning.  Today's date

2    is January 14th, 2025.  We are going on the video record

3    at 9:07 a.m.  We are present at Taft Stettinius and

4    Hollister, LLP, 111 East Walker Drive, Suite 2600,

5    Chicago, Illinois 60601.

6                     We are here for the purpose of taking the

7    videotaped deposition of Jesse Maupin.  The party on

8    whose behalf the deposition is being taken is the

9    defendant.  And the party at whose instance the

10   deposition is being recorded on an audiovisual device is

11   the defendant.

12                     This case is instituted in the United

13   States District Court, Western District of Tennessee,

14   Eastern Division.  The case number is

15   1:22-cv-01230-STA-jay.  The case is entitled,

16   Consolidated Industries, LLC, doing business as Weather

17   King Portable Buildings versus Jesse A. Maupin, et al.

18                     My name Milo Savich, and I am the legal

19   video specialist from Liticorp, 1919 North Milwaukee

20   Avenue, Chicago, Illinois 60647.  The court reporter

21   report is Deborah Rannells from Scheff and Associates.

22                     I will now ask the attorneys to introduce

23   themselves starting with the plaintiff's counsel first.

24           MR. JOHNSON:  David Johnson and John Dollarhide

Case 1:22-cv-01230-STA-jay Document 188-1 Filed 02/27/25 Page 9 of 81
PageID 3044
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. 1:22 -cv-01230

Deposition of Jesse A. Maupin

Page 7

```
 1     for the plaintiff.

 2              MR. PASTERNAK:  Tom Pasternak for the

 3     defendant.  Elizabeth?

 4              MS. WELLHAUSEN:  Sure.  Elizabeth Wellhausen

 5     for defendant.

 6              THE VIDEOGRAPHER:  Will the court reporter

 7     please swear in the witness, and we may then proceed.

 8                        (Whereupon, the witness was duly

 9                        sworn.)

10

11                   JESSE A. MAUPIN,

12     called as a witness herein, having been first duly sworn

13     was examined and testified as follows:

14

15                   EXAMINATION

16     BY MR. JOHNSON:

17     Q     Good morning, Mr. Maupin.  Could you please

18     state your name and address for the record?

19     A     Jesse Allen Maupin, 8139 State Route 121 South,

20     Murray, Kentucky 42071.

21     Q     Have you ever given a deposition before?

22     A     No, sir.

23     Q     Your attorneys may have given you a few of the

24     ground rules, but I'm just going to go over a bit of
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 10 of 81
PageID 3045
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                                    Deposition of Jesse A. Maupin

Page 29

1              If you flip over to Page 19 -- well,

2     first of all, before you get to that, were yours and

3     ABCO's responses to these discovery requests truthful and

4     accurate?

5          A    Yes.

6          Q    And is honesty important to you?

7          A    Yes.

8          Q    Is telling the truth important to you?

9          A    Yes.

10         Q    Have you been truthful and honest in these

11    court proceedings?

12         A    Yes.

13         Q    Has everything that you represented to Weather

14    King and the court been truthful and accurate?

15         A    Yes.

16         Q    Okay.  Looking at Exhibit 5, Page 19, this is

17    request for admission No. 15.  And the request asks for

18    you admit, While still employed by Weather King, you

19    encouraged one or more rental companies with whom Weather

20    King has done business to plan to do business with ABCO,

21    and your response there is denied; correct?

22         A    Yes.

23         Q    Is that truthful and accurate?

24         A    Yes.

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 11 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3046
1:22-cv-01230                                                                    Deposition of Jesse A. Maupin

Page 59

1          A    For a little while, yes.

2          Q    Okay.  What did you feel like Daniel

3     Hershberger brought to the table?

4          A    Daniel has been building sheds since he was ten

5     years old, so he knows buildings.

6          Q    Let's pull up Exhibit 14.

7               And if you look at your response to

8     interrogatory No. 6, and when I say "your," it says

9     ABCO's response.  And this interrogatory asks for each

10    person who was employed by Weather King and who while

11    still employed by Weather King was approached by the

12    possibility of forming an employment relationship or

13    other relationship with ABCO.

14               And then your response to No. 6 lists

15    Stephanie Gillespie, Mitch Sykes, Logan Feagin, Ryan

16    Brown, Daniel Hershberger, and Brian and Aleyna Lassen.

17         A    Yes.

18         Q    And is that response truthful and accurate?

19         A    Yes.

20         Q    So no other Weather King employees were

21    approached; is that correct?

22         A    No.  Adrian Harrod.

23         Q    Okay.  Anybody else?

24         A    Amber Hill.

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 12 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3047   Deposition of Jesse A. Maupin

Page 60

1        **Q    Anyone else?**

2        A    No.

3        **Q    And why weren't Adrian Harrod and Amber Hill**

4    **identified before now?**

5        A    I don't know.  I must have forget to -- I don't

6    know.

7        **Q    Who approached Amber Hill?**

8        A    I did.

9        **Q    And this says that these individuals were**

10   **approached by either you or Barry Harrell, and that all**

11   **communications were in person; is that correct?  Is that**

12   **truthful and accurate?**

13       A    Yes, sir.

14       **Q    Who was approached by Jesse and who was**

15   **approached by Barry?**

16       A    Everybody was approached by me with the

17   exception of Mitch Sykes.  Barry Harrell approached Mitch

18   Sykes.

19       **Q    Okay.  Do you know what Barry said to Mitch**

20   **when he approached him?**

21       A    I don't.

22       **Q    Before June 1, 2022, did ABCO ever pay or loan**

23   **any money to any Weather King employees or contractors or**

24   **any of the companies they operated?**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 13 of 81
PageID 3048
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230            Deposition of Jesse A. Maupin

Page 61

1         A     No.

2              Q     If you could pull up Exhibit 8.

3                    Okay.   In looking at response to No. 3,

4     and the question posed is asking you to identify

5     communications you've had through the date of termination

6     of employment with Weather King relating to the creation,

7     funding, et cetera, or operation, et cetera, of any

8     business enterprise in the portable business -- portable

9     buildings industry.

10                   And your response lists conversations

11    with certain people.   It says, All those conversations

12    were in person and occurred before and after my

13    termination from Weather King.

14                   Is that a truthful and accurate response?

15        A     Yes, sir.

16             Q     So all of your communications were verbal?

17        A     Yes, sir.

18             Q     All of them were in person?

19        A     Yes, sir.

20             Q     Not a single text message or email with any of

21    these people?

22        A     About the formation of ABCO?

23             Q     It didn't say just the formation.   It says,

24    related to the creation/formation or potential creation

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 14 of 81
PageID 3049
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    1:22 -cv-01230                    Deposition of Jesse A. Maupin

Page 62

```
 1    or formation of, funding or potential funding of, and/or
 2    operation or potential operation of any business
 3    enterprise in the portable buildings industry.
 4                     So is that a truthful and accurate
 5    response, Mr. Maupin?
 6        A    Yes.  I do not remember any.
 7        Q    Okay.  So you never discussed any of this over
 8    the telephone?
 9        A    It's all on the telephone.
10        Q    Well, you said -- your response says, All these
11    conversations were in person?
12        A    No.  Correct, it was all in person.  There was
13    nothing on the telephone.
14        Q    So you never had any telephone calls with any
15    responsive telephone calls with any of these people?
16             MR. PASTERNAK:  Objection.  Asked and answered.
17    BY MR. JOHNSON:
18        Q    You could answer again.
19        A    Nothing was in telephone.
20        Q    And nothing was by text?
21        A    No.
22        Q    Okay.
23        A    Not that I remember.
24        Q    Do you want to take a break or are you good?
```

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 15 of 81
PageID 3050
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    1:22 -cv-01230    Deposition of Jesse A. Maupin

Page 63

1        A    I'm good.

2        Q    Okay.  Let's pull up Exhibit 5 again.

3             Starting at Page 9 and 10, we have

4    requests for production of documents that were sent to

5    you.  These are your discovery responses.  And you were

6    asked to produce text messages, emails and other

7    communications that you had.

8             If you look at No. 6, with other

9    defendants; correct?  It says, With Weather King

10   employees there No. 6; correct?

11       A    No. 6, yes, all correspondence and documents

12   exchanged.

13       Q    With any former Weather King employees, and you

14   put "none" on there; correct?

15       A    Yes.

16       Q    And No. 4, if you turn back, asks about

17   communications with investors, and your response was

18   none; correct?

19       A    Correct.

20       Q    And if you flip over to the next page to No. 8,

21   that's asking about dealers.  And your response was you

22   didn't possession anything; correct?

23       A    Correct.

24       Q    And then builders is asked on No. 9, and your

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 16 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3051   1:22-cv-01230                              Deposition of Jesse A. Maupin

Page 64

1    **response is none; correct?**

2          A    Correct.

3          **Q    No. 11 is asking about drivers -- I'm sorry,**

4    **not -- yeah, 11, communications with drivers, and you put**

5    **none; correct?**

6          A    Correct.

7          **Q    And 12 and 13, these -- asking about**

8    **communications with rental companies, including BPS, and**

9    **you put none; correct?**

10         A    Correct.

11         **Q    No. 15 is asking about communications with**

12    **anybody about leasing property, and you put "none" on**

13    **that; correct?**

14         A    Correct.

15                MR. PASTERNAK:  Objection.  It's not asking for

16    communications, counsel.  It's asking for correspondence.

17                MR. JOHNSON:  Pardon me?

18                MR. PASTERNAK:  You're saying -- asking that --

19    these requests are asking for all communications.

20                MR. JOHNSON:  I meant, yeah, correspondence.

21                MR. PASTERNAK:  Yeah.  That's not what you're

22    saying.

23                MR. JOHNSON:  That's not what my question was?

24

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 17 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3052   1:22-cv-01230

Deposition of Jesse A. Maupin

Page 65

1    BY MR. JOHNSON:

2        **Q      The question is asking for correspondence, and**

3    **the answer is none.**

4                  **Are these -- were these responses**

5    **truthful and accurate?**

6        A    Yes.

7        **Q      What was your understanding of what the court**

8    **expected you and ABCO to do to look for and produce**

9    **documents in response to Weather King's request?**

10       A    My understanding was if we had any notes.  If

11   we had anything -- any paper or anything like that.  Any

12   emails, that we had to turn them over.

13       **Q      Text messages?**

14       A    The text messages was all done on -- it was all

15   retrieved off of our telephones.

16       **Q      Okay.  What did you and ABCO do to look for**

17   **responsive documents?**

18       A    Well, we looked through everything that we had

19   access to that that we could remember of anything that

20   would be pertinent to it.

21       **Q      Okay.  And what did you have access to?**

22       A    Well, we don't -- I don't keep notes.  This

23   isn't -- this hasn't been a document case.  I mean, we

24   don't -- most everything I've ever done has been in

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 18 of 81
PageID 3053
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230        Deposition of Jesse A. Maupin

Page 66

1      person.  I don't keep notes.  I don't keep a ledger.  I

2      mean, it's not the type of person that I am.  Most people

3      that we work with are the same way.

4          **Q      Did you scroll through your cell phone to see**

5      **whether you had responsive documents?**

6          A    No.

7          **Q      Why not?**

8          A    Because our cell phones would -- I was told the

9      cell phones will end up getting turned over and

10     everything will be retrieved off of that.  Don't delete

11     anything, and we didn't.

12         **Q      What kind of phone have you possessed?**

13         A    The same one for the past eight years, an

14     iPhone X.

15         **Q      And for your iPhone, you've had your messages**

16     **backed up to iCloud; correct?**

17         A    I guess, if someone -- I don't know.

18         **Q      Okay.  Do you know if your iCloud storage was**

19     **free or whether you paid a monthly fee to Apple for**

20     **ICloud storage?**

21         A    There's a monthly fee.  There always has been.

22         **Q      Okay.  And you've had that subscription to**

23     **iCloud's storage for your messages since before 2022?**

24         A    Yes.  As far as I know, since I got the phone.

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 19 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3054   1:22 -cv-01230                                    Deposition of Jesse A. Maupin

Page 67

1      **Q      Did you and ABCO employees check your iCloud**
2      **messages in response to Weather King's discovery?**
3             A      No.
4             **Q      Why not?**
5             A      Because it was going to be retrieved off of the
6      telephones for the forensic analysis.
7             **Q      Okay.   What is the basis of your belief that it**
8      **was going to be retrieved from your phones as part of the**
9      **forensic analysis?**
10                 MR. PASTERNAK:   Don't answer that.   It's
11      privileged communication.
12                 MR. JOHNSON:   All right.   Let me just ask it
13      this way.
14      BY MR. JOHNSON:
15             **Q      Is the source of that information your legal**
16      **counsel?**
17             A      Yes.
18             **Q      Okay.   Any other source other than your legal**
19      **counsel?**
20             A      No.
21             **Q      Okay.   You responded to those document requests**
22      **in March of 2023; correct?   You could flip it over.**
23             A      Yes.
24             **Q      Okay.   And then No. 14, if you look at your**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 20 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3055
1:22 -cv-01230   Deposition of Jesse A. Maupin

Page 80

1                    (Deposition Exhibit No. 25 marked for

2                         identification by counsel and

3                         tendered to the witness.)

4    BY MR. JOHNSON:

5         **Q    And then in response to that letter, I'm**

6    **handing you what I've marked as Exhibit 25, which is a**

7    **May 5, 2023 letter from Mr. Pasternak.  And then if you**

8    **look at Page 2 of that letter under request No. 13 and**

9    **15, do you see there?  Read that for us.**

10        A    Maupin confirmed that he has no responsive

11   documents.  We are not required to give you an

12   explanation of the facts as they are.

13        **Q    Okay.  What did you do to confirm that you had**

14   **no responsive documents?**

15        A    I didn't have documents.  I don't keep

16   documents.

17        **Q    Okay.**

18        A    And I didn't --

19        **Q    You don't keep --**

20        A    There's no paper trails to any of this stuff.

21        **Q    You don't keep text messages?**

22        A    I do.

23        **Q    Okay.  Well, isn't that a document?**

24        A    I must have misunderstood what a document is.

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 21 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230   PageID 3056                                    Deposition of Jesse A. Maupin

Page 81

```
 1    I thought a document was something that you hand

 2    somebody, a physical -- that had a physical substance to

 3    it.

 4                         (Deposition Exhibit No. 26 marked for

 5                             identification by counsel and

 6                             tendered to the witness.)

 7    BY MR. JOHNSON:

 8         Q    Okay.  I'm going to hand to you a document

 9    which we'll mark as Exhibit No. 26.  This is the

10    defendants' opposition to Weather King's motion to compel

11    forensic examination.

12                    On Page 1, read that third sentence,

13    please?

14         A    They have provided all the documents that they

15    possess, although plaintiff refuses to believe it.

16         Q    Okay.  And then read that last sentence on

17    Page 1 there at the bottom, please.

18         A    Plaintiff, despite defendants' discovery

19    responses and multiple confirmations by counsel, refuses

20    to accept the simple fact that most of the documents

21    requested do not exist in defendants' hands.

22         Q    Okay.  So you went from claiming that

23    responsive documents never existed in the first place to

24    acknowledging they existed but claiming that they do not
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 22 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3057   Deposition of Jesse A. Maupin

Page 82

```
 1      exist in your hands; correct?

 2           A    Yes.

 3           Q    Okay.  Is this because you knew that responsive

 4      documents did indeed exist, you were just trying to claim

 5      that you no longer had possession of them?

 6           A    No.

 7           Q    Okay.  What was it?

 8           A    I thought a document was something that was

 9      physical, and it could be handled and given to someone.

10           Q    Okay.  What was -- did you have communications

11      with your legal counsel about that?

12                MR. PASTERNAK:  Objection.  Do not answer.

13                MR. JOHNSON:  I'm sorry, you said do not

14      answer?

15                MR. PASTERNAK:  Frivolous.

16                MR. JOHNSON:  Yeah, okay.  I'm just confirming.

17      BY MR. JOHNSON:

18           Q    I'm just asking if there were not -- I'm not

19      asking for the substance of the communication.  I'm just

20      asking if you did have communications about that with

21      your legal counsel?

22                MR. PASTERNAK:  It goes to the substance of the

23      communication, counsel.  Do not answer.

24                MR. JOHNSON:  Okay.
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 23 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3058
1:22-cv-01230                                                         Deposition of Jesse A. Maupin

Page 83

1    BY MR. JOHNSON:

2         **Q    Did you understand that the opposition of this**

3    **motion to compel forensic examination was talking -- was**

4    **in response to a motion that we filed asking why you did**

5    **not produce text messages?**

6         A    No.

7         **Q    Okay.  Did you -- is it your custom to review**

8    **documents that Weather King has filed in this case?**

9         A    I review them.  Half of them I don't honestly

10   understand.  But I review them, yes.

11        **Q    Is it your practice, too, to review drafts of**

12   **your court filings before they're filed?**

13        A    I read over them, yes.

14                         (Deposition Exhibit No. 27 marked for

15                          identification by counsel and

16                          tendered to the witness.)

17   BY MR. JOHNSON:

18        **Q    Okay.  I'm going to hand to you a document,**

19   **which we'll mark as Exhibit 27.  This is the defendants'**

20   **response to plaintiff's motion to compel supplementation**

21   **of discovery responses filed with the court dated June 7,**

22   **2023.**

23                         **And in this document you told Weather**

24   **King and the court that the reason why you didn't produce**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 24 of 81
                                                              PageID 3059
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                    Deposition of Jesse A. Maupin

Page 84

1    **documents that Weather King requested was because Weather**

2    **King owned all of the defendants' cell phones and other**

3    **devices and that you had -- that all defendants had**

4    **returned the devices to Weather King after you left**

5    **Weather King; is that correct?**

6          A    I'll have to read over this.  I don't --

7          **Q    Well, let's look at Page 10.  If you'll read --**

8    **if you look down that paragraph in Section C, the third**

9    **sentence, if you could read that sentence, please.**

10         A    Defendants have informed plaintiff on numerous

11   occasions that the cell phones and laptops defendants

12   used when working at Weather King were owned by Weather

13   King and, therefore, returned to Weather King upon each

14   defendants discharge.

15         **Q    So on June 27, 2023, that was the excuse that**

16   **you told the court for why responsive information wasn't**

17   **produced; is that correct?**

18         A    That's what it says.

19         **Q    Okay.  Was that a truthful and accurate**

20   **representation that you made to the court?**

21         A    No.  The laptops, yes.  All that stuff was

22   owned by Weather King.  The cell phones, no.

23         **Q    Okay.  What's your explanation for why you made**

24   **an inaccurate representation to the court?**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 25 of 81
PageID 3060
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                    Deposition of Jesse A. Maupin

Page 85

| | |
|---|---|
| 1 | MR. PASTERNAK: And you're ignoring, counsel, |
| 2 | that he corrected it. Go ahead. You could answer. |
| 3 | THE WITNESS: I don't remember. I don't know |
| 4 | why I would have agreed to that. The cell phones were |
| 5 | never property. In the beginning, some of us had cell |
| 6 | phones through the company. But the cell phones were |
| 7 | never owned by Weather King. |
| 8 | BY MR. JOHNSON: |
| 9 | **Q    Well, as we sit here today, do you have an** |
| 10 | **explanation other than that on why this was misstated to** |
| 11 | **the court?** |
| 12 | A    No, sir. |
| 13 | **Q    As a consequence of all this, you and the other** |
| 14 | **defendants were required to turn over your cell phones** |
| 15 | **and other devices for a forensic examination; correct?** |
| 16 | A    I didn't know it was a consequence. I was told |
| 17 | they were going to get turned over anyways so, yeah, I |
| 18 | guess. |
| 19 | **Q    Well, you -- in that document you're looking at** |
| 20 | **now, you objected to producing -- turning over your** |
| 21 | **devices for a forensic examination?** |
| 22 | A    Yes. |
| 23 | **Q    Okay.  So why did you -- if you -- why did you** |
| 24 | **think at the outset you were going to be turning over** |

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 26 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3061   1:22-cv-01230   Deposition of Jesse A. Maupin

Page 86

1      **everything in the first place?**

2           A    Well, that's -- I mean, that's what I had

3      understanding of.

4           **Q    What was the basis of your understanding?**

5           A    People that I had talked with.

6           **Q    Okay.  Other than legal counsel, who had you**

7      **spoken with about that?**

8           A    Other legal counsel.

9           **Q    Pardon me?**

10          A    Other legal counsels.

11          **Q    Other --**

12          A    Other attorneys that I know.

13          **Q    Other attorneys told you this, okay.**

14          A    That you're going to end up giving them up

15     anyways.  You could fight it, but you're not going to --

16     and that's what the Lassens are dealing with now.

17          **Q    Okay.  Do you acknowledge that it was not until**

18     **we received documents from the forensic examination that**

19     **we obtained from you text messages and other**

20     **communications that Weather King requested in discovery**

21     **and that Weather King demanded that you preserve on**

22     **June 13, 2022?**

23          A    Yes.

24          **Q    Okay.  So sitting here today, what is now your**

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 27 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3062    Deposition of Jesse A. Maupin

Page 87

```
 1    excuse for why you failed to produce those
 2    communications?
 3         A    I didn't know the communications were
 4    documents.
 5         Q    Okay.  Did you delete or try to delete any text
 6    messages or other communications?
 7         A    No.
 8         Q    Did you discuss deleting communications with
 9    any of the other defendants?
10         A    After the litigation hold letter, yes, we -- it
11    was discussed in a group meeting.  Don't delete anything.
12         Q    No one ever suggested to delete anything?
13              No one suggested to delete anything?
14         A    No.
15         Q    When you spoke with the other individual
16    defendants about joining the ABCO enterprise, you knew
17    what they were earning with Weather King; is that
18    correct?
19         A    Yes.
20         Q    Okay.  And did you tell them they would make
21    more money -- they stood to make more money with ABCO?
22         A    Yes.
23
24
```

Page 93

1          Q     And would the first time that you would have

2    discussed the ABCO enterprise with Mr. Feagin have been

3    around this time?

4          A     Yes.

5          Q     You say at 10:26, I've got a pretty good plan

6    that I'm certain will make everyone happy; correct?

7          A     Yes.

8          Q     What was that plan?

9          A     I don't remember that.  That was two years ago.

10   I don't even remember this conversation.

11         Q     Well, we talked earlier this morning,

12   Mr. Maupin.  You said, all your conversations were verbal

13   and in person.  And so I'm wondering why we are seeing

14   text messages with Mr. Feagin about ABCO if all of your

15   conversations were verbal and in person?

16         A     I didn't remember these conversations.  If

17   there was something that was important, then it was done

18   in person.  I don't remember this.

19         Q     Well, did you go back and look at your text

20   messages before you responded to our discovery request?

21         A     No.

22         Q     Did something prevent you from doing that?

23         A     I didn't -- like I said earlier, I didn't know

24   text messages were documents.

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 29 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3064    Deposition of Jesse A. Maupin
1:22-cv-01230

Page 94

1        **Q    Well, it didn't have anything to do with**

2    **whether text messages were documents.**

3                **But did you -- did you think to look at**

4    **your text messages before you responded to Weather King's**

5    **interrogatories?**

6        A    No.

7        **Q    Okay.**

8                    **(Deposition Exhibit No. 33 marked for**

9                        **identification by counsel and**

10                       **tendered to the witness.)**

11    BY MR. JOHNSON:

12       **Q    I'm going to hand to you what we've marked as**

13   **Exhibit 33.  It starts with ABCO 57144.**

14               **Do you recognize these as January 16,**

15   **2022 text messages between you and Mr. Feagin?**

16       A    Yes.

17       **Q    Okay.  If you look at that text message on**

18   **11:04 that you text, read that for us?**

19       A    11:04?

20       **Q    Yes.**

21       A    It says, Everyone is gonna get to see just how

22   damn good all of us are and we will dominate and have fun

23   doing it, too.

24       **Q    That was part of the plan to dominate the west,**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 30 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3065   1:22 -cv-01230

Deposition of Jesse A. Maupin

Page 128

```
1        A    We did not retain him.

2        Q    Okay.  Let's look at Exhibit 5 again.

3        A    I haven't been able to find 5 yet.

4        Q    We'll help clean this up after the next break.

5   Here, I'll just hand you my copy.

6                  We're looking at interrogatory No. 3, and

7   this is asking for communications that you had before you

8   left Weather King including with Weather King builders;

9   correct?

10       A    Yes.

11       Q    And you did not identify Kerry Ratzlaff on

12  there and you did not identify Ryan Woods on there;

13  correct?

14       A    There was one of them on there that -- one of

15  these that it did -- there was one earlier that said that

16  I had talked with Ponderosa Portables, and you notated

17  that that was Kerry Ratzlaff.

18       Q    Well, I'm not sure which one that's referring

19  to.  But at least on this one, there's no reference to --

20       A    No, no, there is not.

21       Q    And is there a reference to Ryan Woods on

22  there?

23       A    No.

24       Q    So that response is not truthful and accurate,
```

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 31 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3066    Deposition of Jesse A. Maupin
1:22 -cv-01230

Page 129

```
1     is it?

2          A     Correct, yes.

3          Q     When did you first speak with Ryan Woods about

4     the possibility of building sheds for ABCO?

5          A     I don't remember.  It was hot, and it wasn't

6     long before he died.  I don't remember.

7                          (Deposition Exhibit No. 53 marked for

8                           identification by counsel and

9                           tendered to the witness.)

10    BY MR. JOHNSON:

11         Q     I am handing you what we've marked as

12    Exhibit 53.  This is document produced by First Bank

13    stamped 5409.

14                    And these reflect a $40,000 payment going

15    from ABCO to Ryan Woods on April 15, 2022; correct?

16         A     Correct.

17         Q     What was the purpose of that payment?

18         A     To buy that Celtic forklift that he had.

19         Q     So ABCO was buying a forklift from him for

20    ABCO's use?

21         A     Yes.

22         Q     And where did that forklift go to?

23         A     Milan.  It was referenced in the text messages

24    with Ryan earlier.
```

Case 1:22-cv-01230-STA-jay Document 188-1 Filed 02/27/25 Page 32 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3067
Deposition of Jesse A. Maupin

Page 137

```
 1   January 12, 2022?

 2       A    Yes.

 3       Q    And what's that discussing?

 4       A    It says that Ryan had brought Scott into the

 5   know.  Not all but some.  We have him, and more

 6   important, I think he will help a lot getting things

 7   prepped.

 8       Q    So do you construe that as Ryan Brown

 9   indicating that he's been lining up drivers and other

10   people to join ABCO?

11       A    It confirms that he did Scott.

12       Q    Okay.  Keeping things secret was important;

13   correct?

14       A    Yes.

15       Q    Okay.  Who was Kyron Koehn?

16       A    Kyron Koehn?

17       Q    Koehn.  That's spelled K-o-e-h-n.

18       A    He was a driver in Peoria?

19       Q    Okay.  Independent contractor?

20       A    Yes.

21       Q    Is he an honest person?

22       A    Yes.

23       Q    Did -- I take it judging from your response to

24   interrogatories that you never spoke -- had any
```

Page 138

1     **conversation with Kyron about joining ABCO while you were**

2     **still employed by Weather King; is that accurate?**

3          A     I talked to Kyron, yes.  I talked to Kyron.

4     But Patrick Baize is the one who actually talked with

5     Kyron.

6          **Q     I'm sorry, repeat that.**

7          A     Patrick Baize talked to Kyron after I talked to

8     Pat Baize, and then Kyron came to me about it.  So I did

9     talk to him, yes.

10         **Q     Okay.  Well, why was he not listed in response**

11    **to that last interrogatory we just went over?**

12         A     I just forget about him.  He's not driving for

13    us currently, and I forget about him.

14         **Q     Did you encourage him to join ABCO while you**

15    **were still employed by Weather King?**

16         A     I didn't encourage him.  He said he's on board

17    in the text messages that you all got.

18         **Q     If he were to testify that you encouraged him**

19    **to join ABCO while you were still employed by Weather**

20    **King, would he be lying?**

21         A     He won't testify to that.

22         **Q     I'm asking, if he were to testify to that,**

23    **would he be lying?**

24         A     Yes.

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 34 of 81
PageID 3069
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. 1:22 -cv-01230                    Deposition of Jesse A. Maupin

Page 146

```
1    is that, John?
2              MR. DOLLARHIDE:  The first responses would be
3    12.
4    BY MR. JOHNSON:
5         Q    Turn to Page 34.  This is requests for
6    admission No. 88.  I'm sorry, No. -- I'm sorry, No. 90.
7    It stays, While still employed by Weather King,
8    Mr. Feagin encouraged one or more Weather King dealers to
9    plan to do business with ABCO, and ABCO denied that.
10                   Is that a truthful and accurate response?
11        A    Well, as far as I knew then, yes.
12        Q    You say, as far as you know then.  You were
13   answering here on behalf of ABCO.
14                   What did you do to respond to these
15   requests for admissions on behalf of ABCO?
16        A    I asked them about it.
17        Q    And Mr. Feagin denied it?
18        A    Yes.
19        Q    Okay.  Do you think that was truthful and
20   accurate?
21        A    No.
22        Q    Okay.  Then why did you respond this way?  Or
23   why did ABCO respond this way?
24        A    Well, I didn't know that until after this.
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 35 of 81
PageID 3070
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                         Deposition of Jesse A. Maupin

Page 147

```
 1        Q      Okay.  And then if we flip over to Page 37.
 2   The same question is posed -- or the same requests for
 3   admission is posed in 104 as it relates to Adrian Harrod.
 4   It says, While still employed by Weather King, Mr. Harrod
 5   encouraged one or more Weather King dealers to plan to do
 6   business with ABCO, and the response is denied.
 7                   Is that truthful and accurate?
 8        A      Yes.  He had told me no.
 9        Q      Do you believe that to be truthful and accurate
10   now as we sit here today?
11        A      No.
12        Q      Okay.  And why do you now believe that to be
13   untruthful and inaccurate?
14        A      I mean, two years later you find out a lot of
15   stuff.
16        Q      How did you find out?
17        A      I mean, you're going to -- through the word on
18   the street, you're going to find out.  It's, I mean, with
19   talking with people.
20        Q      Well, do you recall who specifically you spoke
21   with that made you convinced that Mr. Harrod and
22   Mr. Feagin were, in fact, encouraging Weather King
23   dealers to join the ABCO enterprise?
24        A      I don't remember the specifics, no.
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 36 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3071   1:22 -cv-01230

Deposition of Jesse A. Maupin

**Page 153**

1    BY MR. JOHNSON:

2         **Q    I'm handing you what we've marked as**

3    **Exhibit 59.  This is stamped ABCO 56430.**

4              **Do you recognize this as text messages**

5    **with Ms. Keeling dated January 18, 2022?**

6         A    Yes.

7         **Q    And these texts are referring to you wanting to**

8    **have a discussion with her about ABCO; correct?**

9         A    Correct.

10        **Q    You said, Nobody needs to know about it because**

11   **you wanted to keep it on the hush, on the down low;**

12   **correct?**

13        A    Yes.

14        **Q    You said all of your conversations with the**

15   **dealers were in person and verbal.**

16             **Why were you sending text messages about**

17   **this, Mr. Maupin?**

18        A    Well, that wasn't a conversation -- that wasn't

19   a conversation other than telling her to call me.

20        **Q    Okay.  So we shouldn't see any text**

21   **communications between you and any dealers about you**

22   **getting ABCO started before June 1, 2022, should we?**

23        A    Not that I remember.

24        **Q    Okay.  In here you were wanting Robin Keeling's**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 37 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3072   Deposition of Jesse A. Maupin
1:22-cv-01230

Page 169

```
 1                            (Deposition Exhibit No. 65 marked for

 2                               identification by counsel and

 3                               tendered to the witness.)

 4     BY MR. JOHNSON:

 5          Q     Let's look at what I've marked as Exhibit 65.

 6     It starts at ABCO 64537.

 7                    Do you recognize these as text messages

 8     between you and Logan Feagin on May 9, 2022?

 9          A     Yes.

10          Q     What do you say in that text at 12:11?

11          A     Moriarty is taken care of.  I've talked to

12     Jeanne and John, and they are on board and ready to rock

13     with us, so they are taken care of.

14          Q     So you had lined them -- you had lined up

15     Jeanne's dealership on or before May 9, 2022; correct?

16          A     Yes.

17          Q     And Logan Feagin is happy about that; correct?

18          A     Yes.

19          Q     These are texts during -- Well, strike that.

20                            (Deposition Exhibit No. 66 marked for

21                               identification by counsel and

22                               tendered to the witness.)

23     BY MR. JOHNSON:

24          Q     This is Exhibit 66.  This is a text message
```

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 38 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    1:22-cv-01230    PageID 3073    Deposition of Jesse A. Maupin

Page 170

```
 1    that Jeanne produced in discovery that's marked -- is it

 2    Dvorak?  Remind me.

 3          A    Dvorak, yeah.

 4          Q    Dvorak 63, and this is a text -- do you

 5    recognize this as a text communication between her and

 6    you?

 7          A    Mm-hmm.

 8          Q    Is that a "yes"?

 9          A    Yes, sir.

10          Q    And on May 25, 2022, she's asking you about

11    your new logo; correct?  ABCO's new logo?

12          A    Yes.

13          Q    Okay.  And whether your --

14               THE COURT REPORTER:  I'm sorry, and whether?

15    BY MR. JOHNSON:

16          Q    Whether ABCO sheds would look similar to

17    Weather King; correct?

18          A    Yes.

19          Q    Why was this discussion not mentioned in ABCO's

20    discovery responses or your discovery responses?

21          A    I didn't remember having it.

22          Q    Did you go back and look at your text messages

23    with Jeanne to see whether they may contain responsive

24    information?
```

Case 1:22-cv-01230-STA-jay  Document 188-1  Filed 02/27/25  Page 39 of 81
PageID 3074
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.  1:22 -cv-01230                                   Deposition of Jesse A. Maupin

Page 184

1     he quoted me, he quoted it under Weather King's name

2     because he thought that was who it was for.

3          Q     And you didn't correct him?

4          A     Yeah, he re-sent invoices.

5          Q     Oh, okay.

6                         (Deposition Exhibit No. 72 marked for

7                          identification by counsel and

8                          tendered to the witness.)

9     BY MR. JOHNSON:

10         Q     I hand to you what we've marked as Exhibit 72.

11               Do you recognize this as all the

12    defendants' amended answer to Weather King's first

13    amended complaint?

14         A     Yes.

15         Q     Okay.  If you'll flip over to Page 17,

16    Paragraph 48 reads, On January 31, 2022, Defendant Maupin

17    emailed to himself a photograph of Weather King's

18    inventory count for each of its states.

19               Do you see that?

20         A     Yep.  Yes, sir.

21         Q     And then if you flip over to the next page, you

22    denied that, didn't you?

23         A     It goes over the P&L in that same paragraph.

24         Q     Well, your answer denies the whole thing,

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 40 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3075
1:22-cv-01230                                                                                      Deposition of Jesse A. Maupin

Page 185

```
 1    doesn't it?

 2         A     The answer does, but I mean, I did both.  I

 3    don't know why it says denied.

 4         Q     So you don't -- so that denial is not an

 5    accurate representation to the court; is that correct?

 6         A     Correct.

 7                         (Deposition Exhibit No. 73 marked for

 8                          identification by counsel and

 9                          tendered to the witness.)

10    BY MR. JOHNSON:

11         Q     I hand you what we've marked as Exhibit 73,

12    which starts at WK-23.

13                    Could you explain what this is,

14    Mr. Maupin?

15         A     Yes.  It is the year-end inventory count that

16    Jennifer Hollingsworth would have given to me and all of

17    the rest of the guys for the year-end inventory.

18         Q     And you're sending this to yourself for ABCO's

19    use, aren't you?

20         A     No.  Those are no use for that.

21         Q     Those are no use.  Why are you sending it to

22    yourself?

23         A     I didn't have a scanner.  I sent myself lots of

24    stuff or I would have to either get the girls, Amber or
```

Page 186

1    Stephanie or Brittany, to scan and send me stuff, or I'd

2    have to take a picture of it and email it to myself.

3         **Q    Well, if the records show that you sent it to**

4    **your personal email address and not your company email**

5    **address, why would you have been sending it to your**

6    **personal email address?**

7         A    It would have been a mistake.  And when I click

8    on it, I had two emails, and I use my gmail account quite

9    often because all of our stuff was done on Google sheets.

10        **Q    Looking back at the last exhibit, 72,**

11   **Paragraph 48.  The second sentence there says, On**

12   **March 4, 2022, Mr. Maupin emailed to himself photographs**

13   **of Weather King's profit and loss statement and balance**

14   **sheet.**

15             **Do you see that?**

16        A    Yes.

17        **Q    And that denial that it -- was that truthful**

18   **and accurate?**

19        A    The denial, no.

20                        (Deposition Exhibit Nos. 74 and 75

21                         marked for identification by counsel

22                         and tendered to the witness.)

23   BY MR. JOHNSON:

24        **Q    Okay.  I'm handing you what we've marked as**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 42 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3077
1:22 -cv-01230

Deposition of Jesse A. Maupin

Page 187

1       **Exhibits 74 and 75.  74 is WK-25 to 27, and 75 is WK-28**

2       **to 31.**

3                       **What are these emails, Mr. Maupin?**

4           A       They are the profit and loss and balance sheet?

5           **Q       Of who?**

6           A       Of Weather King.

7           **Q       Okay.  Why were you emailing these to yourself?**

8           A       I was going to -- my original intent with them

9       was to confront David about the information that was on

10      them.

11          **Q       Well, where did you get the information?**

12          A       Where were these?  They were in a manila

13      envelope back in Tim Boyd's cubicle.

14          **Q       And it was a manila envelope that was sealed**

15      **with Tim Boyd's name on it, wasn't it?**

16          A       No.

17          **Q       Okay.  Why was your original intent to confront**

18      **Mr. Sullivan with it?**

19          A       Because for the longest time, you know, we

20      can't fix this.  We can't do this, and we can't do that

21      because we don't have the money, and it shows that we did

22      have the money.  And I talked to my wife about it, and

23      she said that would be a bad idea.  That I would get my

24      walking papers for that.

Case 1:22-cv-01230-STA-jay  Document 188-1  Filed 02/27/25  Page 43 of 81
PageID 3078
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22-cv-01230    Deposition of Jesse A. Maupin

Page 188

1       **Q      I believe you previously testified to this.**
2  **But just to confirm, you acknowledge that you didn't have**
3  **authorized access to this information; correct?**

4       A      It was laying on an open cubicle.  I didn't
5  even know what it was when I opened it.

6       **Q      Okay.  But you were not authorized to have this**
7  **financial information of Weather King; correct?**

8       A      I don't guess, no.

9       **Q      Did you believe that this information would be**
10  **useful for ABCO?**

11       A      I mean, I thought it might be.  But there's
12  really nothing on there -- that's not -- it doesn't tell
13  you how to sell a building or how to build a building or
14  deliver a building.  So I mean . . .

15       **Q      Let's go back to Exhibit 5, which is your first**
16  **discovery responses.**

17       A      Five is the one that I couldn't find earlier,
18  David.

19       **Q      It should be a thick one.  Let me see -- this**
20  **might be it.  This one right here.  Look on Page 5.**

21                  **Okay.  This interrogatory No. 8 asks you**
22  **information about accessing Weather King's profit and**
23  **loss statements, balance sheets or inventory counts;**
24  **correct?  And in response there, you say, I printed the**

Case 1:22-cv-01230-STA-jay  Document 188-1  Filed 02/27/25  Page 44 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.  PageID 3079  1:22-cv-01230  Deposition of Jesse A. Maupin

Page 189

```
 1    pictures, deleted them, did nothing with them, and left

 2    them behind in my desk when I left Weather King.

 3                    Did I read that correctly?

 4         A    Yes.

 5         Q    Is that truthful and accurate?

 6         A    No.

 7         Q    Okay.  What is untruthful?

 8         A    Well, I mean, I did email them to myself and I

 9    did throw them away or left them there.  But I did send a

10    picture of the bottom corner, I think there was nine

11    lines, to Barry and Wade.

12         Q    By text?

13         A    Yes.

14         Q    So that was something that we learned through

15    the forensic examination, isn't it, Mr. Maupin?

16         A    I think you had that before that.

17         Q    Well, I'll just represent to you that we did

18    not have those text messages.

19                         (Deposition Exhibit No. 76 marked for

20                          identification by counsel and

21                          tendered to the witness.)

22    BY MR. JOHNSON:

23         Q    I handed to you what we'll mark as Exhibit 76,

24    which is ABCO 4734.
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 45 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3080   1:22-cv-01230   Deposition of Jesse A. Maupin

Page 194

```
1      Q    I mean, he says, Awesome job.  He was tickled
2   pink, wasn't he?
3        A    Yes.
4      Q    Okay.  And then at 11:57, he says, Honestly, I
5   think we'll hit it big right off the start and the LOC
6   won't even be a thought.
7              The LOC is the line of credit; correct?
8        A    Correct.
9      Q    And then you respond at 11:59, quote, "Our
10  people are ready," end quote; correct?
11       A    Yes.
12     Q    And they were ready because you were making
13  sure they were ready.  The people would get off right at
14  the start; correct?
15       A    Yes.
16     Q    Did you ever share with Kyron Koehn information
17  that you learned from that balance sheet or profit and
18  loss statement from Weather King?
19       A    Some information, yes.
20     Q    What information?
21       A    It would have been what the total sales were
22  and what the owners had made.
23     Q    So looking back at your response to
24  interrogatory No. 8, when it says, I printed the
```

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 46 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22-cv-01230   PageID 3081                                                  Deposition of Jesse A. Maupin

Page 195

```
 1    pictures, deleted them, and did nothing with them, that's

 2    not a full and complete, accurate and truthful response;

 3    correct?

 4         A    Well, correct.  I mean -- but I didn't do

 5    nothing with them.

 6         Q    Well, you shared some of the information with

 7    Kyron Koehn, didn't you?

 8         A    Yes.

 9         Q    As well as Barry Harrell and --

10         A    Wade Etherton.

11         Q    -- Wade Etherton.  What about anybody else?

12         A    Not that I remember.

13         Q    Going back to that prior exhibit that I told

14    you to keep.  There it is.  I think it's 77.

15                   If you look on that last page at

16    11:00 o'clock, you say --

17         A    Hold on.

18         Q    Well, I had the right exhibit.  Let's see.  No,

19    I'm sorry, it's --

20         A    76?

21         Q    Yes, sir, Exhibit 76.

22                   Look at the second to last page of that

23    one at 11:00 o'clock.  You say on there, There's good

24    info on all of that; correct?
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 47 of 81
                                            PageID 3082
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                    Deposition of Jesse A. Maupin

Page 236

1    **between you and Haley Bomar?**

2         A    Yes.

3                              (Deposition Exhibit No. 105 marked

4                              for identification and tendered to

5                              the witness.)

6    BY MR. JOHNSON:

7         **Q    Handing you what we've marked as Exhibit 105,**

8    **which is ABCO 63140.**

9                    **Do you recognize these as text messages**

10   **between you and Wade Etherton on May 2, 2022; correct?**

11        A    Yes.

12        **Q    And this is referring to getting authorization**

13   **to invite Amber Hill to join your business enterprise;**

14   **correct?**

15        A    Yes.

16        **Q    And you previously mentioned that --**

17   **acknowledged that you did not list Amber Hill as a person**

18   **with whom you communicated about ABCO while you worked**

19   **for ABCO [sic]; correct?**

20        A    I had said Amber earlier.  It wasn't on the

21   original interrogatories, but we discussed that earlier.

22        **Q    Right.**

23

24

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 48 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3083   #:22-cv-01230   Deposition of Jesse A. Maupin

Page 257

1    **employees?**

2         A    I don't know.

3         **Q    You wanted to have them lined up before you**

4    **left, didn't you?**

5         A    Yes.

6         **Q    Who all did you say was there, the employees**

7    **and drivers from that plant; is that correct?**

8         A    No.

9         **Q    Who all was there?**

10        A    Brian Lassen, Aleyna, and the builders.

11        **Q    Who all spoke at the meeting?**

12        A    Me and Brian.

13        **Q    And they were told during that meeting they**

14   **would have the opportunity to join the new business;**

15   **correct?**

16        A    We were leaving.  If you want to come, that's

17   up to you.

18        **Q    Okay.  Did you have a similar meeting before**

19   **June 1, 2022, in Peoria, Arizona?**

20        A    I did not.

21        **Q    Okay.  Did Daniel Hershberger have a similar --**

22   **have a meeting with the plant employees in June 1, 2022,**

23   **about leaving, about ABCO?**

24        A    On June 1?

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 49 of 81
PageID 3084
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                Deposition of Jesse A. Maupin

Page 258

1       **Q      Before June 1?**

2           A    Yes.

3           **Q    Okay.  And we'll get to that in a moment.**

4                **What was the plan for Peoria?**

5           A    Well, we rented a shop and build buildings

6       somewhere else.

7           **Q    And was the plan for Daniel Hershberger to**

8       **resign in mid June, work from a temporary facility, and**

9       **then try to squeeze Weather King out of Peoria?**

10          A    I don't know.

11          **Q    You don't know?**

12          A    Uhn-uhn.

13          **Q    You were in Peoria around May 25 and 26 with**

14      **Mr. Hershberger, weren't you, 2022?**

15          A    I don't remember.  I mean, possibly.

16          **Q    If Weather King's credit card statement showed**

17      **that it was paying for you to be out in Arizona in**

18      **May 25, May 26, would you deny that you were out there?**

19      **Would you dispute that?**

20          A    No.  I just don't remember.

21          **Q    Well, you remember your last trip out west**

22      **before you left Weather King?**

23          A    Not really.  I know it was right before

24      Memorial Day.

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 50 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3085

Deposition of Jesse A. Maupin

Page 259

```
 1      Q    Right.

 2      A    Or whatever holiday is in May.

 3      Q    Memorial Day.

 4                      (Deposition Exhibit No. 117 marked

 5                       for identification by counsel and

 6                       tendered to the witness.)

 7   BY MR. JOHNSON:

 8      Q    Handing you what's been marked as 117.

 9           Do you recognize these as May 26, 2022

10   texts with Daniel Hershberger?

11      A    Yes.

12      Q    And does that refresh your memory about being

13   out there around that point in time?

14      A    Yes.

15      Q    What is your understanding of what

16   Mr. Hershberger said to the employees at that meeting?

17      A    I don't know.  I wasn't there.

18      Q    What did you hear?

19      A    I mean, I don't -- I don't honestly remember.

20      Q    Well, one of the topics of -- one of the topics

21   for a Rule 30(b)(6) notice of ABCO was a person who would

22   have knowledge about communications with Weather King

23   employees.

24           Are you prepared in this deposition to
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 51 of 81
PageID 3086
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                                        Deposition of Jesse A. Maupin

Page 260

1      **answer on behalf of ABCO about what communications were**

2      **had in Peoria with the employees at that shop?**

3            A      I wasn't there.  I mean, I would have to ask

4      Daniel.  I don't know what was said.

5            **Q      So you weren't prepared to answer those**

6      **questions today?**

7                  MR. PASTERNAK:  That's not a topic, counsel.

8      You're drawing down to a very specific topic, and the

9      topic is communications.

10     BY MR. JOHNSON:

11           **Q      The bottom line is you're not prepared; is that**

12     **correct?**

13                 MR. PASTERNAK:  Disagree.

14                 THE WITNESS:  Yes.

15     BY MR. JOHNSON:

16           **Q      To answer that question?  At least that**

17     **question, you're not prepared?**

18           A      No, I didn't know what took place there.

19           **Q      But you do understand that Daniel Hershberger**

20     **had a meeting with the employees at that shop before**

21     **June 1, 2022?**

22           A .    Yes.

23           **Q      Do you know if that was before or after your**

24     **business trip out there?**

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 52 of 81
PageID 3087
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.  1:22 -cv-01230                                    Deposition of Jesse A. Maupin

Page 261

1         A      I don't know.

2         Q      If a Peoria employee testified that you were

3    present when that meeting took place, would you deny

4    that?

5         A      I was not there so, yes, I would deny that.

6                              (Deposition Exhibit No. 118 marked

7                               for identification by counsel and

8                               tendered to the witness.)

9    BY MR. JOHNSON:

10        Q      Okay.  Handing you what we've marked as

11   Exhibit 118.  This is ABCO 65349, and you are not a party

12   to this text chain.  This is a text chain that was

13   retrieved off of Daniel Hershberger's device in

14   forensics.

15                       And on May 27, 2022, he's -- at

16   8:57 p.m., he says, Hey, guys.  I'm meeting with Weather

17   King drivers on Monday to discuss future changes and

18   opportunities.  Just wondering if you would like to get

19   in on it.

20                       Do you see that?

21        A      Yes.

22        Q      Mr. Hershberger was employed by Weather King at

23   a time he sent that text; correct?

24        A      Yes.

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 53 of 81
PageID 3088
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                                   Deposition of Jesse A. Maupin

Page 262

| 1 | **Q** | **And he was also employed at Weather King that** |
|---|---|---|

1      **Q    And he was also employed at Weather King that**

2      **following Monday, which would have been May 30 according**

3      **to our calendar over here.**

4                    **Can you explain why Mr. Hershberger would**

5      **be having this meeting at Weather King's plant to discuss**

6      **future opportunities with a competing business enterprise**

7      **while he was still employed by Weather King?**

8           A    No.

9      **Q    Who was Paul Madson (phonetic)?**

10          A    He have was a painter.

11     **Q    Where was he?**

12          A    In Peoria.

13     **Q    Did you talk to him about ABCO?**

14          A    After the fact, yes.

15     **Q    When you say "after the fact," when was that?**

16          A    It was after June 1st.

17     **Q    Of 2022?**

18          A    Yes.

19     **Q    Is he an honest person?**

20          A    I guess.

21     **Q    Do you deny telling him that you would be**

22     **helping Hershberger get his plant up and running while**

23     **you were still employed by Weather King?**

24          A    No, I do not deny that.

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 54 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3089    Deposition of Jesse A. Maupin
1:22 -cv-01230

Page 263

```
 1        Q      Do you deny telling him before June 1, 2022,

 2    that Weather King would be closing the Peoria plant and

 3    no one would have a job?

 4        A      I don't remember telling Paul that, no.

 5        Q      You did not tell him that?

 6        A      I don't remember telling him.

 7        Q      Okay.  Do you remember telling him that he

 8    would be invited to have a job with the new company?

 9        A      I don't remember that either.

10        Q      Isn't it true that he kept trying to call Jill

11    Coker before you left the company on June 1?

12        A      He called that day, yeah, and he never asked to

13    talk to Jill.

14        Q      Well, you were fielding his calls, weren't you?

15        A      No.

16        Q      Who was Nathan Henthorn (phonetic)?

17        A      He was a builder in Peoria.

18        Q      Is he an honest person?

19        A      I don't know the guy.

20        Q      What conversations did you have with him about

21    ABCO before June 1, 2022?

22        A      I don't remember talking to Nathan about

23    anything.

24        Q      Do you know if a similar meeting was held in
```

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 55 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3090    Deposition of Jesse A. Maupin
1:22 -cv-01230

Page 264

1    **Milan, New Mexico, before June 1?**

2        A    I don't.

3        **Q    Do you know whether Ryan Brown had a meeting**

4    **with the employees at that shop before June 1, 2022?**

5        A    I don't.

6        **Q    Did you ask him?**

7        A    No.

8        **Q    Okay.  Well, let's look back at ABCO's**

9    **discovery responses that we were just looking at, which**

10   **was Exhibit 14, interrogatory No. 6.**

11                **In response to this interrogatory, why is**

12   **that meeting in Peoria, Arizona, with those employees not**

13   **listed?**

14       A    I didn't have the meeting.

15       **Q    Well, the answer is -- the answer is posed to**

16   **ABCO, not just to you.  The question is about identifying**

17   **any persons who were employed by Weather King and who was**

18   **approached about the possibility of forming an employment**

19   **relationship or other relationship with ABCO.**

20       A    But ABCO was --

21       **Q    Or an ABCO affiliate?**

22       A    ABCO and I didn't approach anybody.

23       **Q    Well, it's not asking if you or ABCO were**

24   **approached.  It's asking about who was approached by**

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 56 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3091    1:22-cv-01230                                    Deposition of Jesse A. Maupin

Page 265

```
 1    anyone?

 2         A    Then I didn't understand what it was asking.

 3         Q    Okay.  When was the plan for everyone to leave

 4    Weather King?

 5         A    Middle of June.

 6         Q    And as of late May 2022, the plan was for

 7    Stephanie Gillespie to leave at the end of May and then

 8    you guys to leave middle of June; correct?

 9         A    Yes.

10                        (Deposition Exhibit No. 119 marked

11                         for identification by counsel and

12                         tendered to the witness.)

13    BY MR. JOHNSON:

14         Q    I hand to you what we've marked as Exhibit 119.

15    This is ABCO 36705.

16              Do you recognize this as text messages on

17    May 31, 2022, between you and Daniel Hershberger?

18         A    Yes.  The question mark, so yes.

19         Q    And you were asking him to get his payroll in

20    before Gillespie left the company; correct?

21         A    Yes.

22         Q    It was important for you to be -- for Steph to

23    be the one to approve it; correct?

24         A    It was important for Daniel's log to get down.
```

Case 1:22-cv-01230-STA-jay Document 188-1 Filed 02/27/25 Page 57 of 81
PageID 3092
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. 1:22 -cv-01230    Continued Deposition of Jesse Maupin

Page 335

```
 1    This is ABCO 5064.

 2                  In that last text there at 6:28 p.m., he

 3    asked you a question.  Why don't you read what he asked

 4    you?

 5         A    Has the hostile takeover started, and he spelt

 6    it wrong.

 7         Q    Well, right.  And so had you portrayed to Mark

 8    Lovell then that you're planning what amounted to a

 9    hostile takeover or words to that affect?

10         A    Well, Mark knew.  But I mean, he labeled it

11    that, but yes.

12         Q    Okay.  Isn't it true that you and the other

13    defendants suggested to Weather King's relationships out

14    west such as dealers, drivers and builders that Weather

15    King would be in financial distress and not able to pay

16    its bills?

17         A    No.

18              MR. JOHNSON:  Could we hand the witness

19    Exhibit 17, please?

20                       (Whereupon, the document was

21                         tendered.)

22    BY MR. JOHNSON:

23         Q    If we look at interrogatory No. 5, this is an

24    interrogatory to ABCO, it's asking you to identify each
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 58 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3093
1:22-cv-01230

Continued Deposition of Jesse Maupin

Page 336

| | |
|---|---|
| 1 | **person who served as an ABCO employee and who was** |
| 2 | **previously employed by Weather King, and a number of** |
| 3 | **people are listed on there.** |
| 4 | **Is that response truthful and accurate?** |
| 5 | A    No. |
| 6 | **Q    Okay.   Why is it not truthful and accurate?** |
| 7 | A    It doesn't have Amber Hill on there. |
| 8 | **Q    And what about Mitch Sykes?** |
| 9 | A    Mitch Sykes was already -- I think he had |
| 10 | already had been terminated after whenever this was done. |
| 11 | **Q    Well, the question was identify each person who** |
| 12 | **has served as an employee of ABCO?** |
| 13 | A    Well, that was a mistake. |
| 14 | **Q    How much care did you give to responding to** |
| 15 | **Weather King's discovery?** |
| 16 | MR. PASTERNAK:  Objection.   Vague and |
| 17 | ambiguous. |
| 18 | THE WITNESS:  I mean, as much care as I could. |
| 19 | I mean, it was a -- you make mistakes. |
| 20 | BY MR. JOHNSON: |
| 21 | **Q    Would you agree Mr. Maupin that your discovery** |
| 22 | **responses and ABCO's discovery responses have contained** |
| 23 | **quite a few mistakes?** |
| 24 | A    They have had mistakes, yes. |

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 59 of 81
PageID 3094
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.  1:22 -cv-01230                          Continued Deposition of Jesse Maupin

Page 375

1    joists, all of that is different.

2              MR. JOHNSON:  Okay.  Could we please hand the

3    witness Exhibit 72?

4                        (Whereupon, the document was

5                          tendered.)

6    BY MR. JOHNSON:

7         Q    If we look on Page 22 and look at Paragraph 59

8    of our complaint, the first two sentences of that say,

9    Many jurisdictions require owners of certain portable

10   buildings to obtain a building permit.  Those

11   jurisdictions typically require a permit applicant to

12   submit building plans/drawings prepared by an

13   appropriately licensed engineer in connection with the

14   application.

15                  Do you see that?

16        A    Yes.

17        Q    Is that true?  Is that accurate?

18        A    Yes.

19        Q    Okay.  So looking at your answer, you put

20   denied on there.

21                  Why did you and ABCO deny that?

22        A    Because it -- and I guess it would have been --

23   it should have been a two-stage.  But they don't require

24   engineered -- require builders and sellers of portable

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 60 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3095
1:22-cv-01230                                                                         Continued Deposition of Jesse Maupin

Page 376

1    buildings to have pre-approved engineered plans before

2    units are built.

3         **Q    You're reading the third sentence?**

4         A    Yeah, I guess.

5         **Q    Why were the first two questions -- first two**

6    **sentences not admitted?**

7         A    I don't know.

8         **Q    Okay.  Now, let's look at Paragraph 62.  And**

9    **that one, the allegation is, Upon information and belief,**

10   **after his termination from Weather King, Mr. Maupin**

11   **retained copies of certain Weather King's engineering**

12   **plans prepared by Mr. Nolan, and the answer is denied.**

13                **Is that answer truthful and accurate?**

14        A    I didn't retain copies.  Everybody had them.

15        **Q    So you didn't retain any copies of Weather**

16   **King's drawings?**

17        A    Yes.

18        **Q    Okay.  And if we look -- I'm going to hand to**

19   **you what we'll mark as Exhibit 160.**

20                **(Deposition Exhibit No. 160 marked**

21                    **for identification by counsel and**

22                    **tendered to the witness.)**

23   BY MR. JOHNSON:

24        **Q    This is a letter from Adam Crider with the**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 61 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230   PageID 3096   Continued Deposition of Jesse Maupin

Page 377

1    **Rainey Kizer firm to me dated June 16, 2022.**

2                        **Is Mr. Crider an attorney who was**

3    **retained to represent you and ABCO as of the time?**

4            A    Yes.

5            **Q    And he was writing this letter on your behalf;**

6    **correct?**

7            A    Yes.

8            **Q    Okay.  If we look at that last paragraph there**

9    **at the bottom of the first page, it says, I have**

10   **conferred with my clients and they have assured me that**

11   **they did not retain -- I'm sorry, that they do not have**

12   **any property of Consolidated.**

13                       **Is -- that sentence, is that truthful and**

14   **accurate?**

15           A    At the date of this, it would have been, yes.

16           **Q    Okay.  And then a couple sentences down, it**

17   **says, For further clarification, Mr. Maupin and American**

18   **Barn do not have any electronically stored information of**

19   **Consolidated to return.**

20                       **Is that truthful and accurate?**

21           A    At that time we did not have any, yes.

22           **Q    Okay.  Did you possess any Weather King**

23   **property after you left Weather King, including**

24   **electronically stored information?**

Page 378

```
 1          A    No.
 2                        (Deposition Exhibit No. 161 marked
 3                         for identification by counsel and
 4                         tendered to the witness.)
 5     BY MR. JOHNSON:
 6          Q    If we look at -- I'm going to hand to you what
 7     we're marking 161.  This is a letter dated November 15,
 8     2022, from your attorney Mr. Pasternak to my partner John
 9     Dollarhide.
10                        And in there, there's another
11     assurances -- other assurance as of November 15, 2022,
12     that Mr. Maupin has not stolen Weather King's drawings or
13     used those drawings in conjunction with building permit
14     applications.
15                        Is that representation truthful and
16     accurate?
17          A    Yes, we didn't steal the drawings.
18          Q    Okay.  Or use those drawings in connection with
19     building permit applications; correct?
20          A    I did not, no, correct.  I did not.
21               MR. JOHNSON:  If we could hand the witness
22     Exhibit No. 5 please.  This is Mr. Maupin's first
23     discovery responses.
24
```

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 63 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3098    1:22-cv-01230    Continued Deposition of Jesse Maupin

Page 379

```
 1                    (Whereupon, the document was

 2                         tendered.)

 3     BY MR. JOHNSON:

 4          Q     And if you flip over to Page 4, interrogatory

 5     No. 7, did that ask you to identify all property of

 6     Weather King that has been in your possession at any time

 7     after the date of termination of your employment with

 8     Weather King, and your response is none; correct?

 9          A     Correct.

10          Q     Is that truthful and accurate?

11          A     No.

12          Q     Why is that not truthful and accurate?

13          A     Because every dealer had Weather King's plans

14     on their computer.

15          Q     Well, this isn't asking about dealers.  This is

16     asking about you.

17          A     Well, I mean, I got it off the dealers'

18     computers.

19          Q     Okay.  Interrogatory No. 10 asks to identify

20     all Weather King property to which you had authorized

21     access but that you shared with a third-party or

22     otherwise made use of the property for any purpose other

23     than the furtherance of Weather King's business, and your

24     response to that is none.
```

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 64 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3099
1:22-cv-01230   Continued Deposition of Jesse Maupin

Page 380

1                    **Do you see that?**

2       A     Mm-hmm.

3       **Q     Is that a "yes"?**

4       A     Yes.

5       **Q     Is that truthful and accurate?**

6       A     Well, if the other one was -- wasn't, this one

7    would not be either.

8       **Q     Pardon me?**

9       A     If the other one was not, this one would not be

10   either.

11      **Q     Sir, is your testimony that that's not a**

12   **truthful and accurate response?**

13      A     Yes.

14      **Q     Okay.  Why is that not truthful and accurate?**

15      A     Because I had -- I mean, I got the plans off

16   the dealers' computers.  It would have been -- it would

17   have been the same thing.

18      **Q     Okay.**

19      A     But I got a letter from Old Hickory stating

20   that the property -- those plans belonged to Old Hickory.

21            MR. JOHNSON:  Could we hand the witness

22   Exhibit 12?  This is ABCO's first discovery responses.

23                        (Whereupon, the document was

24                             tendered.)

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 65 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al. PageID 3100   Continued Deposition of Jesse Maupin
1:22 -cv-01230

**Page 381**

1    BY MR. JOHNSON:

2        **Q    On Page 7, interrogatory No. 14, that asks a**

3    **similar question about -- as to ABCO to identify all**

4    **property of Weather King that ABCO has possessed, and the**

5    **answer to that is none.**

6                **Is that a truthful and accurate response?**

7        A    No.

8        **Q    Okay.   Then if we look at No. 16 --**

9    **interrogatory No. 16.**

10       A    That's what I thought we were looking at?

11       **Q    No, I said No. 14, I thought.**

12       A    I was looking at this one.

13       **Q    Okay.   Let's talk about 14 first.**

14               **Is it -- interrogatory No. 14 asks ABCO**

15   **to identify all property of Weather King that's been in**

16   **ABCO's possession, and the answer is none.**

17               **Is that truthful and accurate?**

18       A    No.

19       **Q    Okay.   Let's look at 16.**

20       A    That's what I thought I was answering.

21       **Q    Okay.   It says, identify all communications you**

22   **had with any dealers, builders, et cetera, relating to**

23   **Weather King's engineering plans prepared by Kevin Nolan,**

24   **and ABCO responded none.**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 66 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3101   Continued Deposition of Jesse Maupin
1:22 -cv-01230

Page 382

1              **Is that response truthful and accurate?**

2         A    No.

3         **Q    Okay.  Let's look at request for production**

4    **No. 20.  That's on Page 12 and 13.  It asks you to**

5    **produce all correspondence -- asks ABCO to produce all**

6    **correspondence and other documents referencing or**

7    **relating to Weather King drawings, et cetera, and your**

8    **response is none.**

9              **Is it truthful and accurate that ABCO did**

10   **not possess those documents?**

11        A    No.

12        **Q    Okay.  Let's look at request for admission**

13   **No. 140.  It's on Page 43.  It says, ABCO encouraged**

14   **dealerships to submit Weather King engineering plans in**

15   **connection with ABCO's customers' building permit**

16   **applications, and the response is denied.**

17             **Is that response truthful and accurate?**

18        A    Yes.

19        **Q    Okay.  After you left Weather King, did you**

20   **discuss with Kevin Nolan about using his plans for ABCO?**

21        A    I discussed with Kevin about doing plans for

22   ABCO.  I have a text message string that you guys have

23   going over that.

24        **Q    Is that text message string that you did not**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 67 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3102   1:22-cv-01230   Continued Deposition of Jesse Maupin

Page 383

1    **produce in response to our request for production?**

2        A    Yes.

3        **Q    And Mr. Nolan said he would not -- you could**

4    **not use -- he would not help you with drawings; correct?**

5        A    When I called him, I think it was on June 13th

6    when I called him.  He said that we -- that they -- Brian

7    let's him work for his competitors, engineering, and that

8    he didn't think it would be a problem.  He would get back

9    with me.  He texted me back and said Brian said it was a

10   no go.  That I can't do it.

11       **Q    Okay.  And you did not produce those texts in**

12   **discovery, did you?**

13       A    As stated before, yes.

14       **Q    Okay.  Who is Shane Saunders?**

15       A    Shane Saunders was with the Phoenix Group --

16   Phoenix Engineering, I believe.

17       **Q    And is that someone that you discussed the**

18   **possibility of preparing engineering plans?**

19       A    Yes.

20                        (Deposition Exhibit No. 162 marked

21                         for identification by counsel and

22                         tendered to the witness.)

23   BY MR. JOHNSON:

24       **Q    I'm going to hand to you what we'll mark as**

1    **Exhibit 162.  These are documents starting at Phoenix**

2    **0001 that we obtained in response to a subpoena to**

3    **Phoenix Engineering.**

4                **Do you recognize this as an email with**

5    **attachments that you sent on June 15th to Shane Saunders?**

6         A    Yes.

7         **Q    And attached to the email are Kevin Nolan's**

8    **drawings in Arizona that are dated June 29, 2020, that**

9    **Weather King paid Mr. Nolan to prepare for Weather King;**

10   **correct?**

11        A    Yes.

12        **Q    If you and ABCO didn't possess Weather King**

13   **drawings after June 2, 2022, could you explain how we're**

14   **looking at an email that you sent on June 15 in which**

15   **you're sending Weather King's drawings to Mr. Saunders?**

16        A    No.   Like I said on the -- before, that that

17   was incorrect.  So that's how we had those.  I got them

18   off of a dealers' computer in Arizona.

19        **Q    So that's something that you concealed from**

20   **Weather King in your discovery responses?**

21        A    Yes.

22        **Q    And, in fact, if we looked back at that exhibit**

23   **from the Rainey Kizer firm, which was Exhibit 161, the**

24   **day after you sent that email -- the day after you sent**

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 69 of 81
PageID 3104
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.  1:22 -cv-01230                    Continued Deposition of Jesse Maupin

Page 422

1    video record.

2    BY MR. JOHNSON:

3        **Q    Mr. Maupin, if you could pull Exhibit 5 which**

4    **is there, and we'll look on Page 26.  This is a request**

5    **for admission No. 54 posed to you, and it asked you to**

6    **admit that you and/or ABCO have used Weather King**

7    **templates or form documents in furtherance of business**

8    **other than Weather King business, and your response is**

9    **denied.**

10                **Is that a truthful and accurate response?**

11        A    No.

12        **Q    Why is that untruthful and/or inaccurate?**

13        A    Well, the work order template was a Derksen

14    template, but it was used by Weather King also.

15        **Q    So you're saying that ABCO used a work order**

16    **template?**

17        A    Yes, it's an open office spreadsheet.  It was

18    copied.  It's an exact copy of it.

19        **Q    Any other form documents that ABCO has used**

20    **that were Weather King templates or form documents?**

21        A    Not that I know of.

22        **Q    Okay.  Then if you could also pull Exhibit 12**

23    **there and look at ABCO's response to request for**

24    **admission No. 141, which is on Page 43.  It's asking ABCO**

Page 423

1    **to admit that it has used Weather King's templates or**

2    **form documents, and ABCO denied that.**

3                    **And similar question, is that response**

4    **untruthful and inaccurate?**

5        A    Yes.

6        **Q    And are the circumstances the same as what you**

7    **just mentioned?**

8        A    Yes.

9        **Q    And we went over some discovery earlier. Let's**

10    **just look back at Exhibit 5. The -- your response to**

11    **numbers -- interrogatory Nos. 7 and 10, you indicated**

12    **there that you didn't possess any Weather King property**

13    **that was used in furtherance of ABCO's business.**

14                    **And is it accurate that -- am I correct**

15    **that those responses are inaccurate to the extent that**

16    **they say none?**

17        A    I thought I had already answered that one but,

18    yes, that is inaccurate.

19        **Q    Is it also inaccurate because of that form**

20    **document you just mentioned?**

21        A    Yes. You said No. 10 also?

22        **Q    Yes, sir.**

23        A    Yes.

24        **Q    And then also if we look back at Exhibit 12,**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 71 of 81
PageID 3106
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                                   Continued Deposition of Jesse Maupin

1        **Q     And so that's what you guys were doing was**

2   **getting rid of incriminating evidence; right?**

3        A    Well, we had instructed the dealers not to have

4   any of it.

5        **Q     Well, Adrian and Logan are laughing about it,**

6   **aren't they?**

7        A    Yes.

8        **Q     And they thought this whole thing was a big**

9   **joke and a big game, didn't they?**

10            MR. PASTERNAK:  Objection.  Calls for

11   speculation.

12            THE WITNESS:  By the looks of that, yes.

13   BY MR. JOHNSON:

14        **Q     An important part of launching ABCO was to get**

15   **seed money to get if off the ground; correct?**

16        A    Yes.

17        **Q     Why was that important?**

18        A    We need money to build barns.

19        **Q     Who all invested money into ABCO?**

20        A    BPS Rentals, Goode Holdings, Jade Rentals, Wade

21   Etherton, and myself.

22        **Q     Okay.  Let's look at first ABCO's first**

23   **supplemental response.  What exhibit is that?**

24            **MR. DOLLARHIDE:   13.**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 72 of 81
PageID 3107
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                              Continued Deposition of Jesse Maupin

**Page 433**

1                      **(Whereupon, the document was**

2                              **tendered.)**

3       BY MR. JOHNSON:

4           **Q    Okay.  Let's look at No. 4.  And in that one,**

5       **it's asking to, Identify each person or entity who has**

6       **otherwise invested in or provided financial support to**

7       **ABCO and other than identified in response to the**

8       **proceeding interrogatories.  And ABCO's response on that**

9       **is none, okay.**

10                      **Now if we take Exhibit 12, and if you**

11      **look at the first three interrogatory responses on that,**

12      **Barry Harrell, Wade and you are referenced and nobody**

13      **else.**

14                      **So is ABCO's response to interrogatory**

15      **No. 4 truthful and accurate?**

16          A    No.

17          **Q    Okay.  How much did Wade Etherton -- is it**

18      **Etherton or Etherton?**

19          A    Etherton.

20          **Q    Etherton invest?  I think you said -- well, we**

21      **talked about that yesterday?**

22          A    Yes.

23          **Q    I'm not going to ask you that again.**

24                      **Okay.  And if we look back at Exhibit 13,**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 73 of 81
PageID 3108
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230        Continued Deposition of Jesse Maupin

Page 478

1          MR. JOHNSON:  Yeah, we'll take the break off

2     the record.

3          THE VIDEOGRAPHER:  Okay.  The time is 2:27 p.m.

4     This is the end of Media Unit 3, and we're going off the

5     video record.

6                     (Whereupon, a short recess was had,

7                      after which the deposition continued

8                      as follows:)

9          THE VIDEOGRAPHER:  The time is 2:36 p.m.  This

10    is the beginning of Media Unit 4, and we are back on the

11    video record.

12    BY MR. JOHNSON:

13        Q    **Have you or ABCO consulted with dealers,**

14    **builders or other third parties about how they should**

15    **respond to subpoenas issued in this litigation by Weather**

16    **King?**

17        A    Not that I know of.

18        Q    **Have you or ABCO ever suggested that they**

19    **should object and not respond to Weather King's**

20    **subpoenas?**

21        A    Yes.

22        Q    **And could you tell us about that?**

23        A    Well, I mean, they were -- a lot of the

24    stuff -- some of the stuff that the -- the way I took it,

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 74 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3109
1:22-cv-01230    Continued Deposition of Jesse Maupin

1    some of the stuff that they were being asked for wasn't
2    relevant to this.
3        **Q    So you suggested that they object and not**
4    **respond to our subpoenas on the basis of relevance?**
5        A    Yes.
6        **Q    Okay.  Have you or ABCO helped them craft their**
7    **objections to our subpoenas?**
8        A    Yes.
9        **Q    Who specifically has helped them craft their**
10   **objections?**
11       A    I -- there was a letter that I had done up that
12   was something to the extent of an objection.  I don't
13   remember the context of it, but it was a letter that I
14   had did.
15       **Q    So you drafted up a letter that was sent to**
16   **third parties for them to send back to us?**
17       A    Yes.
18       **Q    Did you get help with that letter?**
19       A    Yes.
20       **Q    From who?**
21       A    I think I got it from Doug.
22       **Q    Doug Hines?**
23       A    Yes.  And I don't know if that's attorney
24   client.  I don't know how all that works, but I think

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 75 of 81
PageID 3110
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                    Continued Deposition of Jesse Maupin

Page 480

1    that's who I got it from.

2         **Q     Have you or ABCO suggested that third parties**

3    **should simply respond that all communications were**

4    **verbal, and there are no documents responsive to Weather**

5    **King's subpoenas?**

6         A    Yes.

7         **Q     But yet as we've seen today, there are plenty**

8    **of communications with dealers and others that were not**

9    **verbal and instead were sent via text and email; correct?**

10        A    Yes.

11                         (Deposition Exhibit No. 216 marked

12                              for identification by counsel and

13                              tendered to the witness.)

14   BY MR. JOHNSON:

15        **Q     I hand to you what we've marked as Exhibit 216.**

16   **This is ABCO 68884.**

17                    **And this is email communications between**

18   **Cherie Austin and Adrian Harrod; correct?**

19        A    Yes.

20        **Q     And she says in there, Here's a copy of the**

21   **letter that you sent from the attorney; correct?**

22        A    Yes.

23        **Q     Is that attorney she's referring to Doug Hines?**

24        A    Yes.

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 76 of 81
PageID 3111
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   1:22 -cv-01230                    Continued Deposition of Jesse Maupin

Page 481

1          **Q      And the second page, is this the form letter**

2     **that you're referring to?**

3          A     Yes.

4          **Q      And Doug Hines helped you craft this letter?**

5          A     Yes.

6          **Q      Why would ABCO be sending this to Cherie**

7     **Austin?**

8          A     Adrian sent it to her in response to the

9     subpoena, I guess.

10         **Q      Well, you sent it because you didn't want**

11    **Cherie Austin to cooperate with the subpoena; correct?**

12         A     She wasn't going to anyway.  It's Aleyna's mom.

13         **Q      Aleyna Lassen?**

14         A     Yes.

15         **Q      But you were helping her not to cooperate with**

16    **our subpoena; right?**

17         A     Yes.

18                         (Deposition Exhibit No. 217 marked

19                          for identification by counsel and

20                          tendered to the witness.)

21    BY MR. JOHNSON:

22         **Q      I'm handing you what we've marked as**

23    **Exhibit 217.   This is ABCO 72164.**

24                  **Again, Levi Reed is a dealer; correct?**

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 77 of 81

Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3112    Continued Deposition of Jesse Maupin
                                                                                1:22 -cv-01230

Page 482

1          A    Yes.

2          Q    **And do you recognize this as text messages that**

3    **you had with Mr. Reed in August 2023?**

4          A    Yes.

5          Q    **And judging from the text messages, it looks**

6    **like he received one of our subpoenas; correct?**

7          A    Everyone did, yes.

8          Q    **Okay.  At 11:01 a.m., you state, quote, "Most**

9    **everyone was talked with about this stuff in person by**

10   **Adrian," end quote; correct?**

11         A    Yes.

12         Q    **So most of Adrian Harrod's communications with**

13   **these dealers lining them up before June 1, 2022, was in**

14   **person; is that right?**

15         A    That was my belief.

16         Q    **And he was doing so while he was still employed**

17   **by Weather King?**

18         A    Yes.

19         Q    **Okay.  And at 2:24 in that text chain, you say,**

20   **Our lawyer is going to respond for everyone that doesn't**

21   **have anything, which is pretty much everybody; right?**

22         A    Correct.

23         Q    **And by "our lawyer," you're not referring to**

24   **Mr. Pasternak.  You're referring to Mr. Hines?**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 78 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.   PageID 3113   Continued Deposition of Jesse Maupin
1:22-cv-01230

**Page 483**

1      A      No, I believe I was referring to Thomas.

2      **Q      Was this the -- you believe you were referring**

3      **to Mr. Pasternak?**

4      A      I do.

5      **Q      Okay.  Why would your lawyer be responding on**

6      **behalf of third parties who are issued subpoenas in this**

7      **litigation?**

8      A      That I don't know.

9      **Q      Okay.  Then at 2:27, Levi Reed says, This is**

10     **disgusting how they are doing this to us.  Honestly,**

11     **terrible people.  And you say, Yes, sir, they are.**

12                   **Do you see that?**

13     A      Yes.

14     **Q      Do you think Weather King are terrible people**

15     **for pursuing this lawsuit?**

16     A      No.

17     **Q      Do you think that Weather King are terrible**

18     **people for serving subpoenas on third parties to produce**

19     **documents that they requested from you that you didn't**

20     **produce?**

21                   MR. PASTERNAK:  Objection.  Lack of foundation.

22     BY MR. JOHNSON:

23     **Q      You could answer.**

24     A      Everything that the dealers had was the stuff

Case 1:22-cv-01230-STA-jay    Document 188-1    Filed 02/27/25    Page 79 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.    PageID 3114    Continued Deposition of Jesse Maupin

Page 484

1    that they had that was -- it was an accumulation of

2    years.  So I mean -- I guess I don't understand what you

3    mean.

4          **Q    All right.  I'll move on.**

5                **Do you agree, Mr. Maupin, that you have**

6    **painted Weather King as being terrible, horrible people**

7    **to people out in the industry by virtue of the fact that**

8    **Weather King has been pursuing this lawsuit?**

9          A    Could you rephrase or ask that again?

10         **Q    Would you concede that you have been portraying**

11   **within the portable building industry Weather King as**

12   **being a terrible and horrible company because they have**

13   **the gall to pursue this lawsuit against you?**

14         A    Yes.

15                     (Deposition Exhibit No. 218 marked

16                        for identification by counsel and

17                        tendered to the witness.)

18   BY MR. JOHNSON:

19         **Q    Handing you what we've marked as Exhibit 218.**

20   **There is ABCO 68903.**

21                **Do you recognize this as email**

22   **correspondence between you and Adrian Harrod on**

23   **October 4, 2023?  Well, I'm sorry, the top one is from**

24   **Adrian to Colby Fryar, who is a dealer; correct?**

Case 1:22-cv-01230-STA-jay   Document 188-1   Filed 02/27/25   Page 80 of 81
Consolidated Industries, LLC. d/b/a Weather King Portable Buildings v. Jesse A. Maupin, et al.  PageID 3115
                                                                      Continued Deposition of Jesse Maupin

Page 485

```
 1          A    Yes, sir.

 2          Q    And you're copied; correct?

 3          A    Yes.

 4          Q    And Colby Fryar emailed you a letter he

 5     received from us after receiving the objections that your

 6     lawyer sent him to provide to us, that template that we

 7     talked about earlier; correct?

 8          A    Yes.

 9          Q    Okay.  And you tell Adrian Harrod in the email

10     below, quote, "I don't believe there are any documents to

11     be turned over;" correct?

12          A    Yes.

13          Q    And you suggest that Mr. Harrod tell Mr. Fryar

14     to tell us that he doesn't have anything; correct?

15          A    No, that's not what it says.  It says, If there

16     are any documents or anything else to be turned over, as

17     you had verbal conversations on everything.  This was me

18     talking to Adrian.

19          Q    Okay.  But what does he say to Colby?  It

20     says --

21          A    I assume you received a copy of this letter

22     from Weather King attorneys.  This appears to be fishing

23     for a connection in funding and/or a connection somewhere

24     of our interactions being defamatory in nature which were
```

```
 1    all verbal.  We can reply as verbal in nature and really

 2    no written communication to relay, no funding ever given

 3    to anyone involved with ABCO, and engineering only used

 4    in conjunction with normal use to permit their buildings

 5    as everyone had them for that reason.

 6         Q    Mr. Maupin, why not just let Mr. Fryar check

 7    his own devices and see if he has information responsive

 8    to Weather King subpoenas?

 9         A    I don't know.

10         Q    Well, the real reason was that you didn't want

11    him to cooperate with the subpoenas; correct?

12         A    I didn't say that to him.

13         Q    Well, Adrian Harrod did, didn't he?

14         A    Yes, sir.

15         Q    Okay.  And we saw earlier today email

16    communications that you guys had with Mr. Fryar and that

17    were produced; correct?

18         A    Yes.

19                        (Deposition Exhibit No. 219 marked

20                         for identification by counsel and

21                         tendered to the witness.)

22    BY MR. JOHNSON:

23         Q    I've handed you what we've marked as

24    Exhibit 219, which is ABCO 75943.
```