IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>     Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

**PLAINTIFF'S RESPONSE TO ABCO DEFENDANTS' MOTION TO STAY DISCOVERY AND PLAINTIFF'S MOTION FOR EXTENSION OF CASE MANAGEMENT DEADLINES**

Although Plaintiff "Weather King" agrees with the "ABCO Defendants" that the deadline to conclude fact depositions should be extended, it opposes their request to stay all discovery pending resolution of Weather King's motion for sanctions (Doc. 185). *See* Doc. 194.

A stay of discovery is not warranted for several reasons. First, even if the Court grants Weather King's motion for sanctions and enters default against the ABCO Defendants, at least certain of the remaining depositions (including those of the Defendants who have not been deposed) will be necessary—including as it relates to the issue of punitive damages.

Second, Weather King is entitled to depose the remaining Defendants about issues relevant to Weather King's motion for sanctions. An explanation is owed from each Defendant as to why Weather King obtained documents from the forensic examination and other sources that

Defendants owed an obligation to preserve but did not produce in response to Weather King's written discovery requests. Because Defendants have steadfastly refused to provide any explanation,[1] depositions have been the only avenue for Weather King to extract from Defendants the reasons why they failed to fulfill their discovery obligations.

Finally, although Weather King strongly believes that default is the appropriate remedy for Defendants' discovery abuses, the October 27, 2025 trial date may be compromised if the Court elects not to enter default, discovery is stayed, and the parties are forced to complete depositions only at a later date. The Court has already afforded Defendants an extension until April 3, 2025, in which to respond to Weather King's motion for sanctions (Doc. 193), and it could be quite some time before the Court has the opportunity to rule on Weather King's motion. That could make it very difficult for the parties to be prepared for an October 2025 trial date.

That said, Weather King agrees that the unexpired deadlines set forth in the current case management Order (Doc. 150) should be extended. Weather King has a number of depositions it needs to complete, and, despite repeated requests, these Defendants have declined to offer dates in which to do so based on their position that the Court should defer all depositions until after a ruling on Weather King's motion for sanctions. Weather King respectfully suggests that a call be scheduled with Magistrate Judge York so that the parties may discuss this further.

                    Respectfully submitted,

                    */s/ David L. Johnson*
                    David L. Johnson, BPR #18732
                    John H. Dollarhide, BPR #40041
                    BUTLER SNOW LLP
                    The Neuhoff Building
                    1320 Adams Street, Suite 1400

---

[1] *See, e.g.,* Doc. 187-4, 5/5/23 letter from defense counsel at 2 ("We are not required to give you an explanation of the facts as they are"); Doc. 117, 8/4/23 Hearing Tr. at 10:14-11:4 (declining the Court's invitation to offer an explanation).

        Nashville, TN   37208
        Telephone: (615) 651-6700
        Fax:  (615) 651-6701
        david.johnson@butlersnow.com
        john.dollarhide@butlersnow.com

        Daniel W. Van Horn, BPR #18940
        6075 Poplar Ave., Suite 500
        Memphis, TN 38119
        Telephone: (901) 680-7200
        Fax: (901) 680-7201
        Danny.VanHorn@butlersnow.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com
*Attorneys for Defendants*

And to the following via U.S. Mail and email.

Brian L. Lassen
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

        */s/  David L. Johnson*
        David L. Johnson