IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>     Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay |

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME**
**ORDER DENYING DEFENDANTS' MOTION TO STAY**

    Before the Court is a Second Motion for Extension of Time (ECF No. 199) filed March 25, 2025, by Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC (the "ABCO Defendants"). The ABCO Defendants seek a 30-day extension of their current deadline (April 3, 2025) to respond to Plaintiff Consolidated Industries, LLC's pending motion for sanctions. This is the ABCO Defendants' second request for an extension of time. For cause, the ABCO Defendants state that their counsel have been pressed by time sensitive deadlines in other matters and that one of them has confronted a personal health issue. Plaintiff has responded in opposition to the request, arguing that the extension sought by the ABCO Defendants would result in a total of 64 days to respond to the motion for sanctions. Plaintiff also notes that another attorney

1

from counsel's law firm has been involved in the case. Because the Court will need time to make a determination of Plaintiff's motion for sanctions, Plaintiff is concerned that another 30-day extension of the ABCO Defendants' briefing deadline will put the date trial (October 27, 2025) at risk. Plaintiff takes the position then "there is no reason no reason why [Defendants] should be unable to respond to [Plaintiff]'s motion within the existing 34-day response window already provided by the Court." Pl.'s Resp. in Opp'n 2 (ECF No. 200).

The Court finds good cause to grant the ABCO Defendants an extension of their briefing deadline but only in part. The Court tends to agree with the ABCO Defendants that Plaintiff's motion for sanctions raises serious claims and seeks a dispositive remedy, the entry of default against the ABCO Defendants for alleged discovery abuses. Preparing a full response to the numerous issues presented and the volume of supporting exhibits incorporated into Plaintiff's motion for sanctions will be time consuming. The ABCO Defendants have shown that despite their diligent efforts, counsel will not be able to meet the April 3, 2025 briefing deadline. However, as Plaintiff points out, the Court has already given the ABCO Defendants one 20-day extension of the time to respond. Under the circumstances, the Court will grant the ABCO Defendants an extension of 14 days, making their response brief due no later than April 17, 2025. Plaintiff's reply brief continues to be due within 14 days of the service of the ABCO Defendants' response. Therefore, the ABCO Defendants' Motion for Extension is **GRANTED in part**.

Also, before the Court is the ABCO Defendants' Motion to Stay (ECF No. 194). The ABCO Defendants ask the Court to stay all discovery and extend the remaining scheduling order deadlines, once the Court has ruled on Plaintiff's motion for sanctions. The ABCO Defendants argue that a court ruling granting even part of the sanctions sought in Plaintiff's motion could shape and narrow the issues left for discovery. At this point the parties anticipate taking at least 10

more depositions. The ABCO Defendants believe that a stay of discovery will conserve the parties' resources while the Court considers whether sanctions are warranted. Plaintiff sees matters differently. Plaintiff argues that even if the Court grants Plaintiff's motion for entry of default as a discovery sanction, the parties will still need to depose witnesses on the subject of punitive damages. Plaintiff also contends it has the right to depose certain ABCO Defendants about the questions raised in its motion for sanctions. And a stay of discovery now will put the October 2025 trial date in jeopardy. Otherwise, Plaintiff states that it does not oppose an extension of the discovery deadline.

The Court does not find good cause to stay discovery and only reset the remaining deadlines after the Court has ruled on Plaintiff's motion for sanctions. The protracted and extended nature of discovery in this case has already necessitated multiple revisions of the original case management plan and three resettings of the trial date. The Court has granted requests to amend the scheduling order several times, the last being on October 22, 2024. *See* Fourth Am. Scheduling Order, Oct. 22, 2024 (ECF No. 150). At that time the Court set March 19, 2025, as the deadline to complete fact discovery and June 30, 2025, as the deadline for filing dispositive motions. And consistent with the amended case management deadlines, the Court reset the jury trial to October 27, 2025. The Court has now set a briefing schedule on Plaintiff's motion for sanctions, which calls for the parties to fully brief the motion by May 1, 2025. At that time the dispositive motions deadline will still be almost two months away. In sum, the Court finds no reason to impose an indefinite stay of discovery (or any other deadline remaining in the current schedule) in a way that would almost certainly result in another continuance of the trial. For these reasons the ABCO Defendants' Motion to Stay is **DENIED**.

The Court notes that the ABCO Defendants filed their Motion to Stay just days before the March 19, 2025, discovery cutoff and that Plaintiff has stated that it does not oppose an extension of the discovery deadline. Neither side has proposed a new discovery deadline.[1]  Therefore, the Court makes its ruling on the ABCO Defendants' Motion to Stay without prejudice to any party's right to request an extension of the discovery deadline and in a manner that will not require another resetting of the trial date.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 28, 2025

---

[1] Plaintiff has suggested that a conference with the United States Magistrate Judge might be appropriate.  However, until one of the parties files a motion for an extension and explains why good cause exists for the extension, the Court has nothing to refer to the Magistrate Judge.