# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC<br>d/b/a WEATHER KING PORTABLE<br>BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D.<br>HARRELL, ADRIAN S. HARROD,<br>LOGAN C. FEAGIN, STEPHANIE L.<br>GILLESPIE, RYAN E. BROWN,<br>DANIEL J. HERSHBERGER, BRIAN<br>L. LASSEN, ALEYNA LASSEN, and<br>AMERICAN BARN CO., LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:22-cv-01230<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JESSE A. MAUPIN'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Jesse A. Maupin by and through his attorneys, states the following First Supplemental Responses Plaintiff's First Set of Interrogatories.

## INTERROGATORIES

3.    Identify each communication you have had with any person or entity (other than confidential communications solely with your legal counsel, your spouse, or your accountant) between January 1, 2021, and through the day of the termination of your employment with Weather King (including but not limited to communications with lenders or potential lenders, investors or potential investors, business partners or potential business partners, Weather King employees, Weather King contractors, Weather King dealers, Weather King builders, Weather King drivers, other Weather King business partners, rental companies, and Weather King customers) relating to

70402379;1



the creation/formation or potential creation/formation of, funding or potential funding of, and/or operation or potential operation of any business enterprise in the Portable Buildings Industry (other than Weather King) and, with respect to each such communication, identify: (a) the substance of the communication; (b) all parties to the communication; (c) the date of the communication; and (d) the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving his previous objections, and incorporating his previous responses, Maupin states that he had verbal conversations with Troy Buttrey of First Bank regarding a loan to assist with the formation of ABCO Rentals. He does not recall the dates of the conversations.

4.      Identify each communication you had between January 1, 2021, and through the day of the termination of your employment with Weather King with any person then-employed by Weather King relating to that person's potential departure from Weather King and/or your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving his previous objections, and incorporating his previous responses, Maupin states although I don't recall the dates, I spoke with all of the listed defendants regarding the formation of ABCO.

- 2 -

70402379;1

5.      Identify each communication you had between January 1, 2021, and the day of the termination of your employment from Weather King with any person or entity who, at the time of the communication, was a Weather King dealer, driver, customer, lender, landlord, rental company, or other business partner relating to your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving his previous objections, and incorporating his previous responses, Maupin states that he had conversations with various dealers and drivers about his departure from Weather King verbally and that the does not recall the dates of such conversations.

Date:  May 10, 2023                          */s/ Thomas G. Pasternak*
                                             Thomas G. Pasternak
                                             AKERMAN LLP
                                             71 South Wacker Drive, 47th Floor
                                             Chicago, IL 60606
                                             Tel. 312.634.5700
                                             thomas.pasternak@akerman.com

                                             *Attorneys for Defendant,*
                                             *Jesse A. Maupin*

- 3 -

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Jesse A. Maupin's First Supplemental

Responses to Plaintiff's First Set of Interrogatories was served upon the following counsel via

email on May 10, 2023:

David L. Johnson, #18732
John H. Dollarhide, #40041
Y. Larry Cheng, #36707
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax: (615) 651-6701
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com
larry.cheng@butlersnow.com

Daniel W. Van Horn, #18940
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak

- 4 -

70402379;1

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** ) | |
| **d/b/a WEATHER KING PORTABLE** ) | |
| **BUILDINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:22-cv-01230** |
| **v.** ) | |
| ) | |
| **JESSE A. MAUPIN, BARRY D.** ) | |
| **HARRELL, ADRIAN S. HARROD,** ) | |
| **LOGAN C. FEAGIN, STEPHANIE L.** ) | |
| **GILLESPIE, RYAN E. BROWN,** ) | |
| **DANIEL J. HERSHBERGER, BRIAN** ) | |
| **L. LASSEN, ALEYNA LASSEN, and** ) | |
| **AMERICAN BARN CO., LLC,** ) | |
| ) | |
| **Defendants.** ) | |

### JESSE A. MAUPIN'S SECOND SUPPLEMENTAL RESPONSE TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Jesse A. Maupin by and through his attorneys, states the following Second Supplement

Response to Weather King's First Set of Interrogatories.

### INTERROGATORIES

15.    For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative

proceeding, including divorce proceedings, to which you have been a party, state: (a) the court or

agency in which said proceeding was instituted, the names of the parties to the proceeding, the

docket number of said proceeding, the date the proceeding was filed and the date the proceeding

was finally terminated; (b) the nature of the proceeding, including a description of the claims and

defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by

settlement, by court order).

68558731;1



EXHIBIT

PENGAD 800-631-6989

**RESPONSE:**

None.

May 15, 2023

*/s/ Thomas G. Pasternak*

Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant,*
*Jesse A. Maupin*

- 2 -

68558731;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Jesse A. Maupin's Second

Supplemental Response to Plaintiff's First Interrogatories was served upon the following counsel

via email on May 15, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com

> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

- 3 -

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** ) | |
| **d/b/a WEATHER KING PORTABLE** ) | |
| **BUILDINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:22-cv-01230** |
| **v.** ) | |
| ) | |
| **JESSE A. MAUPIN, BARRY D.** ) | |
| **HARRELL, ADRIAN S. HARROD,** ) | |
| **LOGAN C. FEAGIN, STEPHANIE L.** ) | |
| **GILLESPIE, RYAN E. BROWN, DANIEL** ) | |
| **J. HERSHBERGER, BRIAN L. LASSEN,** ) | |
| **ALEYNA LASSEN, and AMERICAN** ) | |
| **BARN CO., LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## JESSE A. MAUPIN'S SECOND AMENDED AND SUPPLEMENTAL RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES, AND
## REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Jesse A. Maupin by and through his
attorneys, states the following Second Amended responses. His previous responses are
incorporated by reference.

## INTERROGATORIES

3.    Identify each communication you have had with any person or entity (other than
confidential communications solely with your legal counsel, your spouse, or your accountant)
between January 1, 2021, and through the day of the termination of your employment with
Weather King (including but not limited to communications with lenders or potential lenders,
investors or potential investors, business partners or potential business partners, Weather King
employees, Weather King contractors, Weather King dealers, Weather King builders, Weather

73148527;1



EXHIBIT

8

King drivers, other Weather King business partners, rental companies, and Weather King customers) relating to the creation/formation or potential creation/formation of, funding or potential funding of, and/or operation or potential operation of any business enterprise in the Portable Buildings Industry (other than Weather King) and, with respect to each such communication, identify: (a) the substance of the communication; (b) all parties to the communication; (c) the date of the communication; and (d) the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Maupin objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden on Maupin. Subject to and without waiving these objections, Maupin states as follows: Although I do not recall the dates, I spoke with Troy Buttrey at First Bank (who also owns a rental company, BPS), about borrowing money to help start ABCO. I also spoke with the other named defendants and some dealers (Patrick Baize) and drivers (Manuel Rascon, Bryan Hyer) about starting ABCO. I also spoke with Dustin Goode. I also spoke with Doug Hines. All of those conversations were in person and occurred before and after my termination from Weather King.

4.      Identify each communication you had between January 1, 2021, and through the day of the termination of your employment with Weather King with any person then-employed by Weather King relating to that person's potential departure from Weather King and/or your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the

-2-

communication; (c) identify the date of the communication; and (d) identify the mode of the
communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Maupin objects to this interrogatory as unduly broad, overly burdensome, and not
proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this
information would impose an unnecessary burden on Maupin. Subject to and without waiving
these objections, Maupin states as follows: Although I don't recall the dates, I spoke with all of
the listed defendants before their termination at Weather King.

6.      Identify each person and/or entity with whom you have discussed funding,
potential funding, or providing other financial support to or for any business enterprise in the
Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any
other capacity.

**RESPONSE:**

Subject to and without waiving his objections, Maupin further states that other than First
Bank the terms in its document refer to money that was prepaid in to get RTO contracts without
having to pay a 5% premium for 5 years.

13.     Identify all email accounts, cell phone numbers (and providers), messaging
services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you
have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Phone Accounts:  Cricket Phone #270-970-9453

Email Accounts: jmaupin@consolidatedbuildings.com,
westkentuckyqdma@gmail.comm weatherkingportablebuildings@protonmail.com,
weatherkingofaz@yahoo.com

- 3 -

73148527;1

Cloud Based Accounts, icloud-americanbarnco.com, Google Drive-westkentuckyqdma@gmail.com, Dropbox-jmaupin@consolidatedbuildings.com, Box-westkentuckyqdma@gmail.com

14.    Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

Cell phone identified above.

**REQUEST FOR PRODUCTION**

27.    All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Building Industry, other than Weather King, from January 1, 2021, through the date of response.

**RESPONSE:**

A spreadsheet will be produced stating his compensation.

28.    All agreements between you and any of the other Defendants.

**RESPONSE:**

None.

33.    All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

Responsive documents cannot be produced as they are in Weather King's hand.

Date: October 9, 2023

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant,*
*Jesse A. Maupin*

73148527;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Jesse A. Maupin's Second Amended

and Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for

Production was served upon the following counsel via email on October 9, 2023:

David L. Johnson, #18732
John H. Dollarhide, #40041
Y. Larry Cheng, #36707
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax: (615) 651-6701
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com
larry.cheng@butlersnow.com

Daniel W. Van Horn, #18940
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak

## **VERIFICATION**

I, **Jesse A. Maupin**, declare under the penalty of perjury that the foregoing answers to interrogatories in the document titled **Jesse A. Maupin's Second Amended and Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Supplemental Responses to Plaintiff's First Set of Interrogatories, and Requests for Production** served on **October 9, 2023**, are true and correct to the best of my knowledge, information and belief.

Jesse A. Maupin

Date:

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** | ) |
| **d/b/a WEATHER KING PORTABLE** | ) |
| **BUILDINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 1:22-cv-01230** |
| **v.** | ) |
| | ) |
| **JESSE A. MAUPIN, BARRY D.** | ) |
| **HARRELL, ADRIAN S. HARROD,** | ) |
| **LOGAN C. FEAGIN, STEPHANIE L.** | ) |
| **GILLESPIE, RYAN E. BROWN,** | ) |
| **DANIEL J. HERSHBERGER, BRIAN** | ) |
| **L. LASSEN, ALEYNA LASSEN, and** | ) |
| **AMERICAN BARN CO., LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## JESSE A. MAUPIN'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Jesse A. Maupin by and through his attorneys, states the following Third Supplemental responses. His previous responses are incorporated by reference.

## INTERROGATORIES

3.     Identify each communication you have had with any person or entity (other than confidential communications solely with your legal counsel, your spouse, or your accountant) between January 1, 2021, and through the day of the termination of your employment with Weather King (including but not limited to communications with lenders or potential lenders, investors or potential investors, business partners or potential business partners, Weather King employees, Weather King contractors, Weather King dealers, Weather King builders, Weather King drivers, other Weather King business partners, rental companies, and Weather King customers) relating to

73420085;1

PENGAD 800-631-6989   **EXHIBIT**

the creation/formation or potential creation/formation of, funding or potential funding of, and/or

operation or potential operation of any business enterprise in the Portable Buildings Industry (other

than Weather King) and, with respect to each such communication, identify: (a) the substance of

the communication; (b) all parties to the communication; (c) the date of the communication; and

(d) the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Maupin objects to this interrogatory as unduly broad, overly burdensome, and not

proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this

information would impose an unnecessary burden Maupin. Subject to and without waiving these

objections, Maupin states as follows: Although I don't recall the dates, I spoke with Troy Buttrey

at First Bank (who also owns a rental company, BPS), about borrowing money to help start ABCO.

I also spoke with the other named Defendants and some dealers (Patrick Baize) and drivers

(Manual Rascon, Bryan Hyer) about starting ABCO. I also spoke with Dustin Goode. I also spoke

with Doug Hines. In addition to my previous responses, I state that the only dealer I spoke to was

Patrick Baiza. The conversations were in person and were about the formation of ABCO and took

place prior to my termination.

4.    Identify each communication you had between January 1, 2021, and through the

day of the termination of your employment with Weather King with any person then-employed by

Weather King relating to that person's potential departure from Weather King and/or your

potential departure from Weather King and, with respect to each such communication: (a) describe

in detail the substance of the communication; (b) identify all parties to the communication; (c)

identify the date of the communication; and (d) identify the mode of the communication (*i.e.*,

telephonic conversation, email, text message, etc.).

- 2 -

**RESPONSE:**

Maupin objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden Maupin. Subject to and without waiving these objections, Maupin states as follows: Although I don't recall the dates, I spoke with all of the listed Defendants before their termination from Weather King. I spoke to them individually about the formation of ABCO.

5.     Identify each communication you had between January 1, 2021, and the day of the termination of your employment from Weather King with any person or entity who, at the time of the communication, was a Weather King dealer, driver, customer, lender, landlord, rental company, or other business partner relating to your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

The following dealers and drivers were contacted in person by Jesse Maupin Logan Fegin or Adrian Harrod prior to termination with no witnesses. The subject matter was the formation of ABCO, Manual Rascon, Orlando Anchondo, Brian Hyer, Larry Jaramillo, Boyd Hereford, Anne Ellerman, Ron Pelzel, Bob Atler, Jeanne Dvorak, Annette Ratzlaff, Roberto Galbalderon, Jim Coble, Aparcio Herrera, Dan Alexander, Dawnette Brown, Paul Pingator, Pat Baize, Levi Reed, Tim Smith, Paul Ortega, Robin Keeling, Robbie Mathers, Vinny Aqualina, Deanna Lamareaux,

- 3 -

Cheri Austin, Garrett Douglas, Colby Fryar, Tim Graham, Lavezka Bade, Carl Johnson, Joe Pate, Jim Finley and Caryna Johnson.

6.     Identify each person and/or entity with whom you have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity.

**RESPONSE:**

Maupin objects to this interrogatory as not being proportional to the needs of the case. Subject to and without waiving these objections, Maupin further states that other than First Bank no other funding discussions were held. The parties referenced in produced documents have prepaid RTO's contracts so that a 5% premium for 5 years does not have to be paid.

October 30, 2023                                          */s/ Thomas G. Pasternak*
                                                         Thomas G. Pasternak
                                                         AKERMAN LLP
                                                         71 South Wacker Drive, 47th Floor
                                                         Chicago, IL 60606
                                                         Tel. 312.634.5700
                                                         thomas.pasternak@akerman.com

                                                         *Attorneys for Defendant,*
                                                         *Jesse A. Maupin*

- 4 -

73420085;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Jesse A. Maupin's Third Supplemental

Responses to Plaintiff's First Interrogatories was served upon the following counsel via email and

U.S. Mail, First-Class, on October 30, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

- 5 -

73420085;1

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

CONSOLIDATED INDUSTRIES, LLC d/b/a
WEATHER KING PORTABLE
BUILDINGS,

            Plaintiff,

v.

JESSE A. MAUPIN, BARRY D. HARRELL,
ADRIAN S. HARROD, LOGAN C. FEAGIN,
STEPHANIE L. GILLESPIE, RYAN E.
BROWN, DANIEL J. HERSHBERGER,
BRIAN L. LASSEN, ALEYNA LASSEN,
and AMERICAN BARN CO., LLC,

            Defendants.

Civil Action No. 1:22-cv-01230

District Judge Anderson

Magistrate Judge York

## JESSE A. MAUPIN'S FOURTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Jesse A. Maupin by and through his

attorneys, states the following Fourth Supplemental responses. His previous responses are

incorporated by reference.

### INTERROGATORIES

5.     Identify each communication you had between January 1, 2021, and
the day of the termination of your employment from Weather King with any person
or entity who, at the time of the communication, was a Weather King dealer, driver,
customer, lender, landlord, rental company, or other business partner relating to
your potential departure from Weather King and, with respect to each such
communication: (a) describe in detail the substance of the communication; (b)
identify all parties to the communication; (c) identify the date of the
communication; and (d) identify the mode of the communication (*i.e.*, telephonic
conversation, email, text message, etc.).

**Response**: The following dealers and drivers were contacted in person by Jesse Maupin,

Logan Feagin or Adrian Harrod prior to termination with no witnesses. They do not recall who



approached which dealers and drivers. The subject matter was the formation of ABCO, Manual Rascon, Orlando Anchondo, Brian Hyer, Larry Jaramillo, Boyd Hereford, Anne Ellerman, Ron Pelzel, Bob Atler, Jeanne Dvorak, Annette Ratzlaff, Roberto Galbalderon, Jim Coble, Aparcio Herrera, Dan Alexander, Dawnette Brown, Paul Pingator, Pat Baize, Levi Reed, Tim Smith, Paul Ortega, Robin Keeling, Robbie Mathers, Vinny Aqualina, Deanna Lamareaux, Cheri Austin, Garrett Douglas, Colby Fryar, Tim Graham, Lavezka Bade, Carl Johnson, Joe Pate, Jim Finley and Caryna Johnson.

     6.     Identify each person and/or entity with whom you have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity.

**Response**: Maupin objects to this interrogatory as not being proportional to the needs of the case. Subject to and without waiving these objections, Maupin further states that other than First Bank no other funding discussions were held. Other parties referenced in produced spreadsheet, which Plaintiffs have questioned, have prepaid RTO's contracts so that a 5% premium for 5 years does not have to be paid.

2

## VERIFICATION

Under penalty of perjury, I, _____ Jesse Maupin _____, based on reasonable inquiry,

hereby verify that the foregoing answers to these interrogatories are true and correct to the best

of my knowledge, information, and belief.

**Jesse Maupin**

Date: December 11, 2023

/s/ Thomas G. Pasternak
Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendant Maupin*

4

## CERTIFICATE OF SERVICE

I certify that on the date listed below, a true and correct copy of the foregoing document

was served upon the following counsel via email and U.S. Mail, First-Class:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

Date: December 11, 2023

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak
> Counsel for *Defendant Maupin*

5

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC d/b/a
WEATHER KING PORTABLE
BUILDINGS,

             Plaintiff,

v.

JESSE A. MAUPIN, BARRY D. HARRELL,
ADRIAN S. HARROD, LOGAN C. FEAGIN,
STEPHANIE L. GILLESPIE, RYAN E.
BROWN, DANIEL J. HERSHBERGER,
BRIAN L. LASSEN, ALEYNA LASSEN,
and AMERICAN BARN CO., LLC,

             Defendants.

Civil Action No. 1:22-cv-01230

District Judge Anderson

Magistrate Judge York

## JESSE A. MAUPIN'S AMENDED FOURTH SUPPLEMENTAL RESPONSES
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Jesse A. Maupin by and through his
attorneys, states the following Fourth Supplemental responses. His previous responses are
incorporated by reference.

### INTERROGATORIES

6.    Identify each person and/or entity with whom you have discussed
funding, potential funding, or providing other financial support to or for any
business enterprise in the Portable Business Industry since January 1, 2021,
whether as an investor, a lender, or in any other capacity.

**Amended Response**: Maupin objects to this interrogatory as not being proportional to the
needs of the case. Subject to and without waiving these objections, Maupin further states that other
than First Bank no other funding discussions were held before June 1, 2022, except for those
discussed below. Other parties referenced in produced spreadsheet, which Plaintiffs have



EXHIBIT

questioned, have prepaid RTO's contracts so that a 5% premium for 5 years does not have to be paid.

An in-person conversation between Maupin and Dustin Goode about paying a premium occurred on or about April 1, 2022. Maupin received a check for $250,000 from Mr. Goode in the mail after the conversation took place. This money was a premium to get RTO contracts for 5 years without paying a 5% premium on the retail amount of the building.

An in-person conversation between Maupin and Doug Hines about paying a premium occurred on or about May 1, 2022. Maupin received a check for $250,000 from Mr. Hines in person after the conversation took place. This money was a premium to get RTO contracts for 5 years without paying a 5% premium on the retail amount of the building.

An in-person conversation between Maupin and Troy Buttery about paying a premium occurred on or about March 1, 2022. Maupin received a check for $100,000 from Mr. Buttery in person after the conversation took place. This money was a premium to get RTO contracts for 5 years without paying a 5% premium on the retail amount of the building.

Maupin is in possession of and will produce to Plaintiff documents reflecting these three checks. See docs ABCO_000501–000503. *See* Fed. R. Civ. P. 33(d).

2

## **VERIFICATION**

Under penalty of perjury, I, _____Jesse Maupin_____, based on reasonable inquiry,

hereby verify that the foregoing answers to these interrogatories are true and correct to the best

of my knowledge, information, and belief.

**Jesse Maupin**

Date: December 14, 2023

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendant Maupin*

4

## CERTIFICATE OF SERVICE

I certify that on the date listed below, a true and correct copy of the foregoing document

was served upon the following counsel via email and U.S. Mail, First-Class:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

Date: December 14, 2023

*/s/ Thomas G. Pasternak*

Thomas G. Pasternak
Counsel for *Defendant Maupin*

5

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** ) | |
| **d/b/a WEATHER KING PORTABLE** ) | |
| **BUILDINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:22-cv-01230** |
| **v.** ) | |
| ) | |
| **JESSE A. MAUPIN, BARRY D.** ) | |
| **HARRELL, ADRIAN S. HARROD,** ) | |
| **LOGAN C. FEAGIN, STEPHANIE L.** ) | |
| **GILLESPIE, RYAN E. BROWN, DANIEL** ) | |
| **J. HERSHBERGER, BRIAN L. LASSEN,** ) | |
| **ALEYNA LASSEN, and AMERICAN** ) | |
| **BARN CO., LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## AMERICAN BARN CO., LLC'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

American Barn Co., LLC by and through its attorneys, states the following First

Supplemental Responses to Plaintiff's First Set of Interrogatories and Request for Production.

## INTERROGATORIES

3.    Identify each person or entity who has lent money to ABCO and, for each such

person/entity: (a) set forth the nature, purpose, and amount of the loan; (b) set forth the dates of

each loan; and (c) identify all documents related to the loan.

## SUPPLEMENTAL RESPONSE:

Subject to and without waiving its previous objections, ABCO states that First Bank loaned

it money for the formation of ABCO Rentals.

70403823;1



EXHIBIT

13

PENGAD 800-631-6989

4.      Identify each person or entity who has otherwise invested in or provided financial
support to ABCO (other than identified in response to the preceding interrogatories) and, with
respect to each such person/entity: (a) set forth the nature, purpose, and amount of the
investment/contribution; (b) set forth the dates of each investment/contribution; and (c) identify
all documents related to the investment/contribution.

**SUPPLEMENTAL RESPONSE:**

None.

## DOCUMENT REQUESTS

30.      All documents relating to the number of portable buildings sold by ABCO and its
revenue and profits from the sale of buildings and other activities in the Portable Buildings
Industry.

**SUPPLEMENTAL RESPONSE:**

ABCO will provide a spreadsheet providing this information. ABCO objects to this request
as unduly broad, overly burdensome, and not proportional to the needs of the case.

Date: May 10, 2023                           */s/ Thomas G. Pasternak*
                                            Thomas G. Pasternak
                                            AKERMAN LLP
                                            71 South Wacker Drive, 47th Floor
                                            Chicago, IL 60606
                                            Tel. 312.634.5700
                                            thomas.pasternak@akerman.com

                                            *Attorneys for Defendant*
                                            *American Barn Co., LLC*

- 2 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing American Barn Co., LLC's First

Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production was

served upon the following counsel via email on May 10, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

- 3 -

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** ) | |
| **d/b/a WEATHER KING PORTABLE** ) | |
| **BUILDINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:22-cv-01230** |
| **v.** ) | |
| ) | |
| **JESSE A. MAUPIN, BARRY D.** ) | |
| **HARRELL, ADRIAN S. HARROD,** ) | |
| **LOGAN C. FEAGIN, STEPHANIE L.** ) | |
| **GILLESPIE, RYAN E. BROWN, DANIEL** ) | |
| **J. HERSHBERGER, BRIAN L. LASSEN,** ) | |
| **ALEYNA LASSEN, and AMERICAN** ) | |
| **BARN CO., LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## AMERICAN BARN CO., LLC'S SECOND SUPPLEMENTAL RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, American Barn Co., LLC by and through

its attorneys, states the following responses. Its previous responses are incorporated by

reference.

## INTERROGATORIES

3. Identify each person or entity who has lent money to ABCO and, for each such

person/entity: (a) set forth the nature, purpose, and amount of the loan; (b) set forth the dates of

each loan; and (c) identify all documents related to the loan.

**RESPONSE:**



73109310;1

Subject to and without waiving its objections, ABCO further states that other than First Bank the terms in its document refer to money that was prepaid in to get RTO contracts without having to pay a 5% premium for 5 years.

6.      Identify each person who was employed by Weather King and who, while still employed by Weather King, was approached about the possibility of forming an employment relationship or other relationship with ABCO or an ABCO affiliate and, with respect to each such person: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

Stephanie Gillespie, Mitchell Sykes, Logan Feagin, Ryan Brown, Daniel Hershberger and Brian and Aleyna Lassen were all approached by Jesse Maupin or Barry Harrell prior to their termination at Weather King. The communications where in person with no witnesses.

7.      Identify each person or entity who has served as an independent contractor of ABCO or an ABCO affiliate and who previously served as a Weather King contractor (including but not limited to drivers and builders) and, with respect to each such person/entity: (a) identify the person/entity's relationship and role with ABCO or ABCO affiliate; and (b) set forth the dates in which the person/entity held the role.

73109310;1

**RESPONSE:**

Builders: Ponderosa Portables; Drivers: Manual Rascon; Driver: Orlando Archondo; Driver: Bryan Hyer; Driver: Larry Jaramillo. All dates would have been on or around June 13, 2022.

8.    Identify each person or entity who served as a Weather King independent contractor (including but not limited to drivers and builders) and who, while still a Weather King contractor, was approached about the possibility of forming a relationship with ABCO or an ABCO affiliate and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person/entity about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication

**RESPONSE:**

The following dealers, drivers and drivers were contacted in person by Jesse Maupin and Barry Harrell in person prior to termination with no witnesses. Manual Rascon, Orlando Arebando, Brian Hyer, Larry Jaramillo, Boyd Heresford, Anne Silverman, Ron Pelzel, Bob Atler, Jeannine Dvorak, Annette Batzkoff, Roberto Galbalderon, Jim Cohle, Aparcio Herrera, Dan Alexander, Dawne HeBrown, Paul Pingator, Pat Baiza, Levi Reed, Tim Smith, Paul Ortega, Robin Keeling, Robbie Mahers, Vinny Aqualin, Deanna Lamaxeaux, Cheri Austin, Garrett Douglas, Colby Fryar, Tim Graham, LaVocll Bade, Carl Johnson, Joe Nate, Jim Finley and Carlyn Johnson.

73109310;1

9. Identify each person or entity who has served as an ABCO dealer and who previously served as a Weather King dealer and, with respect to each such person/entity, set forth the dates in which the person/entity has served as an ABCO dealer.

**RESPONSE:**

All of the following would have started on or around June 13, 2022. Ann Ellerson, Ron Pelzel, Bob Atler, Jeanne Dvorak, Annette Batzkoff, Roberto Gabalderon, Jim Cohle-deceased, Aparcio Herrera, Dan Alexander, Dawne HeBrown, Paul Pingatore, Pat Baize, Levi Reed, Tim Smith, Paul Ortega, Robin Keeling, Robbie Mahers, Vinny Aqualin, Deanna Lamaxeaux, Cheri Austin, Garrett Douglas, Colby Fryar, Tim Graham, LaVocll Bade, Carl Johnson, Joe Nate, Jim Finley, Caryrn Johnson.

10.    Identify each person or entity who served as a Weather King dealer and who, while still a Weather King dealer, was approached about the possibility of serving as an ABCO dealer and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of serving as an ABCO dealer; (b) identify all individuals who communicated with that person/entity about the possibility of serving as an ABCO dealer; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

It would be all of the people that are listed in response #9. I do not recall exact dates, all were before termination. They would have been done in person and would have been by Jesse Maupin, Logan Feagin or Adrian Harrod.

- 4 -

73109310;1

Dated: October 6, 2023

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant*
*American Barn Co., LLC*

73109310;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing American Barn Co., LLC's Second

Supplemental Responses to Plaintiff's First Interrogatories was served upon the following

counsel via email October 6, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

73109310;1

- 6 -

## **VERIFICATION**

I, **Jesse A. Maupin for American Barn Co., LLC**, declare under the penalty of perjury

that the foregoing answers to interrogatories in the document titled **American Barn Co., LLC's**

**Second Supplemental Responses to Plaintiff's First Set of Interrogatories** served on **October**

**6, 2023**, are true and correct to the best of my knowledge, information and belief.

Jesse A. Maupin for American Barn Co., LLC

Date: 10-27-23

73298665;1

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** ) | |
| **d/b/a WEATHER KING PORTABLE** ) | |
| **BUILDINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:22-cv-01230** |
| **v.** ) | |
| ) | |
| **JESSE A. MAUPIN, BARRY D.** ) | |
| **HARRELL, ADRIAN S. HARROD,** ) | |
| **LOGAN C. FEAGIN, STEPHANIE L.** ) | |
| **GILLESPIE, RYAN E. BROWN, DANIEL** ) | |
| **J. HERSHBERGER, BRIAN L. LASSEN,** ) | |
| **ALEYNA LASSEN, and AMERICAN** ) | |
| **BARN CO., LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## AMERICAN BARN CO., LLC'S THIRD SUPPLEMENTAL RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, American Barn Co., LLC by and through its

attorneys, states the following Third Supplemental responses. Its previous responses are

incorporated by reference.

## INTERROGATORIES

4.      Identify each person or entity who has otherwise invested in or provided financial

support to ABCO (other than identified in response to the preceding interrogatories) and, with

respect to each such person/entity: (a) set forth the nature, purpose, and amount of the

investment/contribution; (b) set forth the dates of each investment/contribution; and (c) identify

all documents related to the investment/contribution.

### RESPONSE:

73419944;2



ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case. Subject to and without waiving their objections ABCO states that other than the First Bank no other funding discussions were had. The parties referenced in produced documents have prepaid RTO contracts so that a 5% premium for 5 years is not due.

5.      Identify each person who has served as an employee of ABCO or an ABCO affiliate and who was previously employed by Weather King and, with respect to each such person: (a) set forth the person's employer and position/title; and (b) set forth the dates in which the person has held the position/title.

#### **RESPONSE:**

The named Defendants are employed by ABCO and have been since its inception. Their titles are:

Jesse Maupin – Operations Manager

Barry D. Harrell – Material Purchaser

Adrian S. Harrod – Sales Representative

Logan C. Feagin – Sales Representative

Stephanie L. Gillespie – Sales Representative

Ryan E. Brown – Independent Contractor

Daniel J. Hershberger – Independent Contractor

Brian L. Lassen – Independent Contractor

Aleyna Lassen – Independent Contractor

6.      Identify each person who was employed by Weather King and who, while still employed by Weather King, was approached about the possibility of forming an employment relationship or other relationship with ABCO or an ABCO affiliate and, with respect to each such

- 2 -

person: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objection ABCO states that the individuals were approached in person by Mr. Maupin, Mr. Feagin, or Mr. Harrod.

10.     Identify each person or entity who served as a Weather King dealer and who, while still a Weather King dealer, was approached about the possibility of serving as an ABCO dealer and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of serving as an ABCO dealer; (b) identify all individuals who communicated with that person/entity about the possibility of serving as an ABCO dealer; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case. In addition to its previous responses, ABCO states that the individuals were approached by Mr. Maupin, Mr. Feagin or Mr. Harrod and it does not who approached who. There were no witnesses to these approaches.

- 3 -

73419944;2

12.    Identify each rental business (including rent-to-own and consignment) that held a

relationship with Weather King and who, while still doing business with Weather King, was

approached about the possibility of forming a relationship with ABCO and, with respect to each

such entity: (a) set forth the dates in which communications took place about the possibility of

forming a relationship with ABCO; (b) identify all individuals who communicated with that entity

about the possibility of forming a relationship with ABCO; (c) identify all witnesses to each

communication; (d) identify the location and mode of each communication (*i.e.*, telephonic

conversation, email, text message, etc.); and (e) identify all documents relating to each such

communication.

**RESPONSE:**

EPS Rentals: the meeting with Troy Buttery was in person and would have been around

the first part of the month of March 2022.

Jade Rentals: the meeting with Doug Hines was in person and would have been about the

first part of May, 2022.

**REQUESTS FOR PRODUCTION**

34.    All documents reflecting notes, diaries, journals, expense records, day planners,

calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your

activities, including, but not limited to any appointment, meeting, interview, placement, or other

business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:**

None exist.

- 4 -

73419944;2

Date: October 30, 2023

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant*
*American Barn Co., LLC*

- 5 -

73419944;2

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing American Barn Co., LLC's Third

Supplemental Responses to Plaintiff's First Interrogatories and Requests for Production was

served upon the following counsel via email and U.S. Mail, First-Class, on October 30, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

- 6 -

73419944;2

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** ) | |
| **d/b/a WEATHER KING PORTABLE** ) | |
| **BUILDINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:22-cv-01230** |
| **v.** ) | |
| ) | |
| **JESSE A. MAUPIN, BARRY D.** ) | |
| **HARRELL, ADRIAN S. HARROD,** ) | |
| **LOGAN C. FEAGIN, STEPHANIE L.** ) | |
| **GILLESPIE, RYAN E. BROWN, DANIEL** ) | |
| **J. HERSHBERGER, BRIAN L. LASSEN,** ) | |
| **ALEYNA LASSEN, and AMERICAN** ) | |
| **BARN CO., LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**AMERICAN BARN CO., LLC'S FOURTH SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, American Barn Co., LLC by and through its

attorneys, states the following Fourth Supplemental responses. Its previous responses are

incorporated by reference.

**INTERROGATORIES**

4.      Identify each person or entity who has otherwise invested in or provided financial

support to ABCO (other than identified in response to the preceding interrogatories) and, with

respect to each such person/entity: (a) set forth the nature, purpose, and amount of the

investment/contribution; (b) set forth the dates of each investment/contribution; and (c) identify

all documents related to the investment/contribution.

**RESPONSE:**



ABCO objects to this interrogatory as unduly broad, overly burdensome, and not
proportional to the needs of the case. Subject to and without waiving their objections ABCO states
that other than the First Bank no other funding discussions were had. Other parties referenced in
produced spreadsheet questioned by counsel have prepaid RTO contracts so that a 5% premium
for 5 years is not due.

5.      Identify each person who has served as an employee of ABCO or an ABCO affiliate
and who was previously employed by Weather King and, with respect to each such person: (a) set
forth the person's employer and position/title; and (b) set forth the dates in which the person has
held the position/title.

**RESPONSE:**

The named Defendants are the only persons so employed by ABCO and have been since
its inception. Their titles are:

Jesse Maupin – Operations Manager

Barry D. Harrell – Material Purchaser

Adrian S. Harrod – Sales Representative

Logan C. Feagin – Sales Representative

Stephanie L. Gillespie – Sales Representative

Ryan E. Brown – Independent Contractor

Daniel J. Hershberger – Independent Contractor

Brian L. Lassen – Independent Contractor

Aleyna Lassen – Independent Contractor

6.      Identify each person who was employed by Weather King and who, while still
employed by Weather King, was approached about the possibility of forming an employment

- 2 -

relationship or other relationship with ABCO or an ABCO affiliate and, with respect to each such person: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO or an ABCO affiliate; (b) identify all individuals who communicated with that person about the possibility of forming a relationship with ABCO or an ABCO affiliate; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objection ABCO states that the individuals were approached in person by Mr. Maupin, Mr. Feagin, or Mr. Harrod, and that they do not recall who was approached by whom.

10.    Identify each person or entity who served as a Weather King dealer and who, while still a Weather King dealer, was approached about the possibility of serving as an ABCO dealer and, with respect to each such person/entity: (a) set forth the dates in which communications took place about the possibility of serving as an ABCO dealer; (b) identify all individuals who communicated with that person/entity about the possibility of serving as an ABCO dealer; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

ABCO objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case. In addition to its previous responses, ABCO states that the

- 3 -

individuals were approached by Mr. Maupin, Mr. Feagin or Mr. Harrod and it does not who approached who. There were no witnesses to these approaches.

12.    Identify each rental business (including rent-to-own and consignment) that held a relationship with Weather King and who, while still doing business with Weather King, was approached about the possibility of forming a relationship with ABCO and, with respect to each such entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO; (b) identify all individuals who communicated with that entity about the possibility of forming a relationship with ABCO; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**RESPONSE:**

BPS Rentals: the meeting with Troy Buttery was in person and would have been around the first part of the month of March 2022.

Jade Rentals: the meeting with Doug Hines was in person and would have been about the first part of May, 2022.

**REQUESTS FOR PRODUCTION**

34.    All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:**

None exist. ABCO has never had such documents.

- 4 -

Date: November __, 2023                    */s/ Thomas G. Pasternak*
                                           Thomas G. Pasternak
                                           AKERMAN LLP
                                           71 South Wacker Drive, 47th Floor
                                           Chicago, IL 60606
                                           Tel. 312.634.5700
                                           thomas.pasternak@akerman.com

                                           *Attorneys for Defendant*
                                           *American Barn Co., LLC*

- 5 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing American Barn Co., LLC's Fourth

Supplemental Responses to Plaintiff's First Interrogatories and Requests for Production was

served upon the following counsel via email and U.S. Mail, First-Class, on November __, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

- 6 -

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC d/b/a
WEATHER KING PORTABLE
BUILDINGS,

        Plaintiff,

v.

JESSE A. MAUPIN, BARRY D. HARRELL,
ADRIAN S. HARROD, LOGAN C. FEAGIN,
STEPHANIE L. GILLESPIE, RYAN E.
BROWN, DANIEL J. HERSHBERGER,
BRIAN L. LASSEN, ALEYNA LASSEN,
and AMERICAN BARN CO., LLC,

        Defendants.

Civil Action No. 1:22-cv-01230

District Judge Anderson

Magistrate Judge York

## AMERICAN BARN CO., LLC'S FIFTH SUPPLEMENTAL RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, American Barn Co., LLC by and through its

attorneys, states the following Fifth Supplemental responses. Its previous responses are

incorporated by reference.

## INTERROGATORIES

4.     Identify each person or entity who has otherwise invested in or provided
financial support to ABCO (other than identified in response to the preceding
interrogatories) and, with respect to each such person/entity: (a) set forth the nature,
purpose, and amount of the investment/contribution; (b) set forth the dates of each
investment/contribution; and (c) identify all documents related to the
investment/contribution.

**Response**: ABCO objects to this interrogatory as unduly broad, overly burdensome, and

not proportional to the needs of the case. Subject to and without waiving their objections, ABCO

states that an in-person conversation between Maupin and Dustin Goode about paying a premium



occurred on or about April 1, 2022. Maupin received a check for $250,000 from Mr. Goode in the mail after the conversation took place. This money was a premium to get RTO contracts for 5 years without paying a 5% premium on the retail amount of the building.

An in-person conversation between Maupin and Doug Hines about paying a premium occurred on or about May 1, 2022. Maupin received a check for $250,000 from Mr. Hines in person after the conversation took place. This money was a premium to get RTO contracts for 5 years without paying a 5% premium on the retail amount of the building.

An in-person conversation between Maupin and Troy Buttery about paying a premium occurred on or about March 1, 2022. Maupin received a check for $100,000 from Mr. Buttery in person after the conversation took place. This money was a premium to get RTO contracts for 5 years without paying a 5% premium on the retail amount of the building

ABCO is in possession of and will produce to Plaintiff documents reflecting these three checks. See docs ABCO_000501–000503. *See* Fed. R. Civ. P. 33(d).

5.     Identify each person who has served as an employee of ABCO or an ABCO affiliate and who was previously employed by Weather King and, with respect to each such person: (a) set forth the person's employer and position/title; and (b) set forth the dates in which the person has held the position/title.

**Response**: The named Defendants are  the only persons so employed by ABCO and have been since its inception. Their titles are:

Jesse Maupin – Operations Manager

Barry D. Harrell – Material Purchaser

Adrian S. Harrod – Sales Representative

Logan C. Feagin – Sales Representative

Stephanie L. Gillespie – Sales Representative

Ryan E. Brown – Independent Contractor

2

Daniel J. Hershberger – Independent Contractor

Brian L. Lassen – Independent Contractor

Aleyna Lassen – Independent Contractor

6.      Identify each person who was employed by Weather King and who, while
still employed by Weather King, was approached about the possibility of forming
an employment relationship or other relationship with ABCO or an ABCO affiliate
and, with respect to each such person: (a) set forth the dates in which
communications took place about the possibility of forming a relationship with
ABCO or an ABCO affiliate; (b) identify all individuals who communicated with
that person about the possibility of forming a relationship with ABCO or an ABCO
affiliate; (c) identify all witnesses to each communication; (d) identify the location
and mode of each communication (*i.e.*, telephonic conversation, email, text
message, etc.); and (e) identify all documents relating to each such communication.

**Response**: ABCO objects to this interrogatory as unduly broad, overly burdensome, and

not proportional to the needs of the case. Subject to and without waiving its objection ABCO

states that the individuals were approached in person by Mr. Maupin, Mr. Feagin, or Mr. Harrod,

and that they do not recall who was approached by whom.

10.     Identify each person or entity who served as a Weather King dealer and
who, while still a Weather King dealer, was approached about the possibility of
serving as an ABCO dealer and, with respect to each such person/entity: (a) set
forth the dates in which communications took place about the possibility of serving
as an ABCO dealer; (b) identify all individuals who communicated with that
person/entity about the possibility of serving as an ABCO dealer; (c) identify all
witnesses to each communication; (d) identify the location and mode of each
communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e)
identify all documents relating to each such communication.

**Response**: ABCO objects to this interrogatory as unduly broad, overly burdensome, and

not proportional to the needs of the case. In addition to its previous responses, ABCO states that

the individuals were approached by Mr. Maupin, Mr. Feagin or Mr. Harrod and it does not who

approached who. There were no witnesses to these approaches.

3

12.     Identify each rental business (including rent-to-own and consignment) that held a relationship with Weather King and who, while still doing business with Weather King, was approached about the possibility of forming a relationship with ABCO and, with respect to each such entity: (a) set forth the dates in which communications took place about the possibility of forming a relationship with ABCO; (b) identify all individuals who communicated with that entity about the possibility of forming a relationship with ABCO; (c) identify all witnesses to each communication; (d) identify the location and mode of each communication (*i.e.*, telephonic conversation, email, text message, etc.); and (e) identify all documents relating to each such communication.

**Response**: BPS Rentals: the meeting with Troy Buttery was in person and would have been

around the first part of the month of March 2022.

Jade Rentals: the meeting with Doug Hines was in person and would have been about the

first part of May, 2022.

## REQUESTS FOR PRODUCTION

34.     All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**Response**: None exist.  ABCO has never had such documents.

Date: December 14, 2023

/s/ Thomas G. Pasternak
Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendant*
*American Barn Co., LLC*

4

## VERIFICATION

Under penalty of perjury, I, _____ Jesse Maupin _____, as an officer or agent of the
Company, based on reasonable inquiry, hereby verify that the foregoing answers to these
interrogatories are true and correct to the best of my knowledge, information, and belief.

American Barn Co., LLC

_____ 12-17-2?

**Title (Officer or Agent)**

## CERTIFICATE OF SERVICE

I certify that on the date listed below, a true and correct copy of the foregoing document

was served upon the following counsel via email and U.S. Mail, First-Class:

David L. Johnson, #18732
John H. Dollarhide, #40041
Y. Larry Cheng, #36707
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax: (615) 651-6701
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com
larry.cheng@butlersnow.com

Daniel W. Van Horn, #18940
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

Date: December 14, 2023

*/s/ Thomas G. Pasternak*

Thomas G. Pasternak
Counsel for *Defendant*
*American Barn Co., LLC*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:22-cv-01230 |
| v. | ) | |
| | ) | |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ADRIAN S. HARROD'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Adrian S. Harrod by and through his attorneys, states the following responses.

## INTERROGATORIES

1.    Identify each business enterprise that has been engaged in the Portable Buildings Industry with which you played any role in planning its creation or formation and, with respect to each such enterprise, identify: (a) your specific role(s) relating to the creation/formation; (b) the dates in which you were involved in the planning; and (c) all other individuals and entities who were involved in planning the creation/formation.

**RESPONSE:**

None.

68558405;1

EXHIBIT AH
3
2-10-25

2.    Other than Weather King, identify each business enterprise in the Portable Buildings Industry in which you have held an ownership interest and/or performed services (whether as an employee, an independent contractor, or in any other capacity) since January 1, 2021, and, with respect to each such enterprise, identify: (a) your specific relationship with the entity, including but not limited to all titles and positions you have held; (b) the nature and extent of any ownership interest in the enterprise; (c) the dates of your relationship; and (d) your role and duties for the entity.

**RESPONSE:**

Harrod objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case. The information requested is not relevant to any issue in the case and to collect imposes an unnecessary burden on Harrod. Subject to and without waiving those objections, Harrod states as follows. I am a salesman for American Barn and have been one since its inception. I have no ownership interest.

3.    Identify each communication you have had with any person or entity (other than confidential communications solely with your legal counsel, your spouse, or your accountant) between January 1, 2021, and through the day of the termination of your employment with Weather King (including but not limited to communications with lenders or potential lenders, investors or potential investors, business partners or potential business partners, Weather King employees, Weather King contractors, Weather King dealers, Weather King builders, Weather King drivers, other Weather King business partners, rental companies, and Weather King customers) relating to the creation/formation or potential creation/formation of, funding or potential funding of, and/or operation or potential operation of any business enterprise in the Portable Buildings Industry (other than Weather King) and, with respect to each such communication, identify: (a) the substance of

- 2 -

the communication; (b) all parties to the communication; (c) the date of the communication; and (d) the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Harrod objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case nor relevant to any issue in the case, and to collect it imposes an unnecessary burden on Harrod. Subject to and without waiving those objections, Harrod states as follows. I had verbal communications with Weather King dealers and employees about my plans to leave. I do not recall the dates or names of the dealers and employees.

4.      Identify each communication you had between January 1, 2021, and through the day of the termination of your employment with Weather King with any person then-employed by Weather King relating to that person's potential departure from Weather King and/or your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Harrod objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case, nor relevant to any issue in the case, and to collect it imposes an unnecessary burden on Harrod. Subject to and without waiving those objections, Harrod states as follows. I had verbal communications on this issue with Logan Feagin and Jesse Maupin but do not recall the dates.

5.      Identify each communication you had between January 1, 2021, and the day of the termination of your employment from Weather King with any person or entity who, at the time of

- 3 -

the communication, was a Weather King dealer, driver, customer, lender, landlord, rental company, or other business partner relating to your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Harrod objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case, nor relevant to any issue in the case, and to collect it imposes an unnecessary burden on Harrod. Subject to and without waiving those objections, Harrod states as follows. I had verbal communications with Weather King dealers but do not recall the exact dates or parties.

6.    Identify each person and/or entity with whom you have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity.

**RESPONSE:**

None.

7.    Identify all property of Weather King (including but not limited to electronically stored information) that has been in your possession at any time after the date of the termination of your employment with Weather King and, with respect to the property, (a) identify where or how it has been stored; and (b) set forth in detail the circumstances in which you have made use of, copied, or shared the property with anyone else (including but not limited to the identity of the person or entity and the date(s) in which the property was shared).

- 4 -

68558405;1

**RESPONSE:**

None.

8.    Identify all Weather King property, whether tangible or intelligible (including but not limited to financial information and inventory count information) of which you were not an authorized recipient but that you accessed or obtained without a Weather King officer's permission and, with respect to each such item, identify: (a) the specific property you accessed or obtained; (b) the circumstances in which you accessed or obtained it, including but not limited to the date(s) of access or obtainment; (c) the circumstances in which you shared the property with anyone else, including but not limited to the identity of all such person and the date(s); and (d) the circumstances in which you otherwise made use of the property.

**RESPONSE:**

None.

9.    Identify all Weather King property, whether tangible or intelligible (including but not limited to financial information and inventory count information) to which you had authorized access but that you shared with a third-party or otherwise made use of the property for any purpose other than the furtherance of Weather King's business and, with respect to each such item, identify: (a) the specific property; (b) the circumstances in which you shared the property with anyone else, including but not limited to the identity of all such person and the date(s); and (c) the circumstances in which you made use of the property for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

- 5 -

10.    Identify all email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Harrod objects to this interrogatory as not being proportional to the needs of the case.

11.    Identify all person who were recipients of the text message communications reflected in Exhibit 1 to the original Complaint.

**RESPONSE:**

I do not recall.

12.    Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

Harrod objects to this interrogatory as not being proportional to the needs of the case.

13.    For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative proceeding, including divorce proceedings, to which you have been a party, state: (a) the court or agency in which said proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated; (b) the nature of the proceeding, including a description of the claims and defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by settlement, by court order).

- 6 -

**RESPONSE:**

None.

## VERIFICATION

I, Adrian S. Harrod, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Adrian S. Harrod

DATE: 3·20·23

- 7 -

68558405;1

## REQUESTS FOR PRODUCTION

Please produce the following:

1.      All correspondence and other documents relating to the creation or formation of any business enterprise in the Portable Buildings Industry.

**RESPONSE:**

None.

2.      All documents which set forth the relationship you have had with any business enterprise in the Portable Buildings Industry since January 1, 2021, other than Weather King.

**RESPONSE:**

None.

3.      All correspondence and other documents exchanged with any lenders or potential lenders (including but not limited to FirstBank and Centennial Bank and any individuals) since January 1, 2021, relating to funding or potential funding or other financial support of any business enterprise in the Portable Buildings Industry.

**RESPONSE:**

None.

4.      All correspondence and other documents exchanged with any investors or potential investors since January 1, 2021, relating to any business enterprise in the Portable Buildings Industry.

**RESPONSE:**

None.

5.      All correspondence and other documents exchanged with Virgil W. Etherton between January 1, 2021, and July 1, 2022.

- 8 -

68558405;1

**RESPONSE:**

None.

6.      All correspondence and other documents exchanged with any former Weather King employees between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

7.      All correspondence and other documents exchanged with any then-current Weather King employees after January 1, 2022.

**RESPONSE:**

None.

8.      All correspondence and other documents exchanged with any then-current Weather King dealers (including but not limited to employees and agents of those dealers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

9.      All correspondence and other documents exchanged with any then-current Weather King builders (including but not limited to employees and agents of those builders) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None

10.      All correspondence and other documents exchanged with any then-current Weather King customers (including but not limited to employees and agents of those customers) between January 1, 2022, and July 1, 2022.

- 9 -

68558405;1

**RESPONSE:**

None.

11.    All correspondence and other documents exchanged with any then-current Weather King drivers (including but not limited to employees and agents of those drivers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

12.    All correspondence and other documents exchanged with any Portable Buildings Industry rental companies and/or rental companies being formed (including but not limited to employees and agents of those entities) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

13.    All correspondence and other documents exchanged with BPS, LLC, BPS Rentals, LLC, Keith Priestley, Jerry Sawyer or Troy Buttrey between July 1, 2021, and July 1, 2022.

**RESPONSE:**

None.

14.    All non-privileged correspondence and other documents related to:

(a) any of the Defendants' departure from Weather King;

(b) any of the Defendants' communications with any Weather King employees about the possibility of leaving Weather King or joining ABCO;

(c) any of the Defendants' communications with any Weather King builders, dealers, drivers, rental companies, or contractors, about the possibility of doing business with ABCO or ceasing doing business with Weather King;

- 10 -

(d) any claims or potential claims made by Weather King against any of the Defendants;

(e) any of the Defendants' possession of or use of any Weather King property; or

(f) derogatory remarks made by any of the Defendants relating to Weather King;

**RESPONSE:**

None.

15.    All correspondence and other documents exchanged with any person or entity related to the leasing or potential leasing of any property located in Arizona or New Mexico.

**RESPONSE:**

None.

16.    All emails and attachments sent from your Weather King company email address to any personal email address since January 1, 2021.

**RESPONSE:**

None.

17.    All correspondence and other documents referencing or relating to any Weather King drawings, blueprints, or other engineering plans, including but not limited to plans prepared by Kevin Nolan, P.E.

**RESPONSE:**

None.

18.    All documents relating to any sales of units using any Weather King drawings, blueprints, or other plans, including but not limited to plans prepared by Kevin Nolan, P.E.

**RESPONSE:**

None.

- 11 -

19.     All documents reflecting contacts, notes, calendars, diaries, pictures, audio or video recordings, business records, computer disks, files, printouts, or any other written or recorded material that you received, obtained, copied, downloaded, transferred, or removed from Weather King and/or that were obtained, copied, downloaded, transferred, or removed from Weather King or contain Weather King information.

**RESPONSE:**

None.

20.     All correspondence and other documents relating to your use of any Weather King property for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

21.     All correspondence and other documents relating to any and all instances in which you advised any other person or entity not to make use of any Weather King engineering plans or other property.

**RESPONSE:**

None.

22.     All communications and other documents related to your use of any Weather King templates or form documents for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

23.     All correspondence and other documents referencing or relating to Weather King's business operations.

- 12 -

**RESPONSE:**

None.

24.    All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Buildings Industry, other than Weather King, from January 1, 2021, through the date of response.

**RESPONSE:**

None.

25.    All agreements between you and any of the other Defendants.

**RESPONSE:**

None.

26.    All agreements between you and any dealers, builders, lenders, investors, or rental companies in the Portable Buildings Industry.

**RESPONSE:**

None.

27.    All photographs, video, and/or audio recordings of Weather King property and/or current or former Weather King employees or officers.

**RESPONSE:**

None.

28.    All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:**

- 13 -

Harrod objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case.

29.     All correspondence and/or other documents which relate to or refer in any way to your decision to become affiliated with a business enterprise in the Portable Buildings Industry other than Weather King or to depart from Weather King.

**RESPONSE:**

None.

30.     All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

Harrod objects to this request as being overly broad and unduly burdensome and not proportional to the needs of the case.

31.     All correspondence and other documents exchanged between you and anyone else related to Weather King's toll-free telephone number or Caller ID.

**RESPONSE:**

None.

32.     All documents supporting your "[m]istake of fact" affirmative defense.

**RESPONSE:**

None.

33.     All documents supporting or relating to any other defenses you intend to assert against Plaintiff's claims.

**RESPONSE:**

None.

- 14 -

68558405;1

34.     All documents referenced in your responses to Plaintiff's interrogatories and/or upon which you relied in responding to Plaintiff's interrogatories.

**RESPONSE**:

None.

35.     All non-privileged communications between you and any of the other Defendants pertaining to this lawsuit.

**RESPONSE**:

None.

## REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 36, Plaintiff requests that Defendant Adrian S. Harrod admit to the truth of the following:

1.     While still employed by Weather King, you encouraged one or more other Weather King employees to join you (in the future) at ABCO.

**RESPONSE:**

Denied.

2.     While still employed by Weather King, you suggested to one or more other Weather King employees that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

3.     While still employed by Weather King, you encouraged one or more Weather King dealers to plan to do business with ABCO.

**RESPONSE:**

- 15 -

Denied.

4.      While still employed by Weather King, you encouraged one or more Weather King dealers to cease doing business (in the future) with Weather King.

**RESPONSE:**

Denied.

5.      While still employed by Weather King, you said negative or derogatory things about Weather King to one or more Weather King dealers.

**RESPONSE:**

Denied.

6.      While still employed by Weather King, you suggested to one or more Weather King dealers that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

7.      While still employed by Weather King, you encouraged one or more Weather King drivers to plan to do business with ABCO.

**RESPONSE:**

Denied.

8.      While still employed by Weather King, you encouraged one or more Weather King drivers to cease doing business (in the future) with Weather King.

**RESPONSE:**

Denied.

9.      While still employed by Weather King, you said negative or derogatory things about Weather King to one or more Weather King drivers.

- 16 -

**RESPONSE:**

Denied.

10.    While still employed by Weather King, you suggested to one or more Weather King drivers that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

11.    While still employed by Weather King, you encouraged one or more Weather King builders to plan to do business with ABCO.

**RESPONSE:**

Denied.

12.    While still employed by Weather King, you encouraged one or more Weather King builders to cease doing business (in the future) with Weather King.

**RESPONSE:**

Denied.

13.    While still employed by Weather King, you said negative or derogatory things about Weather King to one or more Weather King builders.

**RESPONSE:**

Denied.

14.    While still employed by Weather King, you suggested to one or more Weather King builders that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

- 17 -

15.     After your termination from Weather King, you have suggested to one or more third-parties that ABCO was taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

16.     You encouraged Weather King dealers to coordinate such that their customers canceled their orders with Weather King and placed new orders with ABCO.

**RESPONSE:**

Denied.

17.     You suggested to Weather King dealers that Weather King was or would be in financial distress.

**RESPONSE:**

Denied.

18.     You suggested to Weather King dealers that Weather King was having or would have difficulty paying its bills.

**RESPONSE:**

Denied.

19.     While still employed by Weather King, Jesse Maupin encouraged you to (in the future) leave Weather King and join ABCO.

**RESPONSE:**

Admitted.

20.     While still employed by Weather King, one or more of the other Defendants encouraged Weather King employees to (in the future) leave Weather King and join ABCO.

**RESPONSE:**

- 18 -

Harrod is without sufficient information to admit or deny this request and therefore denies it.

21.    While still employed by Weather King, one or more of the other Defendants encouraged Weather King dealers, builders, drivers, or others with whom Weather King had a business relationship to plan to do business with ABCO.

**RESPONSE:**

Harrod is without sufficient information to admit or deny this request and therefore denies it.

22.    One or more of the other Defendants has made use of Weather King property in furtherance of an interest other than Weather King's business interest.

**RESPONSE:**

Harrod is without sufficient information to admit or deny this request and therefore denies it.

23.    A true and correct copy of a portion of text communications in which you were a party is attached as Exhibit 1 to the original Complaint.

**RESPONSE:**

Admitted.

Date: March 20, 2023

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant,*
*Adrian S. Harrod*

- 19 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Adrian S. Harrod's Responses to Plaintiff's First Interrogatories and Requests for Production and Requests for Admission** was served upon the following counsel via email on March 20, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax:  (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/ Thomas G. Pasternak*
> Thomas G. Pastenrak

- 20 -

68558405;1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-01230 |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ADRIAN S. HARROD'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Adrian S. Harrod, by and through his attorneys, states the following First Supplemental responses. His previous responses are incorporated by reference.

## INTERROGATORIES

10.    Identify all email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Cell phone:  731 363 5943

Email account:  adrian@americanbarnco.com

73028351;1


EXHIBIT 4 /+
4
2 - 10 -25

11.     Identify all persons who were recipients of the text message communications reflected in Exhibit 1 to the original Complaint.

**RESPONSE:**

I do not recall.

12.     Identify each device in your possession, custody, or control, including, but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

Cell phone identified above, desktop computer left at plant.

## REQUESTS FOR PRODUCTION

Please produce the following:

19.     All documents reflecting contacts, notes, calendars, diaries, pictures, audio or video recordings, business records, computer disks, files, printouts, or any other written or recorded material that you received, obtained, copied, downloaded, transferred, or removed from Weather King and/or that were obtained, copied, downloaded, transferred, or removed from Weather King or contain Weather King information

**RESPONSE:**

None exist.

24.     All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Buildings Industry, other than Weather King, from January 1, 2021, through the date of response.

- 2 -

**RESPONSE:**

A spreadsheet indicating his compensation will be produced.

30.    All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

Responsive documents will be produced.

Dated:  October 4, 2023

/s/  Thomas G. Pasternak
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant,*
*Adrian S. Harrod*

- 3 -

73028351;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Adrian S. Harrod's First Supplemental

Responses to Plaintiff's First Interrogatories and Requests for Production was served upon the

following counsel via email on October 4, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax:  (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

*/s/ Thomas G. Pasternak*
Thomas G. Pasternak

- 4 -

73028351;1

## VERIFICATION

I, **Adrian S. Harrod**, declare under the penalty of perjury that the foregoing answers to interrogatories in the document titled **Adrian S. Harrod's First Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents** served on **October 4, 2023**, are true and correct to the best of my knowledge, information and belief.

Adrian S. Harrod

Date: 10 · 23 - 2 3

73298803.1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC | ) | |
| d/b/a WEATHER KING PORTABLE | ) | |
| BUILDINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:22-cv-01230 |
| v. | ) | |
| | ) | |
| JESSE A. MAUPIN, BARRY D. | ) | |
| HARRELL, ADRIAN S. HARROD, | ) | |
| LOGAN C. FEAGIN, STEPHANIE L. | ) | |
| GILLESPIE, RYAN E. BROWN, DANIEL | ) | |
| J. HERSHBERGER, BRIAN L. LASSEN, | ) | |
| ALEYNA LASSEN, and AMERICAN | ) | |
| BARN CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**LOGAN C. FEAGIN'S RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF
DOCUMENTS, AND REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Logan C. Feagin by and through his

attorneys, states the following responses.

**INTERROGATORIES**

1.    Identify each business enterprise that has been engaged in the Portable Buildings

Industry with which you played any role in planning its creation or formation and, with respect to

each such enterprise, identify: (a) your specific role(s) relating to the creation/formation; (b) the

dates in which you were involved in the planning; and (c) all other individuals and entities who

were involved in planning the creation/formation.

**RESPONSE:**

68559543;1



EXHIBIT LF
2
2-11-25

None.

2.      Other than Weather King, identify each business enterprise in the Portable Buildings Industry in which you have held an ownership interest and/or performed services (whether as an employee, an independent contractor, or in any other capacity) since January 1, 2021, and, with respect to each such enterprise, identify: (a) your specific relationship with the entity, including but not limited to all titles and positions you have held; (b) the nature and extent of any ownership interest in the enterprise; (c) the dates of your relationship; and (d) your role and duties for the entity.

**RESPONSE:**

Feagin objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden on Feagin. Subject to and without waiving those objections, Feagin states as follows: I am a sales representative with American Barn but hold no ownership interest.

3.      Identify each communication you have had with any person or entity (other than confidential communications solely with your legal counsel, your spouse, or your accountant) between January 1, 2021, and through the day of the termination of your employment with Weather King (including but not limited to communications with lenders or potential lenders, investors or potential investors, business partners or potential business partners, Weather King employees, Weather King contractors, Weather King dealers, Weather King builders, Weather King drivers, other Weather King business partners, rental companies, and Weather King customers) relating to the creation/formation or potential creation/formation of, funding or potential funding of, and/or operation or potential operation of any business enterprise in the Portable Buildings Industry (other

- 2 -

than Weather King) and, with respect to each such communication, identify: (a) the substance of the communication; (b) all parties to the communication; (c) the date of the communication; and (d) the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

None.

4.    Identify each communication you had between January 1, 2021, and through the day of the termination of your employment with Weather King with any person then-employed by Weather King relating to that person's potential departure from Weather King and/or your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Feagin objects to this interrogatory as unduly broad, overly burdensome, and not proportional to the needs of the case, nor relevant to any issue in the case. To collect all of this information would impose an unnecessary burden on Feagin. Subject to and without waiving those objections, Feagin states as follows: I recall speaking to someone at Weather King about a job offer. No other communications.

5.    Identify each communication you had between January 1, 2021, and the day of the termination of your employment from Weather King with any person or entity who, at the time of the communication, was a Weather King dealer, driver, customer, lender, landlord, rental company, or other business partner relating to your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the

- 3 -

communication; (b) identify all parties to the communication; (c) identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

None.

6.      Identify each person and/or entity with whom you have discussed funding, potential funding, or providing other financial support to or for any business enterprise in the Portable Business Industry since January 1, 2021, whether as an investor, a lender, or in any other capacity.

**RESPONSE:**

None.

7.      Identify all property of Weather King (including but not limited to electronically stored information) that has been in your possession at any time after the date of the termination of your employment with Weather King and, with respect to the property, (a) identify where or how it has been stored; and (b) set forth in detail the circumstances in which you have made use of, copied, or shared the property with anyone else (including but not limited to the identity of the person or entity and the date(s) in which the property was shared).

**RESPONSE:**

None.

8.      Identify all Weather King property, whether tangible or intelligible (including but not limited to financial information and inventory count information) of which you were not an authorized recipient but that you accessed or obtained without a Weather King officer's permission and, with respect to each such item, identify: (a) the specific property you accessed or obtained; (b) the circumstances in which you accessed or obtained it, including but not limited to the date(s)

- 4 -

68559543;1

of access or obtainment; (c) the circumstances in which you shared the property with anyone else, including but not limited to the identity of all such person and the date(s); and (d) the circumstances in which you otherwise made use of the property.

**RESPONSE:**

None.

9.    Identify all Weather King property, whether tangible or intelligible (including but not limited to financial information and inventory count information) to which you had authorized access but that you shared with a third-party or otherwise made use of the property for any purpose other than the furtherance of Weather King's business and, with respect to each such item, identify: (a) the specific property; (b) the circumstances in which you shared the property with anyone else, including but not limited to the identity of all such person and the date(s); and (c) the circumstances in which you made use of the property for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

10.    Identify all email accounts, cell phone numbers (and providers), messaging services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Feagin objects to this interrogatory as not being proportional to the needs of the case.

11.    Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider),

- 5 -

tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

None.

12.    For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative proceeding, including divorce proceedings, to which you have been a party, state: (a) the court or agency in which said proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated; (b) the nature of the proceeding, including a description of the claims and defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by settlement, by court order).

**RESPONSE:**

Feagin objects to this interrogatory as not being proportional to the needs of the case.

**VERIFICATION**

I, Logan C. Feagin, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____

Logan C. Feagin

DATE: 3/21/23

6

tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

None.

12.    For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative proceeding, including divorce proceedings, to which you have been a party, state: (a) the court or agency in which said proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated; (b) the nature of the proceeding, including a description of the claims and defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by settlement, by court order).

**RESPONSE:**

Feagin objects to this interrogatory as not being proportional to the needs of the case.

**VERIFICATION**

I, Logan C. Feagin, declare under penalty of perjury that the foregoing responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
Logan C. Feagin

DATE:_____

- 6 -

68559543;1

## REQUESTS FOR PRODUCTION

Please produce the following:

1.      All correspondence and other documents relating to the creation or formation of any business enterprise in the Portable Buildings Industry.

**RESPONSE:**

None.

2.      All documents which set forth the relationship you have had with any business enterprise in the Portable Buildings Industry since January 1, 2021, other than Weather King.

**RESPONSE:**

None.

3.      All correspondence and other documents exchanged with any lenders or potential lenders (including but not limited to FirstBank and Centennial Bank and any individuals) since January 1, 2021, relating to funding or potential funding or other financial support of any business enterprise in the Portable Buildings Industry.

**RESPONSE:**

None.

4.      All correspondence and other documents exchanged with any investors or potential investors since January 1, 2021, relating to any business enterprise in the Portable Buildings Industry.

**RESPONSE:**

None.

5.      All correspondence and other documents exchanged with Virgil W. Etherton between January 1, 2021, and July 1, 2022.

- 7 -

**RESPONSE:**

None.

6.      All correspondence and other documents exchanged with any former Weather King employees between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

7.      All correspondence and other documents exchanged with any then-current Weather King employees after January 1, 2022.

**RESPONSE:**

None.

8.      All correspondence and other documents exchanged with any then-current Weather King dealers (including but not limited to employees and agents of those dealers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

9.      All correspondence and other documents exchanged with any then-current Weather King builders (including but not limited to employees and agents of those builders) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

10.     All correspondence and other documents exchanged with any then-current Weather King customers (including but not limited to employees and agents of those customers) between January 1, 2022, and July 1, 2022.

- 8 -

**RESPONSE:**

None.

11.    All correspondence and other documents exchanged with any then-current Weather King drivers (including but not limited to employees and agents of those drivers) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

12.    All correspondence and other documents exchanged with any Portable Buildings Industry rental companies and/or rental companies being formed (including but not limited to employees and agents of those entities) between January 1, 2022, and July 1, 2022.

**RESPONSE:**

None.

13.    All correspondence and other documents exchanged with BPS, LLC, BPS Rentals, LLC, Keith Priestley, Jerry Sawyer or Troy Buttrey between July 1, 2021, and July 1, 2022.

**RESPONSE:**

None.

14.    All non-privileged correspondence and other documents related to:

(a) any of the Defendants' departure from Weather King;

(b) any of the Defendants' communications with any Weather King employees about the possibility of leaving Weather King or joining ABCO;

(c) any of the Defendants' communications with any Weather King builders, dealers, drivers, rental companies, or contractors, about the possibility of doing business with ABCO or ceasing doing business with Weather King;

- 9 -

(d) any claims or potential claims made by Weather King against any of the Defendants;

(e) any of the Defendants' possession of or use of any Weather King property; or

(f) derogatory remarks made by any of the Defendants relating to Weather King;

**RESPONSE:**

None.

15.    All correspondence and other documents exchanged with any person or entity related to the leasing or potential leasing of any property located in Arizona or New Mexico.

**RESPONSE:**

None.

16.    All emails and attachments sent from your Weather King company email address to any personal email address since January 1, 2021.

**RESPONSE:**

None.

17.    All correspondence and other documents referencing or relating to any Weather King drawings, blueprints, or other engineering plans, including but not limited to plans prepared by Kevin Nolan, P.E.

**RESPONSE:**

None.

18.    All documents relating to any sales of units using any Weather King drawings, blueprints, or other plans, including but not limited to plans prepared by Kevin Nolan, P.E.

**RESPONSE:**

None.

- 10 -

19.    All documents reflecting contacts, notes, calendars, diaries, pictures, audio or video recordings, business records, computer disks, files, printouts, or any other written or recorded material that you received, obtained, copied, downloaded, transferred, or removed from Weather King and/or that were obtained, copied, downloaded, transferred, or removed from Weather King or contain Weather King information.

**RESPONSE:**

Feagin objects to this document request as not being proportional to the needs of the case.

20.    All correspondence and other documents relating to your use of any Weather King property for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

21.    All correspondence and other documents relating to any and all instances in which you advised any other person or entity not to make use of any Weather King engineering plans or other property.

**RESPONSE:**

None.

22.    All communications and other documents related to your use of any Weather King templates or form documents for any purpose other than the furtherance of Weather King's business.

**RESPONSE:**

None.

23.    All correspondence and other documents referencing or relating to Weather King's business operations.

- 11 -

68559543;1

**RESPONSE:**

None.

24.     All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Buildings Industry, other than Weather King, from January 1, 2021, through the date of response.

**RESPONSE:**

Feagin objects to this document request as not being proportional to the needs of the case.

25.     All agreements between you and any of the other Defendants.

**RESPONSE:**

None.

26.     All agreements between you and any dealers, builders, lenders, investors, or rental companies in the Portable Buildings Industry.

**RESPONSE:**

None.

27.     All photographs, video, and/or audio recordings of Weather King property and/or current or former Weather King employees or officers.

**RESPONSE:**

Feagin objects to this document request as not being proportional to the needs of the case.

28.     All documents reflecting notes, diaries, journals, expense records, day planners, calendars, and/or other record(s) maintained by you that record, refer, or otherwise relate to your activities, including, but not limited to any appointment, meeting, interview, placement, or other business activities in the Portable Buildings Industry from January 1, 2022, through July 1, 2022.

**RESPONSE:**

- 12 -

68559543;1

None.

29.    All correspondence and/or other documents which relate to or refer in any way to your decision to become affiliated with a business enterprise in the Portable Buildings Industry other than Weather King or to depart from Weather King.

**RESPONSE:**

None.

30.    All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

Feagin objects to this document request as not being proportional to the needs of the case.

31.    All correspondence and other documents exchanged between you and anyone else related to Weather King's toll-free telephone number or Caller ID.

**RESPONSE:**

None.

32.    All documents supporting your "[m]istake of fact" affirmative defense.

**RESPONSE:**

None.

33.    All documents supporting or relating to any other defenses you intend to assert against Plaintiff's claims.

**RESPONSE:**

None.

34.    All documents referenced in your responses to Plaintiff's interrogatories and/or upon which you relied in responding to Plaintiff's interrogatories.

- 13 -

**RESPONSE**:

None.

35.    All non-privileged communications between you and any of the other Defendants pertaining to this lawsuit.

**RESPONSE**:

None.

## REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 36, Plaintiff requests that Defendant Logan C. Feagin admit to the truth of the following:

1.    While still employed by Weather King, you encouraged one or more other Weather King employees to join you (in the future) at ABCO.

**RESPONSE:**

Denied.

2.    While still employed by Weather King, you suggested to one or more other Weather King employees that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

3.    While still employed by Weather King, you encouraged one or more Weather King dealers to plan to do business with ABCO.

**RESPONSE:**

Denied.

- 14 -

4.      While still employed by Weather King, you encouraged one or more Weather King dealers to cease doing business (in the future) with Weather King.

**RESPONSE:**

Denied.

5.      While still employed by Weather King, you said negative or derogatory things about Weather King to one or more Weather King dealers.

**RESPONSE:**

Denied.

6.      While still employed by Weather King, you suggested to one or more Weather King dealers that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

7.      While still employed by Weather King, you encouraged one or more Weather King drivers to plan to do business with ABCO.

**RESPONSE:**

Denied.

8.      While still employed by Weather King, you encouraged one or more Weather King drivers to cease doing business (in the future) with Weather King.

**RESPONSE:**

Denied.

9.      While still employed by Weather King, you said negative or derogatory things about Weather King to one or more Weather King drivers.

**RESPONSE:**

- 15 -

Denied.

10.    While still employed by Weather King, you suggested to one or more Weather King drivers that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

11.    While still employed by Weather King, you encouraged one or more Weather King builders to plan to do business with ABCO.

**RESPONSE:**

Denied.

12.    While still employed by Weather King, you encouraged one or more Weather King builders to cease doing business (in the future) with Weather King.

**RESPONSE:**

Denied.

13.    While still employed by Weather King, you said negative or derogatory things about Weather King to one or more Weather King builders.

**RESPONSE:**

Denied.

14.    While still employed by Weather King, you suggested to one or more Weather King builders that ABCO would be taking over Weather King's operations in the western United States.

**RESPONSE:**

Denied.

15.    After your termination from Weather King, you have suggested to one or more third-parties that ABCO was taking over Weather King's operations in the western United States.

- 16 -

68559543;1

**RESPONSE:**

Admitted.

16.     You encouraged Weather King dealers to coordinate such that their customers canceled their orders with Weather King and placed new orders with ABCO.

**RESPONSE:**

Denied.

17.     You suggested to Weather King dealers that Weather King was or would be in financial distress.

**RESPONSE:**

Denied.

18.     You suggested to Weather King dealers that Weather King was having or would have difficulty paying its bills.

**RESPONSE:**

Denied.

19.     While still employed by Weather King, Jesse Maupin encouraged you to (in the future) leave Weather King and join ABCO.

**RESPONSE:**

Denied.

20.     While still employed by Weather King, one or more of the other Defendants encouraged Weather King employees to (in the future) leave Weather King and join ABCO.

**RESPONSE:**

Denied.

- 17 -

21.    While still employed by Weather King, one or more of the other Defendants encouraged Weather King dealers, builders, drivers, or others with whom Weather King had a business relationship to plan to do business with ABCO.

**RESPONSE:**

Denied.

22.    One or more of the other Defendants has made use of Weather King property in furtherance of an interest other than Weather King's business interest.

**RESPONSE:**

Feagin does not have sufficient information to admit or deny this defense and therefore denies it.

Date: March 20, 2023                    */s/  Thomas G. Pasternak*
                                        Thomas G. Pasternak
                                        AKERMAN LLP
                                        71 South Wacker Drive, 47th Floor
                                        Chicago, IL 60606
                                        Tel. 312.634.5700
                                        thomas.pasternak@akerman.com

                                        *Attorneys for Defendant,*
                                        *Logan C. Feagin*

- 18 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Logan C. Feagin's Responses to Plaintiff's First Interrogatories and Requests for Production and Requests for Admission** was served upon the following counsel via email on March 20, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax:  (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/  Thomas G. Pasternak*
> Thomas G. Pasternak

- 19 -

68559543;1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC )
d/b/a WEATHER KING PORTABLE )
BUILDINGS, )
)
    Plaintiff, )
)
)    Civil Action No. 1:22-cv-01230
v. )
)
JESSE A. MAUPIN, BARRY D. )
HARRELL, ADRIAN S. HARROD, )
LOGAN C. FEAGIN, STEPHANIE L. )
GILLESPIE, RYAN E. BROWN, DANIEL )
J. HERSHBERGER, BRIAN L. LASSEN, )
ALEYNA LASSEN, and AMERICAN )
BARN CO., LLC, )
)
    Defendants. )

## LOGAN C. FEAGIN'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Logan C. Feagin by and through his attorneys, states the following First Supplement Response to Weather King's First Set of Interrogatories.

## INTERROGATORIES

12. For each lawsuit, bankruptcy proceeding, criminal proceeding, or administrative proceeding, including divorce proceedings, to which you have been a party: state (a) the court or agency in which the proceeding was instituted, the names of the parties to the proceeding, the docket number of said proceeding, the date the proceeding was filed and the date the proceeding was finally terminated; (b) the nature of the proceeding, including a description of the claims and defenses, if applicable, and (c) the manner in which the proceeding was resolved (for example, by settlement, by court order).

68559543;1


EXHIBIT ∠ F
3
2 - 11 - 25

**RESPONSE:**

None.


May 15, 2023                                  /s/  Thomas G. Pasternak
                                             Thomas G. Pasternak
                                             AKERMAN LLP
                                             71 South Wacker Drive, 47th Floor
                                             Chicago, IL 60606
                                             Tel. 312.634.5700
                                             thomas.pasternak@akerman.com

                                             *Attorneys for Defendant,*
                                             *Logan C. Feagin*

- 2 -

68559543;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Logan C. Feagin's First Supplement Response to Plaintiff's First Set of Interrogatories was served upon the following counsel via email on May 15 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax:  (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> */s/  Thomas G. Pasternak*
> Thomas G. Pasternak

- 3 -

68559543;1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-01230 |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**LOGAN C. FEAGIN'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Logan C. Feagin by and through his

attorneys, states the following First Supplemental responses. His previous responses are

incorporated by reference.

**INTERROGATORIES**

10.    Identify all email accounts, cell phone numbers (and providers), messaging

services, Google drive accounts, Dropbox accounts, and any other cloud-based account that you

have used at any time since January 1, 2022, through the present.

**RESPONSE:**

Cell phone:  (274) 984-7996; iPhone

73028269;2



EXHIBIT LF
4
2-11-25

Email account: Logan@americanbarnco.com

11.     Identify each device in your possession, custody, or control, including but not limited to laptop computers, desktop computers, cell phones (including number and provider), tablets, or other portable electronic or storage devices, that contains or contained any information that refers to, relates to, or was created by Weather King.

**RESPONSE:**

Cell phone identified above, desktop computer left at plant.

## REQUESTS FOR PRODUCTION

Please produce the following:

19.     All documents reflecting contacts, notes, calendars, diaries, pictures, audio or video recordings, business records, computer disks, files, printouts, or any other written or recorded material that you received, obtained, copied, downloaded, transferred, or removed from Weather King and/or that were obtained, copied, downloaded, transferred, or removed from Weather King or contain Weather King information.

**RESPONSE:**

None exist.

24.     All documents evidencing distributions, salary, wages, bonuses, commissions, or other compensation paid or accrued to you by any entity in the Portable Buildings Industry, other than Weather King, from January 1, 2021, through the date of response.

**RESPONSE:**

A spreadsheet indicating his compensation will be produced.

30.     All phone records from January 1, 2022, through July 1, 2022, related to any device that you have used during that time period.

**RESPONSE:**

- 2 -

73028269;2

Responsive documents will be produced.


Dated: October 4, 2023

/s/ *Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant,*
*Logan C. Feagin*

- 3 -

73028269;2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Logan C. Feagin's Second Supplemental Responses to Plaintiff's First Set of Interrogatories and First Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents was served upon the following counsel via email on October 4, 2023:

> David L. Johnson, #18732
> John H. Dollarhide, #40041
> Y. Larry Cheng, #36707
> BUTLER SNOW LLP
> 150 3rd Avenue South, Suite 1600
> Nashville, TN 37201
> Telephone: (615) 651-6700
> Fax: (615) 651-6701
> david.johnson@butlersnow.com
> john.dollarhide@butlersnow.com
> larry.cheng@butlersnow.com
>
> Daniel W. Van Horn, #18940
> BUTLER SNOW LLP
> 6075 Poplar Ave., Suite 500
> Memphis, TN 38119
> Telephone: (901) 680-7200
> Fax: (901) 680-7201
> Danny.VanHorn@butlersnow.com

> /s/ Thomas G. Pasternak
> Thomas G. Pasternak

- 4 -

73028269;2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC        )
d/b/a WEATHER KING PORTABLE         )
BUILDINGS,                          )
                                    )
    Plaintiff,                      )
                                    )        Civil Action No. 1:22-cv-01230
v.                                  )
                                    )
JESSE A. MAUPIN, BARRY D.           )
HARRELL, ADRIAN S. HARROD,          )
LOGAN C. FEAGIN, STEPHANIE L.       )
GILLESPIE, RYAN E. BROWN, DANIEL    )
J. HERSHBERGER, BRIAN L. LASSEN,    )
ALEYNA LASSEN, and AMERICAN         )
BARN CO., LLC,                      )
                                    )
    Defendants.                     )

## LOGAN C. FEAGIN'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, Logan C. Feagin by and through his attorneys, states the following Third Supplemental responses. His previous responses are incorporated by reference.

## INTERROGATORIES

4.    Identify each communication you had between January 1, 2021, and through the day of the termination of your employment with Weather King with any person then-employed by Weather King relating to that person's potential departure from Weather King and/or your potential departure from Weather King and, with respect to each such communication: (a) describe in detail the substance of the communication; (b) identify all parties to the communication; (c)



73419811;1

identify the date of the communication; and (d) identify the mode of the communication (*i.e.*, telephonic conversation, email, text message, etc.).

**RESPONSE:**

Feagin states that I had an in person verbal communication with all of the named Defendants relating to my departure from Weather King. There were no witnesses and the conversations were just between me and each individual. It was also text to Tom Stewart that I do not recall the substance.

October 30, 2023

/s/ *Thomas G. Pasternak*
Thomas G. Pasternak
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel. 312.634.5700
thomas.pasternak@akerman.com

*Attorneys for Defendant,*
*Logan C. Feagin*

- 2 -

73419811;1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Logan C. Feagin's Third Supplemental

Responses to Plaintiff's First Interrogatories was served upon the following counsel via email and

U.S. Mail, First-Class, on October 30, 2023:

David L. Johnson, #18732
John H. Dollarhide, #40041
Y. Larry Cheng, #36707
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax:  (615) 651-6701
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com
larry.cheng@butlersnow.com

Daniel W. Van Horn, #18940
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

/s/  Thomas G. Pasternak
Thomas G. Pasternak

- 3 -

73419811;1