IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>    Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

**PLAINTIFF'S MOTION TO SET ASIDE
OR AMEND COURT'S APRIL 28, 2025 ORDER**

Plaintiff "Weather King" respectfully requests that the Court set aside or amend its April 28, 2025 Order Granting Defendants' Motion for Extension of Time to Make Expert Disclosures (ECF No. 208). As grounds for this motion, Weather King submits as follows:

    1.    Defendants' deadline to disclose expert witnesses was April 30, 2025 (ECF No. 150).

    2.    Through counsel, the parties have been exchanging settlement offers. With several depositions scheduled for April 28-29, 2025, the negotiations came to head on Friday, April 25. Material terms were negotiated, with counsel for the "ABCO Defendants"[1] stating that afternoon

---

[1] For purposes of this motion, "the ABCO Defendants" consist of all Defendants who are represented by counsel (and excluded Defendants Brian and Aleyna Lassen, are proceeding pro se).

1

that "we are in agreement pending review of the various paperwork and consent of all of the defendants."

3. Based on the belief that a settlement had been reached, Weather King's counsel consented to an extension of the ABCO Defendants' expert disclosure deadline,[2] and later that afternoon, the ABCO Defendants filed a consent motion with the sole basis being "to focus their immediate efforts on settlement." ECF No. 207, ¶ 3.

4. At 12:34 p.m. on April 28, 2025, the Court entered an Order granting the ABCO Defendants' motion. ECF No. 208.

5. Merely 12 minutes later—at 12:46 p.m.—the ABCO Defendants' counsel emailed Weather King's counsel with the abrupt message that "Defendants have decided not to settle at this point"—with no further explanation. Ex. 1.

6. Insofar as the Court granted the ABCO Defendants' motion for extension (ECF No. 207) predicated on the notion that the parties were focused on finalizing a settlement, that basis no longer warrants an extension. In other words, the ABCO Defendants' stated basis for an extension (regardless of whether it was genuine at the time made) no longer applies.

7. Although the ABCO Defendants' counsel now claim that "we need the [fact witness] depositions first" before they make their expert disclosures, *see* Ex. 1, that contention was not articulated before, including in their motion (ECF No. 207). The ABCO Defendants likewise did not seek an extension of their expert disclosure deadline when the parties jointly moved the Court to extend the fact discovery and fact deposition deadlines to a date *after* their expert disclosure deadline. *See* ECF Nos. 203 & 204. In other words, up until April 28, 2025, the ABCO Defendants conceded that their expert disclosure would be made before the fact deposition

---

[2] The parties' counsel also agreed to postpone depositions that were scheduled to be conducted on April 28-29, 2025.

2

deadline. Thus, counsel's statement that fact depositions must occur before they can make their expert disclosure is belied by their own prior consent to the extension of the fact discovery deadline.

8.  While Weather King is amenable to affording Defendants a few extra days, a one-month delay in Defendants' expert disclosure deadline will hinder the parties' ability to focus on preparation for trial.

For these reasons, the Court should set aside or otherwise amend its April 28, 2025 Order (ECF No. 208) and require the ABCO Defendants to make expert disclosures by May 2, 2025, or shortly thereafter.

Respectfully submitted,

BUTLER SNOW LLP

*/s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
1320 Adams Street, Suite 1400
Nashville, TN 37208
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

## Certification by Counsel

In accordance with Local Rule 7.2(a)(1)(B), I certify that I conferred with opposing counsel, Thomas Pasternak, about this matter on April 28, 2025, through the email correspondence filed herewith as Exhibit 1, but the parties were not able to reach accord.

/s/ David L. Johnson
David L. Johnson
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com
*Attorneys for Defendants*

And to the following via U.S. Mail and email.

Brian L. Lassen
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

/s/ David L. Johnson
David L. Johnson

92428862.v1