IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

The "ABCO Defendants"[1] have yet again changed their story, having now pivoted from claiming that "no documents or devices have been destroyed or deleted – they simply never existed in the first place," Doc. 187-2 at 1, to acknowledging that the text messages and other documents requested by Weather King were destroyed after all. Their excuse *du jour* is that they were supposedly confused by letters that Weather King's counsel mailed—not to Defendants—but to non-parties (and that did not even request that text correspondence be deleted). *See* Doc. 205 at 3 (citing Doc. 205-2). Having been afforded a full and fair opportunity to offer an explanation for their misconduct, Defendants have utterly failed to demonstrate that they acted in good faith. Default, attorney's fees and expenses, and other severe sanctions are warranted.

---

[1] As used herein, "the ABCO Defendants" refers to those Defendants represented by counsel and exclude Defendants Bryan and Aleyna Lassen.

1

**I.     The ABCO Defendants mischaracterize their discovery production.**

The ABCO Defendants misleadingly claim that *they* "produced over 76,000 pages of documents to Weather King" in discovery. Doc. 205 at 1; *see also id.* at 2 (referencing their "robust productions of documents"). Defendants' production was hardly "robust." Notwithstanding Magistrate Judge York's expectation that "plaintiff's counsel is going to receive a lot of information" responsive to Weather King's discovery requests, Doc. 117 at 63:1-9, Defendants produced fewer than 700 pages of documents, most of which were call logs and none of which contained a single text message. The thousands of pages of documents were produced by the forensic examiner through the Court's protocol (Doc. 121)—not by Defendants—an action of great expense to Weather King that became necessary after Defendants did not comply with their discovery obligations.[2]

**II.    Several of the Defendants have offered no explanation for their discovery abuses.**

Although there are 10 Defendants, only *half* of them—Maupin, American Barn Co., LLC, Harrell, Harrod, and Feagin—have actually offered any testimony attempting to explain why they failed to produce responsive documents. In fact, Defendants Brian and Aleyna Lassen did not even file a response to Weather King's motion (much less testimony attempting to explain their actions), and therefore, the Court should grant Weather King's motion as to those Defendants as unopposed. *See Propst v. Hartford Life & Accident Ins. Co.*, No. 2:23-cv-02309-SHM-TMP, 2024

---

[2] The ABCO Defendants also claim to have provided "detailed, frequently supplemented discovery responses." Doc. 205 at 2. A plain reading of their responses, however, demonstrates that they are hardly "detailed." Further, they were only supplemented multiple times after Weather King was repeatedly forced to demand supplementation after Defendants' supplementations continued to be deficient and non-compliant with the Court's August 29, 2023 Order (Doc. 111). Even then, their supplementations are replete with falsehoods. *See* Doc. 185-1 at 15-16.

WL 3043012, at *1 (W.D. Tenn. May 22, 2024) ("When a [party] fails to respond to arguments in a motion, [he] waives any opposition to that argument.") (citation omitted).

In their response, the ABCO Defendants suggest that Weather King's motion against Defendants Gillespie, Brown, and Hershberger is improper because Weather King filed its motion before deposing them. It is not Weather King's burden, however, to elicit an explanation from each of the Defendants as to why they neglected to produce responsive documents and lied in their representations to the Court and Weather King. Weather King presented affirmative proof that each of those Defendants failed to produce evidence that they swore not to possess but that were found by a forensic examination of their devices. *See* Exs. 6-8, 21, 37-40, 55, 57-59 to Doc. 185; Doc. 185-1 at 12. In the face of that proof, neither Gillespie, Brown nor Hershberger chose to present an affidavit or declaration explaining their acts and omissions. Therefore, the Court may presume that their only explanation was that they were trying to conceal the truth.

**III.    The explanations the ABCO Defendants have offered are disingenuous.**

As for the five Defendants who were forced through deposition to give an explanation, their explanations are meritless. The focal point of the ABCO Defendants' response is that they destroyed documents because they were "confused" by separate letters Weather King sent to non-parties. Of the 10 Defendants, however, only Mr. Harrod and Mr. Feagin have testified that that was their explanation. *See* Doc. 185-1 at 10-12. That explanation—articulated for the first time more than two years after Weather King first served document requests—is dubious for the reasons set forth in Weather King's initial brief. *See id.* Indeed, not once in their court filings, their letters to Weather King, or their statements to Magistrate Judge York did the Defendants suggest these

3

non-party letters were the reason they did not produce responsive documents. To the contrary, they assured that "no documents or devices have been destroyed or deleted[.]" Doc. 187-2 at 1.[3]

The other Defendants have not testified that they were confused by Weather King's letters sent to non-parties or that they even destroyed documents. Instead, the essence of Mr. Maupin and ABCO's excuse is that they did not produce text messages and emails because they did not realize those records were "documents"—an outlandishly implausible explanation, particularly given that Weather King requested "*correspondence* and other documents." *See* Doc. 186-1, RFP Nos. 4-24. Even if Mr. Maupin (who is represented by counsel) genuinely was initially confused, he certainly could not have been confused after Weather King drew the discrepancy to his attention in correspondence and court filings. *See* Doc. 185-1 at 3-5. Conspicuously missing in the ABCO Defendants' response is *any* explanation for their *numerous* misrepresentations (and contradictory statements) about why they neglected to produce responsive text messages. *See* Doc. 185-1 at 3-5.

Similarly, Mr. Harrell did not testify that he deleted text messages because he was confused by correspondence that Weather King sent to someone else. Instead, he offered no explanation for why the forensic examiner found text messages on his phone that he failed to produce:

Q. What did you do to make sure that your representation to the court [that he did not retain responsive text messages] was accurate?

A. I just went through my stuff to see what we had.

Q. And you went through your stuff, the text messages were there, but you didn't produce them.

A. Apparently, I didn't see them.

---

[3] The ABCO Defendants also suggest for the first time that they were "confused" by a letter sent by another shed manufacturer—Old Hickory Buildings & Sheds—to non-party dealers. Doc. 205 at 4. Not a single Defendant, however, has testified that they were confused by any such correspondence.

> Q. I mean, how difficult is it, Mr. Harrell, to see if you've got text messages with Mr. Maupin?
>
> MR. PASTERNAK: Objection.
>
> A. <u>Well, it's probably not</u>.
>
> BY MR. JOHNSON:
>
> Q. So can you offer any explanation for why you -- you didn't see the text messages?
>
> A. <u>No, not anything.</u>
>
> Q. You have no explanation.
>
> A. <u>No explanation.</u>

Doc. 188-2, Harrell Dep. 68:2-20 (emphasis added).

### IV. Defendants committed other discovery abuses.

Defendants Maupin, Harrod, and ABCO have offered no legitimate excuse for their interference with Weather King's subpoenas to third parties—particularly their actions after the Court already denied their motion for protective order (Doc. 96). They, instead, appear to shield themselves behind advice given by an out-of-state attorney who has not appeared in this case. *See* Doc. 205 at 7. Given their other discovery misconduct, the only plausible explanation is that these Defendants hoped to obstruct Weather King from obtaining relevant evidence support Weather King's causes of action. Because of this subpoena interference, Weather King is not able to ascertain the extent to which it has been prejudiced by non-parties' failure to produce documents relevant to this action.

Further, Defendants do not dispute the contentions set forth on pages 15-16 of Weather King's opening brief that their discovery responses—even as supplemented—are evasive and false. *See Propst* 2024 WL 3043012, at *1 (failure to respond to an argument deemed conceded).

5

**V.     Judgment by default and the other relief requested by Weather King is warranted.**

These types of misrepresentations, coverups, and ever-shifting excuses in discovery cannot be tolerated. This was no innocent "misunderstanding" as claimed. *See* Doc. 205 at 2. Genuine misunderstandings and confusion are cleared up in meet and confer communications, court filings, and conferences with the Court which demand full candor. Instead, Defendants have engaged in a deliberate pattern to hide evidence and deceive Weather King and the Court. Their actions are an affront to the administration of justice, and monetary sanctions alone are insufficient to deter and punish Defendants for their discovery abuses. Given Defendants' failure to refute that they acted in bad faith, the Court should award Weather King the full relief requested in its motion.[4]

Respectfully submitted,

BUTLER SNOW LLP

*/s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
1320 Adams Street, Suite 1400
Nashville, TN 37208
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200

---

[4] It appears that there was a error in connection with the filing of the exhibits to Weather King's motion and that Weather King's counsel's declaration—intended to be filed as Exhibit 16—was not filed. *See* Doc. 187-5. That declaration is filed herewith as Exhibit 1 and should be substituted for Doc. 187-5. Rather than drawing the error to Weather King's attention as would be expected, the ABCO Defendants (who were afforded a lengthy extension in which to respond to Weather King's motion) instead chose to wait until the filing of their response, and then, argue that Weather King has not met its burden of demonstrating its fees and costs. *See* Doc. 205 at 19. Weather King will file an additional declaration from its counsel to account for attorney's fees and expenses incurred subsequent to the original declaration, including in connection with this reply brief.

Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com
*Attorneys for Defendants*

And to the following via U.S. Mail and email.

Brian L. Lassen
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

/s/  David L. Johnson
David L. Johnson