# EXHIBIT 1
# TO REPLY IN SUPPORT OF
# MOTION FOR SANCTIONS

# EXHIBIT 16

## DECLARATION OF DAVID L. JOHNSON

1.      I am a partner with Butler Snow, LLP and have served as counsel for Plaintiff Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Weather King") in this case

2.      In the weeks following the Court's August 29, 2023 Order, Defendants supplemented their responses to Weather King's discovery but did not provide responsive text messages, emails and other correspondence.

3.      Weather King has obtained more than 76,000 pages of documents through the forensic examination performed by Repario, including hundreds of pages of text messages and emails that were responsive to Weather King's requests for production but that were not produced by Defendants.

4.      After Weather King served third parties with subpoenas in this litigation, several of the third parties responded with the form letters attached hereto as Exhibit A.  These include Colby Fryar, Dragonfly Portables (Dawnette Brown), Portable Buildings of Moriarty (Jeanne Dvorak); Ron Pelzel; Cherie and Gary Austin, and Richard's Garden (who Weather King did not even subpoena).

5.      While meeting and conferring with defense counsel in early 2023, defense counsel Thomas Pasternak initially suggested that there may be an issue with the validity of Weather King's subpoenas on the basis that they purportedly required third parties to produce documents beyond 100 miles from where they were located.  As set forth in the email correspondence attached hereto as Exhibit B, Weather King demonstrated that the subpoenas were valid because they allowed compliance by email, and thereafter, Defendants did not raise that issue as part of their motion for protective order (Doc. 33).

6.      Attached hereto as Exhibit C is a copy of a subpoena that Weather King served on Colby Fryar, a former Weather King dealer. Weather King served similar subpoenas on other dealers. Mr. Fryar did not produce any documents responsive to Weather King's subpoena. Weather King, however, obtained from the forensic examination correspondence involving Mr. Fryar that is responsive to Weather King's subpoena, including that which is filed as Exhibit 53 to Weather King's motion.

7.      Weather King did not obtain certain documents from the forensic examination, including the text correspondence set forth in Doc. 1-1 and Doc. 87-2.

8.      Thus far, Repario has billed Weather King $154,435.76 associated with the forensic examination, all of which Weather King has paid or is in the process of paying.

9.      Based on my review of Butler Snow invoices, Weather King has incurred approximately $167,000 in attorneys' fees through February 24, 2025, in connection with: (a) seeking documents responsive to Weather King's discovery that were not produced (including an explanation for why responsive documents were not produced); (b) seeking supplementation of Defendants' discovery responses due to deficiencies, including moving to compel; (c) motion practice in connection with motions to compel, for the forensic examination, and for sanctions; and (d) pursuing documents from third parties subpoenaed by Weather King who sent form letters to Weather King exemplified by Exhibit A. Redacted invoices reflecting these charges will be submitted.

10.      The aforementioned fees and expenses were reasonable and necessary in connection with Weather King's pursuit of its claims against Defendants and in connection with those specific aforementioned tasks. In fact, my normal hourly rate for 2025 is $630/hr. but I have held my rate at $450/hr for this matter—a significant discount.

2

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

David L. Johnson

Date: February 27, 2025

3

# EXHIBIT A

*Richards Garden*

AUGUST 8, 2023

BUTLER SNOW LLP

ATTN: JOHN H. DOLLARHIDE

150 3RD AVE SOUTH, STE 1600

NASHVILLE, TN 37201

Dear Mr. Dollarhide:

On August _____, 2023, I received your letter and subpoena to produce documents, electronically stored information or objects to you in Nashville, TN. I object to the subpoena pursuant to Federal Rule 45(c) (2) (A) in that Nashville, TN is not within 100 miles of where I reside, am employed, or regularly transact business.

It is also my understanding that American Barn Co., LLC, was not formed until February or March 2022, so I could not have had any dealings with American Barn Co., LLC, before it was formed.

Finally, it is my understanding that Weather King fired the individual defendants on June 1, 2022. Therefore, since Weather King terminated the individual defendants on June 1, 2022, I object to the production of any documents, electronically stored information or objects after June 1, 2022.

Sincerely

AUGUST 8, 2023

BUTLER SNOW LLP

ATTN: JOHN H. DOLLARHIDE

150 3ᴿᴰ AVE SOUTH, STE 1600

NASHVILLE, TN 37201

Dear Mr. Dollarhide:

On August 10, 2023, we received your letters and subpoenas to produce documents, electronically stored information or objects to you in Nashville, TN. We object to the subpoena pursuant to Federal Rule 45(c) (2) (A) in that Nashville, TN is not within 100 miles of where we reside, are employed, or regularly transact business.

It is also our understanding that American Barn Co., LLC was not formed until February or March 2022, so we could not have had any dealings with American Barn Co., LLC, before it was formed.

Finally, it is our understanding that Weather King fired the individual defendants on June 1, 2022. Therefore, since Weather King terminated the individual defendants on June 1, 2022, we object to the production of any documents, electronically stored information or objects after June 1, 2022.

Sincerely,

Cherie Austin

Gary Austin

AUGUST 8, 2023

BUTLER SNOW LLP

ATTN: JOHN H. DOLLARHIDE

150 3RD AVE SOUTH, STE 1600

NASHVILLE, TN 37201

Dear Mr. Dollarhide:

On August 4th, 2023, I received your letter and subpoena to produce documents, electronically stored information or objects to you in Nashville, TN. I object to the subpoena pursuant to Federal Rule 45(c) (2) (A) in that Nashville, TN is not within 100 miles of where I reside, am employed, or regularly transact business.

It is also my understanding that American Barn Co., LLC, was not formed until February or March 2022, so I could not have had any dealings with American Barn Co., LLC, before it was formed.

Finally, it is my understanding that Weather King fired the individual defendants on June 1, 2022. Therefore, since Weather King terminated the individual defendants on June 1, 2022, I object to the production of any documents, electronically stored information or objects after June 1, 2022.

Sincerely



Scanned with CamScanner

AUGUST 8, 2023

BUTLER SNOW LLP

ATTN: JOHN H. DOLLARHIDE

150 3ᴿᴰ AVE SOUTH, STE 1600

NASHVILLE, TN 37201

Dear Mr. Dollarhide:

On August ____, 2023, I received your letter and subpoena to produce documents, electronically stored information or objects to you in Nashville, TN. I object to the subpoena pursuant to Federal Rule 45(c) (2) (A) in that Nashville, TN is not within 100 miles of where I reside, am employed, or regularly transact business.

It is also my understanding that American Barn Co., LLC, was not formed until February or March 2022, so I could not have had any dealings with American Barn Co., LLC, before it was formed.

Finally, It is my understanding that Weather King fired the individual defendants on June 1, 2022. Therefore, since Weather King terminated the individual defendants on June 1, 2022, I object to the production of any documents, electronically stored information or objects after June 1, 2022.

Sincerely

AUGUST 8, 2023

BUTLER SNOW LLP

ATTN: JOHN H. DOLLARHIDE

150 3ᴿᴰ AVE SOUTH, STE 1600

NASHVILLE, TN 37201

Dear Mr. Dollarhide:

On August _9th_, 2023, I received your letter and subpoena to produce documents, electronically
stored information or objects to you in Nashville, TN. I object to the subpoena pursuant to Federal Rule
45(c) (2) (A) in that Nashville, TN is not within 100 miles of where I reside, am employed, or regularly
transact business.

It is also my understanding that American Barn Co., LLC, was not formed until February or March 2022,
so I could not have had any dealings with American Barn Co., LLC, before it was formed.

Finally, it is my understanding that Weather King fired the individual defendants on June 1, 2022.
Therefore, since Weather King terminated the individual defendants on June 1, 2022, I object to the
production of any documents, electronically stored information or objects after June 1, 2022.

Sincerely

Daurutta Brown, Dragonfly portablesillC

ABCO of Sahuarita

AUGUST 8, 2023

BUTLER SNOW LLP

ATTN: JOHN H. DOLLARHIDE

150 3ᴿᴰ AVE SOUTH, STE 1600

NASHVILLE, TN 37201

Dear Mr. Dollarhide:

On August ~~4th~~ 4/6, 2023, I received your letter and subpoena to produce documents, ~~OR~~ electronically stored information or objects ~~TS~~ to you in Nashville, TN. I object to the subpoena pursuant to Federal Rule 45(c) (2) (A) in that Nashville, TN is not within 100 miles of where I reside, am employed, or regularly transact business.

It is also my understanding that American Barn Co., LLC, was not formed until February or March 2022, so I could not have had any dealings with American Barn Co., LLC, before it was formed.

Finally, it is my understanding that Weather King fired the individual defendants on June 1, 2022. Therefore, since Weather King terminated the individual defendants on June 1, 2022, I object to the production of any documents, electronically stored information or objects after June 1, 2022.

Sincerely

# EXHIBIT B

| From: | John Dollarhide |
|---|---|
| To: | "thomas.pasternak@akerman.com" |
| Cc: | David Johnson |
| Bcc: | "058422_231887_Consolidated Industries_LLC Breach of Legal Obligations_E_Mail_058422_231887_" |
| Subject: | RE: authority on 100 mile rule with email compliance option [IWOV-BUTLERSNOW.FID9871030] |
| Date: | Tuesday, February 14, 2023 9:59:13 AM |
| Attachments: | image001.png |
| | image002.png |
| | Pages from (032) NOTICE by Consolidated Industries LLC d_b_a Weather King Portable Buildings of Intent to |
| | Serve Subpoenas Duces Tecum(67501111.1).pdf |

On the first page.

John Dollarhide
Butler Snow LLP
615-651-6782

**From:** thomas.pasternak@akerman.com <thomas.pasternak@akerman.com>
**Sent:** Tuesday, February 14, 2023 9:53 AM
**To:** John Dollarhide <John.Dollarhide@butlersnow.com>
**Cc:** David Johnson <David.Johnson@butlersnow.com>
**Subject:** Re: authority on 100 mile rule with email compliance option [IWOV-
BUTLERSNOW.FID9871030]

John. - where in the subpoenas does it indicate that documents may be produced by e mail?
Thanks.

Sent from Akerman

On Feb 13, 2023, at 13:28, John Dollarhide <John.Dollarhide@butlersnow.com> wrote:

## [External to Akerman]

Tom,

Here's an explanatory excerpts from a relevant case. The gist is that if you include the
ability to produce by email, which we did, the 100 mile rule isn't offended (and that's
even if the 100-mile limitation applies to anything more than the witness's actual
travel).

The Court also clarifies that the recipients of ABM's subpoenas need not appear
in person at the production address identified in the subpoenas (which is in
Tempe, Arizona). Instead, they may comply by emailing the requested
materials to ABM's counsel. *See* Fed. R. Civ. P. 45(d)(3)(ii) (a district court must
"quash *or modify* a subpoena that ... requires a person to comply beyond the
geographical limits specified in Rule 45(c)") (emphasis added).

*Cf. CresCom Bank*, 269 F. Supp. 3d at 713-14 (even if the 100-mile rule applies to document subpoenas, the proper remedy is not to quash the subpoena but to modify the subpoena to allow the recipient "to produce the records either electronically or at a physical location closer to" the recipient); *Sams v. GA W. Gate, LLC*, 316 F.R.D. 693, 696-97 (N.D. Ga. 2016) (although party violated the 100-mile rule when issuing document subpoenas, "this violation does not require that the subpoena be quashed; the court may modify the subpoena ... to allow service of responsive documents by email").

Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc., No. CV-19-05827-PHX-DWL, 2020 WL 5846603, at *2 (D. Ariz. Oct. 1, 2020).

**John H. Dollarhide**
**Butler Snow LLP**

D: (615) 651-6782 | F: (615) 651-6701
150 3rd Avenue South, Suite 1600, Nashville, TN 37201
John.Dollarhide@butlersnow.com| vCard | Bio

Twitter | LinkedIn | Facebook | YouTube

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation. <Cartessa Aesthetics LLC v Aesthetics Biomedical Incorporated.pdf>

vCard | Profile | Blog

Akerman Logo



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

Case 1:22-cv-01230-STA-jay    Document 210-1    Filed 04/29/25    Page 16 of 24
PageID 3865
Case 1:22-cv-01230-STA-jay    Document 32-1    Filed 02/03/23    Page 1 of 29    PageID 1109

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

| | |
|---|---|
| Consolidated Industries, LLC d/b/a Weather King | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-01230-STA-jay |
| Jesse A. Maupin, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   All Leasing, LLC, Custodian of Records c/o Robert W. Livingston, 6487 Seven Rivers Hwy., Artesia, NM 88210

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached exhibits

| Place: Butler Snow LLP, 150 3rd Avenue South, Suite 1600, Nashville, TN 37201, john.dollarhide@butlersnow.com | Date and Time: 02/24/2023 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/ John H. Dollarhide
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Consolidated
Industries, LLC d/b/a Weather King Portable Buildings _____, who issues or requests this subpoena, are:

John H. Dollarhide, 150 3rd Ave. S, Ste. 1600, Nashville, TN 37201, john.dollarhide@butlersnow.com, 615-651-6700

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT C

Case 1:22-cv-01230-STA-jay   Document 210-1   Filed 04/29/25   Page 18 of 24
PageID 3867
Case 1:22-cv-01230-STA-jay   Document 30-5   Filed 02/01/23   Page 2 of 30   PageID 623

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

| | |
|---|---|
| Consolidated Industries, LLC d/b/a Weather King | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-01230-STA-jay |
| Jesse A. Maupin, et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
   Colby Fryar, 16115 S. Three Wells Ct., Sahuarita, AZ 85629 87701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBITS

| Place: Butler Snow LLP, 150 3rd Avenue South, Suite 1600, Nashville, TN 37201, john.dollarhide@butlersnow.com | Date and Time: 02/24/2023 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/01/2023

   *CLERK OF COURT*

                                                                        OR

                                                                        /s/ John H. Dollarhide
   _____                          _____
   *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Consolidated
Industries, LLC d/b/a Weather King Portable Buildings _____, who issues or requests this subpoena, are:

John H. Dollarhide, 150 3rd Ave S, Ste 1600, Nashville, TN 37201 john.dollarhide@butlersnow.com, 615-651-6700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:22-cv-01230-STA-jay   Document 210-1   Filed 04/29/25   Page 19 of 24
PageID 3868
Case 1:22-cv-01230-STA-jay   Document 30-5   Filed 02/01/23   Page 3 of 30   PageID 624

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01230-STA-jay

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-01230-STA-jay    Document 210-1    Filed 04/29/25    Page 20 of 24
PageID 3869
Case 1:22-cv-01230-STA-jay    Document 30-5    Filed 02/01/23    Page 4 of 30    PageID 625

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 1:22-cv-01230-STA-jay    Document 210-1    Filed 04/29/25    Page 21 of 24
PageID 3870
Case 1:22-cv-01230-STA-jay   Document 30-5   Filed 02/01/23   Page 5 of 30    PageID 626

# EXHIBIT A

Case 1:22-cv-01230-STA-jay    Document 210-1    Filed 04/29/25    Page 22 of 24
PageID 3871
Case 1:22-cv-01230-STA-jay    Document 30-5    Filed 02/01/23    Page 6 of 30    PageID 627

## EXHIBIT A

### Definitions

1.      "Document(s)," shall be read in its broadest possible sense and in accordance with the use of the term in Rules 26 and 34 of the Federal Rules of Civil Procedure. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. For purposes of illustration only, the term shall include: correspondence, e-mails, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes, and other communications sent or received; diaries, calendars, logs, notes, or memoranda of telephonic or face-to-face conversations; drafts, work papers, agendas, bulletins, notices, circulars, announcements, instructions, schedules, minutes, summaries, notes, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures, and memoranda of all kinds to and from any persons, agencies, or entities.

2.      "Communication" means any utterance or written notation, or written or verbal statement of any nature whatsoever, *including but not limited to text messages and emails*, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons.

3.      The terms "relate to," "related to," "relating to," "regarding," "relevant," and "relevance" are intended as objective, rather than subjective, terms and, when used with regard to a document or communication, the meaning of these terms includes, but is not limited to, whether such document or communication regards, records, summarizes, makes mention of, concerns, regulates, constitutes, evidences the existence of, or otherwise refers to any subject or event out of which this action arose or about which the request for production probes.

4.      "You" refers to Colby Fryar, together with his employees and other agents, as well as any entity in which Colby Fryar serves as a principal and any of its employees or other agents.

5.      "Lawsuit" means this legal action in the United States District Court for the Western District of Tennessee, styled as *Consolidated Industries, LLC d/b/a Weather King Portable Buildings v. Jesse A. Maupin et al.*, No. 1:22-cv-1230 (W.D. Tenn.). A copy of the Amended Complaint in the Lawsuit is attached as Exhibit B.

6.      "Weather King" refers to Consolidated Industries, LLC d/b/a/ Weather King Portable Buildings.

7.      "Defendant[s]" refers to Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, Bryan L.

Case 1:22-cv-01230-STA-jay Document 210-1 Filed 04/29/25 Page 23 of 24
PageID 3872
Case 1:22-cv-01230-STA-jay Document 30-5 Filed 02/01/23 Page 7 of 30 PageID 628

Lassen, Aleyna Lassen, and American Barn Co., LLC, along with their employees, attorneys and other agents/representatives.

8.    "ABCO" refers to American Barn Co., LLC, ABCO Rentals, LLC, their parents, subsidiaries, successors and affiliates, and their directors, officers, employees, agents, attorneys, and other representatives.

## Requests

1.    All communications between you and any of the Defendants or ABCO from January 1, 2022, to July 1, 2022.

2.    All documents exchanged between you and any of the Defendants or ABCO from January 1, 2022, to July 1, 2022.

3.    All communications and other documents involving any person or entity, regardless of time, related to:

   (a) any of the Defendants' departure from Weather King;
   (b) the Lawsuit;
   (c) any claims or potential claims made by Weather King against the Defendants;
   (d) the Defendants' or your possession of or use of any Weather King property, including but not limited to building/engineering plans prepared by Kevin Nolan and any of Weather King's financial information;
   (e) your decision to do business with the Defendants;
   (f) your decision to cease doing business with Weather King;
   (g) derogatory remarks made by any of the Defendants relating to Weather King;
   (h) potential ownership interest in, investment in, funding to, or lending to any of the Defendants or ABCO; or
   (i) ABCO's formation.

4.    All documents relating to your possession or use of any Weather King property after June 1, 2022, including but not limited to building/engineering plans.

5.    All documents demonstrating your use of any building/engineering plans other than Weather King plans after June 1, 2022, including but not limited to documents related to construction of portable buildings or in connection with permit applications.

6.    All communications, along with any related attachments, between you and any licensing, permitting, or other governmental authority pertaining to building permits or licensure to construct portable buildings after June 1, 2022.

7.    All agreements between you and any of the Defendants.

8.    All documents relating to your ownership in, investment in, funding to, or lending to any of the Defendants or ABCO.

2

Case 1:22-cv-01230-STA-jay    Document 210-1    Filed 04/29/25    Page 24 of 24
PageID 3873
Case 1:22-cv-01230-STA-jay    Document 30-5    Filed 02/01/23    Page 8 of 30    PageID 629

9.    All phone records or voicemails related to or evidencing calls (whether completed or not) between you and any Defendant from January 1, 2022, to July 1, 2022.

67458547.v1

3