# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>     **Defendants.** ) | Civil Action No. 1:22-cv-01230-STA-jay |

## ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE

Before the Court is Plaintiff Consolidated Industries, LLC's Motion to Set Aside (ECF No. 209) filed April 29, 2025. Plaintiff seeks reconsideration of the Court's April 28, 2025 order granting Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC (the "ABCO Defendants") a 30-day extension of their current deadline (April 30, 2025) to make expert disclosures. The ABCO Defendants have responded in opposition.

By way of background, on April 25, 2025, the ABCO Defendants filed a consent motion seeking the extension of the expert disclosure deadline. In support of their request, the ABCO Defendants stated that the parties were actively negotiating a settlement of their dispute and that Plaintiff did not oppose the extension. For good cause shown and without opposition from

1

Plaintiff, the Court granted the ABCO Defendants' motion and extended their expert disclosures deadline to May 30, 2025.

In its Motion to Set Aside, Plaintiff reports that the parties had actually reached an agreement in principle to settle their dispute within a short time of the ABCO Defendants filing their consent motion for the extension. Within 12 minutes of the entry of the Court's order granting the extension, however, counsel for the ABCO Defendants contacted counsel for Plaintiff to inform him that the ABCO Defendants had decided to reject the settlement offer and proceed with litigation. Plaintiff explains that it would not have agreed to the ABCO Defendants' previous request for a 30-day extension of the expert disclosure deadline if it had thought the settlement negotiations would end so abruptly. Plaintiff goes on to argue that the ABCO Defendants now take the position that fact depositions must be completed before Defendants can make their expert disclosures, a point the ABCO Defendants had not previously raised.

The ABCO Defendants oppose the Motion. They argue that the parties had already agreed to postpone the depositions of two fact witnesses, which had been set to occur before the expert disclosure deadline, while they engaged in settlement negotiations. Other than the settlement falling through, Plaintiff cannot show how the extended deadline for the ABCO Defendants' expert disclosures will prevent the parties from being ready for trial or cause any prejudice to Plaintiff.

Based on the change of circumstances described in Plaintiff's Motion, the Court finds good cause to set aside its previous ruling. The Court hereby **VACATES** its April 28, 2025 order extending the ABCO Defendants' deadline to make expert disclosures to May 30, 2025. Before the entry of the Court's order, the ABCO Defendant's deadline had been April 30, 2025. As part of the Motion to Set Aside, Plaintiff states that it would not oppose an extension of a few days. The Court will therefore grant the ABCO Defendants a short extension of one week, making their

expert disclosures now due May 7, 2025. The Court's ruling is without prejudice to the ABCO Defendants' right to seek a further modification of the deadline upon a showing of good cause.

**IT IS SO ORDERED.**

                                               **s/ S. Thomas Anderson**
                                               S. THOMAS ANDERSON
                                               UNITED STATES DISTRICT JUDGE

                                               Date: April 30, 2025