# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>            Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HAR-RELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLES-PIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>            Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## MOTION FOR LEAVE TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC (the "ABCO Defendants"), by and through their undersigned counsel, request leave to file an amended answer and affirmative defenses pursuant to Federal Rule of Civil Procedure 15(a)(2). In support of this motion, the ABCO Defendants state as follows:

1.     Plaintiff Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Weather King") filed its Complaint on October 19, 2022. (D.E. 1.) Plaintiff alleges, among other things, that some or all of the Defendants breached their duty of loyalty, interfered with business relationships, and misappropriated trade secrets. These claims arise out of the individual Defendants' decision to leave Weather King and work for a new business.

2.    On December 14, 2022, Defendants filed their Answer, Affirmative Defenses, and Demand for Jury Trial. (D.E. 22.)

3.    On January 10, 2023, the Court granted Weather King's Unopposed Motion for Leave to File First Amended Complaint. (D.E. 25.) In its First Amended Complaint, Weather King added a claim for unjust enrichment. (D.E. 26.)

4.    On January 24, 2023, Defendants filed their Answer to the First Amended Complaint and Affirmative Defenses. (D.E. 28.) Defendants stated three affirmative defenses: (1) failure to state a claim; (2) preemption; and (3) no damages.

5.    Since then, the parties have been engaged in discovery. The ABCO Defendants took the depositions of Scott Berryman and Tim Boyd on May 7, 2025. Tim Boyd testified as one of Weather King's corporate Rule 30(b)(6) witnesses. Scott Berryman testified in his personal capacity and as one of Weather King's corporate 30(b)(6) witnesses.

6.    It has been Weather King's position that it sold its assets for its western operations as a result of the Defendants' actions. (**Ex. A**, Boyd Dep. 18:23–19:08; **Ex. B**, Berryman Dep. 18:21–19:04). During Mr. Berryman's and Mr. Boyd's depositions, new information emerged regarding Weather King's failure to mitigate any alleged damages regarding the allegations in Weather King's First Amended Complaint.

7.    Specifically, Tim Boyd testified that Weather King did not investigate what an appropriate purchase price for its assets would be before it sold its assets. (Boyd Dep. 18:13–16.) Weather King also did not negotiate the price for the sale of Weather King's assets to Old Hickory, a company in which Scott Berryman's son, Brian Berryman, is a 50% owner. (*Id.* at 20:15–23.) Mr. Boyd also acknowledged that Weather King never had any valuations of its assets. (*Id.* at 28:01–11.)

8.       Scott Berryman made similar admissions during his deposition. For example, he noted that the owners of Weather King presented Old Hickory with an offer, and they accepted the offer without making a counteroffer. (Berryman Dep. 19:14–20:05.) The owners of Weather King also did not discuss selling Weather King assets to any buyer besides Old Hickory. (*Id.* at 27:04–08.)

9.       Because the ABCO Defendants learned of this new information through Scott Berryman's and Tim Boyd's depositions taken on May 7, 2025, the ABCO Defendants seek leave to add an affirmative defense regarding Weather King's failure to mitigate. A copy of the ABCO Defendants' proposed Amended Answer and Affirmative Defenses is attached hereto as **Exhibit C**.

10.      Pursuant to Rule 15(a)(2), after the time for amendment as a matter of course expires under Rule 15(a)(1), a party may seek the Court's leave to amend the pleadings. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

11.      "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Servicing, LLC*, 608 F. App'x 328, 330–31 (6th Cir. 2015) (citation omitted). Therefore, leave to amend should be granted unless there is a "substantial reason" to justify denying the motion. *Sun Life Assurance Co. of Canada v. Conestoga Tr. Servs., LLC*, 263 F. Supp. 3d 695, 697 (E.D. Tenn. 2017), *aff'd*, 717 F. App'x 600 (6th Cir. 2018); *see Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). No such reason exists here.

12.      The ABCO Defendants bring this motion in a timely manner and as soon as practicable after the depositions of Tim Boyd and Scott Berryman occurred earlier this month, and the parties received the transcripts.

13.     The amendment requested herein is sought in good faith and no prejudice will result from granting the ABCO Defendants' leave to amend. This is also the ABCO Defendants' first time requesting leave to amend since Weather King filed its First Amended Complaint. The relief requested herein is not for purposes of delay, and the amendment sought is in the interest of justice.

14.     Since federal law favors liberal amendment of pleadings, the Court should grant the ABCO Defendants' motion so that it may assert an additional affirmative defense. *See Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations omitted).

Wherefore, the ABCO Defendants respectfully request that this Court grant their Motion for Leave to File Amended Answer to First Amended Complaint and Affirmative Defenses pursuant to Rule 15(a)(2), and enter any other and further relief that this Court deems equitable and just.

Date: May 22, 2025                              Respectfully submitted,

                                               */s/ Benjamin S. Morrell*
                                               Thomas G. Pasternak (admitted pro hac vice)
                                               Benjamin S. Morrell (TBPR No. 35480)
                                               Taft Stettinius & Hollister LLP
                                               111 East Wacker Drive, Suite 2600
                                               Chicago, IL 60601
                                               Telephone: (312) 527-4000
                                               Facsimile: (312) 527-4011
                                               tpasternak@taftlaw.com
                                               bmorrell@taftlaw.com

                                               *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that counsel for the ABCO Defendants conferred with counsel for Plaintiff via email on May 19 and 20, 2025, regarding this motion, and Plaintiff's counsel responded on the evening of May 21 that Plaintiff opposes the relief requested in this motion.


Date: May 22, 2025

/s/ Benjamin S. Morrell

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen
Brian L. Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

Date: May 22, 2025

/s/ Benjamin S. Morrell