UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>       Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>       Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
AMENDED ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

The relief requested in the ABCO Defendants' motion for leave to amend their answer and affirmative defenses is quite narrow. They seek to add a single affirmative defense—failure to mitigate damages—and leave the rest of their answer and affirmative defenses unchanged. In opposing this circumscribed request, Plaintiff Weather King relies on assumption, speculation, and, resultingly, false assertions regarding the basis for the opinions in the report of the ABCO Defendants' damages expert.

As explained below, and supported by the attached declaration, the ABCO Defendants' counsel and expert conferred immediately after the depositions of Scott Berryman and Tim Boyd—wherein they testified regarding Weather King's failure to mitigate damages—to address

this important issue in the expert report. This shows that the ABCO Defendants acted with diligence by promptly having the expert report address this issue and then filing this motion seeking leave to amend. Additionally, the proposed amendment would not prejudice Weather King due to its own witnesses' knowledge of the testimony at issue here during the entire pendency of this litigation, and the amendment's narrow scope. The motion should be granted.

Weather King argues that Rule 16(b)(4)'s "good cause" standard applies here and cites ample caselaw stating that it is "higher" and "more stringent" than the Rule 15(a)(2)—but this is all relative. Nearly every other standard in the Federal Rules of Civil Procedure is "more stringent" than language stating that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b)'s requirement of "good cause" is neither high nor particularly difficult to meet. The ABCO Defendants simply must show that they exercised diligence and that Weather King will not be prejudiced by the proposed amendment. They do so here.

I. **In arguing lack of diligence, Weather King incorrectly assumes that the ABCO Defendants' expert did not base his opinions on the deposition testimony at issue.**

The ABCO Defendants' motion explains that they sought leave to amend because new information emerged regarding Weather King's failure to mitigate any alleged damages regarding the allegations in Weather King's First Amended Complaint during the depositions of Scott Berryman and Tim Boyd on May 7, 2025. (D.E. 217 at 2.) Weather King accuses the ABCO Defendants of being "disingenuous" in characterizing this information as newly discovered. (D.E. 218 at 5.) It asserts that the ABCO Defendants' expert witness, Brian W. Napper, issued his expert report addressing Weather King's failure to mitigate its damages "without the benefit of learning information from th[e] Depositions" of Tim Boyd and Scott Berryman, and that "[n]one of [his] opinions are predicated on new information that emerged during the depositions that took place

2

that same day." (*Id.* at 6.) Weather King further speculates that Mr. Napper's "opinions are based on information that has been within the ABCO Defendants' knowledge and possession for many months," and that "their own expert had already formulated that opinion based on information in the ABCO Defendants' possession all along" (*Id.* at 6–7.)

All of these statements are false. The depositions of Tim Boyd and then Scott Berryman took place on the morning of May 7, 2025. (**Ex. 1**, Decl. of T. Pasternak, ¶ 3.) They had concluded by 11:08 AM CT. (*Id.* ¶ 4.) Immediately afterward, counsel for the ABCO Defendants called Mr. Napper's offices to discuss the expert report, which was being finalized to meet the Court's May 7 deadline. (*Id.* ¶ 6; *see* 212 at 3.) Defense counsel relayed to them that Tim Boyd's and Scott Berryman's testimony showed that Weather King failed to mitigate its damages, and requested that Mr. Napper include this issue in his expert report. (Pasternak Decl. ¶ 6.) He did so, and the ABCO Defendants served Mr. Napper's finalized expert report on Plaintiff's counsel about six hours later. (*Id.* ¶ 7.)

Weather King, of course, had no knowledge of the confidential communications between the ABCO Defendants' counsel and their expert. But that did not stop Weather King from assuming Mr. Napper did not rely on the deposition testimony at issue, confidently representing the same to this Court, and calling the ABCO Defendants "disingenuous" and not "credibl[e]" for stating otherwise. (D.E. 218 at 5, 7.)

In actuality, the ABCO Defendants acted with all deliberate speed once they learned of this important information regarding Weather King's failure to mitigate. They immediately contacted their expert to address this issue in the expert report. Soon after that, they moved for leave to amend their answer and affirmative defenses to add the affirmative defense of failure to mitigate

3

damages. Courts regularly grant leave to amend a pleading where, as here, the moving party "has offered a detailed explanation and argument as to why it could not move to amend until after [a witness] deposition" and timely filed its motion following that deposition. *See, e.g.*, *First Fidelity Capital Markets Inc. v. Reliant Bank*, No. 3:17-cv-01080, 2019 WL 5420300, at *3 (M.D. Tenn. Oct. 23, 2019).

Weather King also cites inapposite caselaw. In arguing that the Court should apply an "***increased burden***" (emphases added by Weather King), they rely on a decision where the supposed "late stage" amendment was sought *after* deadlines for discovery and dispositive motions had already passed, and a motion for summary judgment had been filed on the particular issue. (D.E. 218 at 4 (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).) That is certainly not the case here, where the ABCO Defendants informed Plaintiff of their intention to move for leave to amend within 12 days of taking Scott Berryman's and Tim Boyd's depositions, and actually filed their motion to amend within 15 days of those depositions, before the close of discovery and before the dispositive motion deadline. (*See* D.E. 204; D.E. 217 at 5.)

The ABCO Defendants exercised diligence once they learned of the need for seeking leave to amend. Weather King's speculations and inapt citations do not change this simple fact.

**II.    The proposed, slight amendment will not prejudice Weather King.**

Courts have found that a party would not be prejudiced by granting a motion to amend a pleading after the deadline where it would not cause the party to expend additional funds or time on discovery. *See James v. City of Detroit*, Nos. 20-1805, 21-1053, 2021 WL 5463778, at *3–4 (6th Cir. Nov. 23, 2021). This is further supported in instances where the non-moving party has been represented by the same counsel throughout the case, obviating the need to obtain further evidence, since counsel has likely investigated the question and conducted related discovery. *See In re*

4

*Energy Conversion Devices, Inc.*, 634 B.R. 357, 360 (Bankr. E.D. Mich. 2021).

In this way, Weather King's argument regarding the ABCO Defendants' diligence cuts against it with respect to prejudice. Weather King argues that the ABCO Defendants should have known of the failure to mitigate earlier, and thus should have moved to amend earlier. But if the ABCO Defendants should have known of this information earlier, then Weather King certainly did. Its own witnesses' deposition testimony is what alerted the ABCO Defendants to the need to move for leave to amend here. Thus, this information was well within Weather King's control during the entirety of this litigation. *See Mattingly v. Jeff Ruby's Louisville, LLC*, No. 3:18-cv-00565, 2019 WL 7407708, at *2–3 (W.D. Ky. Feb. 6, 2019) (party cannot allege "surprise or prejudice" when information underlying an allegation was already known).

Moreover, the amendment is narrow in scope. The ABCO Defendants seek only to add a single affirmative defense and leave the answer and the other affirmative defenses unchanged. A proposed amendment's "narrow scope" can considerably limit prejudice to the nonmoving party. *J&R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-CV-1587, 2024 WL 111661, at *2 (S.D. Ohio Jan. 10, 2024) (granting motion for leave to amend after dipositive motion had been filed). It does here.

**III.    Conclusion**

The ABCO Defendants exercised prompt diligence once they learned of Weather King's failure to mitigate its damages, and Weather King will not suffer prejudice as a result of the slight amendment sought by this motion. Thus, the ABCO Defendants have established good cause for the Court to grant it leave to amend. For the reasons discussed above and in the ABCO Defendants' motion itself, the motion should be granted.

Date: June 12, 2025                    Respectfully submitted,

                                       /s/ Benjamin S. Morrell
                                       Thomas G. Pasternak (admitted pro hac vice)
                                       Benjamin S. Morrell (TBPR No. 35480)
                                       TAFT STETTINIUS & HOLLISTER LLP
                                       111 East Wacker Drive, Suite 2600
                                       Chicago, IL 60601
                                       Telephone: (312) 527-4000
                                       Facsimile: (312) 527-4011
                                       tpasternak@taftlaw.com
                                       bmorrell@taftlaw.com

                                       *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen
Brian L. Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

Date: June 12, 2025

/s/ *Benjamin S. Morrell*