IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED INDUSTRIES, LLC<br>d/b/a WEATHER KING PORTABLE<br>BUILDINGS, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 1:22-cv-01230-STA-jay |
| v. | ) <br> ) | |
| JESSE A. MAUPIN, *et al.*, | ) <br> ) | |
| Defendants. | ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO ABCO DEFENDANTS'
MOTION FOR LEAVE TO FILE AMENDED ANSWER**

In their reply, the ABCO Defendants claim that Weather King's response brief made

"false" statements to the Court by stating that defense expert Brian Napper's "'opinions are based

on information that has been within the ABCO Defendants' knowledge and possession for many

months,' and that 'their own expert had already formulated that opinion based on information in

the ABCO Defendants' possession all along.'"  Doc. 221-1 at 3 (quoting Doc. 218 at 6-7).

According to the ABCO Defendants, shortly before Mr. Napper issued his report on May 7, 2025:

> Defense counsel relayed to [Napper's office] that Tim Boyd's and Scott
> Berryman's testimony [taken earlier that morning] showed that Weather King
> failed to mitigate its damages, and requested that Mr. Napper include this issue in
> his expert report. (Pasternak Decl ¶ 6.).  **He did so**, and the ABCO Defendants
> served Mr. Napper's finalized expert report on Plaintiff's counsel about six hours
> later. (*Id.* ¶ 7.)

Doc. 221-1 at 3 (emphasis added).  These statements are supported by declaration testimony of

their legal counsel, Thomas Pasternak.  Doc. 221-2 at ¶¶ 6-7.

1

This representation is inexplicable given that, merely two days before offering that

testimony under penalty of perjury, Mr. Pasternak attended Mr. Napper's deposition in which he

was explicitly asked whether he made any changes to his expert report after the May 7, 2025,

phone call.  Ex. 1, Napper Dep. 37:9-12.  Mr. Napper responded:

> A.  I don't think there was any really material changes, obviously I didn't have the transcript, but I had the download and **it seemed consistent** with the observation I had already made in my report related to that issue.
>
> *   *   *
>
> Q.      You said material changes, what immaterial changes did you make?
>
> A.      I think your question was material changes, **I don't think I made any changes**, Let me see (perusing document.) Yeah I don't think -- I don't recall making any changes to the report before filing.

*Id.* at 37:13-18, 38:6-12 (emphasis added).

In fact, when offered the opportunity to reveal whether he has "additional observations" he

learned from the Tim Boyd and Scott Berryman transcripts that are not set forth in his report, Mr.

Napper never suggested that there was anything from their testimony that impacted his previously-

prepared opinions about mitigation of damages.  *See id.* at 39:18-40:25, 140:4-142:16.  To the

contrary, he testified that what he learned from the conversation with Mr. Pasternak "was

somewhat consistent" with "other information I'd seen" and "some of the observations I actually

had in my report."  *Id.* at 36:15-37:8.

Thus, the suggestions by the ABCO Defendants and their counsel that they learned of a

mitigation of damages defense for the first time after taking the May 7, 2025 depositions cannot

be reconciled with: (a) Mr. Napper's own testimony; and (b) Mr. Napper's report, in which he

states that his opinions are based on testimony set forth in the Brian Berryman deposition taken 11

months earlier.  *See* Napper Rpt. (Doc. 218-2, filed under seal) at ¶¶ 44-49.  Accordingly, the

2

record is clear that Weather King is not the party who has made "false" statements to the Court, as claimed by the ABCO Defendants.[1]  Doc. 221-1 at 3.

Under these circumstances and for the reasons set forth in Weather King's response (Doc. 218), the ABCO Defendants' motion should be denied because they have failed to meet their burden of demonstrating good cause.[2]

Respectfully submitted,

BUTLER SNOW LLP

/s/ David L. Johnson
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

---

[1] Unfortunately, this is not an isolated incident.  Defendants have previously been admonished by the Court for making false representations in their filings.  *See* Doc. 111 at 12; *see also* Doc. 185-1 at 15-16 (summarizing numerous false representations made by Defendants in their discovery responses and other representations).

[2] Interestingly, the ABCO Defendants note that "[c]ourts have found that a party would not be prejudiced by granting a motion to amend a pleading after the deadline where it would not cause the party to expend additional funds or time on discovery," Doc. 221-1 at 4, but do not dispute that, were the amendment granted, Weather King would need to expend additional funds and time in connection with re-opening depositions after the discovery cut-off.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2025, I filed the foregoing surreply using the ECF system,

which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
Benjamin S. Morrell
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com
*Attorneys for Defendants*

And to the following via U.S. Mail and email.

Brian L. Lassen
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

/s/  *David L. Johnson*
David L. Johnson

94051458.v1