# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>　　　　　Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## MOTION TO BIFURCATE TRIAL AND JURY

Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC (the "ABCO Defendants"), by and through their undersigned counsel, move to bifurcate the trial in this case pursuant to Federal Rule of Civil Procedure 42(b). Bifurcation with two separate phases of trial (liability and damages) and two separate juries is necessary avoid jury confusion and substantial prejudice to the ABCO Defendants. Because "[t]his approach gives neither party an unfair advantage," the Court should grant the ABCO Defendants' motion and order bifurcation of the trial and jury in this case. *Fed. Express Corp. v. Accu-Sort Sys., Inc.*, No. 01-2503 MA/P, 2005 WL 8156705, at *2 (W.D. Tenn. Mar. 31, 2005).

## BACKGROUND

Plaintiff Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Weather King") claims in its amended complaint that some or all of the Defendants breached their duty of loyalty, interfered with business relationships, and misappropriated trade secrets, among other torts. (D.E. 26.) These claims arise out of the departure or termination of the individual Defendants from Weather King, and their subsequent decision to work for a new business, American Barn Co., LLC ("ABCO"). The ABCO Defendants filed their Answer to the First Amended Complaint and Affirmative Defenses on January 24, 2023. (D.E. 28). On May 22, 2025, the ABCO Defendants moved to amend their answer and affirmative defenses to add the affirmative defense of failure to mitigate damages. (D.E. 217). Fact discovery in this case is complete, with expert depositions, motions *in limine*, and dispositive motions scheduled for June and July, 2025. Trial is set for October 27, 2025. (D.E. 151).

In the course of this litigation, it has become clear that Weather King will accuse the ABCO Defendants in front of the jury of a wide variety of nefarious activities, including but not limited to the following:

- Carrying out activities to form ABCO on Weather King's dime and time;
- Plotting to drive Weather King out of business in the Western United States;
- Plotting to keep their activities secret and thus surprising and damaging Weather King;
- Lining up Weather King's builders, dealers and drivers before leaving to form ABCO;
- "Bad mouthing" Weather King;
- Taking and/or copying Weather King's documents, data, and templates;
- Misappropriating Weather King's trade secrets in various ways;

2

- Engaging in extensive discovery misconduct;

- Buying equipment and looking for land for new operations before leaving to form ABCO and paying Defendants to do so; and

- Various multiple other activities that were allegedly harmful to Weather King (collectively the "Accused Activities).

Weather King will no doubt make accusations regarding the Accused Activities in an overwhelming fashion, and, in doing so, seek to poison the jury's mind when the time comes to consider damages. This creates a substantial risk of the jurors being prejudiced and biased against the ABCO Defendants, and this will affect, and bleed into, their findings on damages to the ABCO Defendants' detriment.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaim or third party-claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Only one of the purposes listed in Rule 42(b) must be met for the Court to order bifurcation. *Farmers Bank of Lynchburg v. BancInsure, Inc.*, No. 2:10-CV-02222-DKV, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011). "Other factors to consider when determining whether to bifurcate are: the possible confusion of the jury, whether the evidence and issues sought to be bifurcated are substantially different, and whether bifurcation would enhance settlement." *Id.* For example, a defendant "may be prejudiced during trial if the jury is confused when listening to proof of bad faith and coverage simultaneously. It is possible that allegations of bad faith may prejudice [a defendant] in the minds of the jury on the issue of coverage." *Id.* at *2.

"Whether to bifurcate . . . is dependent on the circumstances in each case, and the party

3

moving to bifurcate bears the burden of demonstrating that bifurcation is appropriate." *Id.* (citation omitted). "The decision whether to try issues separately is within the sound discretion of the court." *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 400 (6th Cir. 1986).

## ARGUMENT

Absent two separate juries and two separate trials, the ABCO Defendants will be severely prejudiced. Additionally, separate trials and juries would involve completely different issues and evidence and would avoid jury confusion. In any event, the issue of punitive damages should be bifurcated.

I.   **Absent separate trials and juries, the ABCO Defendants will be severely prejudiced.**

The law is clear—the risk of jury bias and prejudice by itself is a ground for bifurcation. Fed. R. Civ. P. 42(b); *SCF, LLC v. Hartford Fire Ins. Co.*, No. 120CV01173JDBJAY, 2021 WL 4206624, at *1 (W.D. Tenn. Sept. 15, 2021) (affirming Judge York's order granting motion to bifurcate liability and damages because evidence of purported bad faith would bias the jury when considering the issue of insurance coverage). Bifurcation here will allow for a more objective assessment of whether the ABCO Defendants are legally responsible before introducing potentially inflammatory evidence about damages. *See Accu-Sort*, 2005 WL 8156705, at *2 (finding that bifurcation "avoids any potential prejudice to Defendant inherent in the jury's hearing evidence of damages before deciding whether Accu-Sort is liable.").

Weather King plans on painting Defendants as evil miscreants with mountains of emails, text messages, and testimony detailing the Accused Activities to attempt to obtain an unjustified amount of damages. Defendant Maupin's deposition alone contained some 200 exhibits. The jury will undoubtedly be prejudiced and biased against Defendants if the same jury is allowed to decide both liability and damages. It will not be able to prevent itself from being prejudiced and biased in

4

awarding damages, and this is exactly the reason courts bifurcate for separate trials and juries. Similarly, bifurcating trial without a bifurcated jury would not remedy the prejudice and would result in an unfair advantage to Weather King. For this reason alone, the trial and the jury should be bifurcated.

## II.     Bifurcation will avoid jury confusion.

Bifurcation to avoid jury confusion itself is another reason for bifurcation. *SFC LLC*, 2021 WL 42066246 at *1. Bifurcation can reduce confusion by narrowing the range of issues the jury is to consider at any given time, thereby letting the jurors focus on fewer issues at a time and leading to presentation of testimony in a more orderly fashion. Here both parties will present complicated damages theories through their experts. This extensive anticipated testimony risks the jury being confused into thinking that because damages testimony is being presented, liability is assumed. It may confuse the issues of liability and damages. This should not be allowed to happen, and bifurcation should be granted.

Additionally, the evidence and issues for liability are totally different, further supporting bifurcation. *Farmers Bank* at *1; *Accu-Sort*, 2005 WL 8156705, at *2. The issues for liability involve Defendants' behavior and activities and whether they have committed various business torts. Meanwhile, the damages issues involve the parties' business operations and the sale of Weather King's assets. The issue of liability will involve voluminous evidence Weather King plans to present detailing the ABCO Defendants' purported illicit activities. The issue of damages, as evidenced by the parties' extensive damages reports, involves the parties' financials, such as profit and loss statements, earnings statements, and other financial documents. As in *FedEx v. Accu-Sort*, "the claims in this case means that damages will involve more proof and proof different from that required to establish liability." 2005 WL 8156705, at *1. The damages of such claims are measured

5

by the plaintiff's lost profits or the defendant's allegedly illicit gains. Therefore, these issues will be presented more efficiently and better assessed by a jury if they are litigated separately. *Id*.

The Court faced a similar situation in *Accu-Sort*, a case in which "[t]he gravamen of FedEx's allegations [wa]s the misappropriation of trade secrets." *Id*. The Court granting the defendant's motion to bifurcate the trial, holding as follows:

> The court agrees that the nature of the claims in this case means that damages will involve more proof and proof different from that required to establish liability. The gravamen of FedEx's allegations is the misappropriation of trade secrets. The damages for such a claim are measured by the plaintiff's lost profits or the defendant's illicit gains. *Avery Dennison Corp. v. Four Pillars Enterprise Co.*, 45 Fed. Appx. 479, 485 (6th Cir. 2002); *see also Stewart Title Co. of Memphis v. First American Title Ins. Co.*, 44 F.Supp.2d 942, 956 (W.D. Tenn. 1999). Measuring Accu-Sort's illicit gains would require an accounting of the profits of Accu-Sort (or other competitors that accessed the information through Accu-Sort), as well as apportioning a percentage of those profits to FedEx's secret information. Measuring FedEx's lost profits would require a finding of the market demand for products incorporating FedEx's trade secrets, the absence (or lack thereof) of non-infringing substitutes, FedEx's production and marketing capacity to meet market demand, and the computation of profits that would have been made on hypothetical lost sales. *See Paper Converting Maching Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22 (Fed. Cir. 1984). The foregoing considerations involve complex issues that are separate from the underlying questions about liability. Therefore, these issues will be presented more efficiently and better assessed by a jury if they are litigated separately. Further, if Accu-Sort is found not liable, all parties will be spared the need to introduce this substantial and separate body of evidence.

*Id*. The court then held that taking into account the relevant factors, bifurcation would best avoid prejudice to the parties and promote judicial economy. A trial was to be held on the liability issues and then the damages issues, albeit to the same jury. *Id*. at *2. The logic of *Accu-Sort* applies here with equal force. For this reason as well, trial and jury should be bifurcated.

### III.    Alternatively, punitive damages should be bifurcated.

Should this Court not bifurcate the trial and jury into liability and damages phases, it should, in any event, bifurcate the issue of punitive damages. It is well-settled in Tennessee that,

6

"[i]n a trial where punitive damages are sought, the court, upon motion of defendant, shall bifurcate the trial." *Hodges v. S.C. Toof & Co.*, 883 S.W.2d 896, 901 (Tenn. 1992); *Whitt v. K-VA-T Food Stores, Inc.*, No. 3:17-CV-254, 2019 WL 13094049, at *2 (E.D. Tenn. June 12, 2019) (adopting the *Hodges* framework because "[a]lthough the question of bifurcation is a matter of federal law, . . . the substantive law of punitive damages at issue in this case is a matter of state law"); *Rhea v. Brown Mfg. Corp,* No. 3:08-cv-35, 2010 WL 2572052, at *3 (E.D. Tenn. Jun 18, 2010) (applying *Hodges*); *see also Accu-Sort*, 2005 WL 8156705, at *2 (finding that "the logic behind the Hodges rule suggests bifurcation in this case"). Accordingly, the ABCO Defendants request in the alternative that punitive damages be bifurcated from the rest of the issues at trial.

## CONCLUSION

For the reasons discussed above, the Court should grant the ABCO Defendants' motion and issue an order bifurcating this case into two separate trials with two separate juries.

Date: June 24, 2025

>                    Respectfully submitted,
>
>                    */s/ Benjamin S. Morrell*
>                    Thomas G. Pasternak (admitted pro hac vice)
>                    Benjamin S. Morrell (TBPR No. 35480)
>                    TAFT STETTINIUS & HOLLISTER LLP
>                    111 East Wacker Drive, Suite 2600
>                    Chicago, IL 60601
>                    Telephone: (312) 527-4000
>                    Facsimile: (312) 527-4011
>                    tpasternak@taftlaw.com
>                    bmorrell@taftlaw.com
>
>                    *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that counsel for the ABCO Defendants conferred with counsel for Plaintiff via email on May 19 and June 5, 2025, regarding this motion, and Plaintiff's counsel responded on June 5 that Plaintiff opposes the relief requested in this motion, except that "[w]e're not quite sure about the punitive damages piece."


Date: June 24, 2025

                                                                  /s/ *Benjamin S. Morrell*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: June 24, 2025

/s/ *Benjamin S. Morrell*