UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-01230-STA-jay |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | District Judge Anderson<br><br>Magistrate Judge York |
| Defendants. | |

## MOTION TO EXCLUDE "REBUTTAL REPORT" OF DOUGLAS K. SOUTHARD

Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC (the "ABCO Defendants"), by and through their undersigned counsel, move to exclude the "Rebuttal Report" of Plaintiff Consolidated Industries, LLC d/b/a Weather King Portable Buildings ("Weather King")'s expert witness, pursuant to Federal Rule of Civil Procedure 37(c)(1). Weather King served this Rebuttal Report 10 days after the deadline for it do so expired. It made no request to the Court or to the ABCO Defendants to extend that deadline and has offered no justification for the untimely disclosure. As such, the Court should exclude the report and any related testimony. The ABCO Defendants also request their reasonable expenses, including attorney's fees, incurred

in bringing this motion, pursuant to Rule 37(c)(1).

## BACKGROUND

The deadlines in this case are governed by the Court's Fourth Amended Scheduling Order, with a few modifications of specific deadlines since then. (D.E. 150.) The Scheduling Order set the deadline for Weather King's expert disclosures for March 31, 2025, and the deadline for the ABCO Defendants' expert disclosures for April 30, with any supplemental disclosures from either party due on June 6. (*Id.*) Weather King timely served its expert disclosure of Douglas K. Southard on March 31. (**Ex. A**, Pl.'s Expert Disclosure of Douglas K. Southard (excerpted); Notice of Service of Expert Disclosure, D.E. 202.) The ABCO Defendants received a seven-day extension of the deadline to make their expert disclosures. (Order, D.E. 212, at 2–3.) They timely served their expert disclosure of Brian W. Napper on May 7. (Email Attaching Expert Disclosures, D.E. 221-4; Notice of Service of Expert Disclosure, D.E. 213; **Ex. B**, ABCO Defs.' Expert Witness Report of Brian W. Napper (excerpted).)

Weather King had 30 days after that to disclose any rebuttal expert testimony. Fed. R. Civ. P. 26(a)(2)(D)(ii). They did not do so within the time provided by Rule 26. Instead, on June 16—10 days after that deadline had expired—Weather King purported to serve a "rebuttal" report ("Rebuttal Report") from its expert, Mr. Southard. (**Ex. C**, Email Regarding Disclosure of Pl.'s Expert Rebuttal Report.) Weather King did not seek the Court's permission or show good cause to modify the scheduling order for a late disclosure, as required by Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause shown and with the judge's consent."). There were also no agreements between the parties or Court orders extending the June 6 deadline for the rebuttal expert disclosures. Weather King did not even file with the Court a notice of service regarding the Rebuttal Report, which would have alerted the Court to its late disclosure.

2

The ABCO Defendants had issued a deposition notice of Mr. Southard on June 4, 2025, to be taken on June 26. (**Ex. D**, Dep. Notice for D. Southard and Email Transmittal). Because the Court's deadline for completing expert depositions was the next day, June 27, the ABCO Defendants had virtually no ability to postpone the deposition to adequately prepare to question Mr. Southard regarding the Rebuttal Report. (*See* Order, D.E. 216.) The ABCO Defendants thus could ask only limited questions about the Rebuttal Report at the deposition, and Mr. Southard offered no explanation for the untimely disclosure. (*See* **Ex. E**, Tr. of Dep. of D. Southard ("Southard Dep.").) When the ABCO Defendants conferred with Weather King before bringing this motion, Weather King refused to agree to the Rebuttal Report's exclusion, again offering no justification for the late disclosure. (*See* Cert. of Consultation, *infra*.)

## LEGAL STANDARD

Rule 37 provides that a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party seeking to justify an exception to the exclusionary sanction has the burden to prove harmlessness." *Moonbeam Cap. Investments, LLC v. Integrated Constr. Sols., Inc.*, No. 2:18-CV-12606, 2020 WL 1502004, at *8 (E.D. Mich. Mar. 30, 2020) (citing *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

"In addition to or instead of this sanction," a district court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure," "inform the jury of the party's failure," and "impose other appropriate sanctions," including the severe sanctions authorized by Rule 37(b)(2)(A)(i)–(vi). Fed. R. Civ. P. 37(c)(1). Here, the ABCO Defendants request only exclusion of the report and their reasonable attorney's fees incurred in seeking that

3

relief. A decision to issue any combination of the above remedies lies within the sound discretion of the Court. *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015).

**I.      Weather King's untimely disclosure violated Rule 26.**

The applicable deadline here applies to expert disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another [expert witness]." Fed. R. Civ. P. 26(a)(2)(D)(ii). Southard's Rebuttal Report qualifies as such.[1] In addition to being titled "Rebuttal Report," the report itself states "that this rebuttal report is prepared to rebut suggestions in the Napper report that the Southard [initial expert] report did not consider other accepted valuation approaches." (Southard Dep. 70:01–08.) Mr. Southard further clarified at his deposition that after reading the deposition transcript of the ABCO Defendants' expert, Brian Napper, he decided that a rebuttal report was necessary. (*Id.* 84:04–22.)

Weather King's disclosure of the Rebuttal Report is untimely. A rebuttal expert report must be disclosed "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). The ABCO Defendants served their expert disclosure on May 7, making Weather King's deadline to serve a rebuttal report June 6. Weather King did not serve its expert report until 10 days after that, on June 16. Plaintiff's counsel admitted in an email to defense counsel that the ABCO Defendants "were served a copy of the rebuttal report on June 16." (Ex. C).

As Rule 26(a)(2)(D)(ii) makes clear, "parties retain their disclosure obligations even when they present evidence solely to rebut another party's evidence." *Pickens v. Dowdy*, No. 17-cv-2205-TMP, 2018 WL 3717114, at *2 (W.D. Tenn. Aug. 2, 2018). Weather King plainly failed to timely

---

[1] Even if it did not, Weather King's disclosure would still be untimely and subject to exclusion, as the Scheduling Order imposed a deadline of June 6, 2025, for supplemental expert reports. (D.E. 150 at 2.) Weather King missed this deadline as well.

4

serve its expert's Rebuttal Report.

## II. Excluding the rebuttal report is the appropriate sanction for Weather King's violation of Rule 26(a)(2)(D)(ii).

In deciding whether to exclude untimely disclosed evidence under Rule 37(c)(1), the Court must assess whether the late disclosure is "substantially justified" or "harmless" using the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 747–48 (6th Cir. 2015). This analysis "rests upon the specific facts of the individual case." *Moonbeam Cap. Investments, LLC v. Integrated Constr. Sols., Inc.*, No. 2:18-CV-12606, 2020 WL 1502004, at *8 (E.D. Mich. Mar. 30, 2020).

First, the late disclosure of the Rebuttal Report was a surprise to the ABCO Defendants. Weather King made no indication to the ABCO Defendants that it was planning to serve a Rebuttal Report beforehand. The email transmitting the Rebuttal Report included no explanation of the late disclosure whatsoever—the email, from a legal assistant, merely said "[p]lease see attached" without even identifying the document. (Ex. C.) Weather King did not even file with the Court a notice of service regarding the Rebuttal Report, which would have alerted the Court to its late disclosure.

The ABCO Defendants had previously noticed the deposition of Mr. Southard for June 26, giving them only a few days to prepare to depose him regarding the new opinions in the Rebuttal Report, in addition to the opinions in his initial expert report. (Ex. D.) Had the ABCO Defendants known about the Rebuttal Report within the time allowed for disclosure, they could have consulted with their own expert, Mr. Napper, to adequately prepare to fully question Mr. Southard about it

5

at his deposition. *See Moonbeam Cap.*, 2020 WL 1502004, at *12. The ABCO Defendants had virtually no ability to postpone the deposition because the Court's deadline for completing expert depositions was the next day, June 27. Thus, the ABCO Defendants were "caught flat-footed and, therefore, prejudiced. The avoidance of this type of sandbagging is one of the very purposes of the expert disclosure rule." *Id.*

Second, the ABCO Defendants had little ability to cure the surprise. They had already noticed the deposition of Mr. Southard for only a few days after the Rebuttal Report's late disclosure and had virtually no ability to postpone it because the deadline for completing expert depositions was the next day. The ABCO Defendants had to scramble with limited time to prepare to question Mr. Southard regarding the Rebuttal Report, in addition to the opinions in his initial expert report. The ability to cross-examine Mr. Southard at trial does not cure the prejudice here. *Id.* Instead, the ABCO Defendants "would have to be given the opportunity to re-depose" Mr. Southard regarding the new opinions in his Rebuttal Report "after conferring with their own expert." *Id.* This solution would, however, require the Court to reopen discovery, to schedule an additional deposition, and to give Mr. Napper sufficient time to alter his own expert report and provide a rebuttal, if necessary.[2] *See id.* (declining to do so under similar circumstances "at this advanced stage of the litigation").

Relatedly, Mr. Southard admitted during his deposition that the contents of the Rebuttal Report were not based on any new facts or developments. (*See* Southard Dep. 66:03–12.) In fact, he admitted that he could have included the contents of the Rebuttal Report in his initial expert

---

[2] If the Court is inclined to grant this relief rather than exclude the Rebuttal Report, the ABCO Defendants request an award of costs and reasonable attorney's fees incurred in taking this additional discovery. *See* Fed. R. Civ. P. 37(c)(1)(A).

6

report, but simply chose not to. (*Id.* 65:20–66:19.) This further cuts against Weather King. *See Moonbeam Cap.*, 2020 WL 1502004, at *12.

Third, "[r]e-opening discovery to cure any surprise could delay trial." *Id.* Trial is set for October 27, 2025. (D.E. 151.) This factor thus favors the ABCO Defendants as well.

Fourth, Weather King has offered no explanation regarding the importance of the content of the Rebuttal Report. As discussed above, its contents were not based on any new facts or developments, and Mr. Southard admitted that he could have included the contents of the Rebuttal Report in his initial expert report, but simply chose not to. Thus, this factor favors the ABCO Defendants as well.

Fifth, Weather King has offered no explanation for its untimely disclosure, despite the many opportunities to do so. Weather King did not seek an extension of the deadline for rebuttal expert disclosures or attempt to meet and confer with the ABCO Defendants regarding it—passing up early chances to explain itself. It did not offer any explanation in the email transmitting the untimely disclosure. It did not even file with the Court a notice of service regarding the Rebuttal Report, which would have alerted the Court to its late disclosure. When the ABCO Defendants met and conferred with Weather King before filing this motion, it again offered no explanation. The time to do so has passed.

## CONCLUSION

Weather King plainly filed its expert's Rebuttal Report after the deadline had expired. It passed up many opportunities to mitigate or explain the late disclosure. It thus cannot meet its burden to show its failure was harmless or substantially justified. Meanwhile, the ABCO Defendants had justifiably relied on the deadlines imposed by the Court and the Federal Rules of Civil Procedure, and receiving a new expert report after those disclosure deadlines had passed

7

injected a new opinion about the case without warning. To cure the prejudice to the ABCO Defendants, the Court should exclude the Rebuttal Report and any testimony about it, and award the ABCO Defendants their reasonable expenses, including attorney's fees, incurred in bringing this motion.

Date: July 10, 2025

                      Respectfully submitted,

                      */s/ Benjamin S. Morrell*
                      Thomas G. Pasternak (admitted pro hac vice)
                      Benjamin S. Morrell (TBPR No. 35480)
                      TAFT STETTINIUS & HOLLISTER LLP
                      111 East Wacker Drive, Suite 2600
                      Chicago, IL 60601
                      Telephone: (312) 527-4000
                      Facsimile: (312) 527-4011
                      tpasternak@taftlaw.com
                      bmorrell@taftlaw.com

                      *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that counsel for the ABCO Defendants conferred with counsel for Plaintiff via email on July 8, 2025, regarding this motion, and Plaintiff's counsel responded that Plaintiff opposes the relief requested in this motion. Plaintiff did not offer any explanation for the late disclosure of the Rebuttal Report in that communication.

Date: July 10, 2025

/s/ *Benjamin S. Morrell*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: July 10, 2025

/s/ *Benjamin S. Morrell*