# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>                 Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>                 Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## MOTION TO BIFURCATE LIABILITY AND DAMAGES

Defendants Stephanie L. Gillespie, Ryan E. Brown, and Daniel J. Hershberger, by and through their undersigned counsel, move for an order bifurcating the trial in this matter into separate phases for liability and damages, pursuant to Federal Rule of Civil Procedure 42(b). With a default judgment having been entered against all other Defendants, Plaintiff Weather King must still prove liability at trial as to Gillespie, Brown, and Hershberger. Bifurcating liability and damages is the only way to avoid substantial prejudice to these three Defendants and confusing the jury.

Specifically, trying liability as to only Gillespie, Brown, and Hershberger at the same time as damages against all ten Defendants will risk the jury assuming Gillespie, Brown, and Hershberger are liable because the other Defendants have already been found liable—for reasons wholly unrelated to the merits of Weather King's claims. Additionally, the complicated issues

regarding damages are separate and distinct from issues of liability, and this will further confuse the jury if it must consider both at the same time. For these reasons, discussed more fully below, the Court should grant this motion and bifurcate liability and damages as to Gillespie, Brown, and Hershberger.

## BACKGROUND

Weather King's amended complaint asserts nine causes of action against ten Defendants. (D.E. 26.) The claims against Gillespie, Brown, and Hershberger are limited to breach of fiduciary duty, interference with business relationships, conversion, unjust enrichment, civil conspiracy, and aiding and abetting. (*Id.*)

The ABCO Defendants (Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, and Daniel J. Hershberger, and American Barn Co., LLC) previously moved to bifurcate the trial in this matter. (D.E. 230.) After that motion was filed, however, the Court granted in part and denied in part Weather King's motion for sanctions and issued a default judgment against Defendants Maupin, Harrell, Harrod, Feagin, and ABCO. (D.E. 231.) This mooted some of the relief requested in that motion. Also, the parties conferred further and agreed to bifurcate the issue of punitive damages. The ABCO Defendants therefore withdrew their original bifurcation motion and then moved to bifurcate the issue of punitive damages in a separate, unopposed motion. (D.E. 236; D.E. 244.) Now, Defendants Gillespie, Brown, and Hershberger, against whom there is no default judgment, move to bifurcate liability and damages as to them.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

2

claims, crossclaims, counterclaim or third party-claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Only one of the purposes listed in Rule 42(b) must be met for the Court to order bifurcation. *Farmers Bank of Lynchburg v. BancInsure, Inc.*, No. 2:10-CV-02222-DKV, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011). "Other factors to consider when determining whether to bifurcate are: the possible confusion of the jury, whether the evidence and issues sought to be bifurcated are substantially different, and whether bifurcation would enhance settlement." *Id.* For example, a defendant "may be prejudiced during trial if the jury is confused when listening to proof of bad faith and coverage simultaneously. It is possible that allegations of bad faith may prejudice [a defendant] in the minds of the jury on the issue of coverage." *Id.* at *2.

"Whether to bifurcate . . . is dependent on the circumstances in each case, and the party moving to bifurcate bears the burden of demonstrating that bifurcation is appropriate." *Id.* (citation omitted). "The decision whether to try issues separately is within the sound discretion of the court." *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 400 (6th Cir. 1986).

## ARGUMENT

**I.    Absent separate phases of trial for liability and damages, Defendants Gillespie, Brown, and Hershberger will be severely prejudiced.**

The law is clear—the risk of jury bias and prejudice by itself is a ground for bifurcation. Fed. R. Civ. P. 42(b); *SCF, LLC v. Hartford Fire Ins. Co.*, No. 1:20-cv-01173-JDB-jay, 2021 WL 4206624, at *1 (W.D. Tenn. Sept. 15, 2021) (affirming Judge York's order granting motion to bifurcate liability and damages because evidence of purported bad faith would bias the jury when considering the issue of insurance coverage). Bifurcation here will allow for an objective assessment of whether the Defendants Gillespie, Brown, and Hershberger are liable as to any of the six claims

Weather asserts against them. Weather King must prove damages as to all ten Defendants and all nine of its claims, including the claims that are not against Gillespie, Brown, or Hershberger. Allowing Weather King to introduce evidence of damages as to these other claims and other Defendants will prejudice Gillespie, Brown, or Hershberger. *See Fed. Express Corp. v. Accu-Sort Sys., Inc.*, No. 01-2503 MA/P, 2005 WL 8156705, at *2 (W.D. Tenn. Mar. 31, 2005) (finding that bifurcation "avoids any potential prejudice to Defendant inherent in the jury's hearing evidence of damages before deciding whether Accu-Sort is liable.").

The risk of prejudice is heightened here, where a default judgment has been issued against the other Defendants, and the jury may assume that because the other Defendants have been found liable—for reasons wholly divorced from the merits of Weather King's claims—Gillespie, Brown, and Hershberger are liable by association. The only way to eliminate this prejudice is to require Weather King to prove its case against Gillespie, Brown, or Hershberger before the jury can learn that the other Defendants have been found liable via default judgment and hear evidence regarding Weather King's claims for damages.[1]

## II. Bifurcation will avoid jury confusion.

Avoiding jury confusion itself is another reason for bifurcation. *SFC LLC*, 2021 WL 42066246 at *1. Bifurcation can reduce confusion by narrowing the range of issues the jury is to consider at any given time, thereby letting the jurors focus on fewer issues at a time and leading to presentation of testimony in a more orderly fashion. Here, both parties will present complicated damages theories through their experts. As discussed above, this extensive anticipated testimony risks the jury being confused into thinking that because damages testimony is being presented

---

[1] If Weather King does not wish to do so, it can moot this issue at any time by dismissing its claims against Gillespie, Brown, and Hershberger.

4

against the ABCO Defendants, liability is assumed for all of them. It will confuse the issues of liability and damages as to Gillespie, Brown, and Hershberger.

Additionally, the evidence and issues for liability are totally different. *Farmers Bank* at *1. The issues for liability involve Gillespie's, Brown's, and Hershberger's behavior and activities, and whether they have committed various business torts. Meanwhile, the damages issues involve the parties' business operations and the sale of Weather King's assets, including the parties' profit and loss statements, earnings statements, and other financial documents. In other words, "the claims in this case means that damages will involve more proof and proof different from that required to establish liability." 2005 WL 8156705 at *1. The damages of such claims are measured by the plaintiff's lost profits or the defendant's allegedly illicit gains. Therefore, these issues will be presented more efficiently and be better assessed by a jury if they are litigated separately. *Id*.

The Court faced a similar situation in *Accu-Sort*, where the defendant argued for bifurcation of liability and damages, and the Court granted it. *Id.* The court held:

> The court agrees that the nature of the claims in this case means that damages will involve more proof and proof different from that required to establish liability. The gravamen of FedEx's allegations is the misappropriation of trade secrets. The damages for such a claim are measured by the plaintiff's lost profits or the defendant's illicit gains. *Avery Dennison Corp. v. Four Pillars Enterprise Co.*, 45 Fed. Appx. 479, 485 (6th Cir. 2002); *see also Stewart Title Co. of Memphis v. First American Title Ins. Co.*, 44 F.Supp.2d 942, 956 (W.D. Tenn. 1999). Measuring Accu-Sort's illicit gains would require an accounting of the profits of Accu-Sort (or other competitors that accessed the information through Accu-Sort), as well as apportioning a percentage of those profits to FedEx's secret information. Measuring FedEx's lost profits would require a finding of the market demand for products incorporating FedEx's trade secrets, the absence (or lack thereof) of non-infringing substitutes, FedEx's production and marketing capacity to meet market demand, and the computation of profits that would have been made on hypothetical lost sales. *See Paper Converting Maching Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22 (Fed. Cir. 1984). The foregoing considerations involve complex issues that are separate from the underlying questions about liability. Therefore, these issues will be presented more efficiently and better assessed by a jury if they are litigated

separately. Further, if Accu-Sort is found not liable, all parties will be spared the need to introduce this substantial and separate body of evidence.

*Id.* The court then held that taking into account the relevant factors, bifurcation would best avoid prejudice to the parties and promote judicial economy. A trial was to be held on the liability issues and then the damages issues, albeit to the same jury. *Id.* at *2. This reasoning applies here and militates in favor of bifurcation.

## CONCLUSION

For the reasons discussed above, the Court should grant Defendants Gillespie, Brown, and Hershberger's motion and issue an order bifurcating liability and damages.

Date: July 18, 2025

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendants Gillespie, Brown, and Hershberger*

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that counsel for the ABCO Defendants conferred with counsel for Plaintiff via email on July 14, 2025, regarding this motion, and Plaintiff's counsel responded that Plaintiff opposes the relief requested in this motion.

Date: July 18, 2025

                                                                                             /s/ *Benjamin S. Morrell*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: June 18, 2025

/s/ *Benjamin S. Morrell*