IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC </br>d/b/a WEATHER KING PORTABLE </br>BUILDINGS, </br></br>    Plaintiff, </br></br>v. </br></br>JESSE A. MAUPIN, BARRY D. </br>HARRELL, ADRIAN S. HARROD, </br>LOGAN C. FEAGIN, STEPHANIE L. </br>GILLESPIE, RYAN E. BROWN, DANIEL </br>J. HERSHBERGER, BRIAN L. LASSEN, </br>ALEYNA LASSEN, and AMERICAN </br>BARN CO., LLC, </br></br>    Defendants. | Civil Action No. 1:22-cv-01230-STA-jay </br></br>Chief Judge S. Thomas Anderson |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE
CERTAIN OPINIONS OF BRIAN NAPPER**

Plaintiff Weather King submits this reply in further support of its motion to limit Brian Napper's expert opinions.

**I.   Napper's failure to mitigate opinions do not fit the facts of this case.**

There does not appear to be any dispute that Napper's failure to mitigate opinions (including (i) that Weather King's sale of assets to Old Hickory "may not have" reflected fair market value and (ii) that Weather King did not take sufficient efforts to salvage its Western operations) are relevant only if the Court allows the ABCO Defendants to amend their Answer to assert a failure to mitigate defense. In their response (ECF No. 240), the ABCO Defendants make no attempt to explain how those opinions fit the facts of this case in the event they are not allowed to belatedly pursue that defense. Accordingly, if the Court denies the ABCO Defendants' Motion

for Leave to File Amended Answer (ECF No. 217), the Court should likewise exclude all of Napper's failure to mitigate opinions.

## II.  Napper is not qualified to critique the measures that Weather King took to attempt to salvage its Western operations.

Regardless of Napper's qualifications to offer valuation opinions, he is not qualified to critique Weather King's "efforts to salvage any additional value from its assets" in the West. ECF No. 227-1, Napper Rpt. ¶ 57. To provide admissible expert testimony assessing the reasonableness of a portable buildings manufacturer's "efforts" to salvage its operation, the witness necessarily must possess expertise specific to the industry, or at least to the activities being criticized. Valuation specialists (such as the parties' experts) are not qualified to weigh in on the viability of hiring and retaining employees and contractors, preserving and cultivating dealer relationships, efficiently handling remaining inventory and customer orders, and other issues pertaining to the ability to salvage a portable buildings manufacturer's operations. Napper, however, endeavors to do just that, such as "call[ing] into question Plaintiff's efforts to not have attempted to extract value from these remaining employees and/or hire additional resources to maintain the historical financial success and performance of Weather King's Western Division," Weather King's "efforts (or lack thereof) to replace [Defendants] or otherwise mitigate its business losses," and even changing its "business model." *Id.*, ¶¶ 58-61.

The ABCO Defendants insist that "Napper was not engaged to opine on the specifics of the portable buildings industry, nor did he." ECF No. 240 at 7. The problem, however, is that Napper cannot critique whether Weather King's Western operations were salvageable and whether Weather King's efforts were deficient in the absence of industry expertise.

One of the ABCO Defendants' key arguments in its response is that "Weather King cannot have it both ways" and that "*Weather King's expert also has no experience in the portable*

2

*buildings industry*." ECF No. 240 at 6, 9 (emphasis added).  Weather King, however, is not asking to "have it both ways."  Conspicuously missing in their response is citation of any language in the report of Weather King's expert, Doug Southard, in which he opines on the reasonableness of Weather King's efforts to salvage its Western operations.  He does not.  Quite simply, because neither expert has any experience in the portable buildings industry, neither is qualified to comment upon Weather King's efforts to salvage its Western operations.  Napper's opinions on that topic should be excluded.

**III.    Napper's opinions are unreliable.**

Although the ABCO Defendants concede that "the proponent bears the burden of establishing" the admissibility of an expert's opinions, including that it is "the product of reliable principles and methods," ECF No. 240 at 3 (citations omitted), they make no attempt to demonstrate how Napper's opinions about Weather King's efforts to salvage its Western operations are "the product of reliable principles and methods." Fed. R. Evid. 702(c).

The ABCO Defendants claim that "Weather King quibbles and picks nits" (*id.* at 9) in pointing out that Napper's opinions are predicated on a fundamental misunderstanding of a litany of central facts, including his misunderstanding that Defendants did not take with them other Weather King employees out West when they left (and that the lion's share of its workforce remained).  *See* ECF No. 227-10 at 9-11.  The ABCO Defendants make no attempt to refute the discrepancies that Weather King has pointed out.  Those discrepancies are not minor or tangential; they materially impact the reliability of Napper's opinions questioning Weather King's efforts to salvage its Western operations.

The ABCO Defendants note that "where an expert uses a 'sound methodology,' any objections as to interpretation of the data go towards the weight of that opinion, not its admissibility." ECF No. 240 at 10 (quoting *Iannone v. Autozone, Inc.*, 344 F.R.D. 319, 334-345

3

(W.D. Tenn. 2023)).  Yet, they point to no "sound methodology" supporting Napper's opinions about Weather King's efforts to salvage the Western operations.  According to the ABCO Defendants, "Napper applied accepted financial modeling techniques to the data available to him at the time."  ECF No. 240 at 11.  The ABCO Defendants, however, identify no "financial modeling techniques" used by Napper or any "data" he utilized in speculating that Weather King may have been able to salvage its Western operations if it had taken more measures to do so.  Instead, he solely relied on false information provided to him by Defendant Jesse Maupin without even bothering to take into account Weather King's side of the story.  As gatekeeper, the Court should not allow such unreliable opinions to be presented to the jury.

## CONCLUSION

For the foregoing reasons and those set forth in Weather King's initial brief, the Court should exclude Napper's failure to mitigate opinions.

Respectfully submitted,

*/s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
BUTLER SNOW LLP
The Neuhoff Building
1320 Adams Street, Suite 1400
Nashville, TN  37208
Telephone: (615) 651-6700
Fax: (615) 651-6701
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2025, I filed the foregoing Notice with the Court using the ECF system, which will provide notice and a copy to counsel of record:

    Thomas G. Pasternak
    Benjamin S. Morrell
    TAFT STETTINIUS &HOLLISTER LLP
    111 East Wacker Drive, Suite 2600
    Chicago, IL 60601
    Telephone: (312) 527-4000
    Facsimile: (312) 527-4011
    tpasternak@taftlaw.com
    bmorrell@taftlaw.com
    *Attorneys for Defendants*

And to the following via U.S. Mail and email.

    Brian L. Lassen
    Aleyna Lassen
    1405 N. Fort Grant Road
    Willcox, AZ 85643
    willcoxbuildings@pm.me

                                        */s/ David L. Johnson*
                                        David L. Johnson

94845434.v1