IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC<br>d/b/a WEATHER KING PORTABLE<br>BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:22-cv-01230-STA-jay<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE "REBUTTAL REPORT" OF DOUGLAS K. SOUTHARD**

Plaintiff "Weather King" engaged Doug Southard to provide expert testimony on the economic damages suffered by Weather King as a result of Defendants' conduct. To measure Weather King's losses, Mr. Southard conducted a discounted cashflow ("DCF") analysis of Weather King's expected future profits had Defendants not stolen away Weather King's operational infrastructure (its manufacturing and sales channels) for its Western operations. Weather King disclosed Mr. Southard's DCF analysis and conclusions on March 31, 2025 ("Southard Report"). *See* Exhibit A to Defs.' Mot. in Limine (ECF No. 246-1, under seal), pp. 12-18.

On May 7, 2025, the ABCO Defendants disclosed Brian Napper as an expert, and four paragraphs of his 117-paragraph report ("Napper Report") criticize Mr. Southard for "fail[ing] to consider any other available and widely accepted approaches." *See* ECF No. 228 (under seal), ¶ 38. Mr. Southard had, in fact, considered other approaches, and in a "Rebuttal Report," Mr.

1

Southard detailed alternative damages methodologies that resulted in a higher measure of damagers than the DCF methodology set forth in his initial report. *See* Ex. 1 at 2, filed under seal.

Weather King's counsel emailed the ABCO Defendants' counsel on June 6, 2025, stating that Mr. Southard would be issuing a supplemental/rebuttal report in response to Mr. Napper's criticism. Ex. 2, 6/6/25 email, filed under seal. This email attached the substance of the Rebuttal Report: two valuation-based damages approaches for Weather King as of 12/31/2021 and 12/31/2022 (before and after Defendants' misconduct). *Id*. at Exs. V-1 & V-2. Mr. Southard incorporated these exact schedules in a written Rebuttal Report served on June 16, 2025. *See* Ex. 1 at 1 ("Conclusion of Report").[1]

The ABCO Defendants' counsel received these schedules and discussed them with Mr. Napper before his June 10, 2025 deposition. *See* Ex. 3, Napper Dep. (excerpts) at 20:16-24:16. The two strategically decided that Mr. Napper would not look at the schedules. *Id.* at 23:21-28:15. The ABCO Defendants have now moved to exclude Mr. Southard's Rebuttal Report on the basis that it was not timely disclosed. ECF No. 239.

## ARGUMENT

Weather King concedes that it should have ensured that the Southard Report was disclosed within 30 days of the issuance of the Napper Report but that it neglected to do so. Significantly, however, Defendants were not prejudiced by this mistake because the substance of the Rebuttal Report—Exhibits V-1 and V-2 thereto—were disclosed within the 30-day deadline. *See* Ex. 2. Further, as the ABCO Defendants concede, the Rebuttal Report is devoted solely to refuting an

---

[1] Admittedly, the Rebuttal Report was not timely disclosed. Amidst the flurry of scheduling activity (multiple iterations of revised scheduling deadlines and extensions of various expert deadlines), Weather King's counsel neglected to calendar the 30-day rebuttal deadline under Rule 26(a)(2)(D)(ii).

2

isolated criticism by Mr. Napper that Mr. Southard did not consider other methodologies when formulating his report.

As noted by the ABCO Defendants, the Sixth Circuit has adopted the following five-factor test to determine whether an untimely report is "substantially justified or is harmless" under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (allowing untimely disclosure of expert opinion where "late disclosure was more likely the result of negligence, confusion, and lack of information than underhanded gamesmanship"). Considering each of these factors, the Court should allow Mr. Southard to offer the opinions set forth in the Rebuttal Report.

With respect to the first factor, the ABCO Defendants misleadingly claim that "the late disclosure of the Rebuttal Report was a surprise to the ABCO Defendants" and that "Weather King made no indication to the ABCO Defendants that it was planning to serve a Rebuttal Report beforehand." ECF No. 239 at 5. Conveniently, they neglect to draw to the Court's attention that on June 6, Weather King's counsel notified defense counsel that "Doug Southard is ***going to issue a supplemental/rebuttal report***," and attached to that email the schedules reflecting the substance of Mr. Southard's rebuttal. *See* Ex. 2 (emphasis added). Conspicuously missing in the ABCO Defendants' eight-page brief is any mention of that email.

Moreover, the Rebuttal Report itself provides the very methodologies that Mr. Napper said Mr. Southard should have considered. *Compare* Napper Report (ECF No. 228 at ¶ 40 ("there exist several other accepted approaches"), ¶ 77 (summarizing the market approach, the income approach, and the cost approach) *with* Rebuttal Report at 3 (summarizing these same three

3

valuation approaches). The ABCO Defendants could not possibly have been surprised given that they were told that the report was forthcoming and given that their own expert expected the three valuation approaches used in the Rebuttal Report.

Second, notwithstanding the ABCO Defendants' protests, they had ample time to prepare for Mr. Southard's deposition. The ABCO Defendants lament that they somehow could not "adequately prepare to question Mr. Southard regarding the Rebuttal Report," ECF No. 239 at 3, even though: (a) the Rebuttal Report was served **10 days** before Mr. Southard's June 26, 2025 deposition; (b) the conclusions of the report (the schedules) were provided on June 6, 2025; and (c) the additional opinions set forth in the Rebuttal Report are limited to responding to Mr. Napper's criticism. At the June 26 deposition, defense counsel was well prepared to ask Mr. Southard many questions about the Rebuttal Report and did so. *See* Southard Dep. (ECF No. 239-5) at 69:18-83:14. If the ABCO Defendants genuinely felt that they needed more time to prepare for the deposition, they could have asked to delay the deposition a few days. They strategically chose not to do so.

Third, allowing the Rebuttal Report would not disrupt the trial. Being rebuttal only, and not case-in-chief evidence, Mr. Southard does not intend to testify regarding any alternative methodologies in Weather King's case-in-chief and would only do so to rebut any false accusation that he did not consider alternative valuation methods. *See Presidio, Inc. v. People Driven Tech., Inc.*, 686 F. Supp. 3d 652, 677 (S.D. Ohio 2023) ("[R]ebuttal evidence can only be put forward to challenge the evidence or theory of an opponent—and not to establish a case-in-chief" (internal quotation marks and citation omitted)). If the ABCO Defendants truly wanted to question Mr. Southard about the Rebuttal Report (and if the Court were to find that they did not waive their ability to do so by neglecting to ask him about those opinions at his June 26 deposition), it would

4

not be disruptive for Mr. Southard to be available for another deposition.[2] And Mr. Southard will certainly be available for cross-examination at the trial.

Fourth, although the information in Mr. Southard's Rebuttal Report is not crucial to Weather King's case, it is important in refuting one of Mr. Napper's criticisms. By claiming that Mr. Southard failed to consider other damages methodologies in measuring Weather King's losses, Mr. Napper implies that the application of other methodologies would have resulted in lower damages opinions.[3] As reflected in the Rebuttal Report, not only did Mr. Southard consider the other common methodologies,[4] using those alternative approaches would lead to **higher** damages calculations than the damages measured by Mr. Southard in his original report. *Compare* Southard Report, ECF No. 246-1 at 18 *with* Rebuttal Report, Ex. 1, at 7. Thus, allowing Mr. Napper to present these accusations unrebutted would prejudice Weather King by confusing the jury and suggesting that it speculate that Mr. Southard cherry-picked a methodology to posit an artificially high damages calculation.

Finally, as it relates to the fifth factor, Weather King acknowledges that it "dropped the ball" by neglecting to calendar the rebuttal deadline but asks that it not be prejudiced by its counsel's honest mistake. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (noting "the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion."). As the Court is well-aware, over the past several months, keeping track of deadlines and motion practice has

---

[2] The ABCO Defendants took less than 2½ hours to depose Mr. Southard on June 26.

[3] Tellingly, Mr. Napper strategically chose not to perform a damages analysis of his own of Weather King's economic damages attributable to its loss of the Western U.S. operations; instead, he resorts to attempting to poke holes in Mr. Southard's analysis. *See* Ex. 3, Napper Dep. at 225:15-226:7.

[4] Aside from the substance of the Rebuttal Report, Mr. Southard testified that he had in fact considered performing a valuation methodology before choosing to follow the DCF method set forth in his original report. *See* Southard Dep., (ECF NO. 239-5) at 70:11-72:12.

5

been very challenging. Although Weather King pressed for the report to be finalized and served earlier, Mr. Southard had significant scheduling issues of his own, including business and family matters, that prevented him from finalizing the Rebuttal Report until later than desired. *See* Ex. 4, Southard Decl. Particularly given that the substance of the Rebuttal Report is reflected in the alternative methodologies that were timely disclosed on June 6, 2025, Weather King's failure to serve the report on a timely basis did not cause enough harm to warrant exclusion of the opinions set forth in the Rebuttal Report.

## CONCLUSION

For the foregoing reasons, the Court should deny the ABCO Defendants' motion to exclude Mr. Southard's Rebuttal Report.

Respectfully submitted,

BUTLER SNOW LLP

*s/ John Dollarhide*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
1320 Adams Street, Suite 1400
Nashville, TN 37208
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
Benjamin S. Morrell
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com
*Attorneys for Defendants*

And to the following via U.S. Mail and email.

Brian L. Lassen
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

                                                                *John Dollarhide*
                                                            John H. Dollarhide

94751600.v2