**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CONSOLIDATED INDUSTRIES, LLC** | ) | |
| **d/b/a WEATHER KING PORTABLE** | ) | |
| **BUILDINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 1:22-cv-01230-STA-jay** |
| **v.** | ) | |
| | ) | |
| **JESSE A. MAUPIN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE DOUGLAS SOUTHARD

In seeking to preclude Plaintiff "Weather King's" expert, Douglas Southard, from offering opinions in this case (*see* ECF No. 246), the "ABCO Defendants" fundamentally misperceive the role of a damages expert. Southard merely intends to offer opinions about the economic losses Weather King sustained after it was forced to abandon its Western U.S. operations. It is not within Southard's purview to weigh in on Weather King's specific causes of action or each Defendant's respective responsibility for precipitating Weather King suffering its losses. Because Southard's opinions meet the standard for admissibility under Fed. R. Evid. 702, the ABCO Defendants' motion should be denied.

## BACKGROUND

The background of this case is set forth in the Court's June 30, 2025 sanctions ruling. *See* ECF No. 231. The gravamen of Weather King's claims is that nine former Weather King employees abused their positions in the creation and operation of a competing entity in the portable

buildings industry in a months-long, well-coordinated scheme to secretly steal Weather King's Western U.S. operations, causing significant lost profits.

Weather King engaged Southard to provide expert testimony on economic damages suffered by Weather King stemming from Defendants' misconduct. A principal of Southard Financial, LLC in Memphis, Southard has many years of experience valuing businesses and calculating financial losses.

To measure Weather King's losses, Mr. Southard conducted a discounted cashflow analysis of Weather King's expected future profits had what he labels "the Event" not occurred. He generally defines the Event as Weather King's cessation of operations in the Western U.S. after Defendants left Weather King to begin operating Defendant American Barn Co. ECF No. 246-1, Southard Rpt. at 2. Southard concludes that Weather King was damaged in the range of $11-15 Million. *Id.* at 18.

## ARGUMENT

### I.    As a damages expert, Southard is not required to address causes of action.

The ABCO Defendants fault Southard for "offer[ing] a lump-sum damages figure in his report, devoid of any specification as to apportionment of damages to any of the distinct causes of action." ECF No. 246 at 6. According to the ABCO Defendants, "[a]n expert opinion that merely aggregates damages for multiple, distinct claims without differentiating them in any manner fails to expand on the claims made in the pleadings and does not 'fit' the issues the jury must decide[.]" *Id.* Yet, they cite no legal authority that supports that proposition. Indeed, the ABCO Defendants do not cite a single instance in which any court has excluded an expert's opinions due to the expert's failure to differentiate causes of action.

Weather King did not retain Southard to critique its causes of action. Although the ABCO Defendants criticize Southard for failing to "provide any explanation or analysis of the available remedies under Tennessee law," *id.*, Southard's role is limited to being a damages expert, not a legal expert. It is Weather King's counsel's job (not Southard's job) to present fact proof linking Weather King's causes of action to the Event (its cessation of operations in the West). Then, it is Southard's role to complete the "connection of dots" by opining about Weather King's economic losses attributable to the Event. Moreover, it is the role of the Court—not any expert—to instruct the jury about "available remedies." *Id.*

For instance, as it relates to Weather King's duty of loyalty claim, Weather King will present fact testimony and other evidence that: (a) Defendants, while still employed by Weather King, were covertly lining up Weather King's critical business relationships in the West, including Weather King dealers, builders, employees, and drivers; (b) Defendants anticipated that Weather King would be unable to salvage its Western operations and maximized pressure and took other means to ensure that it would not be able to do so; and (c) following Defendants' departure and their scheme coming to fruition, Weather King was forced to abandon its Western operations (as Defendants predicted). Then, Southard (who lacks expertise as it relates to the aforementioned factual issues) will opine about economic damages sustained by Weather King as a consequence of its abandonment of those operations.

Under this sequence, it is unnecessary for Southard to explain how his opinions are linked to Weather King's breach of duty of loyalty claims or any other specific cause of action. In fact, if he (or another expert) attempted to do so, he would be exceeding his qualifications.

At trial, Defendants are free to attack Southard's methodology and argue that Weather King has not met its burden of proving damages attributable to certain causes of action. The ABCO

Defendants, however, have presented no legal basis to exclude Southard's expert opinion about the economic losses Weather King has sustained as a consequence of its abandonment of its Western operations.

## II.    Southard is not required to apportion damages to specific Defendants.

The ABCO Defendants next seek to exclude Southard's opinions due to his "failure to identify which of the ABCO Defendants are responsible for which specific damages described in the Southard Report."  ECF No. 246 at 8.  Again, the ABCO Defendant cite no legal authority to support the unfounded proposition that an expert is required to render an opinion or methodology about the apportionment of damages among multiple defendants.

It is not Southard's role as a valuation/economic damages expert to weigh in on which Defendants are responsible for specific damages; nor is he qualified to do so.  Instead, his role is simply to describe Weather King's economic losses attributable to the Event.  The jury may decide that certain of the Defendants bear more responsibility than others and, therefore, assess different damages amounts among the Defendants.  Neither Southard nor any other damages expert is in a position to offer expert testimony about the relative roles each of the Defendants played in causing the Event to occur such that damages apportionment could be included in his report.  That is within the sole province of the jury.

## III.    Southard's opinions are germane to Weather King's breach of duty of loyalty claims.

The ABCO Defendants correctly note that multiple remedies are available for a breach of duty of loyalty claim, including lost profits, salary forfeiture, and disgorgement of the defendant's

profits. *See* ECF No. 9-10. Weather King retained Southard to offer an expert opinion of Weather King's lost profits.[1]

The ABCO Defendants claim that Southard "does not apply *any* tailored measure of damages to the claim" and that his discounted cash flow ("DCF") method is somehow improper because "it is so simplistic that it offers no practical value to the jury beyond what it could have surmised from the pleadings themselves." ECF No. 246 at 10-11 (emphasis in original). The ABCO Defendants, however, ignore that Southard used the DCF method to measure Weather King's *lost profits*. *See* ECF No. 246-1, Southard Rpt. at 12; Ex. 1, Southard Dep. 15:10-16:10, 34:17-23, 53:6-9, 72:8-12.

The ABCO Defendants cite no authority to support the notion that the DCF method is an unreliable means to measure lost profits. As noted by Southard it "[a]bsolutely" is reputable and is the "most widely accepted method for measuring economic damages in a lost profit analysis." Ex. 1, Southard Dep. 34:24-35:3, 72:9-12. The ABCO Defendants' expert, Brian Napper, concurs that DCF is widely accepted. Ex. 2, Napper Dep. 89:22-90:12.

Numerous courts have also validated the admissibility of properly-implemented DCF methodology to measure lost profits. As noted in *Franconia Assocs. v. U.S.*, 61 Fed. Cl. 718, 754 (2004): "It is beyond peradventure that the discounted cash flow method . . . is typically used by economists, appraisers and damage experts and, if properly executed with the appropriate factual predicates, would establish the lost profits owed the remaining plaintiffs with the certainty required by the law. Defendant freely admits as much and numerous cases so hold." (Collecting cases); *see also Stovall v. U.S.*, 94 Fed. Cl. 336, 352 (2010) (similar and collecting cases); *International Cards*

---

[1] Weather King intends to offer evidence of salary forfeiture through a fact witness, Jill Coker, and it plans to use defense expert Brian Napper to tack on disgorgement of Defendants' profits as additional damages.

*Co., Ltd. v. MasterCard Int'l Inc.*, 2016 WL 7009016, at *5 (S.D.N.Y. Nov. 29, 2016) (referring to DCF method as "reliable" and "standard"); *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, No. 1:96CV1780, 2011 WL 6318467, at *2 n.3 (N.D. Ohio Nov. 22, 2011), *report & recommendation adopted,* 2011 WL 6318469 (N.D. Ohio Dec. 15, 2011), *aff'd,* 505 F. App'x 430 (6th Cir. 2012) ("The Sixth Circuit and other federal courts have recognized that a discounted cash flow valuation is an appropriate methodology for determining a business's going concern value.") (collecting cases). This is particularly true where, as here, Weather King was an established business with a track record of operating in the West. *See Merlite Indus., Inc. v. Valassis Inserts, Inc.*, 12 F.3d 373, 376 (2d Cir. 1993) ("An established business often is in a good position to offer evidence of past experience as a reasonable basis from which a jury may determine lost profits with the requisite degree of certainty.").

The ABCO Defendants do not claim that any data that Southard used as part of his methodology was unreliable or that his valuation opinion is otherwise untrustworthy.[2] Instead, their argument rests on the false premise that "the Southard Report does not reflect the correct legal measure for breach of the duty of loyalty claims[.]" ECF No. 246 at 11. It was perfectly acceptable for Southard to estimate Weather King's lost profits based on the DCF methodology set forth in his report, and Weather King is entitled to present his expert opinion to the jury.

---

[2] Under Tennessee law, once a plaintiff demonstrates entitlement to damages, there is a lenient standard for demonstrating the amount of damages to which it is entitled. As noted in *Vilas v. Love*, 2023 WL 7040062, at *11 (Tenn. Ct. App. Oct. 26, 2023): "For damages to be recoverable, the *existence* of damages cannot be uncertain, speculative, or remote, but the *amount* of damages may be uncertain if the plaintiff lays a sufficient foundation to allow the trier of fact to make a fair and reasonable assessment of damages. The amount awarded is not controlled by fixed rules or mathematical formulas and instead left to the sound discretion of the trier of fact." (Emphasis in original; cleaned up).

**CONCLUSION**

For the foregoing reasons, the Court should deny the ABCO Defendants' motion to exclude

Southard's opinions.

Respectfully submitted,

BUTLER SNOW LLP

*s/ David L. Johnson*
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
1320 Adams Street, Suite 1400
Nashville, TN 37208
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2025, I filed the foregoing with the Court using the ECF

system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
Benjamin S. Morrell
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

And to the following via U.S. Mail and email.

    Brian L. Lassen
    Aleyna Lassen
    1405 N. Fort Grant Road
    Willcox, AZ 85643
    willcoxbuildings@pm.me

                        *David L. Johnson*
                        John H. Dollarhide

94993534.v2