UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>                Plaintiff,<br><br>   v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>                Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

**REPLY IN SUPPORT OF MOTION TO EXCLUDE "REBUTTAL REPORT" OF DOUGLAS K. SOUTHARD**

Weather King fails to demonstrate that its untimely disclosure of Mr. Southard's Rebuttal Report was substantially justified or harmless, and its response brief underscores the ways in which the ABCO Defendants were prejudiced by its actions. Rule 37's mandate is clear: a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Weather King cannot meet its burden, the should Court exclude the Rebuttal Report and any related testimony.

First, Weather King admits it had no justification for its failure to timely disclose the Rebuttal Report. A key consideration in deciding whether to exclude untimely disclosed evidence under Rule 37(c)(1) is the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015). Here, Weather King not only failed to offer justification for the untimely disclosure, but also failed to justify its refusal to communicate with the ABCO Defendants and coordinate on an extension or alternative deadline.

Weather King blames the untimely disclosure, primarily, on changing case deadlines and Mr. Southard's scheduling conflicts. (D.E. 251 at 5-6.) Weather King attached to its response a declaration from Mr. Southard in which he states that he began preparing the Rebuttal Report on May 13. (D.E. 251-2.) Mr. Southard was thus working on his Rebuttal Report for several weeks before the deadline. Further, Plaintiff's counsel appears to have recognized the June 6, 2025 rebuttal report deadline by—at the latest—June 6, because counsel sent an email that day asserting that Mr. Southard would issue his Rebuttal Report "next week." (D.E. 252, Ex. 2.[1]) Weather King, however, did not request an extension and did not attempt to meet and confer with the ABCO Defendants. Had Weather King done so, the ABCO Defendants would have had an opportunity to give their own expert advanced notice as to when to expect the Rebuttal Report and to coordinate and new deposition date for Mr. Southard. Instead, disclosure of the Rebuttal Report "next week" became two weeks late, and an "honest mistake" became highly prejudicial to the ABCO Defendants.

Second, as indicated above, Weather King's late disclosure was not harmless. In its response, Weather King repeatedly references the June 6, 2025 email in which Plaintiff's counsel sent defense counsel the schedules that would purportedly be used in the Rebuttal Report. (*Id.*) Weather King suggests that disclosure of the schedules alone relieves it of the obligation to timely serve the Rebuttal Report. It does not.

---

[1] This email and attachment were filed under seal as Exhibit 2 to Weather King's response.

2

The attachments to the June 6 email were not an adequate substitute for the full Rebuttal Report and did not cure the prejudicial effect of Weather King's untimely disclosure. The June 6 email does not make clear that the schedules were final. Further, the attachments did not include any of the analysis or conclusions offered in Mr. Southard's seven-page Rebuttal Report. By themselves, the schedules are virtually incomprehensible and they in no way disclose Mr. Southard's opinion. Without the additional context in the full report, the ABCO Defendants did not have sufficient information to coordinate with their own expert, Mr. Napper, and adequately prepare for Mr. Southard's impending deposition. Weather King faults the ABCO Defendants for not attempting to postpone the deposition at the last minute to reduce their own prejudice suffered as a result of Weather King's failure to meet its deadline. (D.E. 251 at 4.) That argument gets it backwards. The ABCO Defendants are not the ones who missed a Court-ordered deadline, and it was not incumbent on them to affirmatively act to accommodate the party that did.

As noted by Weather King, the Rebuttal Report was prepared "in response to Mr. Napper's criticisms." (*Id.* at 2.) It was therefore essential that Defendants discuss the Rebuttal Report with Mr. Napper before deposing Mr. Southard on his conclusions. Although one of Weather King's excuses for its late disclosure was the busy schedule of its expert, Weather King contends that the ABCO Defendants had "ample time" to prepare for Mr. Southard's deposition because the Rebuttal Report was served 10 days beforehand. (*Id.* at 4.) According to Weather King, then, the ABCO Defendants' expert witness should be prepared to review and respond to a belatedly disclosed report at a moment's notice, while Weather King should be excused from the requirements of the Civil Rules due to the busy schedule of its own expert. Weather King's arguments thus fall flat.

Weather King cannot meet its burden to show its failure to timely disclose the Rebuttal

3

Report was harmless or substantially justified. To cure the prejudice to Defendants, the Court should exclude the Rebuttal Report and any related testimony.

Date: July 31, 2025

                                          Respectfully submitted,

                                          */s/ Benjamin S. Morrell*
                                          Thomas G. Pasternak (admitted pro hac vice)
                                          Benjamin S. Morrell (TBPR No. 35480)
                                          TAFT STETTINIUS & HOLLISTER LLP
                                          111 East Wacker Drive, Suite 2600
                                          Chicago, IL 60601
                                          Telephone: (312) 527-4000
                                          Facsimile: (312) 527-4011
                                          tpasternak@taftlaw.com
                                          bmorrell@taftlaw.com

                                          *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: July 31, 2025

*/s/ Benjamin S. Morrell*