# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>    Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## REPLY IN SUPPORT OF MOTION TO BIFURCATE LIABILITY AND DAMAGES

Bifurcating liability and damages as to Defendants Gillespie, Brown, and Hershberger is necessary in order to avoid prejudice and issue confusion. Rule 42(b) makes clear that a court may order a separate trial for convenience, to avoid prejudice, *or* to expedite and economize. *See also Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). In their motion, Defendants Gillespie, Brown, and Hershberger explain how they will be severely prejudiced and the jury will be confused if it must consider damages relating to all Defendants while also considering liability for only these non-defaulted Defendants. (D.E. 245.) Weather King's response spends most of its time discussing how there might be overlapping evidence if the trial were bifurcated. (*Id.* at 4–12.) Weather King thus misses the fact that "prejudice alone can justify bifurcation." *Bradford v. City of Chicago*, No. 16 CV 1663, 2019 WL 5208852, at *4 (N.D. Ill. Oct. 16, 2019).

1

It's true that bifurcation is not necessary in an ordinary case. But this case is not ordinary. Seven Defendants have been deemed liable prior to trial—all for reasons independent of the merits of Weather King's claims—while three Defendants have not. Despite citing upwards of eight cases at time in page-long string cites for general propositions of law regarding bifurcation, Weather King fails to acknowledge this unique situation—and fails to cite a case that squarely addresses it. (*See* D.E. 285 at 2–3, 11.)

Courts faced with the situation in which some defendants are defaulted and others are not have emphasized that where a plaintiff seeks joint and several liability—for example, "alleging that all of the defendants acted together in a scheme to defraud"—"the amount of damages [the] plaintiff may recover from defaulting and non-defaulted defendants should not differ." *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992). For this reason, damages against all defendants must be considered at the same time. The court in *Montcalm* described the proper procedure thus:

> [I]f the court assessed damages against the Defaulting Defendants at this time, it would risk the possibility of disparate damage judgments, since the court may not presently address the issue of damages as to . . . the non-defaulting defendants.
>
> Instead, the proper procedure is to consolidate the inquest to determine the level of damages as to the Defaulting Defendants with the damages aspect of the trial against the non-defaulting defendants, Ryan and Progressive. *See* 6 *Moore's Federal Practice* ¶ 55.06 at 55–42 n. 17 (2d ed. 1988). The Defaulting Defendants may not participate in the merits aspect of the trial, as their default judgments stand as admissions of liability.

*Id.*

*Montcalm* involved defaults for failure to respond to the complaint, not based on sanctions. But the concern about considering damages for all defendants at the same time is relevant here. Weather King pleaded a civil conspiracy claim against all Defendants, and "civil conspiracy claims

2

carry joint and several liability under Tennessee law." *In re AME Church Emp. Retirement Fund Litig.*, No. 1:22-MD-03035-STA-JAY, 2025 WL 900003, at *15 n.6 (W.D. Tenn. Mar. 24, 2025) (cleaned up); (*see* D.E. 26 at 18). And the court's opinion in *Montcalm* indicates that bifurcation is an important part of the proper remedy. *See* 807 F. Supp. at 978 (discussing the "damages aspect" and "merits aspect" of the upcoming trial).

This principle further shows that bifurcation is necessary to avoid prejudice to the non-defaulted Defendants. Since Defendants Maupin, Harrell, Harrod, Feagin, ABCO, Aleyna Lassen, and Brian Lasseen have already been deemed liable on many of the same claims for which the jury will be assessing the liability of the non-defaulted Defendants (conspiracy, aiding and abetting, unjust enrichment, breach of fiduciary duty, interference of business relationships, and conversion), the jury may think that they are liable merely because of their association with the defaulted Defendants and the fact that those Defendants have already been deemed liable.

Weather King highlights messages between Defendant Maupin and Defendants Gillespie, Brown, and Hershberger in which Mr. Maupin made certain remarks that may be viewed negatively by the jury. (D.E. 258, 7–9, Exs. 3–5.) This, coupled with the fact that the jury will know Mr. Maupin has already been deemed liable on the same claims for which the jury is assessing liability of the other Defendants, will unfairly prejudice the Defendants by virtue of their mere association with Mr. Maupin. With 9 claims against 10 Defendants and different damages available under different claims, the liability of the non-defaulted Defendants risks getting lost in the shuffle.

While the prejudice to the non-defaulted Defendants is clear, the risk of substantial overlapping evidence is not. First, Rule 42(b) does not required that the moving party show that there will be no overlapping evidence. Even if this were a requirement, Weather King points to only six

3

text message exchanges as proof that damages and liability are too intertwined to support separate trials. This hardly shows that there is "significant overlapping evidence," especially when most of the quoted language from the text messages is from Mr. Maupin not the Defendants at issue here.

In this way, Weather King's response proves the point it tries to refute. It frequently quotes statements made by Mr. Maupin and conflates his liability with that of the non-defaulted Defendants. Specifically, Weather King quotes a text from Mr. Maupin saying "it would be better for all of us to leave at the same time it would hurt them and be harder to recover [sic]" as evidence of Defendant Gillespie's liability. (D.E. 258, at 7, Ex. 3.) Weather King does this again for text messages between Mr. Maupin and Mr. Brown, and Mr. Maupin and Mr. Hershberger. (D.E. 258, at 8, 9, Exs. 4, 5.) For example, Weather King quotes a text message between Mr. Maupin and Mr. Hershberger and obscures the fact that Mr. Maupin is the author of the text by saying "Maupin and Hershberger discuss 'our main goal and that's give them what they want and make everything seem ok until we walk away.'" (D.E. 258, at 9, Ex. 5.) In actuality, Mr. Hershberger never even responded to this statement. (D.E. 258, Ex. 5.) This type of conflation confuses the issues of liability and damages, and is exactly the type of evidence of that raises the non-defaulted Defendants' concerns here.

Weather King does not cogently explain how these messages are relevant to non-punitive damages, either. It repeatedly argues that these text messages show that Defendants anticipated Weather King would not be able to survive in the West (*see* D.E. 258, at 7–9), but does not connect up how Mr. Maupin's speculation about the future of Weather King impacts the assessment of non-punitive damages.

Lastly, Weather King argues that any jury confusion can be mitigated by a jury instruction. Given the unique circumstances of this case, and the large number of claims and Defendants at

4

issue, mere instructions to the jury will not suffice to cure the prejudice and confusion that will predictably result from a single phase that combines the issues of liability for the non-defaulted Defendants, compensatory damages for all the Defendants, and whether punitive damages should be awarded. Similar to Weather King here, the plaintiff in *SCF, LLC* objected to Judge York's decision to bifurcate the trial arguing that "[a]ny potential juror confusion will be alleviated by evidentiary rulings and jury instructions that clarify the different tests for liability and for punitive damages, and that clear and convincing evidence is required for any award of punitive damages." *SCF, LLC v. Hartford Fire Ins. Co.*, No. 120CV01173JDBJAY, 2021 WL 4206624, at *5 (W.D. Tenn. Sept. 15, 2021). However, the Court affirmed Judge York, stating that "bifurcation would completely eliminate juror confusion, as well as potential prejudice to the parties." *Id.* Bifurcating liability and damages will thus "allow the jury to focus on a single issue at a time thereby avoiding the introduction of irrelevant evidence and jury confusion." *Id.* (cleaned up) (quoting *Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 275 (W.D. Ky. 2017)).

Here, the very real concerns regarding prejudice and confusion outweigh Weather King's grousing about some inefficiency and overlapping evidence that may occur as a result of bifurcation. The non-defaulted Defendants are entitled to their day in court regardless of whether and how the claims against their codefendants have been previously adjudicated. For the reasons discussed above and in their initial motion, the Court should bifurcate liability and damages as to Defendants Gillespie, Brown, and Hershberger.

Date: August 5, 2025

                                            Respectfully submitted,

*/s/ Benjamin S. Morrell*
Thomas G. Pasternak (admitted pro hac vice)
Benjamin S. Morrell (TBPR No. 35480)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendants Gillespie, Brown, and Hershberger*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: August 5, 2025

/s/ *Benjamin S. Morrell*