# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>                Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>                Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## MOTION TO STRIKE REPLY BRIEF AND ATTACHED EXHIBITS

Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, and American Barn Co., LLC (the "defaulted Defendants"), by and through their undersigned counsel, move to strike the reply brief Plaintiff Weather King has filed support of its motion for Motion for Fees and Expenses, and the attached exhibits. (D.E. 266; D.E. 266-1; D.E. 266-2.) The reply brief is nearly double the page limit imposed by the Local Rules. The additional evidence is untimely pursuant to Judge York's order. Additionally, the filings' new evidence and arguments are forfeited, and allowing them would prejudice the defaulted Defendants.

Weather King chose to make *zero* arguments in its initial motion, and now attempts to sand-bag the defaulted Defendants by submitting nine pages' worth of argument (in violation of Local Rule 7.2(e)) and sixty pages' worth of exhibits that it could have submitted earlier. Weather King's

cynical gamesmanship deprives the defaulted Defendants of the opportunity to respond. Because Weather King has violated the Local Rules, violated a Court order, advanced forfeited evidence and argument, and prejudiced the defaulted Defendants, the Court should strike Weather King's reply brief and the exhibits attached to it.

## BACKGROUND

When the Court granted in part and denied in part Weather King's motion for sanctions, it referred to Judge York the task of determining the amount of Weather King's "reasonable expenses, including attorney's fees, caused by Defendants' failure to comply with the Magistrate Judge's August 2023 discovery order." (D.E. 231 at 25.) On July 7, 2025, Judge York issued an order directing Weather King "to submit a fee and expense petition, including any supporting documents, within 14 days of the date of entry of this order." (D.E. 233 at 2.) The order further provided that the defaulted Defendants would "have 14 days in which to file a response to Weather King's fee and expense petition" and "Weather King will then have seven days to file a reply to any response that may be filed, if it chooses to do so." (*Id.*)

Weather King's Motion for Fees and Expenses consisted of all of two sentences. (D.E. 243.) It made no arguments. The one-page declaration attached to the motion was nearly as sparse. (D.E. 243-1 at 2.) And the attached legal invoices were heavily redacted. (*Id.* at 27–95.) The defaulted Defendants discussed these and other deficiencies in their response brief. (D.E. 260.)

Weather King then filed a nine-page reply brief (not counting the certificate of service), without requesting leave of the Court to file an overlength brief (or meeting and conferring with the defaulted Defendants about it). (D.E. 266.) It makes arguments throughout that it could have advanced in its initial motion. Weather King also submits two exhibits totaling sixty pages to further support its fee petition, which could have been submitted with its initial motion. (D.E. 266-1; D.E.

266-2.)

## LEGAL STANDARD

"[T]rial courts may make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents other than pleadings," like reply briefs. *Kiner v. City of Memphis*, No. 23-CV-02805-SHL-TMP, 2025 WL 336201, at *2 (W.D. Tenn. Jan. 23, 2025) (cleaned up). "District courts have broad discretion to interpret and apply their local rules, and a court acts within that discretion when it strikes a filing for, *inter alia*, untimeliness or a failure to comply with the local rules." *Id.* (cleaned up); *see Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349 (6th Cir. 2015).

## ARGUMENT

The Court should strike Weather King's reply brief and attached exhibits for three reasons. First, Local Rule 7.2(e) makes clear that "reply memoranda, if permitted, shall not exceed 5 pages in length" without prior leave of the Court. "The Court expects counsel to comply with all applicable Local Rules," *Bluff City Partners, LLC v. 22 N. Third, LLC*, No. 2:19-cv-02137-SHL-cgc, 2019 WL 13153216, at *1 (W.D. Tenn. Nov. 15, 2019), and it is well within its authority to strike pleadings that do not comply with them, *see Kiner*, 2025 WL 336201, at *2. Judge York's order granting leave for Weather King to file a reply brief did not provide for additional length beyond Local Rule 7.2(e)'s page limit. (*See* D.E. 233 at 2.) And Weather King did not seek the Court's leave to file a nine-page reply—nearly double the limit—or meet and confer with the defense counsel on this issue, as required by Local Rule 7.2(a)(1)(B). Accordingly, the Court should strike the reply. *See Kiner*, 2025 WL 336201, at *2 (striking reply brief for failure to comply with Local Rules 7.2(c) & (e)).

Second, Weather King violated Judge York's order, which specified that "any supporting documents" for its fee petition must be submitted "within 14 days of the date of entry of this

3

order." (D.E. 233 at 2.) The portion of the order allowing Weather King to file a reply brief did not state that supporting documents may be submitted in reply as well. (*Id.*) The exhibits attached to Weather King's reply brief are untimely and should therefore be stricken. *Kiner*, 2025 WL 336201, at *2

Third, and most importantly, the Court should strike Weather King's new evidence and arguments as forfeited. The law is clear that "any new arguments and new evidence contained in [a reply] brief have been waived, and the court shall not consider them." *Abraitis v. United States*, No. 1:11-CV-2077, 2012 WL 2885586, at *2 (N.D. Ohio July 13, 2012). Weather King has deprived the defaulted Defendants of the ability to respond to its new arguments and evidence, in the most egregious way. Weather King made no arguments in its initial motion. It submitted inadequate and heavily redacted evidence in support of it. Only after the defaulted Defendants filed a response brief pointing out these deficiencies did Weather King bother to make arguments in reply in support of its motion requesting over a quarter million dollars in fees and expenses.

This is improper and should not be allowed. A party "cannot be permitted to reserve argument and evidence until the reply brief and thereby sandbag the plaintiff who has no opportunity to respond." *Barber v. Comm'r of Soc. Sec.*, No. 1:18-CV-374, 2019 WL 2353420, at *3 (S.D. Ohio June 4, 2019); *see Wike v. Vertrue, Inc.*, No. 3:06-0204, 2007 WL 869724, at *8 (M.D. Tenn. Mar. 20, 2007) ("Vertrue could have presented the evidence of corporate status with its initial motion, but the Court will not allow Vertrue to sandbag the Plaintiff by first presenting the evidence in reply.").

In a tacit acknowledgement of its rule- and norm-breaking, Weather King notes that it "does not oppose the Defaulted Defendants filing a sur-reply in response to this brief." (D.E. 266

4

at 8.) But "[p]ermitting the non-moving party to file a sur-reply or holding oral argument over the new arguments should not be the preferred option." *Abraitis*, 2012 WL 2885586, at *2. For one thing, sur-replies "are highly disfavored" in federal court. *Id.* (citation omitted). For another,

> The opposing party should not have to incur the cost and effort of additional filings—a motion for leave to file a sur-reply, and the sur-reply itself—because the movants deliberately, or more likely inadvertently, held back part of their case. Nor should the court have to schedule oral argument when it would not have otherwise done so, merely to afford the opposing party a fuller opportunity to address the belated argument.

*Id.* (quoting *Int'l–Matex Tank Terminals–Ill. v. Chemical Bank*, 2009 WL 1651291, at *2 (W.D. Mich. June 11, 2009)).

Weather King's own reply illustrates the importance of this rule. In the same breath that it notes it would not oppose a sur-reply, it requests yet *another* "opportunity to submit additional information (while also affording Defendants the opportunity to respond to that additional information)" if "the Court finds that Weather King's submissions are lacking," and it further "invites the Court to review [its counsel's] unredacted invoices *in camera*." (D.E. 266 at 3, 8.) At some point, this has to stop. Endless rounds of chances for Weather King to prove up its fee request and further briefing on the same will waste the parties' and the Court's resources—and further increase Weather King's fee request.[1]

Weather King's "ask forgiveness, not permission" approach does not authorize it to violate without consequence the Local Rules, the Court's order, or the established requirements of briefing

---

[1] Indeed, Weather King's reply newly requests $16,063 for 37.7 hours its says its counsel spent preparing the one-page motion, the nine-page reply, and the exhibits attached to both. (D.E. 266-1 at 2–3, 36.) This is despite the fact that the numbers in the invoice actually add up to 36.9 hours. (*Id.* at 36.) And Mr. Van Horn (mistakenly) claims to have "work[ed] on evaluation of the opposition/response to our motion for attorneys' fees" two days before the defaulted Defendants filed it. (*Compare id. with* D.E. 260.)

5

in federal court. The proper remedy here is striking the violative filings, not further spillage of ink.

## CONCLUSION

  For the reasons discussed above, the Court should grant the defaulted Defendants' motion and strike Weather King's reply in support of its Motion for Fees and Expenses, and the exhibits attached thereto.

Date: August 6, 2025          Respectfully submitted,

                 */s/ Benjamin S. Morrell*
                 Thomas G. Pasternak (admitted pro hac vice)
                 Benjamin S. Morrell (TBPR No. 35480)
                 TAFT STETTINIUS & HOLLISTER LLP
                 111 East Wacker Drive, Suite 2600
                 Chicago, IL 60601
                 Telephone: (312) 527-4000
                 Facsimile: (312) 527-4011
                 tpasternak@taftlaw.com
                 bmorrell@taftlaw.com

                 *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, and American Barn Co., LLC*

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that the undersigned counsel conferred with counsel for Plaintiff via email on August 6, 2025, regarding this motion, and Plaintiff's counsel responded that Plaintiff opposes the relief requested in this motion.

Date: August 6, 2025

                                                     /s/ *Benjamin S. Morrell*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: August 6, 2025

/s/ *Benjamin S. Morrell*