UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-01230-STA-jay |
| JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC, | District Judge Anderson<br><br>Magistrate Judge York |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT DAMAGES REPORT OF DOUGLAS K. SOUTHARD**

Weather King's response fails to refute the fact that its expert's damages report cannot meet the standards of admissibility under Federal Rules of Evidence 702 and 403. Mr. Southard's testimony and report demonstrates a lack of knowledge and understanding of the case he purports to opine on, and his oversimplified damages model shows a lack of "fit" between his methodology and the issues in this case.

Though Weather King expounds on the roles that attorneys and judges play in a case, it loses sight of the primary role of an expert: to "assist the trier of fact to understand or determine a fact in issue." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting Fed. R. Evid. 702). Above all, an expert's testimony must be sufficiently tied to, or "fit," the facts of the case and the issues the jury must decide, so that it will help rather than confuse the jury in its

deliberations. *Greenwell v. Boatwright*, 184 F.3d 492, 496 (6th Cir. 1999).

Because Mr. Southard does not understand the relevant claims and appropriate remedies in this matter, his report and testimony is more likely to confuse than assist the jury. After Mr. Southard's testimony, the jury will be like a ship without a rudder and will not know what amount of damages to award for what cause of action against which defendant. The ABCO Defendants' motion *in limine* identifies the areas in which Mr. Southard demonstrated a lack of understanding of this case. (*See* D.E. 246.) His unfamiliarity manifests in an inappropriate methodology and conclusions based on unreliable assumptions in his report. (*Id.*, Ex. C.) In response, Weather King argues that Mr. Southard is not required to have knowledge about Weather King's claims against the ABCO Defendants. (D.E. 261 at 3.) Weather King deems it unnecessary for him to be knowledgeable about the acceptable damages calculations in this jurisdiction. (*Id.*)

Mr. Southard's scant knowledge of the foundation of this lawsuit underscores the unreliability of his conclusions. Mr. Southard admits he did not consider the eight specific causes of action asserted by Weather King. (D.E. 246, Ex. C, Tr. of Dep. of D. Southard ("Southard Dep.") 52:04–53:18, 54:16–55:10). He appeared unfamiliar with the very nature of the claims at issue when asked about them. (*Id.* 23:24–25:17, 26:21–27:20.) Indeed, Mr. Southard's report does not contemplate whether his methodology is applicable to the claims asserted, nor does he address whether the damages model is appropriate for those claims under Tennessee law. (D.E. 246, Ex. A, Southard Report at 12.)

Weather King asks the Court to apply a "lenient standard" for demonstrating the amount of damages to which it is entitled. (D.E. 261 at 6 n. 2.) According to Weather King, Mr. Southard should be required to know nothing more than the simplistic formula he has applied in his report.

The Federal Rules, however, set a higher standard. Rule 403 requires the exclusion of evidence, such as Mr. Southard's report, where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. The Southard Report is founded on a tenuous understanding of the relevant facts of this case. It fails to comport with the methodology requirements of federal law, and falls short of the standard for admission set by the rules of evidence. Mr. Southard's expert report and related testimony on Weather King's alleged damages should therefore be excluded.

Date: August 7, 2025

                                            Respectfully submitted,

                                            */s/ Benjamin S. Morrell*
                                            Thomas G. Pasternak (admitted pro hac vice)
                                            Benjamin S. Morrell (TBPR No. 35480)
                                            Taft Stettinius & Hollister LLP
                                            111 East Wacker Drive, Suite 2600
                                            Chicago, IL 60601
                                            Telephone: (312) 527-4000
                                            Facsimile: (312) 527-4011
                                            tpasternak@taftlaw.com
                                            bmorrell@taftlaw.com

                                            *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: August 7, 2025

                                                      */s/ Benjamin S. Morrell*