IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>     **Defendants.** ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson <br><br> Magistrate Judge York |

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE REPLY**

Elevating form over substance, Defendants Maupin, Harrell, Harrod, Feagin and American Barn Co. (collectively "the Defaulted Defendants") move to strike Plaintiff "Weather King's" reply filings supporting its attorneys' fee application without articulating how they face any prejudice. Lamenting that they have been "sandbag[ged]" and that "Weather King has deprived the defaulted Defendants of the ability to respond to its new arguments and evidence, in the most egregious way" (ECF No. 267 at 4), the Defaulted Defendants gloss over the fact that Weather King has made clear that it supports them being afforded a full opportunity to respond to Weather King's reply filings through a surreply. *See, e.g.,* ECF No. 266 at 8.

In numerous cases within the Sixth Circuit, courts have found that leave to file a surreply is an appropriate remedy to allow the merits of a dispute to be fully presented while avoiding a

party being prejudiced. For instance, in *Munson Hardisty, LLC v. Legacy Pointe Apts., LLC*, No. 3:15-cv-547-TAV-DCP, 2021 WL 9059577, at *10 (E.D. Tenn. Nov. 10, 2021), the court found:

> To prevent any prejudice to plaintiff from defendant raising arguments for the first time in its reply, and to avoid considering the arguments raised by defendant in its reply waived, the Court will consider the arguments raised in plaintiff's sur-reply. The Court will not strike defendant's reply, as requested by plaintiff's motion [Doc. 149] because the Court's consideration of plaintiff's sur-reply avoids any prejudice to plaintiff presented by defendant's reply.

*See also Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 953 (E.D. Tenn. 2017), *aff'd,* 899 F.3d 428 (6th Cir. 2018) ("[T]o the extent that the EEOC raised issues for the first time in its reply brief, defendant was not prejudiced because it provided a substantive response to those arguments" in a surreply); *Hesse v. Atlas Mortg. Partners, LLC*, No. 3:16-cv-02068, 2017 WL 4413870, at *4 (M.D. Tenn. Oct. 4, 2017) ("Defendants have been able to address [arguments presented for first time in a reply] in their sur-reply, so there has been no prejudice"); *Kline v. Mortg. Elec. Sec. Sys.*, 2015 WL 8207499, at *1 (S.D. Ohio Dec. 7, 2015) ("In such a situation, 'a nonmovant's ability to respond to the new evidence [presented in a reply] has been vitiated' by the order of its presentation, and the proper remedy is to grant the nonmovant leave to file a sur-reply.") (quoting *Seay v. Tennessee Valley Auth.,* 339 F.3d 454, 481-82 (6th Cir. 2003)).

This approach is also consistent with "the Sixth Circuit's preference for resolving cases on the merits[.]" *Hancox v. Atkinson*, No. 2:21-cv-02571-SHL-TMP, 2022 WL 2818785, at *1 (W.D. Tenn. July 19, 2022); *see also Hayes v. Acts 2:38 Faith Deliverance, Inc.*, No. 1:23-cvV-01116-STA-JAY, 2024 WL 4988977, at *3 (W.D. Tenn. Dec. 5, 2024) (noting "the preference for deciding cases on the merits"); *Slay v. IB Travelin, Inc.*, No. 2:18-cv-02728-SHM-TMP, 2021 WL 2144333, at *5 (W.D. Tenn. May 26, 2021) (similar and citing *Foman v. Davis*, 371 U.S. 178, 181 (1962), for the proposition that "the spirit of the Federal Rules of Civil Procedure expresses a

preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors").

Indeed, when the plaintiffs in *Garcia v. Jac-Co Construction, Inc.*, No. 2:23-cv-2485-SHL-CGC, 2024 WL 2806478, at *1 (W.D. Tenn. May 31, 2024), did not fully have their "ducks in a row" when submitting their application for attorney's fees, the Court found that the appropriate remedy was not to deny the application based on a technicality, but instead, afford the plaintiffs the opportunity to supplement their filings. As in this case, the Court should exercise its discretion and err on the side of fully considering the merits of Weather King's fee application rather than striking its reply filings "in an apparent game of 'gotcha[.]'" *Dowell v. Bernhardt*, No. 3:19-cv-00105, 2020 WL 13644368, at *1 (M.D. Tenn. Dec. 1, 2020).

Given that Weather King supports the Defaulted Defendants being afforded the opportunity to file a surreply (and also has no opposition to the length of the surreply), the Defaulted Defendants also are not prejudiced by Weather King's reply being nine pages. As set forth in Weather King's reply, it kept its fee application succinct to mitigate additional attorney's fees accruing and because it did not anticipate several of the Defaulted Defendants' arguments. *See* ECF No. 266 at 8.[1] Further, part of its reply addresses *lowering* its fee request in response to the Defaulted Defendants' arguments—which benefits Defendants. *See id.* at 6-7. This is not a situation in which the Court has been bombarded with excessive, verbose briefing.

Under the totality of these circumstances and the interest of justice, Weather King respectfully requests that the Court exercise its discretion to consider the reply and deny the Defaulted Defendants' motion to strike. *See, e.g., Kiner v. Shelby Cnty. Gov't*, No. 2:24-CV-028644-JPM-TMP, 2025 WL 1927693, at *3 n.11 (W.D. Tenn. July 14, 2025) (exercising

---

[1] Weather King's counsel overlooked the page limitation for replies set forth in Local Rule 7.2(e)

3

discretion to consider "procedurally improper" surreply that exceeded five pages); *Brown v. Fitz*; No. 2:20-cv-02315-SHL-ATC, 2023 WL 6217761, at *3 (W.D. Tenn. Sept. 25, 2023) (similar).

Respectfully submitted,

BUTLER SNOW LLP

/s/ David L. Johnson
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
1320 Adams Street, Suite 1400
Nashville, TN 37208
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7200
Danny.VanHorn@butlersnow.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, I filed the foregoing Reply with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
Benjamin S. Morrell
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

4

And to the following via U.S. Mail and email.

    Brian L. Lassen
    Aleyna Lassen
    1405 N. Fort Grant Road
    Willcox, AZ 85643
    willcoxbuildings@pm.me

                                        */s/ David L. Johnson*
                                        David L. Johnson

96400393.v1