IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC<br>d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, et al.,<br><br>    Defendants. | No. 1:22-cv-01230-STA-jay |

**ORDER**

Before the Court is a Motion to Strike Plaintiff Weather King's Reply filed by Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, and American Barn Co., LLC (the "Defaulted Defendants"). (Docket Entry ["D.E."] 267). Judge Anderson previously issued an order granting in part and denying in part Weather King's motion for sanctions. (D.E. 231). Judge Anderson referred the matter of the "award of expenses and attorney's fees pursuant to Rule 37" that was "caused by Defendants' failure to comply with the Magistrate Judge's August 2023 discovery order" to the undersigned Magistrate Judge for determination. (*Id.* at 25). The undersigned issued an order requiring Weather King to submit a fee and expense petition, including supporting documents. (D.E. 233). The Defaulted Defendants had fourteen (14) days to file a response and Weather King was permitted an additional seven (7) days to file a reply. (*Id.*) The Defaulted Defendants bring their motion to strike on grounds that the reply exceeds the page limit imposed by the local rules, untimely submits additional evidence, and submits new evidence not previously provided or discussed in the original fee petition. (D.E. 267 at 1).

1

For the following reasons, the Defaulted Defendants' motion is DENIED. If the Defaulted Defendants desire to submit a sur-reply, they are hereby granted leave to file their sur-reply within ten (10) days of entry of this order, and the sur-reply shall not exceed ten (10) pages in length.

## I.

Weather King filed a two-page Motion for Fees and Expenses with an accompanying exhibit compromised of a declaration from counsel, a redacted invoice from Repario, and a heavily redacted invoice concerning Weather King's legal expenses. (D.E. 243; 243-1). The Defaulted Defendants filed a fifteen-page response, raising concerns over the reasonableness of the attorney rates, the heavily redacted nature of the attorney invoice, and the apparent lack of a "lodestar" calculation. (D.E. 260). The Defaulted Defendants are also concerned that the attorney invoice includes time entries and expenses related to Defendants that are not among the Defaulted Defendants. (*Id.*)

Weather King filed a reply, as was permitted by this Court's order. (D.E. 266). That order read, in relevant part,

> Weather King is hereby ORDERED to submit a fee and expense petition, including any supporting documents, within 14 days of the date of entry of this order. Defendants Jesse Maupin, Barry Harrell, Adrian Harrod, Logan Feagin, and American Barn shall have 14 days in which to file a response to Weather King's fee and expense petition. Weather King will then have seven days to file a reply to any response that may be filed, if it chooses to do so.

(D.E. 233). The reply was ten pages in length and included sixty pages of additional exhibits. (*Id.*; D.E. 263-1; D.E. 263-2). In their reply Weather King argues: (1) that it only redacted information unrelated to the Defaulted Defendants' "failure to comply with the August 2023 discovery order"; (2) the rates are reasonable; and (3) the fees were necessarily incurred. (D.E. 266 at 1–5). In consideration of the Defaulted Defendants' concerns over improperly attributed fees, Weather King reduced its request by $17,281.67. (D.E. 266 at 6–7). Weather King also specifies that it

"does not oppose the Defaulted Defendants filing a sur-reply in response to this brief," and if the Court desires more clarity, then "Weather King respectfully requests that the Court afford it an opportunity to submit additional information."[1] (*Id.* at 8–9).

The Defaulted Defendants move to strike Weather King's reply for three reasons. (D.E. 267). First, Local Rule 7.2(e) requires replies to "not exceed 5 pages in length" without leave of the Court, and violation of the Rule gives the Court grounds to strike the pleading. (D.E. 267 at 3 (citing *Bluff City Partners, LLC v. 22 N. Third, LLC*, No. 2:19-cv-02137-SHL-cgc, 2019 WL 13153216, at *1 (W.D. Tenn. Nov. 15, 2019))). Second, Weather King's submission of supporting exhibits is untimely because this Court's order required Weather King to submit "any supporting documents[] within 14 days of the entry of this order." (*Id.* at 3–4 (citing D.E. 233 at 2)). Third, Weather King's new evidence and arguments are forfeited because a party may not reserve and raise arguments for the first time in a reply. (*Id.* at 4–6). In response, Weather King argues that any purported prejudice that the Defaulted Defendants experience as a result of the reply can be cured through the filing of a sur-reply. (D.E. 270 at 1–2 (collecting cases)).

Weather King's reply, while technically in violation of the Local Rules, should not be stricken. This Court may, in the interest of justice, consider arguments in filings which are procedurally improper under the Local Rules. *See Kiner v. Shelby Cnty. Gov't*, No. 2:24-cv-028644-JPM-tmp, 2025 WL 1927693 at *3, n. 11 (W.D. Tenn. July 14, 2025) (The "sur-reply exceeded the five-page limit set out in Local Rule 7.2(e)." Although procedurally improper, the Court nonetheless considered the arguments "in the interest of justice.") Here, the Court will allow the procedurally improper reply in the interest of justice; however, Weather King is hereby given

---

[1] The undersigned declines to reach a determination on whether the evidence submitted is sufficient to make a final determination on the fee petition. The Court may, after submission of the Defaulted Defendants' sur-reply, require additional evidentiary submissions if such filings are necessary to decide this matter.

notice that further failure to abide by the Local Rules may result in sanctions. Although the exhibits appear to be untimely considering this Court's order, the exhibits were reasonably provided to rebut unanticipated arguments in the Defaulted Defendants' response. In the interest of justice and judicial economy, the Court will not strike the reply due to the filing of additional exhibits and evidence. Lastly, the undersigned recognizes that many of the arguments and evidence submitted in the reply is "new"; however, the arguments and evidence are submitted as a result of the Defaulted Defendants' arguments regarding the lack of clarity in the underlying fee petition. Weather King's reply seeks to cure those issues in the interest of insuring a fair outcome. In fact, the reply agrees to *lower* the demand based on the arguments provided in the Defaulted Defendants' response. Ultimately, in the interest of judicial economy and in the interest of making a just determination on the issue of fees, the Defaulted Defendants' motion to strike is DENIED.

### III.

The Defaulted Defendants' motion to strike is hereby DENIED. Weather King is hereby ORDERED to familiarize themselves with the Local Rules. The Defaulted Defendants may submit a sur-reply within ten (10) days of entry of this order, and the sur-reply shall not exceed ten (10) pages in length. Following submission of the sur-reply, there will be no further briefing on this matter unless ordered by this Court.

IT IS SO ORDERED, this, the 14th day of August 2025.

                                    **s/Jon A. York**
                                    UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**