IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CONSOLIDATED INDUSTRIES, LLC d/b/a )
WEATHER KING PORTABLE BUILDINGS, )
                                  )
    Plaintiff,                    )
v.                                )
                                  )   Case No 1:22-cv-1230-STA-jay
JESSE A. MAUPIN, BARRY D. HARRELL,)
ADRIAN S. HARROD, LOGAN C. FEAGIN,)
STEPHANIE L. GILLESPIE,           )
RYAN E. BROWN,                    )
DANIEL J. HERSHBERGER,            )
BRIAN L. LASSEN, ALEYNA LASSEN, and)
AMERICAN BARN CO., LLC,           )
                                  )
    Defendants.                   )

---

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF THE ABCO DEFENDANTS' EXPERT, BRIAN W. NAPPER**

---

Before the Court is Plaintiff Consolidated Industries, LLC's Motion to Exclude Certain Opinions of the ABCO Defendants' Expert, Brian W. Napper (ECF No. 227) filed June 20, 2025. Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC's (the "ABCO Defendants") have responded in opposition, and Plaintiff has filed a reply brief. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff argues that part of the testimony offered by one of the ABCO Defendants' opinion witnesses is inadmissible under the Federal Rules of Evidence and *Daubert*. The ABCO Defendants have disclosed Brian W. Napper as an opinion witness with expertise in intellectual property and asset valuation. Plaintiff does not challenge all of Napper's opinions about the proper

1

measure of Plaintiff's damages or his opinions responding to the opinions offered by Plaintiff's own damages expert. Plaintiff argues that the Court should exclude Napper's opinion testimony that Plaintiff "did not mitigate its potential losses." Plaintiff's two-part argument is straightforward.

First, in Plaintiff's view, Napper's opinion about a failure to mitigate is irrelevant. The ABCO Defendants did not raise failure to mitigate as an affirmative defense in their pleadings. While it is true the ABCO Defendants have now moved to amend their pleadings and add the defense, Plaintiff argues that the Court should deny that request. Taken together with the denial of the ABCO Defendants' motion to amend, the fact that the ABCO Defendants' have not alleged a failure to mitigate in their pleadings means Napper's opinion on the subject is irrelevant.

Second, Plaintiff argues that Napper lacks the qualification to opine on what commercially reasonable steps Plaintiff should have taken. Napper has no expertise about the portable buildings industry. And yet he has questioned why Plaintiff did not do more to "salvage any additional value from its assets." Napper also opined that Plaintiff could have transitioned to an independent-contractor business model in the Western sales territories more like its business model in its Eastern sale territories. Napper's opinion evidence in this vein is outside the scope of his expertise about valuation and merely recites the ABCO Defendants' preferred narrative. Furthermore, Napper's conclusions rest on mistaken assumptions about the facts of the case. For example, Plaintiff did have independent contractors in its Western sales territories, but both were hired away by American Barn. Plaintiff also sent one of its shop managers from Florida to the West as part of Plaintiff's attempt to salvage its operations, only to have American Barn hire him away as well. For all of these reasons, Plaintiff argues that Napper's opinions are unreliable and should be excluded.

The ABCO Defendants have responded in opposition. According to the ABCO Defendants, Plaintiff has not shown why the Court should exclude Napper's opinion testimony. Plaintiff's arguments go to the weight of the proof not its admissibility. The ABCO Defendants answer that Napper's mitigation opinions are relevant. Plaintiff's argument on this point presupposes the Court will deny the ABCO Defendants' separate motion to amend their pleadings and add a failure to mitigate as an affirmative defense. The ABCO Defendants also argue that Plaintiff's point about Napper's lack of industry-specific experience is disingenuous. Plaintiff's own valuation expert has no prior experience in the portable buildings industry. And the ABCO Defendants disclosed Napper as a damages expert to rebut the opinion testimony of Plaintiff's own damages expert when he stated Plaintiff sold its assets "in a fair market value transaction." Napper simply offered his own "economic perspective" on Plaintiff's disposition of its assets. Any argument about the factual assumptions supporting Napper's opinions go to the weight of his testimony and are matters properly reserved for a jury. Therefore, the Court should deny Plaintiff's Motion to Exclude.

## **STANDARD OF REVIEW**

Federal Rule of Evidence 702 governs the admissibility of opinion evidence. The Rule states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) the testimony is based on sufficient facts or data;
> > (c) the testimony is the product of reliable principles and methods; and
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "[T]he trial judge has discretion in determining whether a proposed

expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted). The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993).

## ANALYSIS

The issue presented is whether Napper's opinion testimony satisfies Federal Rule of Evidence 702 and *Daubert*'s relevance and reliability requirements. As a threshold question, Plaintiff argues that the Court should exclude Napper's opinions on Plaintiff's mitigation efforts if the Court denies the ABCO Defendants' motion to amend their answer to plead the defense. In other words, if the ABCO Defendants have not properly raised a failure to mitigate as an affirmative defense, then Napper's testimony on mitigation is irrelevant. The ABCO Defendants respond that Plaintiff's argument assumes the Court will deny their request to amend their pleadings. Subsequent to the parties finishing their briefing on the Napper Motion, the Court denied the ABCO Defendants' request to amend. Order Denying Defs.' Mot. for Leave to File Am. Compl., July 28, 2025 (ECF No. 253).

"Under the doctrine of mitigation of damages, an injured party is enlisted with a duty to exercise reasonable care and due diligence to avoid loss or minimize damages after suffering injury." *Aqua-Chem, Inc. v. D&H Mach. Serv., Inc.*, No. E2015-01818-COA-R3-CV, 2016 WL 6078566, at *5 (Tenn. Ct. App. May 26, 2016) (citing *JWT, L.P. v. Printers Press, Inc.*, No. M2001-02590-COA-R3-CV, 2002 WL 31397317, at *5 (Tenn. Ct. App. Oct. 24, 2002)). As a matter of Tennessee law, a failure to mitigate damages is an affirmative defense. *Franklin Am. Mortg. Co. v. Univ. Natl. Bank of Lawrence*, 910 F.3d 270, 283 (6th Cir. 2018) (citing *Aqua-*

*Chem*, 2016 WL 6078566, at *5). Federal Rule of Civil Procedure 8(c) requires a defendant to plead an affirmative defense in its responsive pleading. Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."); *see also* 22 Am. Jur. 2d Damages § 707 ("In addition to the defenses explicitly enumerated in the Federal Rules of Civil Procedure, failure to mitigate damages has been identified as an affirmative defense which must be pleaded under the federal rules.").

The Court holds that Napper's opinion testimony about Plaintiff's failure to mitigate its damages is not relevant at this stage of the case. By separate order the Court has denied the ABCO Defendants' motion to amend their answer to include as an affirmative defense Plaintiff's failure to mitigate its damages, largely because the amendment comes so far outside of the deadline for amending the pleadings and because allowing the amendment after the close of discovery will cause Plaintiff prejudice. Because the mitigation evidence given by Napper is, strictly speaking, not relevant to the issues remaining for trial, the Court **GRANTS** Plaintiff's Motion to Exclude Napper's mitigation testimony.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: August 27, 2025.