# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC d/b/a WEATHER KING PORTABLE BUILDINGS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JESSE A. MAUPIN, BARRY D. HARRELL, ADRIAN S. HARROD, LOGAN C. FEAGIN, STEPHANIE L. GILLESPIE, RYAN E. BROWN, DANIEL J. HERSHBERGER, BRIAN L. LASSEN, ALEYNA LASSEN, and AMERICAN BARN CO., LLC,<br><br>　　　　　Defendants. | Civil Action No. 1:22-cv-01230-STA-jay<br><br>District Judge Anderson<br><br>Magistrate Judge York |

## MOTION FOR PROTECTIVE ORDER

On September 11, 2025, Plaintiff Weather King served five notices of deposition, all to occur on the morning of September 20—a Saturday, just over a month before trial. Defendants Jesse A. Maupin, Barry D. Harrell, Adrian S. Harrod, Logan C. Feagin, Stephanie L. Gillespie, Ryan E. Brown, Daniel J. Hershberger, and American Barn Co., LLC (the "ABCO Defendants"), respectfully move for a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(1), to prohibit these depositions from proceeding.

Weather King first disclosed these witnesses (and first made the ABCO Defendants aware of its intent to depose them) on August 25 and September 5, well after fact discovery closed on June 2. It then noticed these five untimely depositions yesterday, without notifying the Court or moving to extend the discovery deadline. This conduct violates the Court's scheduling order and

the Federal Rules. The untimeliness of the notices alone justifies a protective order and an award of fees and expenses under Rule 26(c)(3).

If Weather King wishes to reopen fact discovery over the ABCO Defendants' objection, it must seek that relief through a proper motion. The Court should not permit Weather King to bypass established procedures and deadlines. For these reasons, discussed more fully below, the Court should grant this motion, issue a protective order prohibiting the untimely depositions, and award the ABCO Defendants their reasonable attorney's fees and expenses incurred in bringing this motion.

## BACKGROUND

Weather King filed this lawsuit in October 2022, and filed the operative amended complaint in January 2023. (D.E. 1; D.E. 26.) In the two plus years since, the parties have engaged in fulsome written discovery, document productions, and many depositions. On April 8, 2025, the Court extended the fact discovery deadline to June 2. (D.E. 204.) Since then, the parties have completed expert discovery and engaged in motion practice in anticipation of trial, which is set to begin on October 30. (D.E. 249). Weather King has not moved to further extend either of these deadlines.

On August 25, 2025, Weather King served supplemental initial disclosures identifying for the first time David Angumuller, Trevor Weeks, Thomas Fitzsimmons, and Joseph Minnie under Rule 26(a)(1). (**Ex. A**, Pl.'s Supp. Initial Disclosures.) Weather King stated that these individuals had "knowledge of recent interactions with ABCO relating to ABCO doing business in Florida that are relevant to Plaintiff's claim for punitive damages." (*Id.*) Weather King also served a small, supplemental document production and identified those documents by bates number in its

2

supplemental initial disclosures. (*Id.*; **Ex. B**, Emails Between Counsel, at 4.) In a separate email, Plaintiff's counsel informed the ABCO Defendants for the first time that Weather King wished to depose these individuals. (Ex. B at 3.)

On September 5, Plaintiff's counsel emailed defense counsel again, stating: "We would also like to add one other to the list, who will also testify about his recent dealings with ABCO," and identifying the fifth individual as Travis Myers. (*Id.*) Weather King did not further supplement its initial disclosures to include Myers. Defense counsel responded by noting that the discovery deadline had passed and asked Plaintiff's counsel to explain Weather King's basis for taking depositions after discovery had closed. (*Id.* at 2.) Plaintiff's counsel replied with a single sentence: "Because they have knowledge of events that took place last month and after the discovery cut-off." (*Id.*) Plaintiff's counsel provided no further explanation. Defense counsel told Plaintiff's counsel that the ABCO Defendants would move for a protective order if Weather King attempted to take these untimely depositions. (*Id.* at 1.)

Weather King noticed up depositions of these five individuals anyway, all to take place on September 20, 2025. (**Ex. C**, Dep. Notices & Email.) That is a Saturday. Weather King did not explain why taking five depositions on a Saturday morning, roughly a month before trial, is warranted or appropriate.

## LEGAL STANDARD

Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Upon a showing of good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." *Id.* District courts have "broad discretion to decide when a protective order is

3

appropriate and what degree of protection is required." *Steede v. Gen. Motors LLC*, No. 2:11-cv-02351-STA-dkv, 2012 WL 12358928, at *2 (W.D. Tenn. Apr. 11, 2012).

"If a motion for a protective order is granted, 'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees,'" unless an exception applies. *Miller as next friend of E.M. v. House of Boom Ky. LLC*, No. 3:16-CV-00332-RGJ-CHL, 2021 WL 2383721, at *1 (W.D. Ky. June 10, 2021) (quoting Fed. R. Civ. P. 37(a)(5)(A)); *see* Fed. R. Civ. P. 26(c)(3).

## ARGUMENT

**I.   The Court should issue a protective order because Weather King's deposition notices are untimely and violate the Court's scheduling order.**

Fact discovery closed on June 2, 2025. (D.E. 204.) Weather King did not seek or obtain an extension. Thus, the five deposition notices Weather King sent on September 11 are untimely. *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 2674189, at *2 (E.D. Mich. July 11, 2022). "Absent express permission from the court, parties should assume that the discovery deadline is the end of discovery." *Boone v. Stieve*, 642 F. Supp. 3d 597, 603 (E.D. Mich. 2022); *see RJ Control Consultants, Inc. v. Multiject, LLC*, No. 16-10728, 2022 WL 163614, at *6 (E.D. Mich. Jan. 18, 2022) (noting that a party may not take depositions after the discovery period has closed), *aff'd*, 100 F.4th 659 (6th Cir. 2024). "[P]ermitting parties as a matter of course to take depositions after the close of discovery would undermine the Court's ability to manage its docket." *Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-00400, 2021 WL 2869201, at *3 (M.D. Tenn. July 8, 2021) (citation omitted).

That Weather King's deposition notices "were untimely is enough to relieve" the ABCO

Defendants from their obligation to produce the witnesses. *Simmons v. City of Warren*, No. 19-CV-11531, 2024 WL 4665545, at *1 (E.D. Mich. Nov. 4, 2024) (granting motion for protective order where a party served discovery requests "too late" and did not "move for an extension of discovery"). Indeed, courts regularly grant protective orders "due to the untimeliness of a noticed deposition." *Pianko*, 2022 WL 2674189, at *2 (collecting cases). The Court should therefore issue a protective order and prohibit the five untimely noticed depositions from going forward. If Weather King wants to reopen discovery a month before trial to depose these individuals, it must file a motion with the Court seeking permission to do so. The Court should not reward Weather King's "ask forgiveness, not permission" approach by considering that issue here, as Weather King will likely raise it in its response to this motion.

**II.    The Court should award the ABCO Defendants their reasonable expenses, including attorney's fees, incurred in bringing this motion.**

Rule 26(c) makes clear that "Rule 37(a)(5) applies to the award of expenses." Fed. R .Civ. P. 26(c)(3). Thus, "[i]f a motion for a protective order is granted, 'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees,'" unless an exception applies. *Miller*, 2021 WL 2383721, at *1 (quoting Fed. R. Civ. P. 37(a)(5)(A)).

No exception applies here. Weather King sought to circumvent the Court's scheduling order by noticing depositions three months after the close of fact discovery, without moving for an extension or otherwise notifying the Court. Its improper conduct left the ABCO Defendants no choice but to file this motion, and its failure to adhere to the requirements imposed by the Federal Rules of Civil Procedure and the Court's scheduling order is not substantially justified.

5

## CONCLUSION

For the reasons discussed above, the Court should grant the ABCO Defendants' motion, issue a protective order prohibiting the untimely depositions, and award the ABCO Defendants their reasonable attorney's fees and expenses incurred in bringing this motion.

Date: September 12, 2025                    Respectfully submitted,

                                            /s/ *Benjamin S. Morrell*
                                            Thomas G. Pasternak (admitted pro hac vice)
                                            Benjamin S. Morrell (TBPR No. 35480)
                                            TAFT STETTINIUS & HOLLISTER LLP
                                            111 East Wacker Drive, Suite 2600
                                            Chicago, IL 60601
                                            Telephone: (312) 527-4000
                                            Facsimile: (312) 527-4011
                                            tpasternak@taftlaw.com
                                            bmorrell@taftlaw.com

                                            *Counsel for Defendants Maupin, Harrell, Harrod, Feagin, Gillespie, Brown, Hershberger, and American Barn Co., LLC*

## CERTIFICATE OF CONSULTATION

In accordance with Local Rule 7.2(a)(1)(B), I certify that counsel for the ABCO Defendants conferred with counsel for Plaintiff via email on September 8, 2025, regarding this motion, and Plaintiff's counsel indicated that Plaintiff opposes the relief requested in this motion.

Date: September 12, 2025

/s/ *Benjamin S. Morrell*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

Aleyna Lassen<br>
Brian L. Lassen<br>
1405 N. Fort Grant Road<br>
Willcox, AZ 85643<br>
willcoxbuildings@pm.me

Date: September 12, 2025

                                                           /s/ *Benjamin S. Morrell*