IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br>  ) <br>    Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br>  ) <br>    Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson <br><br> Magistrate Judge York |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION FOR PROTECTIVE ORDER**

Plaintiff "Weather King" submits this response in opposition to the "ABCO Defendants'" motion for protective order (ECF No. 282).

**BACKGROUND**

When the individual Defendants chose to leave Weather King and create and join the "ABCO" business enterprise, their goal was not limited to operating a competing portable buildings business. Instead, they also wanted to hurt Weather King in the process. For example:

- In May 18, 2022 text correspondence (two weeks before Defendants' mass exodus), Defendant Jesse Maupin stated: "It would be better for all of us to leave at the same time it would hurt them more and be harder to recover." Ex. 1.

- A May 23, 2022 text from an ABCO owner references the "final nail in the coffin for out west." Ex. 2.

- A May 16, 2023 text from Maupin references Defendants' plans to "have all the dealers email [Weather King manager] telling her she has a week to get [buildings] off their lot before they start charging WK storage rates at 100.00 a day." Ex. 3.

- Maupin and ABCO admitted at their depositions that "one of the goals was for [Weather King] to have a backlog of customers that would bury them out west." Ex. 4, Maupin Dep. 115:17-20.

- Maupin and ABCO further admitted that Defendants' "strategy was to put [Weather King] in a position where they would be hurt badly at the time that all of you guys left at the same time" and that the exodus was delayed so that Weather King would be caught "[l]ike a deer in the headlights" and could not survive in the west. *Id.* at 237:19-238:3, 268:7-14, 270:17-20.

- Maupin and ABCO also admitted that "[t]he idea was not just to stab Weather King with a knife but twist it after the knife was already stabbed into Weather King." *Id.* at 347:18-20.

- Maupin texted on November 30, 2022, that "I should put a bullet in their heads and am totally capable of doing it." Ex. 5.

Defendants' conspiracy was successful: as a result of their robust plans to inflict monetary and other harm on Weather King, Weather King was forced to abandon its Western U.S. operations and focus on its remaining operations in Florida. Squeezing Weather King out of the West, however, was not enough to quench Defendants' thirst to destroy Weather King. Even though ABCO's business operations have been limited to the West, Defendants suddenly have suggested that they wish to expand to the East coast—and not coincidentally to the one remaining state in which Weather King operates, Florida.

2

During the week of August 11, 2025 (after the discovery deadline), ABCO representatives traveled to Florida and intentionally targeted Weather King dealers across the state to visit. Responding to a social media post promoting the visit with a picture of an ABCO banner affixed to a Florida welcome sign, Maupin posted: "FAFO" (f*** around and find out). Ex. 6.

Weather King wishes to take *de bene esse* depositions of five Florida dealers to testify about these actions. Each deposition should last around 15 minutes or less and can be done remotely. Although the ABCO Defendants lament that Weather King noticed the depositions for a Saturday, the notice date is merely a placeholder to make this dispute ripe for the Court and Weather King intends to delay such depositions until after the Court rules and on a date convenient to defense counsel.[1]

The jury is entitled to know about these activities that took place after the discovery deadline and that are germane to Weather King's claim for punitive damages.

## ARGUMENT

The Court should also allow the depositions because the witnesses are beyond the Court's subpoena power to compel them to testify at trial (*see* Fed. R. Civ. P. 45(c)(1)(a)), and therefore, Weather King intends to read the depositions at trial. In *Gelan v. Miranda*, 2024 WL 5010835, at *3–4 (E.D. Tenn. Dec. 5, 2024), the court explained that "[s]ome courts distinguish between *de bene esse* depositions and 'discovery depositions' and hold that the close of discovery does not prohibit a party from taking a deposition for use at trial," while "other courts 'construe[ ] requests for *de bene esse* depositions as a request to modify a court's scheduling order under Rule 16,'

---

[1] The notices were intended to be dated September 22, 2025, but in any event, Weather King intends to reschedule the notices for a date available to Defendants.

3

given that the Federal Rules of Civil Procedure do not distinguish between types of depositions." (Citations omitted).

Here, even if Weather King's attempt to take the depositions is construed as a request to modify the Court's scheduling order, good cause exists to do so. The events that precipitated the need to depose the witnesses took place in mid-August 2025—after the June 2 deadline to complete discovery ceased. *See* ECF No. 204. Plainly, Weather King could not elicit testimony from these witnesses before the discovery deadline about events that would not take place until after the deadline elapsed. Weather King acted diligently and, within two weeks after the visits to the Florida dealers took place, informally requested dates in which to conduct the depositions. *See* ECF No. 282-2, 8/25/25 Email.

Further, the witnesses' testimony is relevant to Weather King's punitive damages claim. Weather King intends to ask the jury to award punitive damages on the basis, *inter alia*, that Defendants acted maliciously and intentionally. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). Pertinent factors to be considered in the amount of punitive damages to be awarded include "[t]he nature and reprehensibility of defendant's wrongdoing," "[t]he impact of defendant's conduct on the plaintiff," "[t]he defendant's awareness of the amount of harm being caused and defendant's motivation in causing the harm," whether "defendant took remedial action or attempted to make amends," or "[a]ny other circumstances shown by the evidence that bear on determining the proper amount of the punitive award." *Id.* at 901-02.

Defendants' recent actions in Florida have direct bearing on these factors. The recent activity—particularly when coupled with Mr. Maupin's "FAFO" social media post—demonstrates

4

Defendants' invidious motives and desire to harm Weather King.[2]  Defendants should not be allowed to conceal these actions from the jury simply by waiting to commit the acts after the discovery deadline passed.

Defendants face no meaningful burden by the depositions.  Each of the depositions will be conducted remotely, so no travel will be required.  Further, Weather King anticipates that the total deposition timing will be less than 1.5 hours.

Finally, if the depositions were not allowed, Weather King would be unfairly prejudiced because it would be faced with attempting to convince the witnesses to travel to Jackson, Tennessee, for a trial in which they would only testify for a few minutes and likely be faced with bearing the associated travel expenses if they agreed to cooperate.

## CONCLUSION

For the foregoing reasons, Weather King respectfully requests that the Court deny the ABCO Defendants' motion for protective order.

Respectfully submitted,

BUTLER SNOW LLP

/s/ David L. Johnson
David L. Johnson, BPR #18732
John H. Dollarhide, BPR #40041
1320 Adams Street, Suite 1400
Nashville, TN 37208
(615) 651-6700
david.johnson@butlersnow.com
john.dollarhide@butlersnow.com

Daniel W. Van Horn, BPR #18940
6075 Poplar Ave., Suite 500
Memphis, TN 38119

---

[2] In fact, the same month that ABCO launched in June 2022, Defendant Barry Harrell contacted Weather King dealers in Florida and, to sow discord, encouraged them to demand higher commissions.  Ex. 7, Harrell Dep. 112:7-113:6.

(901) 680-7200
Danny.VanHorn@butlersnow.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2025, I filed the foregoing Reply with the Court using the ECF system, which will provide notice and a copy to counsel of record:

Thomas G. Pasternak
Benjamin S. Morrell
TAFT STETTINIUS &HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
tpasternak@taftlaw.com
bmorrell@taftlaw.com

And to the following via U.S. Mail and email.

Brian L. Lassen
Aleyna Lassen
1405 N. Fort Grant Road
Willcox, AZ 85643
willcoxbuildings@pm.me

/s/ David L. Johnson
David L. Johnson

97438697.v2