IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CONSOLIDATED INDUSTRIES, LLC ) <br> d/b/a WEATHER KING PORTABLE ) <br> BUILDINGS, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE A. MAUPIN, BARRY D. ) <br> HARRELL, ADRIAN S. HARROD, ) <br> LOGAN C. FEAGIN, STEPHANIE L. ) <br> GILLESPIE, RYAN E. BROWN, DANIEL ) <br> J. HERSHBERGER, BRIAN L. LASSEN, ) <br> ALEYNA LASSEN, and AMERICAN ) <br> BARN CO., LLC, ) <br> ) <br>     Defendants. ) | Civil Action No. 1:22-cv-01230-STA-jay <br><br> Chief Judge S. Thomas Anderson |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE JURY DEMAND

Plaintiff "Weather King" submits this brief in support of its motion to strike Defendants' jury demand. Because a defendant in default is not entitled to a jury and default judgment has been entered against all Defendants, the trial on all remaining issues in this matter must be a bench trial.

### BACKGROUND

Although Weather King has not demanded a jury trial in this case, Defendants demanded a jury trial in their First Amended Answer. *See* ECF No. 31, p. 34. By Order entered February 11, 2025, default judgment was entered against Defendants Brian L. Lassen and Aleyna Lassen. ECF No. 181. Default judgment was entered against the remaining "ABCO Defendants" by Orders entered June 30, 2025, and September 24, 2025. ECF Nos. 231 & 290.

Very recently, Weather King and the ABCO Defendants have agreed to a settlement and are in the process of finalizing the memorialization of that agreement through formal documents. Weather King's claims for damages against the remaining Lassen Defendants, however, remain. Specifically, the Court must consider the amount of compensatory damages to be awarded and the extent to which punitive damages should be awarded.

## ARGUMENT

Many courts have recognized that a party does not "have a constitutional right to a jury trial following entry of default." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). Very recently, Judge Mays noted that "many other federal courts have thoughtfully considered the issue and concluded that, generally, any entitlement to a jury trial is extinguished by a party's default" and that "[i]n fact, '[c]aselaw dating back to the eighteenth century ... makes clear that the constitutional right to jury trial does not survive the entry of default.'" *American Clothing Express, Inc. v. Cloudflare, Inc.*, No. 2:20-cv-02007-SHM-ATC, 2025 WL 1144678, at *3 (W.D. Tenn. Apr. 17, 2025) (citations omitted). The Court observed that, although Rule 55(b)(2) specifies that a court should "preserv[e] any federal statutory right to a jury trial" after entry of default, "the 'only' federal statute that preserves the right to a jury trial under Rule 55(b) post-default is 28 U.S.C. § 1874," *id.*, which relates to forfeitures not applicable here. Thus, the Court joined "the majority of federal courts," which have concluded that default extinguishes the right to a jury trial. *Id.*[1]

---

[1] The Court also noted that "the majority interpretation is supported by the Advisory Committee notes promulgated contemporaneously with the adoption of Rule 55(b)(2)." *Id.* The circumstances precipitating the default have no bearing on this principle. For instance, the *American Clothing* ruling cites *Freeman v. Giuliani*, 2023 WL 8360664 (D.D.C. Dec. 3, 2023)—a case where, like here, default judgment was entered as a sanction for the defendant's discovery misconduct. *See id.* at 1.

For these same reasons, the Court should strike Defendants' jury demand. Because default judgment has been entered against Defendants, they are not entitled to a jury to consider the remaining issues in this case.

    Respectfully submitted,

    BUTLER SNOW LLP

    */s/ David L. Johnson*
    David L. Johnson, BPR #18732
    John H. Dollarhide, BPR #40041
    1320 Adams Street, Suite 1400
    Nashville, TN 37208
    (615) 651-6700
    david.johnson@butlersnow.com
    john.dollarhide@butlersnow.com

    Daniel W. Van Horn, BPR #18940
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    (901) 680-7200
    Danny.VanHorn@butlersnow.com

    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record:

    Thomas G. Pasternak (admitted pro hac vice)
    Benjamin S. Morrell (TBPR No. 35480)
    TAFT STETTINIUS &HOLLISTER LLP
    111 East Wacker Drive, Suite 2600
    Chicago, IL 60601
    Telephone: (312) 527-4000
    Facsimile: (312) 527-4011
    tpasternak@taftlaw.com
    bmorrell@taftlaw.com
    *Attorneys for Defendants*

And to the following via U.S. Mail and email.

    Brian L. Lassen
    Aleyna Lassen
    1405 N. Fort Grant Road
    Willcox, AZ 85643
    willcoxbuildings@pm.me

                                          */s/  David L. Johnson*
                                          David L. Johnson

97722086.v1